**WAGSTAFFE, VON LOEWENFELDT,
BUSCH & RADWICK, LLP**
James M. Wagstaffe (#95535)
Frank Busch (#258288)
100 Pine Street, Suite 725
San Francisco, California 94111
Telephone: (415) 357-8900
Facsimile: (415) 357-8910
wagstaffe@wvbrlaw.com
busch@wvbrlaw.com

*Proposed Liaison Counsel for the Class*

**LABATON SUCHAROW LLP**
Christopher J. Keller
Eric J. Belfi
Francis P. McConville
140 Broadway
New York, New York 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477
ckeller@labaton.com
ebelfi@labaton.com
fmcconville@labaton.com

*Counsel for Construction Laborers
Pension Trust for Southern California and
Proposed Lead Counsel for the Class*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| XIAOJIAO LU, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>ALIGN TECHNOLOGY, INC., JOSEPH M. HOGAN, JOHN F. MORICI, and RAPHAEL S. PASCAUD,<br><br>Defendants. | Case No. 5:18-cv-06720-LHK<br><br>**CLASS ACTION**<br><br>**NOTICE OF MOTION AND MOTION OF CONSTRUCTION LABORERS PENSION TRUST FOR SOUTHERN CALIFORNIA FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date: March 28, 2019<br>Time: 1:30 p.m.<br>Courtroom: 8 – 4th Floor<br>Judge: Hon. Lucy H. Koh |

| | |
|---|---|
| DAVID INFUSO, Individually and on Behalf of All Others Similarly Situated,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>ALIGN TECHNOLOGY, INC., JOSEPH M. HOGAN, and JOHN F. MORICI,<br><br>　　　　　　Defendants. | Case No.  5:18-cv-07469-LHK |

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ......................................................................................................... ii

NOTICE OF MOTION AND MOTION ....................................................................................... 1

MEMORANDUM OF POINTS AND AUTHORITIES ............................................................... 2

I.   STATEMENT OF THE ISSUES TO BE DECIDED ......................................................... 2

II.  PRELIMINARY STATEMENT ........................................................................................ 2

III. FACTUAL BACKGROUND ............................................................................................. 4

IV.  ARGUMENT ...................................................................................................................... 5

    A.   The Actions Should Be Consolidated .................................................................... 5

    B.   Southern California Laborers Should Be Appointed Lead Plaintiff ...................... 6

        1.   The PSLRA Standard for Appointing Lead Plaintiff ................................. 6

    C.   Southern California Laborers Is the "Most Adequate Plaintiff" ............................ 7

        1.   Southern California Laborers Satisfied the PSLRA's
            Procedural Requirements ............................................................................ 7

        2.   Southern California Laborers Has the Largest Financial
            Interest in the Outcome of the Action ........................................................ 8

        3.   Southern California Laborers Satisfies Rule 23's Typicality
            and Adequacy Requirements ..................................................................... 8

            (a)   Southern California Laborers' Claims Are Typical of Those
                  of the Class ....................................................................................... 9

            (b)   Southern California Laborers Will Fairly and Adequately
                  Protect the Interests of the Class ..................................................... 9

        4.   As a Single Institutional Investor, Southern California
            Laborers Is Precisely the Type of Lead Plaintiff Congress
            Envisioned When It Passed the PSLRA ................................................... 10

    D.   The Court Should Approve Southern California Laborers' Choice
        of Counsel ............................................................................................................. 12

CONCLUSION ............................................................................................................................ 13

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Bear Stearns Cos., Inc. Sec., Litig.*,
  No. 08 M.D.L. 1963 (RWS), 2009 WL 50132 (S.D.N.Y. Jan. 5, 2009) ...................................2

*In re Cavanaugh*,
  306 F.3d 726 (9th Cir. 2002) ...............................................................................................7, 12

*In re Cohen v. U.S.*,
  586 F.3d 703 (9th Cir. 2009) ....................................................................................................12

*In re Critical Path, Inc. Sec. Litig.*,
  156 F. Supp. 2d 1102 (N.D. Cal. 2001) ...................................................................................11

*Feyko v. Yuhe Int'l Inc.*,
  No. CV 11-05511 DDP, 2012 WL 682882 (C.D. Cal. Mar. 2, 2012) ...............................10, 11

*Hughes v. Experian Info. Sols., Inc.*,
  No. 16-cv-05681-JST, 2017 WL 975969 (N.D. Cal. Mar. 13, 2017)....................................5, 6

*In re Network Assocs., Inc., Sec. Litig.*,
  76 F. Supp. 2d 1017 (N.D. Cal. 1999) ....................................................................................11

*Perlmutter v. Intuitive Surgical, Inc.*,
  No. 10-cv-03451-LHK, 2011 WL 566814 (N.D. Cal. Feb. 15, 2011) ....................................10

*Plumbers & Pipefitters Local 562 Pension Fund v. MGIC Inv. Corp.*,
  256 F.R.D. 620 (E.D. Wis. 2009) ..............................................................................................2

*Richardson v. TVIA, Inc.*,
  No. C 06 06304-RMW, 2007 WL 1129344 (N.D. Cal. Apr. 16, 2007) ...................................8

*Russo v. Finisar Corp.*,
  No. 5:CV 11-01252-EJD, 2011 WL 5117560 (N.D. Cal. Oct. 27, 2011) ................................9

*In re: Volkswagen "Clean Diesel" Mktg., Sales Practices, & Prod. Liab. Litig.*,
  MDL No. 2672 CRB (JSC), 2016 WL 5930844 (N.D. Cal. Oct. 11, 2016)............................7

*Westley v. Oclaro, Inc.*,
  No. C-11-2448-EMC, 2011 WL 4079178 (N.D. Cal. Sept. 12, 2011) .................................8, 9

**Rules & Statutes**

Fed. R. Civ. P. 23 ............................................................................................................... *passim*

Fed. R. Civ. P. 42(a) ................................................................................................................2, 5, 6

15 U.S.C. 78u-4(a) *et seq.* ................................................................................................ *passim*

**Docketed Cases**

*In re Am. Int'l Grp., Inc. Sec. Litig.*,
  No. 04-cv-8141 (S.D.N.Y.) ............................................................................................. 12

*In re Bear Stearns Cos., Inc. Sec., Derivative, & ERISA Litig.*,
  No. 08-md-1963 (S.D.N.Y.) ........................................................................................... 12

*In re Countrywide Fin. Corp. Sec. Litig.*,
  No. 07-cv-5295 (C.D. Cal.) ............................................................................................ 12

*Purple Mountain Trust v. Wells Fargo & Company*,
  No. 18-cv-03948 (N.D. Cal.) .......................................................................................... 11

*In re Goldman Sachs Grp., Inc. Sec. Litig.*,
  No. 10-cv-03461 (S.D.N.Y.) ........................................................................................... 12

*Samit v. CBS Corp.*,
  No. 18-cv-07796 (S.D.N.Y.) ........................................................................................... 11

**Other Authorities**

H.R. Conf. Rep. No. 104-369 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730 ............................. 10

# NOTICE OF MOTION AND MOTION

**TO:** ALL PARTIES AND THEIR COUNSEL OF RECORD

**PLEASE TAKE NOTICE** that Lead Plaintiff movant Construction Laborers Pension Trust for Southern California ("Southern California Laborers"), by and through its counsel, hereby moves this Court in Courtroom 8 – 4th Floor of the Honorable Lucy H. Koh at the United States District Court, Northern District of California, San Jose Courthouse, 280 South 1st Street, San Jose, California 95113, on March 28, 2019 at 1:30 p.m., or as soon thereafter as the matter may be heard, for the entry of an Order: (1) consolidating the above-captioned related actions pursuant to Rule 42 of the Federal Rules of Civil Procedure; (2) appointing Southern California Laborers as Lead Plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4, *et seq.*; (3) approving its selection of Labaton Sucharow LLP ("Labaton Sucharow") as Lead Counsel and Wagstaffe, Von Loewenfeldt, Busch & Radwick, LLP ("WVBR LLP") as Liaison Counsel for the Class (the "Motion"); and (4) granting such other and further relief as the Court may deem just and proper.

This Motion is made on the grounds that Southern California Laborers believes it is the "most adequate plaintiff" under the PSLRA, and should therefore be appointed Lead Plaintiff. Specifically, Southern California Laborers believes it has the "largest financial interest" in the relief sought by the Class in this litigation. Southern California Laborers is the paradigmatic Lead Plaintiff envisioned by Congress in enacting the PSLRA because it is a sophisticated institutional investor with a substantial financial stake in the litigation that will provide effective monitoring and supervision of counsel. Southern California Laborers also otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") because its claims are typical of other Class members' claims, and because it will fairly and adequately represent the Class.

This Motion is based upon the accompanying Memorandum of Law in support thereof, the Declaration of James M. Wagstaffe ("Wagstaffe Decl.") filed herewith, the pleadings and other filings herein, and such other written or oral argument as may be permitted by the Court.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. STATEMENT OF THE ISSUES TO BE DECIDED

1. Whether the Court should consolidate the above-captioned related actions pursuant to Rule 42(a) of the Federal Rules of Civil Procedure;

2. Whether the Court should appoint Southern California Laborers as Lead Plaintiff pursuant to 15 U.S.C. § 78u-4(a)(3)(B); and

3. Whether the Court should approve of Southern California Laborers' selection of Labaton Sucharow as Lead Counsel for the Class and WVBR LLP as Liaison Counsel pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).

## II. PRELIMINARY STATEMENT

Presently pending before this Court are two federal securities class actions[1] brought on behalf of a class consisting of all persons other than Defendants who purchased securities of Align Technology, Inc. ("Align" or the "Company") between April 25, 2018 and October 24, 2018, both dates inclusive (the "Class Period").[2] The Action charges Align and certain of its officers and/or directors (collectively, "Defendants") with violations of the Securities Exchange Act of 1934 (the "Exchange Act") and SEC Rule 10b-5 promulgated thereunder.

In securities class actions, the PSLRA requires district courts to resolve consolidation before appointing a lead plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(ii). Here, the actions should be consolidated because they each involve identical legal and factual questions. *See* Fed. R. Civ. P. 42(a); § IV.A., *infra*.

---

[1] The actions are *Lu v. Align Technology, Inc.*, No. 5:18-cv-06720 (N.D. Cal. Nov. 05, 2018) and *Infuso v. Align Technology Inc.*, No. 3:18-cv-07469 (N.D. Cal. Dec. 12, 2018) (together, the "Action").

[2] The above-captioned related actions assert different class periods. For purposes of appointing a lead plaintiff, the longest alleged class period governs. *See, e.g.*, *In re Bear Stearns Cos., Inc. Sec., Litig.*, No. 08 M.D.L. 1963 (RWS), 2009 WL 50132, at *8 (S.D.N.Y. Jan. 5, 2009) ("[I]n circumstances like the one here, the lead plaintiff analysis should utilize the most inclusive class period because 'it encompasses more potential class members . . . .'")(citation omitted); *see also Plumbers & Pipefitters Local 562 Pension Fund v. MGIC Inv. Corp.*, 256 F.R.D. 620, 624-25 (E.D. Wis. 2009) (noting that, for purposes of selecting lead plaintiff, courts usually utilize the most inclusive class period and select the movant with the largest financial interest under that period).

As soon as practicable after its decision on consolidation, pursuant to the PSLRA, this Court is to appoint the "most adequate plaintiff" to serve as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(i). In that regard, the Court is required to determine which member of the Class has the "largest financial interest" in the relief sought in this litigation, and also whether that movant has made a *prima facie* showing that it is a typical and adequate Class representative under Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"). 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

Southern California Laborers respectfully submits that it should be appointed Lead Plaintiff because it has the "largest financial interest" in this litigation and has made the requisite showing of typicality and adequacy required by the standards of the PSLRA. As set forth in detail below, Southern California Laborers incurred **$361,503.79** in losses as a result of its transactions in Align securities during the Class Period.[3] In light of this significant loss, Southern California Laborers has a substantial financial interest in the relief sought by this litigation—an interest believed to be greater than that of any competing movant.

Southern California Laborers also meets the typicality and adequacy requirements of Rule 23 as required by the PSLRA, because its claims are typical of those of absent Class members, and because it will fairly and adequately represent the interests of the Class. Additionally, Southern California Laborers is the type of sophisticated institutional investor that Congress intended to empower to lead securities class actions. Southern California Laborers possesses the capability, resources, and experience to oversee this complex litigation. Southern California Laborers has successfully represented injured investors in securities class actions, and is willing and able to undertake the responsibilities involved in acting as lead plaintiff to guarantee the vigorous prosecution of the Action. Accordingly, Southern California Laborers is the "most adequate plaintiff" and should be appointed Lead Plaintiff.

---

[3] A Copy of the PSLRA-required Certification is attached as Exhibit A to the accompanying Wagstaffe Decl., which sets forth all transactions for Southern California Laborers in Align securities during the Class Period. In addition, a chart reflecting the calculation of Southern California Laborers' losses as a result of its Class Period transactions in Align shares is attached as Exhibit B to the Wagstaffe Decl.

Southern California Laborers has also demonstrated its adequacy through its selection of Labaton Sucharow as Lead Counsel on behalf of the Class. Labaton Sucharow is a nationally recognized securities class action firm that has recovered billions of dollars for the benefit of injured investors, and has the expertise and resources necessary to handle litigation of this complexity and scale. Moreover, WVBR LLP, a San Francisco-based firm, also has a distinguished record representing plaintiffs in securities class actions such as the instant case.

Accordingly, Southern California Laborers requests that the Court appoint it Lead Plaintiff and otherwise grant its Motion.

### III. FACTUAL BACKGROUND[4]

Align is a global medical device company engaged in the design, manufacture, and marketing of brand name Invisalign® clear aligners and iTero® intraoral scanners and services for orthodontics, restorative, and aesthetic dentistry. The Company's products are intended primarily for the treatment of misaligned teeth. *See* ¶ 2.

Founded in 1997, Align is headquartered in San Jose, California, and its stock trades on the NASDAQ Global Select Market under the ticker symbol "ALGN." The Company has two operating segments: (1) Clear Aligner and (2) Scanners and Services ("Scanner"). For the year ended December 31, 2017, net revenues from the Clear Aligner segment represented approximately 89% of Align's worldwide net revenues, while the Scanner segment represented the remaining 11% of worldwide net revenues. Align sells the vast majority of its products directly to orthodontists and general practitioner dentists ("GPs"), as well as to restorative and aesthetic dentists, including prosthodontists, periodontists, and oral surgeons. The Company's Clear Aligner operating segment includes revenues from non-Invisalign brand aligners supplied to SmileDirectClub, LLC ("SDC"). *See* ¶¶ 3, 4.

Throughout the Class Period, Defendants made materially false and/or misleading statements, as well as omitted disclosure of material adverse facts about the Company's business, operations, and prospects. Specifically, Defendants failed to disclose to investors that: (1) at the

---

[4] All citations to "¶_" refer to paragraphs the complaint filed in the *Infuso* action, which asserts the longest alleged class period. *See Infuso* action, ECF No. 1.

1  beginning of the 2018 the Company changed its North American Advantage Customer Loyalty
2  Program by extending the discount qualification period from quarterly to semi-annual and
3  created additional incentive tiers that were intended to, and did, result in "higher overall
4  discounts" for its doctor customers and substantial reduction of the average sales price (ASP);
5  (2) in the third quarter of 2018 the Company initiated a new Invisalign product promotion that
6  resulted in substantial reduction of its ASP; (3) the promotions and discounts would materially
7  impact net income as a result of reduced profit margins; and (4) that, as a result of the foregoing,
8  Defendants' positive statements about the Company's business, operations, and prospects were
9  materially misleading and/or lacked a reasonable basis.  *See* ¶ 5.

On October 24, 2018, the Company announced its financial results for the third quarter of 2018 and reported for the first time to investors that it had changed its North American Advantage Customer Loyalty Program and that its new third quarter promotion reduced the ASP by $85, which more than wiped out, not just partially offset, all increases in Invisalign's ASP that the Company touted throughout the year.  The same day, the Company also announced that its Chief Marketing Officer Raphael S. Pascaud, would "reduce his responsibilities and transition to a part-time position."  *See* ¶ 6.

This news drove the price of Align shares down as much as $87.71 per share, or about 30 percent, during intraday trading on October 25, 2018 on unusually high trading volume.  The share price continued to decline over the next two trading sessions, to close at $217.94 per share on October 29, 2018.  *See* ¶ 7.

As a result of Defendants' wrongful acts and omissions, and the resulting decline in the Company's stock value, Plaintiff and other Class members who purchased securities of Align have suffered significant losses and damages.  *See* ¶ 8.

## IV.  ARGUMENT

### A.  The Actions Should Be Consolidated

Rule 42(a) of the Federal Rules of Civil Procedure ("Rule 42(a)") states that "'[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other

1  orders to avoid unnecessary cost or delay.'" *Hughes v. Experian Info. Sols., Inc.*, No. 16-cv-
2  05681-JST, 2017 WL 975969, at *1 (N.D. Cal. Mar. 13, 2017).  The PSLRA contemplates
3  consolidation where "more than one action on behalf of a class asserting substantially the same
4  claim or claims arising under this chapter has been filed." 15 U.S.C. 78u-4(a)(3)(B)(ii).  As
5  such, the PSLRA does not displace the traditional legal standards for consolidation under Rule
6  42(a).
7         Consolidation of the above-captioned actions is proper where, as here, the actions involve
8  common questions of law and fact such that consolidation would prevent unnecessary cost or
9  delay in adjudication.  Each of the actions has been filed in this District alleging similar factual
10 and legal grounds to support allegations of violations of Sections 10(b) and 20(a) of the
11 Exchange Act arising from the public dissemination of false and misleading information to
12 investors.  Accordingly, the actions should be consolidated pursuant to Rule 42(a) for all
13 purposes.

14     **B.**    **Southern California Laborers Should Be Appointed Lead Plaintiff**

15        Southern California Laborers respectfully submits that it is the presumptively "most
16 adequate plaintiff" because it has complied with the PSLRA procedural requirements, holds the
17 largest financial interest of any qualified movant, and otherwise satisfies Rule 23's typicality and
18 adequacy requirements.

19     **1.**    **The PSLRA Standard for Appointing Lead Plaintiff**

20        The PSLRA provides a straightforward, sequential procedure for selecting lead plaintiff
21 for "each private action arising under [the Exchange Act] that is brought as a plaintiff class
22 action pursuant to the Federal Rules of Civil Procedure." *See* 15 U.S.C. § 78u-4(a)(l); *see also*
23 15 U.S.C. § 78u-4(a)(3)(B).  First, Section 21D(a)(3)(A)(i) of the Exchange Act, as amended by
24 the PSLRA, specifies that:

25         Not later than 20 days after the date on which the complaint is
         filed, the plaintiff or plaintiffs shall cause to be published, in a
26         widely circulated national business-oriented publication or wire
         service, a notice advising members of the purported plaintiff
27         class --

28         (I)    of the pendency of the action, the claims asserted therein,
         and the purported class period; and

> (II) that, not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class.

15 U.S.C. § 78u-4(a)(3)(A)(i).

Next, under the PSLRA, a court is to consider any motion made by class members and appoint the movant that the court determines to be most capable of adequately representing the interests of the class as lead plaintiff. Specifically, the PSLRA provides that a court:

> shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members (. . . the "most adequate plaintiff") . . . .

15 U.S.C. § 78u-4(a)(3)(B)(i).

In adjudicating a lead plaintiff motion, a court shall adopt a presumption that the "most adequate plaintiff" is the person who: (1) filed a complaint or made a motion to serve as lead plaintiff; (2) has the largest financial interest in the relief sought by the class; and (3) otherwise satisfies the requirements of Rule 23. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *see also In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002) (discussing three-step competitive process for selecting a lead plaintiff). This presumption "'may be rebutted only upon proof . . . that the presumptively most adequate plaintiff [ ] will not fairly and adequately protect the interests of the class'" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *see also In re: Volkswagen "Clean Diesel" Mktg., Sales Practices, & Prod. Liab. Litig.*, MDL No. 2672 CRB (JSC), 2016 WL 5930844, at *2 (N.D. Cal. Oct. 11, 2016) (same).

### C. Southern California Laborers Is the "Most Adequate Plaintiff"

#### 1. Southern California Laborers Satisfied the PSLRA's Procedural Requirements

Southern California Laborers filed this motion to serve as Lead Plaintiff in a timely manner. Pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i), on November 5, 2018, counsel for the Plaintiff in the first-filed action caused notice regarding the pending nature of this case to be published on *Business Wire*, a widely circulated, national, business-oriented news reporting service. *See* Notice, Wagstaffe Decl. Ex. C. Thus, as permitted by the PSLRA, any person or

group of persons may apply to be appointed Lead Plaintiff within sixty (60) days after publication of the notice, *i.e.*, on or before January 4, 2019. Southern California Laborers filed its motion within the required period.

### 2. Southern California Laborers Has the Largest Financial Interest in the Outcome of the Action

The PSLRA instructs the Court to adopt a rebuttable presumption that the "most adequate plaintiff" for lead plaintiff purposes is the movant with "the largest financial interest in the relief sought by the class," so long as the movant "otherwise satisfies the requirements of Rule 23." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *see also Richardson v. TVIA, Inc.*, No. C 06 06304-RMW, 2007 WL 1129344, at *2 (N.D. Cal. Apr. 16, 2007) (discussing the PSLRA's lead plaintiff appointment process).

During the Class Period, Southern California Laborers suffered substantial losses of **$361,503.79** as a result of its transactions in Align securities. *See* Loss Analysis, Wagstaffe Decl. Ex. B. Southern California Laborers is presently unaware of any other movant with a larger financial interest in the outcome of the Action. Consequently, and because it also satisfies Rule 23's typicality and adequacy requirements, Southern California Laborers is entitled to the legal presumption that it is the most adequate plaintiff.

### 3. Southern California Laborers Satisfies Rule 23's Typicality and Adequacy Requirements

In addition to possessing the largest financial interest in the outcome of the litigation, Southern California Laborers satisfies the applicable requirements of Rule 23. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). With respect to class certification, Rule 23(a) requires that: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) such claims are typical of those of the class; and (4) the representative will fairly and adequately protect the interests of the class. *See* Fed. R. Civ. P. 23(a). However, at the lead-plaintiff-selection stage, all that is required is a preliminary showing that the lead plaintiff's claims are typical and adequate. *See, e.g.*, *Westley v. Oclaro, Inc.*, No. C-

11-2448-EMC, 2011 WL 4079178, at *2 (N.D. Cal. Sept. 12, 2011) (noting that only a "preliminary showing" of typicality and adequacy satisfies Rule 23 at the lead plaintiff stage).

### (a) Southern California Laborers' Claims Are Typical of Those of the Class

The typicality requirement of Rule 23(a)(3) is satisfied when the representative party "has suffered the same injuries as other class members as a result of the same conduct by defendants and has claims based on the same legal issues." *Westley*, 2011 WL 4079178, at *2 (citation omitted). Here, the claims that Southern California Laborers asserts are typical of the claims of the other members of the putative Class because, like all other Class members, Southern California Laborers: (1) purchased Align securities during the Class Period; (2) was adversely affected by Defendants' allegedly false and misleading statements; and (3) suffered damages as a result thereof. *See Russo v. Finisar Corp.*, No. 5:CV 11-01252-EJD, 2011 WL 5117560, at *4 (N.D. Cal. Oct. 27, 2011) (discussing ways in which a lead plaintiff movant can meet the typicality requirement). Because the claims that Southern California Laborers asserts are based on the same legal theories and arise "from the same event or practice or course of conduct that gives rise to the claims of other class members," typicality is satisfied. *See Newberg*, *et al.*, Newberg On Class Actions, §3:13 (4th ed. 2002). Thus, Southern California Laborers satisfies the typicality requirement.

### (b) Southern California Laborers Will Fairly and Adequately Protect the Interests of the Class

Southern California Laborers will fairly and adequately represent the interests of the proposed Class. Under Rule 23(a)(4), a representative party must "fairly and adequately protect the interests of the Class." Fed. R. Civ. P. 23(a)(4). With respect to adequacy, a movant is an adequate class representative when it possesses common interests and an absence of conflict with fellow class members, and the movant's attorneys are qualified, experienced, and vigorously able to conduct the litigation. *See Westley*, 2011 WL 4079178, at *2 (explaining that, with regard to the adequacy requirement, a court must evaluate whether "(1) the lead plaintiff's claims conflict with those of the class; and (2) class counsel is qualified, experienced, and generally able to conduct the litigation") (citation omitted). No antagonism exists between Southern California

Laborers' interests and those of the absent Class members; rather, the interests of Southern California Laborers and Class members are squarely aligned.

In addition, Southern California Laborers has demonstrated its adequacy through its selection of Labaton Sucharow as Lead Counsel to represent the Class in this action. As discussed more fully below, Labaton Sucharow is highly experienced in prosecuting securities class actions vigorously and efficiently, and timely submitted its choice to the Court for approval, in accordance with the PSLRA. *See* 15 U.S.C. §§ 78u-4(a)(3)(A)(i)(II) and (B)(v). Accordingly, Southern California Laborers satisfies the adequacy requirement.

### 4. As a Single Institutional Investor, Southern California Laborers Is Precisely the Type of Lead Plaintiff Congress Envisioned When It Passed the PSLRA

In addition to satisfying the requirements of Rule 23, Southern California Laborers—a large, sophisticated institutional investor—is precisely the type of investor Congress sought, through the enactment of the PSLRA, to encourage to assume a more prominent role in securities litigation. *See* H.R. Conf. Rep. No. 104-369, at 34 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730, 733 ("The Conference Committee believes that increasing the role of institutional investors in class actions will ultimately benefit shareholders and assist courts by improving the quality of representation in securities class actions."). Congress reasoned that increasing the role of institutional investors, which typically have a large financial stake in the outcome of the litigation, would be beneficial because institutional investors with a large financial stake are more apt to effectively manage complex securities litigation. *See id.* at 34-35, *reprinted in* 1995 U.S.C.C.A.N. at 733-34. To this end, many courts, including courts in this District, have recognized that the legislative history reflects a clear preference for institutional investors to be appointed as lead plaintiff in securities class actions. *See Perlmutter v. Intuitive Surgical, Inc.*, No. 10-cv-03451-LHK, 2011 WL 566814, at *13 (N.D. Cal. Feb. 15, 2011) ("appoint[ing] an institutional investor, . . . comports with the PSLRA's goal to increase the likelihood that institutional investors would serve as lead plaintiffs"); *see also Feyko v. Yuhe Int'l Inc.*, No. CV 11-05511 DDP (PJWx), 2012 WL 682882, at *3 (C.D. Cal. Mar. 2, 2012) (noting that "institutional investors [are] exactly the type of sophisticated market participants Congress

intended to take on the role of lead plaintiff following the PSLRA's reforms") (citations omitted).

Furthermore, courts in this District have regularly favored a single large institutional investor like Southern California Laborers as lead plaintiff. *See In re Network Assocs., Inc., Sec. Litig.*, 76 F. Supp. 2d 1017, 1025 (N.D. Cal. 1999) (analyzing legislative history and noting "It seems clear that Congress intended a single, strong lead plaintiff to control counsel and the litigation"); *see also In re Critical Path, Inc. Sec. Litig.*, 156 F. Supp. 2d 1102, 1112 (N.D. Cal. 2001) (appointing single institutional investor with losses of $2.3 million over competing movants with aggregate losses of $14 million).

Here, Southern California Laborers is precisely the type of lead plaintiff envisioned by Congress. Located in El Monte, California, Southern California Laborers is a multi-employer pension plan with more than 31,000 participants, which oversees approximately $1.8 billion in assets on behalf of its members and beneficiaries. As an institutional investor, Southern California Laborers is accustomed to acting as a fiduciary, and its experience in legal and financial matters will substantially benefit the class. Southern California Laborers also understands the duties of a lead plaintiff pursuant to the PSLRA, is willing to oversee the vigorous prosecution of the Action, and has pledged to "provid[e] testimony at deposition and trial, if necessary." *See* Certification, Wagstaffe Decl. Ex. A.  Southern California Laborers' understanding of the responsibilities of a lead plaintiff is based, in part, on its experience prosecuting securities class actions.  For example, Southern California Laborers is currently serving as lead plaintiff in *Purple Mountain Trust v. Wells Fargo & Company*, No. 18-cv-03948 (N.D. Cal.), and in *Samit v. CBS Corporation*, No. 18-cv-07796 (S.D.N.Y.).

Southern California Laborers has the sophistication and resources necessary to effectively litigate this matter and supervise Class counsel. Accordingly, Southern California Laborers is the paradigmatic lead plaintiff as contemplated by the PSLRA.

### D. The Court Should Approve Southern California Laborers' Choice of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel for the class, subject to the court's approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). As such, this Court should not disturb the lead plaintiff's choice of counsel unless necessary to "protect the interests of the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa); *see also In re Cohen v. U.S.*, 586 F.3d 703, 712 (9th Cir. 2009) ("[I]f the lead plaintiff has made a reasonable choice of counsel, the district court should generally defer to that choice.") (citing *In re Cendant Corp. Litig.*, 264 F.3d 201, 276 (3d Cir. 2001)); *see also Cavanaugh*, 306 F.3d at 734 ("Selecting a lawyer in whom a litigant has confidence is an important client prerogative and we will not lightly infer that Congress meant to take away this prerogative from securities plaintiffs. And, indeed, it did not. While the appointment of counsel is made subject to the approval of the court, the Reform Act clearly leaves the choice of class counsel in the hands of the lead plaintiff.").

Here, Southern California Laborers has selected Labaton Sucharow, highly-qualified counsel, to serve as Lead Counsel for the proposed Class. Labaton Sucharow has significant experience in prosecuting securities class actions and has excelled as lead counsel in numerous landmark securities class actions throughout the United States on behalf of defrauded investors. Labaton Sucharow served as a lead counsel in *In re American International Group, Inc. Securities Litigation*, No. 04-cv-8141 (S.D.N.Y.), in which it achieved a recovery totaling more than $1 billion for injured investors and secured a $294.9 million recovery in *In re Bear Stearns Cos., Inc. Securities, Derivative, & ERISA Litigation*, No. 08-md-1963 (S.D.N.Y.), in which it served as co-lead counsel. In addition, Labaton Sucharow was a lead counsel in *In re Countrywide Financial Corp. Securities Litigation*, No. 07-cv-5295 (C.D. Cal.), which achieved a settlement of $624 million—one of the largest securities fraud settlements arising from the financial crisis of 2007 and 2008. Labaton Sucharow presently serves as co-lead counsel in *In re Goldman Sachs Group, Inc. Securities Litigation*, No. 10-cv-03461 (S.D.N.Y.), among other significant investor class actions. *See* Wagstaffe Decl., Ex. D.

1   Likewise, WVBR LLP is well qualified to represent the Class as Liaison Counsel.

2   WVBR LLP maintains an office in San Francisco, California, and James M. Wagstaffe has

3   substantial litigation experience in this court.  *See* Wagstaffe Decl., Ex. E.  Thus, the firm is well

4   qualified to represent the Class as Liaison Counsel.  *See* Manual for Complex Litigation (Fourth)

5   § 10.221 (2004) (discussing role of liaison counsel and noting that "[l]iaison counsel will usually

6   have offices in the same locality as the court.").

7   Thus, the Court may be assured that by granting this motion and approving Southern

8   California Laborers' selection of Labaton Sucharow as Lead Counsel and WVBR LLP as

9   Liaison Counsel, the Class will receive the highest caliber of legal representation.

## CONCLUSION

11   For the foregoing reasons, Southern California Laborers respectfully requests that the

12   Court: (1) consolidate the above-captioned related actions; (2) appoint Southern California

13   Laborers as Lead Plaintiff; (3) approve its selection of Labaton Sucharow as Lead Counsel and

14   WVBR LLP as Liaison Counsel for the Class; and (4) grant such other and further relief as the

15   Court may deem just and proper.

16   DATED:  January 4, 2019                    Respectfully submitted,

                                                */s/ James M. Wagstaffe*

                                                **WAGSTAFFE, VON LOEWENFELDT,
                                                BUSCH & RADWICK, LLP**
                                                James M. Wagstaffe (#95535)
                                                Frank Busch (#258288)
                                                100 Pine Street, Suite 725
                                                San Francisco, California 94111
                                                Telephone: (415) 357-8900
                                                Facsimile: (415) 357-8910
                                                wagstaffe@wvbrlaw.com
                                                busch@wvbrlaw.com

                                                *Proposed Liaison Counsel for the Class*

                                                **LABATON SUCHAROW LLP**
                                                Christopher J. Keller
                                                Eric J. Belfi
                                                Francis P. McConville
                                                140 Broadway
                                                New York, New York 10005
                                                Telephone: (212) 907-0700
                                                Facsimile: (212) 818-0477

ckeller@labaton.com
ebelfi@labaton.com
fmcconville@labaton.com

*Counsel for Construction Laborers Pension Trust for Southern California and Proposed Lead Counsel for the Class*