**LEVI & KORSINSKY, LLP**
Adam C. McCall (SBN 302130)
Adam M. Apton (SBN 316506)
44 Montgomery Street, Suite 650
San Francisco, CA 94104
Tel: (415) 291-2420
Email: amccall@zlk.com
Email: aapton@zlk.com

*Attorneys for Movant The Align Investor Group*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| XIAOJIAO LU, Individually and on behalf of all others similarly situated,<br><br>Plaintiff<br><br>vs.<br><br>ALIGN TECHNOLOGY, INC., JOSEPH M. HOGAN, JOHN F. MORICI, and RAPHAEL S. PASCAUD,<br><br>Defendants. | No. 5:18-cv-06720-LHK-VKD<br><br>Hon. Lucy H. Koh<br><br>**MOTION OF THE ALIGN INVESTOR GROUP FOR CONSOLIDATION OF THE ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF LEAD COUNSEL; MEMORANDUM AND POINTS OF AUTHORITIES**<br><br>Date: March 28, 2019<br>Time: 1:30 p.m.<br>Courtroom: 8-4th Floor |
| DAVID INFUSO, Individually and on behalf of all others similarly situated,<br><br>Plaintiff<br><br>vs.<br><br>ALIGN TECHNOLOGY, INC., JOSEPH M. HOGAN, and JOHN F. MORICI,<br><br>Defendants. | No. 5:18-cv-07469-LHK<br><br>Hon. Lucy H. Koh |

THE ALIGN INVESTORS MOTION FOR CONSOLIDATION OF THE ACTIONS, APPOINTMENT AS LEAD
PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL
Nos. 5:18-cv-06720-LHK; 5:18-cv-07469-LHK

**NOTICE OF MOTION AND MOTION**

TO: ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE, that on March 28, 2019 at 1:30 p.m., or as soon as counsel may be heard, the undersigned will move before the Honorable Lucy H. Koh at the United States District Court for the Northern District of California, San Jose Courthouse, 280 South 1st Street, San Jose, CA 95113, pursuant to Rule 42 of the Federal Rules of Civil Procedure and the Private Securities Litigation Reform Act of 1995, for an Order:

1.   Consolidating the above-captioned related actions;

2.   Appointing The Align Investor Group ("Movant") as Lead Plaintiff;

3.   Approving Movant's choice of Levi & Korsinsky, LLP ("Levi & Korsinsky"), as Lead Counsel; and

4.   Granting such other and further relief as the Court may deem just and proper.

Movant respectfully submits the following memorandum in support of its motion for: (a) consolidation of the above-captioned actions; (b) appointment of Movant as Lead Plaintiff, and (c) approval of Levi & Korsinsky as Lead Counsel.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**TABLE OF CONTENTS**

I. SUMMARY OF ARGUMENT ................................................................................................ 1

II. STATEMENT OF ISSUES TO BE DECIDED ..................................................................... 2

III. STATEMENT OF FACTS ..................................................................................................... 2

IV. ARGUMENT .......................................................................................................................... 3

   A. The Actions Should Be Consolidated ............................................................................. 3

   B. The Court Should Appoint Movant as Lead Plaintiff ..................................................... 4

      1. The Procedure Required by the PSLRA ..................................................................... 4

         a. Movant is Willing to Serve as Class Representative ............................................ 5

         b. Movant Has the Requisite Financial Interest in the Relief Sought by the Class ... 5

      2. Movant Satisfies the Requirements of Rule 23(a) of the Federal Rules of Civil Procedure .................................................................................................................... 6

         a. Movant's Claims are Typical of the Claims of all the Class Members ................. 7

         b. Movant Will Adequately Represent the Class ...................................................... 8

   C. Movant's Choice of Counsel Should Be Approved ........................................................ 9

V. CONCLUSION ..................................................................................................................... 10

# TABLE OF AUTHORITIES

**Cases**

*Booth v. Strategic Realty Trust, Inc.*,
    No. 13-cv-04921-JST, 2014 WL 342625 (N.D. Cal. Jan. 27, 2014) ................................... 6

*Crawford v. Honig*,
    37 F.3d 485 (9th Cir. 1994) ................................................................................................ 8

*Ferrari v. Gisch*,
    225 F.R.D. 599 (C.D. Cal. 2004) ....................................................................................... 7

*Francisco v. Abengoa, S.A.*,
    No. 15 CIV. 6279 (ER), 2016 WL 3004664 (S.D.N.Y. May 24, 2016) ............................. 9

*Gen. Tel. Co. of the Southwest v. Falcon*,
    457 U.S. 147 (1982) ........................................................................................................... 7

*Gold v. Lumber Liquidators, Inc.*,
    323 F.R.D. 280 (N.D. Cal. 2017) ....................................................................................... 7

*Hanlon v. Chrysler Corp.*,
    150 F.3d 1011 (9th Cir. 1998) ............................................................................................ 7

*Haung v. Acterna Corp.*,
    220 F.R.D. 255 (D. Md. 2004) ........................................................................................... 7

*Hessefort v. Super Micro Computer, Inc*,
    317 F.Supp.3d 1056 (N.D. Cal. 2018) ................................................................................ 6

*In re Cavanaugh*,
    306 F.3d 726 (9th Cir. 2002) ..................................................................................... 1, 6, 7

*In re Drexel Burnham Lambert Grp.*,
    960 F.2d 285 (2d Cir. 1992) ............................................................................................... 8

*In re LendingClub Sec. Litig.*,
    282 F.Supp.3d 1171 (N.D. Cal. 2017) ............................................................................ 7, 8

*In re Milestone Sci. Sec. Litig.*,
   183 F.R.D. 404 (D.N.J. 1998) .................................................................................................. 7

*In re Oxford Health Plans, Inc. Sec. Litig.*,
   182 F.R.D. 42 (S.D.N.Y. 1998) ................................................................................................ 7

*Inchen Huang v. Depomed, Inc.*,
   289 F. Supp. 3d 1050 (N.D. Cal. 2017) .................................................................................. 10

*Isaacs v. Musk*,
   No. 18-CV-04865-EMC, 2018 WL 6182753 (N.D. Cal. Nov. 27, 2018), *reconsideration denied sub nom. In re Tesla, Inc. Sec. Litig.*, No. 18-CV-04865-EMC, 2018 WL 6609569 (N.D. Cal. Dec. 17, 2018) .......................................................................................................... 9

*Johnson v. Celotex Corp.*,
   899 F.2d 1281 (2d Cir. 1990) ............................................................................................. 3, 4

*Levin v. Res. Capital Corp.*,
   No. 15 CIV. 7081 (LLS), 2015 WL 7769291 (S.D.N.Y. Nov. 24, 2015) ................................. 9

*Mitchell v. Complete Mgmt., Inc.*,
   No. 99 CIV. 1454 (DAB), 1999 WL 728678 (S.D.N.Y. Sept. 17, 1999) ................................ 3

*Pope v. Navient Corp.*,
   No. CV 17-8373 (RBK/AMD), 2018 WL 672640 (D.N.J. Feb. 2, 2018) ............................... 9

*Primavera Familienstifung v. Askin*,
   173 F.R.D. 115 (S.D.N.Y. 1997) .............................................................................................. 4

*Robidoux v. Celani*,
   987 F.2d 931 (2d Cir. 1993) .................................................................................................... 7

*Takeda v. Turbodyne Techs., Inc.*,
   67 F. Supp. 2d 1129 (C.D. Cal. 1999) ................................................................................ 3, 4

*Veal v. LendingClub Corporation*,
   2018 WL 5879645 (N.D. Cal. Nov. 7, 2018) ........................................................................... 6

*Weisz v. Calpine Corp.*,
    No. 4:02-CV-1200, 2002 WL 32818827 (N.D. Cal. Aug. 19, 2002) .................................... 4
*Weltz v. Lee*,
    199 F.R.D. 129 (S.D.N.Y. 2001) ................................................................................... 3
*Zhu v. USBH Holdings, Inc.*
    682 F. Supp.2d 1049 (N.D. Cal. 2010) ...................................................................... 3, 6

**Statutes**

15 U.S.C. § 78u-4(a)(3)(A) ............................................................................................ 4
15 U.S.C. § 78u-4(a)(3)(B) ..................................................................................... passim

**Rules**

Fed. R. Civ. P. 23(a) ........................................................................................ 1, 6, 7, 8
Fed. R. Civ. P. 42(a) ..................................................................................................... 3

## I. SUMMARY OF ARGUMENT

Presently pending before the Court are two above-captioned securities class actions (the "Actions") brought on behalf of all persons who purchased, or otherwise acquired securities of Align Technology, Inc. ("Align" or the "Company") between April 25, 2018 and October 24, 2018, inclusive (the "Class Period").[1] Plaintiffs in the Actions allege violations of the Securities Exchange Act of 1934 (the "Exchange Act") against the Company, Joseph M. Hogan ("Hogan"), John F. Morici ("Morici"), and Raphael S. Pascaud ("Pascaud").[2]

The Private Securities Litigation Reform Act of 1995, as amended (the "PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B), provides for the Court to appoint as lead plaintiff the movant that has the largest financial interest in the litigation and has made a *prima facie* showing that he, she, or it is an adequate class representative under Rule 23 of the Federal Rules of Civil Procedure. *See generally In re Cavanaugh*, 306 F.3d 726 (9th Cir. 2002). John Del Gaiso, Michael King, Muhammad M. Abbas, and Daniel Autry (collectively, the "Align Investor Group" or "Movant"), lost approximately $306,997.19 as a result of the alleged fraud during the Class Period.[3] Moreover, Movant satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure in that its claims are typical of the claims of the Class, and it will fairly and adequately represent the interests of the Class.[4] As such, Movant meets the requirements of the PSLRA for

---

[1] These actions are captioned *Lu v. Align Technology, Inc. et al.,* 5:18-cv-06720-LHK-VKD (November 5, 2018) (the "*Lu* Action"), *Infuso v. Align Technology, Inc. et al.,* 5:18-cv-07469-LHK (December 12, 2018) (the "*Infuso* Action"). The *Infuso* Action expanded the original class period listed in the *Lu* Action from July 25, 2018 and October 24, 2018, inclusive, to cover all securities purchased from April 25, 2018 and Oct 24, 2018, inclusive, which is the broadest class period available.

[2] Specifically, Plaintiffs allege violations of Sections 10(b) and 20(a) of the Exchange Act and rule 10b-5 promulgated thereunder against defendants Hogan (President and Chief Executive Officer of Align); Morici (Chief Financial Officer of Align); and Pascaud (Chief Marketing Officer of Align). The *Infuso* Action does not list Pascaud as a named Defendant.

[3] Movant's certifications identifying its transactions in Align, as required by the PSLRA, as well as charts identifying its losses, are attached collectively to the Declaration of Adam C. McCall, dated January 4, 2019 ("McCall Decl."), as Exhibits A and B, respectively.

[4] The "Class" is comprised of all persons who purchased, or otherwise acquired Align securities during the Class Period.

appointment as Lead Plaintiff.

Accordingly, Movant respectfully requests that (a) the above-captioned actions be consolidated; (b) it be appointed Lead Plaintiff; and (c) Levi & Korsinsky be approved as Lead Counsel.

## II.   STATEMENT OF ISSUES TO BE DECIDED

1. Whether the Actions involve substantially similar issues of fact and law and should be consolidated;

2. Whether Movant meets the requirements under the PSLRA to be appointed Lead Plaintiff; and

3. Whether Movant's choice of Lead Counsel should be approved.

## III.   STATEMENT OF FACTS

Align is a company that designs, manufactures and markets medical devices which treat the misalignment of teeth. ¶¶ 2, 17.[5] Align's main product, Invisalign, are clear aligners for the teeth. *Id*. The company's common stock trades on the NASDAQ under the ticker symbol ALGN. ¶ 12. The Complaint generally alleges that throughout the Class Period, the Defendants made false and/or misleading statements and/or failed to disclose that: (1) that the Company would offer higher discounts to promote Invisalign; (2) that the promotions would materially impact revenue; and (3) that, as a result of the foregoing, Defendants' positive statements about the Company's business, operations, and prospects, were materially misleading and/or lacked a reasonable basis. ¶ 20.

At the start of the Class Period on April 25, 2018, the Company issued a press release announcing is 2018 first quarter 2018 financial results. *Infuso* ¶ 23. The Company, in both its press release and the corresponding conference call, touted that Invisalign's average sales prices ("ASP") were up for the quarter. *Infuso* ¶¶ 23-24. The Company, upon releasing its second

---

[5] Citations to "¶___" are to paragraphs of the Class Action Complaint for Violations of the Federal Securities Laws (the "Complaint") filed in the *Lu* Action on November 5, 2018, unless otherwise noted to come from the *Infuso* Action. Unless otherwise defined, capitalized terms shall have the same meaning set forth in the Complaint. The facts set forth in the Complaint are incorporated herein by reference.

quarter 2018 financial results on July 25, 2018, once again touted to the public the growth that Invisalign ASP's were bringing the Company. ¶¶ 18-19.

Then, on October 24, 2018, Align issued a press release announcing its third quarter 2018 financial results. ¶ 21. This press release, and the corresponding conference call to discuss the results revealed that Invisalign ASP's were lower due to higher than expected discounts. ¶ 21. Specifically, Align had not informed investors that a new customer loyalty program was put into place, causing a faster rise in "discount tiers" for doctors, giving a higher overall discount than the previous program. *Infuso* ¶ 28. On this news, Align's securities dropped $58.76, over 20% per share, on October 25, 2018 and continued to drop over the next two trading days, ultimately closing at $217.94 on October 29, 2018. ¶ 23.

## IV.     ARGUMENT

### A. The Actions Should Be Consolidated

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this [sub-]chapter has been filed," the Court shall not make the determination of the most adequate plaintiff until "after the decision on the motion to consolidate is rendered."  15 U.S.C. § 78u-4(a)(3)(B)(ii).  Thereafter, the Court "shall appoint the most adequate plaintiff for the consolidated actions." *Id.*

Under Rule 42(a) of the Federal Rules of Civil Procedure, consolidation is appropriate when the actions involve common questions of law or fact.  See Fed. R. Civ. P. 42(a); *Zhu v. USBH Holdings, Inc.* 682 F. Supp.2d 1049, 1052 (N.D. Cal. 2010); *Takeda v. Turbodyne Techs., Inc.*, 67 F. Supp. 2d 1129, 1132-33 (C.D. Cal. 1999); see also *Weltz v. Lee*, 199 F.R.D. 129, 131 (S.D.N.Y. 2001) ("[C]ourts have taken the view that considerations of judicial economy favor consolidation." (quoting *Johnson v. Celotex Corp.,* 899 F.2d 1281, 1284-85 (2d Cir. 1990)).  Consolidation is particularly appropriate in securities class action litigation. *See Mitchell v. Complete Mgmt., Inc.,* No. 99 CIV. 1454 (DAB), 1999 WL 728678, at *1 (S.D.N.Y. Sept. 17, 1999) ("In securities actions where the complaints are based on the same 'public statements and reports' consolidation is appropriate if there are common questions of law and

fact . . . .") (citation omitted); *Primavera Familienstifung v. Askin*, 173 F.R.D. 115, 129 (S.D.N.Y. 1997). Courts, therefore, routinely find that consolidating multiple securities cases is an efficient solution where the complaints arise generally from the same alleged false and misleading statements. *See, e.g.*, *Weisz v. Calpine Corp.*, No. 02-cv-1200, 2002 WL 32818827, *2-3 (N.D. Cal. Aug. 19, 2002); *Takeda*, 67 F. Supp. 2d at 1132-33 (consolidation appropriate in securities class actions).

The Actions pending before this Court present similar factual and legal issues, as they both involve the same subject matter and are based on the same wrongful course of conduct. Each names Tesla and certain of its officers and/or directors as defendants. Because the Actions arise from the same facts and circumstances and involve the same subject matter, the same discovery and similar class certification issues will be relevant to all related actions. Accordingly, consolidation under Rule 42(a) is appropriate. *See Celotex Corp.*, 899 F.2d at 1285.

### B. The Court Should Appoint Movant as Lead Plaintiff

#### 1. The Procedure Required by the PSLRA

Once the Court decides the consolidation motion, the PSLRA mandates that the Court decide the lead plaintiff issue "[a]s soon as practicable." 15 U.S.C. § 78u-4(a)(3)(B)(ii). The PSLRA establishes the procedure for appointment of the lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a) and (a)(3)(B).

The plaintiff who files the initial action must publish notice to the class within 20 days after filing the action, informing class members of their right to file a motion for appointment of lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(A). The PSLRA requires the Court to consider within 90 days all motions filed within 60 days after publication of that notice by any person or group of persons who are members of the proposed class to be appointed lead plaintiff. 15 U.S.C. §§ 78u-4(a)(3)(A)(i)(II) and (a)(3)(B)(i).

The PSLRA provides a presumption that the most "adequate plaintiff" to serve as lead

plaintiff is the "person or group of persons" that:

    (aa)    has either filed the complaint or made a motion in response to a notice;

    (bb)    in the determination of the court, has the largest financial interest in the relief sought by the class; and

    (cc)    otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The presumption may be rebutted only upon proof by a class member that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

As set forth below, Movant satisfies the foregoing criteria and is not aware of any unique defenses that the defendants could raise against it. Therefore, Movant is entitled to the presumption that it is the most adequate plaintiff to represent the Class and, as a result, should be appointed Lead Plaintiff in the Action.

### a. Movant is Willing to Serve as Class Representative

On November 5, 2018 counsel in the first-filed action caused a notice (the "Notice") to be published pursuant to Section 21D(a)(3)(A) of the Exchange Act, which announced that a securities class action had been filed against Align and the Individual Defendants, and which advised putative class members that they had 60 days to file a motion to seek appointment as a lead plaintiff in the action. Movant has reviewed a complaint filed in the pending Actions and has timely filed his motion pursuant to the Notice.

### b. Movant Has the Requisite Financial Interest in the Relief Sought by the Class

The Court shall appoint as lead plaintiff the movant or movants with the largest financial loss in the relief sought by the action. As demonstrated herein, Movant has the largest known financial interest in the relief sought by the Class. *See* McCall Decl., Ex. B. The movant who

has the largest financial interest in this litigation and meets the adequacy and typicality requirements of Rule 23 is presumptively the lead plaintiff. *Booth v. Strategic Realty Trust, Inc.*, No. 13-cv-04921-JST, 2014 WL 342625, at *1-2 (N.D. Cal. Jan. 27, 2014) (citing *In re Cavanaugh*, 306 F.3d at 726-30).

Within the Class Period, Movant transacted in Align securities in reliance upon the materially false and misleading statements issued by the defendants, and was injured thereby. Movant suffered a substantial loss of approximately $ 306,997.19. *See* McCall Decl., Ex. B. Movant thus has a significant financial interest in the outcome of this case. To the best of its knowledge, there are no other applicants who have sought, or are seeking, appointment as lead plaintiff that have a larger financial interest and also satisfy Rule 23.

### 2. Movant Satisfies the Requirements of Rule 23(a) of the Federal Rules of Civil Procedure

According to 15 U.S.C. §78u-4(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class

Fed. R. Civ. P. 23(a).

Of the four prerequisites to class certification outlined in Fed. R. Civ. P. 23, only two – typicality and adequacy – are recognized as appropriate for consideration at this stage. *See Hessefort v. Super Micro Computer, Inc*, 317 F.Supp.3d 1056, 1060-61 (N.D. Cal. 2018); *Veal v. LendingClub Corporation,* 2018 WL 5879645, *4 (N.D. Cal. Nov. 7, 2018); *See also Cavanaugh,* 306 F.3d at 730, n.5, 732. Furthermore, only a "preliminary showing" of typicality and adequacy is required at this stage. *See USBH Holdings, Inc.* 682 F. Supp.2d at, 1053.

Consequently, in deciding a motion to serve as Lead Plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the Lead Plaintiff moves for class certification. *See Cavanaugh,* 306 F.3d at 732; *see also Haung v. Acterna Corp.,* 220 F.R.D. 255, 259 (D. Md. 2004); *In re Milestone Sci. Sec. Litig.*, 183 F.R.D. 404, 414 (D.N.J. 1998).

As detailed below, Movant satisfies both the typicality and adequacy requirements of Fed. R. Civ. P. 23, thereby justifying its appointment as Lead Plaintiff.[6]

### a. Movant's Claims are Typical of the Claims of all the Class Members

Under Rule 23(a)(3), typicality exists where "the claims . . . of the representative parties" are "typical of the claims . . . of the class." Movant plainly meets the typicality requirement of Rule 23 because: (i) it suffered the same injuries as the absent class members; (ii) it suffered as a result of the same course of conduct by Defendants; and (iii) its claims are based on the same legal issues. *See In re Twitter, Inc. Sec. Litig.,* 326 F.R.D. 619, 629 (N.D. Cal. 2018); *see also Ferrari v. Gisch*, 225 F.R.D. 599, 607 (C.D. Cal. 2004); *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998); *Robidoux v. Celani*, 987 F.2d 931, 936-37 (2d Cir. 1993); *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 50 (S.D.N.Y. 1998) (typicality inquiry analyzes whether plaintiffs' claims "arise from the same conduct from which the other class members' claims and injuries arise"). Rule 23 does not require that the named plaintiff be identically situated with all class members. It is enough if their situations share a common issue of law or fact. *See In re LendingClub Sec. Litig.,* 282 F.Supp.3d 1171, 1179 (N.D. Cal. 2017) (citing *Hanlon,* 150 F.3d at 1020.) A finding of commonality frequently supports a finding of typicality. *See Gold v. Lumber Liquidators, Inc.,* 323 F.R.D. 280, 288 (N.D. Cal. 2017) (citing *Gen. Tel. Co. of the Southwest v. Falcon*, 457 U.S. 147, 158 n.13 (1982) (noting that the typicality and commonality requirements tend to merge)).

In this case, the typicality requirement is met because Movant's claims are identical to,

---

[6] In further support of their motion, each member of the Align Investor Group has signed a declaration and file herewith discussing their commitment to this litigation and how they intend to work as small and cohesive group to obtain the best possible recovery for the Class.

and neither compete nor conflict with the claims of the other Class members. Movant, like the other members of the Class, purchased Align securities during the Class Period at prices artificially inflated by the defendants' materially false and misleading statements, and were damaged thereby. Thus, its claims are typical, if not identical, to those of the other members of the Class because Movant suffered losses similar to those of other Class members and its losses result from the defendants' common course of wrongful conduct. Accordingly, Movant satisfies the typicality requirement of Rule 23(a)(3). *See In re LendingClub*, 282 F.Supp.3d at 1179; *see also In re Drexel Burnham Lambert Group*, 960 F.2d 285, 291 (2d Cir. 1992).

### b.  Movant Will Adequately Represent the Class

Moreover, Movant is an adequate representative for the Class. Under Rule 23(a)(4), the representative party must "fairly and adequately protect the interests of the class." The PSLRA directs the Court to limit its inquiry regarding the adequacy of the movant to whether the interests of the movant are clearly aligned with the members of the putative Class and whether there is evidence of any antagonism between the interests of the movant and other members of the Class. 15 U.S.C. §78u-4(a)(3)(B); *see Crawford v. Honig,* 37 F.3d 485, 487 (9th Cir. 1994) (citation omitted).

Movant's interests are clearly aligned with those of the other members of the Class. Not only is there no evidence of antagonism between Movant's interests and those of the Class, but Movant has a significant and compelling interest in prosecuting the Actions based on the large financial losses it has suffered as a result of the wrongful conduct alleged in the Actions. This motivation, combined with Movant's identical interest with the members of the Class, demonstrates that Movant will vigorously pursue the interests of the Class. In addition, Movant has retained counsel highly experienced in prosecuting securities class actions and will submit his choice to the Court for approval pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v). Therefore, Movant will prosecute the Actions vigorously on behalf of the Class.

Accordingly, at this stage of the proceedings, Movant has made the preliminary showing necessary to satisfy the typicality and adequacy requirements of Rule 23 and, therefore, satisfies

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). In addition, because Movant has sustained the largest amount of losses from the defendants' alleged wrongdoing, it is, therefore, the presumptive lead plaintiff in accordance with 15 U.S.C. § 78u-4(3)(B)(iii)(I) and should be appointed as such to lead the Action.

### C. Movant's Choice of Counsel Should Be Approved

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to Court approval. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should interfere with the lead plaintiff's selection of counsel only when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Movant has selected and retained Levi & Korsinsky as the proposed Lead Counsel for the Class. The members of Levi & Korsinsky have extensive experience in successfully prosecuting complex securities class actions such as these and are well-qualified to represent the Class. *See* Apton Decl., Ex. D (the firm resume of Levi & Korsinsky). *See Isaacs v. Musk,* No. 18-CV-04865-EMC, 2018 WL 6182753, at *4 (N.D. Cal. Nov. 27, 2018), *reconsideration denied sub nom. In re Tesla, Inc. Sec. Litig.*, No. 18-CV-04865-EMC, 2018 WL 6609569 (N.D. Cal. Dec. 17, 2018) (noting Levi & Korsinsky "is experienced in securities fraud litigation and has been appointed Lead Counsel in other securities class actions."); *Francisco v. Abengoa, S.A.,* No. 15 CIV. 6279 (ER), 2016 WL 3004664, at *7 (S.D.N.Y. May 24, 2016) (noting that given "Levi & Korsinsky's track record, the Court, like many others in this Circuit before it, concludes that the firm is qualified to serve as lead counsel of the class"); *Levin v. Res. Capital Corp.*, No. 15 CIV. 7081 (LLS), 2015 WL 7769291, at *2 (S.D.N.Y. Nov. 24, 2015) (appointing Levi Korsinsky as lead counsel and noting that it is "a firm which is well qualified and has successfully served as lead counsel or co-lead counsel in numerous complex securities class actions"); *Pope v. Navient Corp.*, No. CV 17-8373 (RBK/AMD), 2018 WL 672640, at *5 (D.N.J. Feb. 2, 2018) (appointing Levi & Korsinsky as lead counsel as it "is clearly capable of handling this matter—the firm has extensive experience in private securities litigation and has received numerous favorable judgments in its past representations."); *see also Inchen Huang v.*

*Depomed*, *Inc.*, 289 F. Supp. 3d 1050, 1055 (N.D. Cal. 2017) (appointing Levi Korsinsky as lead counsel).

## V. CONCLUSION

For the foregoing reasons, Movant respectfully requests that this Court: (1) consolidate the Actions; (2) appoint Movant as Lead Plaintiff for the Class in the Action; and (3) approve Levi & Korsinsky as Lead Counsel for the Class.

Dated: January 4, 2019              Respectfully submitted,

**LEVI & KORSINSKY, LLP**

/s/ Adam C. McCall
Adam C. McCall (SBN 302130)
Adam M. Apton (SBN 316506)
44 Montgomery Street, Suite 650
San Francisco, CA 94104
Tel: 415-291-2420
Email: amccall@zlk.com
Email: aapton@zlk.com

*Attorneys for Movant The Align Investor Group and Proposed Lead Counsel for the Class*