1  **GLANCY PRONGAY & MURRAY LLP**
   LIONEL Z. GLANCY (#134180)
2  ROBERT V. PRONGAY (#270796)
   LESLEY F. PORTNOY (#304851)
3  CHARLES H. LINEHAN (#307439 )
4  1925 Century Park East, Suite 2100
   Los Angeles, CA 90067
5  Telephone:  (310) 201-9150
   Facsimile:   (310) 201-9160
6  Email:  lportnoy@glancylaw.com

7  *Proposed Counsel for Movant and Proposed Counsel for the Class*

8              **UNITED STATES DISTRICT COURT**
9              **NORTHERN DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| XIAOJIAO LU, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>ALIGN TECHNOLOGY, INC., JOSEPH M. HOGAN, JOHN F. MORICI, and RAPHAEL S. PASCAUD,<br><br>Defendants. | Case No.: 5:18-cv-06720-LHK<br><br>**NOTICE OF MOTION AND MOTION OF LAUREN A. WINDHORST  FOR CONSOLIDATION OF THE RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| DAVID INFUSO, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>ALIGN TECHNOLOGY, INC., JOSEPH M. HOGAN, and  JOHN F. MORICI,<br><br>Defendants. | Case No.: 5:18-cv-06720-LHK<br><br><u>CLASS ACTION</u><br>JUDGE: Hon. Lucy H. Koh<br>Hearing Date: March 28, 2019<br>Time: 1:30 p.m.<br>Ctrm: 8 |

_____
NOT. OF MTN. AND MTN. OF LAUREN A. WINDHORST CONSOLIDATING RELATED ACTIONS, APPT.
AS LEAD PLAINTIFF & APPROVAL OF COUNSEL; MEMO OF P&A IN SUPPORT THEREOF

PLEASE TAKE NOTICE that on March 28, 2019 at 1:30 p.m. before the Honorable Lucy H. Koh in Courtroom 8, 450 Golden Gate Avenue, San Francisco, California 94102, Lauren A. Windhorst ("Movant") by and through her counsel, will and does move this Court for an order granting the Motion: (a) consolidating the above captioned actions; (b) appointing Movant as lead plaintiff; and (c) approving Movant's selection of Glancy Prongay & Murray LLP as Lead Counsel for the class.

This Motion is brought pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B) and Federal Rule of Civil Procedure 42(a), on the grounds (1) that consolidation of the above captioned actions are appropriate and necessary; (2) that Movant should be appointed Lead Plaintiff for the class of securities purchasers of Align Techonology, Inc., ("Align Tech" or the "Company") as Movant has timely made this Motion, has the largest financial interest and otherwise satisfies the pertinent requirements of Federal Rule of Civil Procedure 23; and (3) that Movant's selection of Glancy Prongay & Murray LLP as Lead Counsel should be approved as the firm is well qualified and has extensive experience in cases of this type.

In support of this Motion, Movant files herewith a memorandum of points and authorities, the Declaration of Lesley F. Portnoy, and a proposed order.

## MEMORANDUM OF POINTS AND AUTHORITIES

Movant respectfully submits this memorandum in support of his motion for an Order, pursuant to Section 21D of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"):

(1)     consolidating the above captioned actions is proper where, as here, the actions involve common questions of law and fact such that consolidation would prevent unnecessary cost or delay in adjudication;

(2)     appointing Movant as Lead Plaintiff for all persons other than defendants who purchased the securities of Align Tech between April 24, 2018 through October 24, 2018, inclusive (the "Class Period"), seeking to recover damages caused by Defendants' violations of the federal securities laws (the "Class"); and

NOT. OF MTN. AND MTN. OF LAUREN A. WINDHORST CONSOLIDATING RELATED ACTIONS, APPT. AS LEAD PLAINTIFF & APPROVAL OF COUNSEL; MEMO OF P&A IN SUPPORT THEREOF

1

(3) appointing Glancy Prongay & Murray LLP as Lead Counsel for Movant and the Class.

## I. CLAIMS ASSERTED

This action, *Lu v. Align Technology, Inc., et al.*, Case. No. 5:18-cv-06720-LHK (N.D.Cal.) was commenced on November 5, 2018 against Defendants for claims under Sections 10(b) and 20(a) of the Exchange Act, and Rule 10b-5 promulgated thereunder. That same day, counsel for Plaintiff issued a PSLRA early notice advising potential class members of, among other things, the claims alleged in the action and the 60 day deadline for class members to move to be appointed as lead plaintiff. A copy of the early notice is attached as Exhibit A to the Declaration of Lesley F. Portnoy filed herewith ("Portnoy Decl." or "Portnoy Declaration"). A related action titled *Infuso v. Align Technology, Inc., et al.*, Case. No. 5:18-cv-07469-LHK (N.D.Cal.) was filed on November 12, 2018 in this Court against the same Defendants asserting the same facts and claims as the instant action. (*Lu* and *Infuso* hereinafter the "Related Actions.")

Align Tech is a medical device company that purports to design, manufacture, and market products for the treatment of malocclusion or the misalignment of teeth. Invisalign is the proprietary name for the Company's clear aligners.

The complaints filed in this action allege that throughout the Class Period defendants misled investors by failing to disclose material adverse facts about the Company's business, operations, and prospects. Specifically, Defendants failed to disclose to investors: (1) that the Company would offer higher discounts to promote Invisalign; (2) that the promotions would materially impact revenue; and (3) that, as a result of the foregoing, Defendants' positive statements about the Company's business, operations, and prospects were materially false and/or misleading and/or lacked a reasonable basis.

## II. ARGUMENT

### A. THE RELATED ACTIONS SHOULD BE CONSOLIDATED

Consolidation of the Related Actions is proper where, as here, the actions involve common questions of law and fact such that consolidation would prevent unnecessary cost or delay in adjudication. When actions involving a common question of law or fact are pending before the

court, it may order a joint hearing or trial of any or all of the matters at issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay. Fed. R. Civ. P. 42(a); *see also Richardson v. TVIA*, 2007 WL 112344, at *2 (N.D. Cal. Apr. 16, 2007).

The PSLRA contemplates consolidation where "more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed." 15 U.S.C. 78u-4(a)(3)(A)(ii). As such, the PSLRA does not displace the traditional legal standards for consolidation under Fed. R. Civ. P. 42(a).

Each of the Related Actions has been filed in this District alleging similar factual and legal grounds to support allegations of violations of Sections 10(b) and 20(a) of the Exchange Act by the Defendants arising from the public dissemination of false and misleading information to investors. Accordingly, the above-captioned cases should be consolidated pursuant to Fed. R. Civ. P. 42(a) for all purposes.

### B. MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF

The PSLRA sets forth procedures for the selection of a Lead Plaintiff in class actions brought under the Exchange Act. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA directs courts to consider any motion to serve as Lead Plaintiff filed by class members in response to a published notice of class action by the later of (i) 90 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B)(i) and (ii).

The PSLRA provides a "rebuttable presumption" that the most "adequate plaintiff" to serve as Lead Plaintiff is the "person or group of persons" that:

(aa) has either filed the complaint or made a motion in response to a notice . . .;

(bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002).

As set forth below, Movant satisfies the above criteria, has the largest financial interest of any movant in this litigation, and is therefore the most adequate plaintiff and should be appointed as Lead Plaintiff.

### 1. Movant Is Willing to Serve as Class Representative

Movant has timely filed the instant motion in response to a PSLRA early notice, and has filed herewith a PSLRA certification attesting to his willingness to serve as representative of the class and is willing to provide testimony at deposition and trial, if necessary. *See* Portnoy Decl., Ex. B. Accordingly, Movant satisfies the first requirement to serve as Lead Plaintiff for the class.

### 2. Movant Has the Largest Financial Interest in the Action

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group . . . that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii); *Cavanaugh*, 306 F.3d at 730.  While the PSLRA does not specify precisely how to calculate the "largest financial interest," the movant's approximate losses in the subject securities is the best measure. *Richardson v. TVIA, Inc.*, 2007 WL 1129344 at * 4 (N.D. Cal. Apr. 16, 2007) (citing cases).

Movant suffered a substantial financial loss of approximately $384,733.27 in connection with her purchases of Align Tech stock. *See* Portnoy Decl., Ex. C (Movant's Loss Chart). Movant is not aware of any other qualified movant that has suffered greater losses in Align Tech securities during the Class Period. Accordingly, Movant satisfies the largest financial interest requirement to be appointed as Lead Plaintiff for the class.

### 3. Movant Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

The PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc).  Federal Rule of Civil Procedure Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

In making its determination that a movant satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification – a *prima facie* showing that Movants satisfy the requirements of Rule 23 is sufficient. *Cavanaugh*, 306 F.3d at 730-31. At the lead plaintiff stage, "[t]he typicality and adequacy requirements of Rule 23 are the main focus" and "[e]xamination of the remaining requirements [of Rule 23] are deferred until the lead plaintiff moves for class certification." *Richardson*, 2007 WL 1129344, at *4 (citing *Cavanaugh*, 306 F.3d at 730).

Movant fulfills all of the pertinent requirements of Rule 23. Movant shares substantially similar questions of law and fact with the members of the class, and Movant's claims are typical of the members of the class. Movant and all members of the class allege that Defendants violated the Exchange Act by publicly disseminating false and misleading statements about Align Tech and its business. Movant, as did all of the members of the class, purchased Align Tech securities at prices artificially inflated due to Defendants' misrepresentations and omissions, and was damaged thereby. These shared claims also satisfy the requirement that the claims of the representative parties be typical of the claims of the class.

Thus, the close alignment of interests between Movant and other class members, and Movant's desire to prosecute this action on behalf of the class, provides ample reason to appoint Movant as Lead Plaintiff.

### 4. Movant Will Fairly and Adequately Represent the Interests of the Class and is Not Subject to Unique Defenses

The presumption in favor of appointing Movant as Lead Plaintiff may be rebutted only upon proof "by a purported member of the plaintiffs' class" that the presumptively most adequate plaintiff:

NOT. OF MTN. AND MTN. OF LAUREN A. WINDHORST CONSOLIDATING RELATED ACTIONS, APPT. AS LEAD PLAINTIFF & APPROVAL OF COUNSEL; MEMO OF P&A IN SUPPORT THEREOF

5

        (aa) will not fairly and adequately protect the interest of the class; or

        (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

Movant's ability and desire to fairly and adequately represent the class has been discussed in Section C, above. Movant is not aware of any unique defenses that Defendants could raise against him that would render Movant inadequate to represent the Class.  Accordingly, the Court should appoint Movant as Lead Plaintiff for the Class.

### III. MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the approval of the Court.  15 U.S.C. § 78u-4(a)(3)(B)(v).  The Court should only interfere with the Lead Plaintiff's selection when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Movant has selected Glancy Prongay & Murray LLP as Lead Counsel. The firm is experienced in the area of securities litigation and class actions, having been appointed as lead counsel in securities class actions in this District and in numerous courts throughout the nation. The firm has prosecuted securities fraud class actions and other complex litigation and has obtained substantial recoveries on behalf of investors. The resume of Glancy Prongay & Murray LLP is attached as Exhibit D to the Portnoy Declaration.

As a result of the firm's experience in litigation involving issues similar to those raised in this action, Movant's counsel has the skill and knowledge that will enable the firm to prosecute this action effectively and expeditiously. Thus, the Court may be assured that by approving Movant's selection of counsel, the members of the class will receive the best legal representation available.

### IV. CONCLUSION

For the foregoing reasons, Movant respectfully requests that the Court issue an Order: (1) consolidating the above captioned actions; (2) appointing Movant as Lead Plaintiff of the class; (3) approving Glancy Prongay & Murray LLP as Lead Counsel; and (4) granting such other relief

NOT. OF MTN. AND MTN. OF LAUREN A. WINDHORST CONSOLIDATING RELATED ACTIONS, APPT. AS LEAD PLAINTIFF & APPROVAL OF COUNSEL; MEMO OF P&A IN SUPPORT THEREOF

6

as the Court may deem to be just and proper.

Dated: January 4, 2019

**GLANCY PRONGAY & MURRAY LLP**

By: *s/ Lesley F. Portnoy*
Lionel Z. Glancy
Robert V. Prongay
Lesley F. Portnoy
Charles H. Linehan
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

*Counsel for Movant and Proposed Counsel for Class*

**PROOF OF SERVICE BY ELECTRONIC POSTING**

I, the undersigned say:

I am not a party to the above case, and am over eighteen years old. On January 4, 2019, I served true and correct copies of the foregoing document, by posting the document electronically to the ECF website of the United States District Court for the Northern District of California, for receipt electronically by the parties listed on the Court's Service List.

I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on January 4, 2019, at Los Angeles, California.

*s/ Lesley F. Portnoy*
Lesley F. Portnoy