ROBBINS GELLER RUDMAN
  & DOWD LLP
SHAWN A. WILLIAMS (213113)
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone: 415/288-4545
415/288-4534 (fax)
shawnw@rgrdlaw.com
        – and –
DANIELLE S. MYERS (259916)
MICHAEL ALBERT (301120)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone: 619/231-1058
619/231-7423 (fax)
dmyers@rgrdlaw.com
malbert@rgrdlaw.com

[Proposed] Lead Counsel for [Proposed] Lead Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| XIAOJIAO LU, Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>    vs.<br><br>ALIGN TECHNOLOGY, INC., et al.,<br><br>    Defendants. | Case No. 5:18-cv-06720-LHK<br><br><u>CLASS ACTION</u><br><br>NOTICE OF MOTION AND MOTION FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF<br><br>DATE:       March 28, 2019<br>TIME:        1:30 p.m.<br>CTRM:      8, 4th Floor<br>JUDGE:     Hon. Lucy H. Koh |

1518397_1

TO:   ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD

PLEASE TAKE NOTICE that on March 28, 2019, at 1:30 p.m., or as soon thereafter as the matter may be heard in Courtroom 8 on the 4th Floor of the United States District Court for the Northern District of California, 280 South 1st Street, San Jose, CA, 95113 before the Honorable Lucy H. Koh, class member Teamsters Local 710 Pension Fund (the "Pension Fund") will and hereby does move this Court pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §78u-4(a)(3)(B), for an order: (1) consolidating the related actions pursuant to Fed. R. Civ. P. 42(a); (2) appointing the Pension Fund as lead plaintiff; and (3) approving the Pension Fund's selection of Robbins Geller Rudman & Dowd LLP as lead counsel.[1]  This Motion is made on the grounds that the related actions allege substantially similar facts and raise identical legal issues, and the Pension Fund is the most adequate plaintiff to serve as lead plaintiff in the consolidated action.  In support of this Motion, the Pension Fund submits herewith a Memorandum of Points and Authorities and the Declaration of Danielle S. Myers ("Myers Decl.").

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Presently pending in this District are two related securities class action lawsuits brought pursuant to §10(b) and §20(a) of the Securities Exchange Act of 1934 ("Exchange Act") and Securities and Exchange Commission ("SEC") Rule 10b-5 promulgated thereunder, 17 C.F.R. §240.10b-5: (1) *Lu v. Align Technology, Inc.*, No. 18-cv-06720-LHK; and (2) *Infuso v. Align Technology, Inc.*, 18-cv-07469-LHK (the "Related Actions").[2]  Pursuant to the PSLRA, the Court must decide whether to consolidate the Related Actions before selecting a movant to lead this litigation on behalf of the putative class. *See* 15 U.S.C. §78u-4(a)(3)(B)(ii).  As discussed below, the

---

[1]   This Court's Standing Order Regarding Case Management in Civil Cases requires a conference of counsel to determine if the selected hearing date would cause "undue prejudice."  Because of the PSLRA's lead plaintiff procedure, however, the Pension Fund will not know which other class members, if any, may seek appointment as lead plaintiff under after motions are filed on January 4, 2019.  Consequently, the Pension Fund respectfully requests that compliance with this requirement be waived in this narrow instance.

[2]   On January 2, 2019, this Court entered an Order finding the *Lu* Action to be related to the *Infuso* Action and directing the Clerk of Court to reassign the *Infuso* Action to this Court. ECF No. 10.

1518397_1

NOTICE OF MOTION AND MOTION FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF - 5:18-cv-06720-LHK    - 1 -

Related Actions should be consolidated pursuant to Rule 42(a) because they each involve similar legal and factual issues.

Additionally, the PSLRA states that, the Court "shall appoint the most adequate plaintiff as lead plaintiff." *See* 15 U.S.C. §78u-4(a)(3)(B)(ii). The lead plaintiff is the "member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. §78u-4(a)(3)(B)(i). The Pension Fund should be appointed as lead plaintiff because it: (1) timely filed this Motion; (2) has a substantial financial interest in the outcome of this litigation; and (3) will typically and adequately represent the class's interests. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii). In addition, the Pension Fund's selection of Robbins Geller to serve as lead counsel should be approved because the Firm possesses extensive experience prosecuting securities class actions and will adequately represent the interests of all class members.

## II.     STATEMENT OF ISSUES TO BE DECIDED

1.     Whether the Court should consolidate the Related Actions pursuant to Rule 42(a) of the Federal Rules of Civil Procedure;

2.     Whether the Court should appoint the Pension Fund as lead plaintiff pursuant to 15 U.S.C. §78u-4(a)(3)(B); and

3.     Whether the Court should approve the Pension Fund's selection of Robbins Geller as lead counsel for the class pursuant to 15 U.S.C. §78u-4(a)(3)(B)(v).

## III.    STATEMENT OF FACTS

Align Technology, Inc. ("Align" or the "Company") is a global medical device company engaged in the design, manufacture, and marketing of brand name Invisalign® clear aligners and iTero® intraoral scanners and services for orthodontics, restorative, and aesthetic dentistry. The Company's products are intended primarily for the treatment of misaligned teeth. Align is headquartered in San Jose, California, and its stock trades on the NASDAQ Global Select market under the ticker symbol "ALGN."

1518397_1

NOTICE OF MOTION AND MOTION FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF - 5:18-cv-06720-LHK   - 2 -

The complaints allege that throughout the class period[3], defendants made materially false and/or misleading statements, as well as omitted disclosure of material adverse facts about the Company's business, operations, and prospects. Specifically, the *Infuso* complaint alleges that defendants failed to disclose to investors that: (1) at the beginning of the year the Company changed its North American Advantage Customer Loyalty Program by extending the discount qualification period from quarterly to semi-annual and created additional incentive tiers which was intended to, and did, result in "higher overall discounts" for its doctor customers and substantial reduction of the average sales price ("ASP"); (2) in its third fiscal quarter of 2018 ("3Q2018"), the Company initiated a new Invisalign product promotion that resulted in substantial reduction of its ASP; (3) the promotions and discounts would materially impact net income as a result of reduced profit margins; and (4) that, as a result of the foregoing, defendants' positive statements about the Company's business, operations, and prospects, were materially misleading and/or lacked a reasonable basis. *See Infuso*, ECF No. 1 at ¶5.[4]

On October 24, 2018, the Company announced its 3Q2018 financial results and reported for the first time to investors that it changed its North American Advantage Customer Loyalty Program and its new 3Q2018 promotion negatively reduced the Invisalign® ASP by $85, from $1,315 to $1,230. The same day, the Company also announced that its Chief Marketing Officer would "reduce his responsibilities and transition to a part-time position." *See* ECF No. 1 at ¶3; *Infuso*, ECF No. 1 at ¶6. On this news, the price of Align's shares declined over the next two trading sessions to close at $217.94, causing substantial harm to investors.

---

[3] The class period alleged in the *Lu* complaint begins on July 25, 2018 and ends on October 24, 2018. The class period alleged in the *Infuso* complaint begins on April 25, 2018 and also ends on October 24, 2018. This slight difference in the start date of the class period will be resolved upon the filing of a consolidated complaint.

[4] The allegations in the *Lu* complaint are nearly identical. *See* ECF No. 1 at ¶5 ("Specifically, Defendants failed to disclose to investors: (1) that the Company would offer higher discounts to promote Invisalign; (2) that the promotions would materially impact revenue; and (3) that, as a result of the foregoing, Defendants' position statements about the Company's business, operations, and prospects, were materially misleading and/or lacked a reasonable basis.").

1518397_1

NOTICE OF MOTION AND MOTION FOR CONSOLIDATION OF RELATED ACTIONS,
APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF LEAD COUNSEL;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF - 5:18-cv-06720-LHK     - 3 -

**IV. ARGUMENT**

    **A.  This Court Should Consolidate the Related Actions to Promote Efficiency**

The PSLRA requires the Court to consolidate the Related Actions before appointing a lead plaintiff. *See* 15 U.S.C. §78u-4(a)(3)(B)(ii). Consolidation pursuant to Rule 42(a) is proper when actions involve common legal and factual questions. Fed. R. Civ. P. 42(a). "Courts have recognized that class action shareholder suits are particularly well suited to consolidation pursuant to Rule 42(a) because unification expedites pretrial proceedings, reduces case duplication, avoids the need to contact parties and witnesses for multiple proceedings, and minimizes the expenditure of time and money for all parties involved." *Miami Police Relief & Pension Fund v. Fusion-io, Inc.*, 2014 WL 2604991, at *3 (N.D. Cal. June 10, 2014) (Koh, J.). Furthermore, "[t]he district court has broad discretion . . . to consolidate cases pending in the same district." *Investors Research Co. v. U.S. Dist. Ct. for Cent. Dist.*, 877 F.2d 777 (9th Cir. 1989).

The Related Actions present virtually identical factual and legal issues, alleging the same violations of the Exchange Act against similar defendants. Because these Related Actions are based on the same facts and legal issues, the same discovery will pertain to both lawsuits. Thus, consolidation is appropriate here.

    **B.  The Pension Fund Is the "Most Adequate Plaintiff" and Should Be Appointed Lead Plaintiff**

The PSLRA establishes the procedures for the appointment of a lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1); *see also* 15 U.S.C. §78u-4(a)(3)(B)(i). First, the pendency of the action must be publicized in a widely circulated national business-oriented publication or wire service not later than 20 days after filing of the first complaint. 15 U.S.C. §78u-4(a)(3)(A)(i). Next, the PSLRA provides that the Court shall adopt a presumption that the most adequate plaintiff is the person or the group of persons that –

    aa) has either filed the complaint or made a motion in response to a notice . . . ;

    (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii)(I); *In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002). The Pension Fund meets each of these requirements and should be appointed Lead Plaintiff.

### 1. This Motion Is Timely

The statutory notice of this action was published on November 5, 2018, advising class members of: (1) the pendency of the action; (2) the claims asserted therein; (3) the proposed class period; and (4) the right to move the Court to be appointed as lead plaintiff within 60 days from the date of the notice, or by January 4, 2019. *See* Myers Decl., Ex. A. Because this Motion is being filed on January 4, it is timely and the Pension Fund is entitled to be considered for appointment as lead plaintiff.

### 2. The Pension Fund Has a Substantial Financial Interest in the Relief Sought by the Class

As evidenced by its PSLRA Certification, the Pension Fund purchased 6,164 shares of Align stock during the class period and suffered over $700,000 in losses as a result of defendants' alleged misconduct.[5] *See* Myers Decl., Exs. B, C. Therefore, the Pension Fund has a substantial financial interest in the relief sought by the class.

### 3. The Pension Fund Is Typical and Adequate of the Putative Class

In addition to possessing a significant financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). Rule 23 requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class; and [that] the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(3)-(4); *Cavanaugh*, 306 F.3d at 730 (focusing "in particular" on typicality and adequacy at the lead plaintiff stage). "This showing need not be as thorough as what would be required on a class certification motion." *Fusion-io*, 2014 WL 2604991, at *5.

---

[5] The Pension Fund suffered a loss of $757,927.32 calculated under the first-in, first-out accounting methodology, or $700,241.28 under the last-in, first-out methodology.

NOTICE OF MOTION AND MOTION FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF - 5:18-cv-06720-LHK - 5 -

1518397_1

1  The test of typicality is "'whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct.'" *Fusion-io*, 2014 WL 2604991, at *5 (quoting *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992)).  The adequacy requirement is met if no conflicts exist between the representative and class interests and the representative's attorneys are qualified, experienced, and able to vigorously prosecute the action on behalf of the class.  *See* Fed. R. Civ. P. 23(a)(4).

Here, the Pension Fund purchased Align securities and suffered harm when defendants' alleged misconduct was revealed.  *See* Myers Decl., Exs. B-C.  In addition, the Pension Fund's substantial stake in the outcome of the case indicates it has the requisite incentive to vigorously represent the class's claims.  Moreover, the Pension Fund is not aware of any conflicts between its claims and those asserted on behalf of the putative class and is not subject to any unique defenses.  Finally, as discussed below, the Pension Fund has selected qualified counsel experienced in securities litigation.

The Pension Fund's common interests shared with the class, substantial financial interest in the litigation, and selection of qualified counsel demonstrate that it satisfies the Rule 23 inquiry.

### C.  The Court Should Approve the Pension Fund's Selection of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to the Court's approval.  *See* 15 U.S.C. §78u-4(a)(3)(B)(v).  The Court should not disturb the lead plaintiff's choice of counsel unless it is necessary to protect the interests of the class.  *In re Cohen*, 586 F.3d 703, 711-12 (9th Cir. 2009); *Cavanaugh*, 306 F.3d at 732-35.  The Pension Fund has selected Robbins Geller as lead counsel in this case.

Robbins Geller, a 200-attorney firm with one of its principal offices in this District, regularly practices complex securities litigation.  *See* Myers Decl., Ex. D.  Courts throughout the country, including this Court, have recognized Robbins Geller's significant experience in successfully litigating complex securities class actions, which has resulted in the appointment of Robbins Geller attorneys to lead roles in hundreds of complex class action securities cases.  *See, e.g.*, *City of*

1518397_1

NOTICE OF MOTION AND MOTION FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF - 5:18-cv-06720-LHK - 6 -

*Dearborn Heights Act 345 Police & Fire Ret. Sys. v. Align Tech., Inc.*, 2013 WL 2368059, at *4 (N.D. Cal. May 29, 2013) (Koh, J.) ("The Retirement System has chosen the law firm of Robbins Geller. The Court has reviewed the firm's resume . . . and is satisfied that the lead plaintiff has made a reasonable choice of counsel."); Myers Decl., Ex. D. Accordingly, the Pension Fund's selection of counsel is reasonable and should be approved.

## V. CONCLUSION

The Related Actions are substantially similar in facts and legal issues, and should be consolidated for all purposes. Additionally, the Pension Fund has satisfied each of the PSLRA's requirements for appointment as lead plaintiff. As such, the Pension Fund respectfully requests that the Court consolidate the Related Actions, appoint the Pension Fund as Lead Plaintiff, and approve its selection of Lead Counsel.

DATED: January 4, 2019

Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
DANIELLE S. MYERS
MICHAEL ALBERT

    s/ Danielle S. Myers
DANIELLE S. MYERS

655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)

ROBBINS GELLER RUDMAN
  & DOWD LLP
SHAWN A. WILLIAMS
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA 94104
Telephone: 415/288-4545
415/288-4534 (fax)

[Proposed] Lead Counsel for [Proposed] Lead Plaintiff

1518397_1

NOTICE OF MOTION AND MOTION FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF - 5:18-cv-06720-LHK - 7 -

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on January 4, 2019, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

   s/ Danielle S. Myers
DANIELLE S. MYERS

ROBBINS GELLER RUDMAN
    & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)

E-mail:  dmyers@rgrdlaw.com

1518397_1

# Mailing Information for a Case 5:18-cv-06720-LHK Lu v. Align Technology, Inc. et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Lionel Z. Glancy**
  info@glancylaw.com,lionel-glancy-2522@ecf.pacerpro.com,lglancy@glancylaw.com

- **Caz Hashemi**
  CHASHEMI@WSGR.COM,tbell@wsgr.com

- **Charles Henry Linehan**
  clinehan@glancylaw.com,charles-linehan-8383@ecf.pacerpro.com

- **Adam Christopher McCall**
  amccall@zlk.com

- **Nicholas R Miller**
  nmiller@wsgr.com,lhoffman@wsgr.com,jsaucedo@wsgr.com,yannobil@wsgr.com

- **Lesley F Portnoy**
  lportnoy@glancylaw.com

- **Lesley F. Portnoy**
  LPortnoy@glancylaw.com,info@glancylaw.com,lesley-portnoy-3007@ecf.pacerpro.com

- **Robert Vincent Prongay**
  rprongay@glancylaw.com,info@glancylaw.com,robert-prongay-0232@ecf.pacerpro.com

- **Ignacio Evaristo Salceda**
  isalceda@wsgr.com,rlustan@wsgr.com

- **Benjamin Jon Tolman**
  btolman@wsgr.com

- **James Matthew Wagstaffe**
  wagstaffe@kerrwagstaffe.com,reboredo@kerrwagstaffe.com,bechtol@kerrwagstaffe.com

- **Ziwei Xiao**
  zxiao@wsgr.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`