Dillon Hagius SBN 319632
Richard W. Gonnello (*pro hac vice* forthcoming)
**FARUQI & FARUQI, LLP**
685 Third Avenue, 26th Floor
New York, NY 10017
Telephone: 212-983-9330
Facsimile: 212-983-9331
E-mail: dhagius@faruqilaw.com
        rgonnello@faruqilaw.com

*Attorneys for Proposed Lead Plaintiff Ramarao Jupalli*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| XIAOJIAO LU, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>ALIGN TECHNOLOGY, INC., JOSEPH M. HOGAN, JOHN F. MORICI, and RAPHAEL S. PASCAUD,<br><br>Defendants. | Case No. 5:18-cv-06720-LHK<br><br>**NOTICE OF MOTION AND MOTION OF RAMARAO JUPALLI FOR CONSOLIDATION; APPOINTMENT AS LEAD PLAINTIFF; AND APPROVAL OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>**CLASS ACTION**<br><br>Judge: Hon. Lucy H. Koh<br>Date:  February 14, 2019<br>Time:  1:30 p.m.<br>Courtroom:  8 – 4th Floor |
| DAVID INFUSO, Individually and On Behalf Of All Other Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>ALIGN TECHNOLOGY, INC., JOSEPH M. HOGAN, and JOHN F. MORICI,<br><br>Defendants. | Case No. 5:18-cv-07469-LHK |

# TABLE OF CONTENTS

NOTICE OF MOTION AND MOTION ................................................................................... 1

STATEMENT OF ISSUES TO BE DECIDED ..................................................................... 1

MEMORANDUM OF POINTS AND AUTHORITIES ......................................................... 1

I. INTRODUCTION ........................................................................................................ 1

II. FACTUAL BACKGROUND ...................................................................................... 3

III. ARGUMENT ................................................................................................................ 4

    A. The Actions Should Be Consolidated ............................................................. 4

    B. Jupalli Should Be Appointed Lead Plaintiff For The Class ............................ 5

        1. The PSLRA's Provisions Concerning the Appointment of a Lead Plaintiff ................................................................................................ 5

        2. Under the PSLRA, Jupalli Should Be Appointed Lead Plaintiff ........ 6

            a. Jupalli Filed a Timely Motion ................................................. 6

            b. Jupalli Has the Largest Financial Interest in the Relief Sought by the Class ........................................................................... 7

            c. Jupalli Meets Rule 23's Typicality and Adequacy Requirements ............................................................................ 8

    C. The Court Should Approve Jupalli's Selection Of The Faruqi Firm As Lead Counsel ............................................................................................................ 9

IV. CONCLUSION ........................................................................................................... 11

i

**MOTION OF RAMARAO JUPALLI FOR CONSOLIDATION; APPOINTMENT AS LEAD PLAINTIFF; AND APPROVAL OF LEAD COUNSEL    NO. 5:18-cv-06720-LHK**

# TABLE OF AUTHORITIES

**Cases**                                              **Page(s)**

*Brown v. China Integrated Energy, Inc.*,
  No. CV 11-02559 MMM,
  2011 U.S. Dist. LEXIS 151131 (C.D. Cal. Aug. 29, 2011) ................................................. 4, 5

*In re Cavanaugh*,
  306 F.3d 726 (9th Cir. 2002) ............................................................................... 2, 5, 6, 8

*In re Century Aluminum Co. Sec. Litig.*,
  No. C 09-1001 SI, 2009 U.S. Dist. LEXIS 81205 (N.D. Cal. Sept. 8, 2009) .......................... 9

*In re China Mobile Games & Entertainment Group, Ltd. Sec. Litig.*,
  68 F. Supp. 3d 390 (S.D.N.Y. 2014) ................................................................................. 9, 10

*City of Ann Arbor Emps' Ret. Sys. v. Accuray Inc.*,
  No. C 09-03362 CW,
  2009 U.S. Dist. LEXIS 105466 (N.D. Cal. Oct. 26, 2009) ..................................................... 6

*In re Diamond Foods, Inc.*,
  281 F.R.D. 405 (N.D. Cal. 2012) ........................................................................................... 7

*In re Heritage Bond Litig.*,
  No. 02-ML- 1475 DT,
  2004 U.S. Dist. LEXIS 15386 (C.D. Cal. July 12, 2004) ....................................................... 8

*Herrera v. LCS Fin. Servs. Corp.*,
  274 F.R.D. 666 (N.D. Cal. 2011) ........................................................................................... 8

*Hodges v. Akeena Solar, Inc.*,
  263 F.R.D. 528 (N.D. Cal. 2009) ........................................................................................... 8

*McKinney v. Google, Inc.*,
  No. 5:10-CV-01177 EJD,
  2011 U.S. Dist. LEXIS 104547 (N.D. Cal. Sept. 15, 2011) ................................................... 4

*Miller v. Ventro Corp.*,
  No. C 01-01287 SBA,
  2001 U.S. Dist. LEXIS 26027 (N.D. Cal. Nov. 28, 2001) ..................................................... 9

*Mulligan v. Impax Labs., Inc.*,
  No. C-13-1037 EMC, 2013 U.S. Dist. LEXIS 93119 (N.D. Cal. July 2, 2013) ..................... 6

*Query v. Maxim Integrated Prods.*,
  558 F. Supp. 2d 969 (N.D. Cal. 2008) ................................................................................... 7

*Takeda v. Turbodyne Techs., Inc.*,
  67 F. Supp. 2d 1129 (C.D. Cal. 1999) ................................................................................... 5

ii

**MOTION OF RAMARAO JUPALLI FOR CONSOLIDATION; APPOINTMENT AS LEAD PLAINTIFF; AND APPROVAL OF LEAD COUNSEL    NO. 5:18-cv-06720-LHK**

*Weisz v. Calpine Corp.*,
  No. C 02-1200 SBA, 2002 U.S. Dist. LEXIS 27831 (N.D. Cal. Aug. 15, 2002) .................. 5, 8

*Woburn Ret. Sys. v. Omnivision Techs., Inc.*,
  No. 5:11-CV-05235-RMW,
  2012 U.S. Dist. LEXIS 21590 (N.D. Cal. Feb. 21, 2012) ................................................ 5, 7, 8

*Yanek v. Staar Surgical Co.*,
  No. CV 04-8007 SJO,
  2004 U.S. Dist. LEXIS 30953 (C.D. Cal. Dec. 15, 2004) ......................................................... 4

*Zak v. Chelsea Therapeutics Int'l, Ltd.*,
  780 F.3d 597 (4th Cir. 2015) .................................................................................................... 10

**Statutes**

15 U.S.C. §§ 78u-4(a) .................................................................................................... *passim*

**Other Authorities**

Fed. R. Civ. P. 42(a) ........................................................................................................ 2, 4

Rule 23(a)(4) ........................................................................................................................ 8

iii

**MOTION OF RAMARAO JUPALLI FOR CONSOLIDATION; APPOINTMENT AS LEAD PLAINTIFF; AND APPROVAL OF LEAD COUNSEL    NO. 5:18-cv-06720-LHK**

## NOTICE OF MOTION AND MOTION

TO:   ALL PARTIES AND THEIR COUNSEL OF RECORD

PLEASE TAKE NOTICE that on February 14, 2019, at 1:30 p.m., or as soon thereafter as the matter may be heard before the Honorable Lucy H. Koh, in Courtroom 8, 4th Floor, located at 280 South 1st Street, San Jose, California 95113, Ramarao Jupalli ("Jupalli") will move this Court for an order consolidating the above-captioned actions ("Actions"), appointing him as Lead Plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u- 4(a)(3)(B), approving his selection of Faruqi & Faruqi, LLP (the "Faruqi Firm") as Lead Counsel, and granting such other relief as the Court may deem just and proper. In support of his motion, Jupalli respectfully submits a Memorandum of Law and Declaration of Dillon J. Hagius.

## STATEMENT OF ISSUES TO BE DECIDED

1. Whether the above-captioned actions should be consolidated.
2. Whether Jupalli should be appointed as Lead Plaintiff.
3. Whether Jupalli's selection of Faruqi Firm as Lead Counsel should be approved.

## MEMORANDUM OF POINTS AND AUTHORITIES

Movant Jupalli, on behalf of himself and the Class defined herein, respectfully submits this memorandum of law pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 ("Exchange Act"), as amended by the PSLRA, 15 U.S.C. § 78u- 4(a)(3)(B), in support of his motion for the entry of an order consolidating the above-captioned actions, appointing Jupalli as Lead Plaintiff for the consolidated Actions, and approving Jupalli's selection of the Faruqi Firm as Lead Counsel.[1]

## I. INTRODUCTION

Presently pending in this District are the above-captioned related securities class actions ("Actions"),[2] brought on behalf of a putative class (the "Class") of persons other than Defendants

---

[1] All internal citations and quotations are omitted, and all emphases are added unless otherwise noted.

[2] The following two actions currently pending before the Court: (1) *Lu v. Align Technology, Inc., et al.*, No. 5:18-cv-06720-LHK ("*Lu* Action"), which was commenced on November 5, 2018;

1

MOTION OF RAMARAO JUPALLI FOR CONSOLIDATION; APPOINTMENT AS LEAD PLAINTIFF; AND APPROVAL OF LEAD COUNSEL   NO. 5:18-cv-06720-LHK

who purchased securities of Align Technology, Inc. ("Align" or the "Company") during the Class Period,[3] seeking to pursue remedies under Sections 10(b) and 20(a) the Exchange Act, 15 U.S.C. §§ 78j(b) and 78t(a), and Securities and Exchange Commission ("SEC") Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5.  In connection therewith, various movants may seek to be appointed Lead Plaintiff and approval of their selection for Lead Counsel.

As an initial matter, the Court must decide whether to consolidate the Actions.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(ii).  Pursuant to Rule 42(a)(2) of the Federal Rules of Civil Procedure, the Court may consolidate actions before it that involve a common question of law or fact.  Fed. R. Civ. P. 42(a)(2).  The Actions may be consolidated as they allege violations of §§ 10(b) and 20(a) of the Exchange Act and Securities and Exchange Commission (the "SEC") Rule 10b-5, promulgated thereunder.  The Actions also allege substantially similar misconduct by the Company and certain of its officers.  As the Actions raise common issues of fact and law, and consolidation will be more efficient for the Court and the parties, the Actions should be consolidated.

With respect to the appointment of a lead plaintiff to oversee the consolidated Actions, Congress established a presumption in the PSLRA that requires the Court to appoint the movant who demonstrates the "largest financial interest" in the litigation and who also satisfies Rule 23's typicality and adequacy requirements for class representatives.  15 U.S.C. § 78u-4(a)(3)(B)(iii); *see generally In re Cavanaugh*, 306 F.3d 726 (9th Cir. 2002).

With total losses of $201,485.00, Jupalli, to the best of counsel's knowledge, has the largest financial interest in the litigation of any movant.  Jupalli also satisfies Rule 23's typicality and adequacy requirements.  Jupalli's claims are typical of the Class's claims because he suffered losses in his Align investments as a result of the defendants' false and misleading statements.  Further,

---

and (2) *Infuso v. Align Technology, Inc., et al.*, No. 5:18-cv-07469-LHK ("*Infuso* Action"), which was commenced on December 12, 2018, and in which a corrected complaint was then filed on December 13, 2018, *Infuso* Action, ECF No. 5.

[3]  The class periods in the Actions end on the same date, but have the following different starting dates:  (1) the *Lu* Action's class period commences on July 25, 2018, *Lu* Action, Compl. ¶1, ECF No. 1 ("*Lu* Compl."); and (2) the *Infuso* Action's class period commences on April 25, 2018, *Infuso* Action, Corrected Compl., ECF No. 5 ("*Infuso* Compl.").

Jupalli has no conflict with the Class and will adequately protect the Class's interests given his significant financial stake in the litigation and his conduct to date in prosecuting the litigation, including his submission of the requisite certification and his selection of experienced class counsel. Accordingly, Jupalli is the presumptive Lead Plaintiff.

Lastly, if appointed Lead Plaintiff, Jupalli is entitled to select, subject to the Court's approval, Lead Counsel to represent the Class. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v).  Jupalli has engaged the Faruqi Firm for this purpose. The Faruqi Firm is an appropriate selection to serve as Lead Counsel because it is a highly experienced plaintiffs' firm with substantial securities class action experience.

For the reasons summarized above and those explained more fully below, Jupalli's motion should be granted in its entirety.

## II.   FACTUAL BACKGROUND

Align is a Delaware corporation with its principal executive offices in San Jose, California. *Lu* Compl. at ¶12; *Infuso* Compl. at ¶14.  Align is a medical device company that designs, manufactures, and markets Invisalign® clear aligners and iTero® intraoral scanners and other services for orthodontics, restorative, and aesthetic dentistry.  *Lu* Compl. at ¶2; *Infuso* Compl. at ¶2.

The complaints filed in the Actions allege that during the Class Period defendants knowingly and/or recklessly made materially false and misleading statements and/or omitted the following material facts necessary to make their statements not misleading: (1) the Company offered higher discounts to promote Invisalign; (2) the promotions would materially impact revenue; and (3) as a result of the foregoing, the defendants' positive statements about the Company's business, operations, and prospects, were materially misleading and/or lacked a reasonable basis.  *Lu* Compl. at ¶20; *Infuso* Compl. at ¶31.

The truth emerged when, on October 24, 2018, the Company issued a press release announcing its third quarter 2018 results, and held an earnings call which revealed, *inter alia*, that revenue was down "as a result of higher than-expected discounts[.]" *Lu* Compl. at ¶21; *Infuso* Compl. at ¶¶27-28.

1   On this news, the Company's share price fell $58.76 per share, more than 20%, to close at
2  $232.07 per share on October 25, 2018, on unusually high trading volume. *Lu* Compl. at ¶23;
3  *Infuso* Compl. at ¶33.  The share price continued to decline over the next two trading sessions, to
4  close at $217.94 on October 29, 2018. *Lu* Compl. at ¶23; *Infuso* Compl. at ¶33.
5   Through these Actions, Jupalli seeks to recover for himself and absent Class members the
6  substantial losses that were suffered as a result of the Company's and its officers' fraud.
7  **III.   ARGUMENT**
8   **A.   The Actions Should Be Consolidated**
9   The PSLRA provides that, "[i]f more than one action on behalf of a class asserting
10 substantially the same claim or claims arising under this title [ ] has been filed," the court shall
11 not determine the most adequate plaintiff "until the decision on the motion to consolidate is
12 rendered." 15 U.S.C. § 78u-4(a)(3)(B)(ii) (the PSLRA advises courts to make the decision
13 regarding appointment of a lead plaintiff for the consolidated action "as soon as practicable after
14 [the consolidation] decision is rendered.").
15  Consolidation is appropriate when the actions before the court involve common questions
16 of law *or* fact. *See* Fed. R. Civ. P. 42(a); *Yanek v. Staar Surgical Co.*, No. CV 04-8007 SJO
17 (CWx), 2004 U.S. Dist. LEXIS 30953, at *8, *10-11 (C.D. Cal. Dec. 15, 2004) (consolidating
18 securities class actions); *McKinney v. Google, Inc.*, No. 5:10-CV-01177 EJD, 2011 U.S. Dist.
19 LEXIS 104547, at *4 (N.D. Cal. Sept. 15, 2011) ("A district court has broad discretion to
20 consolidate actions involving common issues of law or fact."). Differences in causes of action,
21 defendants, or the class period do not render consolidation inappropriate if the cases present
22 sufficiently common questions of fact and law, and the differences do not outweigh the interest
23 of judicial economy served by consolidation. *See Brown v. China Integrated Energy, Inc.*, No.
24 CV 11-02559 MMM (PLAx), 2011 U.S. Dist. LEXIS 151131, at *14-16 (C.D. Cal. Aug. 29,
25 2011) (noting that "slight differences in class periods, parties, or damages . . . does not
26 necessarily defeat consolidation where the essential claims and factual allegations are similar"
27 and finding consolidation appropriate where it will conserve judicial resources and "avoid the
28

4
**MOTION OF RAMARAO JUPALLI FOR CONSOLIDATION; APPOINTMENT AS LEAD PLAINTIFF;
AND APPROVAL OF LEAD COUNSEL   NO. 5:18-cv-06720-LHK**

possible inconsistent adjudication of common factual and legal issues and lessen the time and expense required for all parties"); *Takeda v. Turbodyne Techs., Inc.*, 67 F. Supp. 2d 1129, 1133 (C.D. Cal. 1999) (consolidating six actions asserting claims against different defendants over different class periods).

The Actions at issue here clearly involve common questions of fact *and* law.  The Actions assert claims under the Exchange Act on behalf of investors who were defrauded by Defendants.  The Actions allege substantially the same wrongdoing, namely that Defendants issued materially false and misleading statements that subsequently damaged the Class when the truth emerged.  Consolidation of the Actions is therefore appropriate.  *See Woburn Ret. Sys. v. Omnivision Techs., Inc.,* No. 5:11-CV-05235-RMW, 2012 U.S. Dist. LEXIS 21590, at *9-10 (N.D. Cal. Feb. 21, 2012) (consolidation is particularly appropriate in the context of securities class actions where the complaints are based on the same statements and the defendants will not be prejudiced); *Weisz v. Calpine Corp.*, No. C 02-1200 SBA, 2002 U.S. Dist. LEXIS 27831, at *7 (N.D. Cal. Aug. 15, 2002) ("[C]ases should be consolidated where . . . there is more than one action on behalf of a class asserting substantially the same claim or claims.").

  **B.**  **Jupalli Should Be Appointed Lead Plaintiff For The Class**

    **1.**  **The PSLRA's Provisions Concerning the Appointment of a Lead Plaintiff**

The PSLRA governs the appointment of a lead plaintiff for "each private action arising under the [Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §§ 78u-4(a)(1), 78u-4(a)(3)(B)(I).  It provides that within 20 days of the filing of the action, the plaintiff is required to publish notice in a widely circulated business-oriented publication or wire service, informing class members of their right to move the Court, within 60 days of the publication, for appointment as the lead plaintiff. *Cavanaugh*, 306 F.3d at 729 (citing 15 U.S.C. § 78u-4(a)(3)(A)).

Under 15 U.S.C. § 78u-4(a)(3)(B)(i), the Court is then to consider any motion made by class members and is to appoint as the lead plaintiff the movant that the Court determines to be "most

capable of adequately representing the interests of class members." Further, the PSLRA establishes a rebuttable presumption that the "most adequate plaintiff" is the person that

> (aa) has either filed the complaint or made a motion in response to a notice [published by a complainant]; (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

*See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *Cavanaugh*, 306 F.3d at 730 (describing the PSLRA's two-step competitive process for determining the "most adequate plaintiff").

Once it is determined who among the movants seeking appointment as lead plaintiff is the presumptive lead plaintiff, the presumption can be rebutted only upon proof by a class member that the presumptive lead plaintiff: "(aa) will not fairly and adequately protect the interests of the class; or (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u- 4(a)(3)(B)(iii)(II); *see also Cavanaugh*, 306 F.3d at 730; *City of Ann Arbor Emps' Ret. Sys. v. Accuray Inc.*, No. C 09-03362 CW, 2009 U.S. Dist. LEXIS 105466, at *5-6 (N.D. Cal. Oct. 26, 2009) (same).

### 2. Under the PSLRA, Jupalli Should Be Appointed Lead Plaintiff

As discussed below, Jupalli should be appointed Lead Plaintiff because all of the PSLRA's procedural hurdles have been satisfied, Jupalli holds the largest financial interest of any movant, and Jupalli otherwise satisfies Rule 23's typicality and adequacy requirements.

#### a. Jupalli Filed a Timely Motion

Pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i), the plaintiff filing the initial complaint was required to publish notice of the complaint within twenty (20) days of its filing. Counsel for first-filed plaintiff Xiaojiao Lu published notice of the lead plaintiff deadline via *Business Wire* on November 5, 2018.[4] *See* Ex. 1.[5] Consequently, any member of the proposed Class in the Actions

---

[4] Publication by *Business Wire* is an adequate means for meeting the PSLRA statutory requirement that notice be published in a widely circulated national business-oriented wire service. *See, e.g., Mulligan v. Impax Labs., Inc.*, No. C-13-1037 EMC, 2013 U.S. Dist. LEXIS 93119, at*8 (N.D. Cal. July 2, 2013) (considering publication in *Business Wire* to be sufficient to satisfy the PSLRA's notice requirement).

[5] All references to Exhibits are references to the exhibits annexed to the Declaration of Dillon Hagius filed in support hereof.

was required to file a complaint or file a motion seeking to be appointed Lead Plaintiff within 60 days after publication of the notice (*i.e.*, on or before January 4, 2019). *See* 15 U.S.C. § 78u-4(a)(3)(A)(i). Thus, Jupalli's motion is timely filed. Additionally, pursuant to Section 21D(a)(2) of the Exchange Act, Jupalli timely signed and submitted a certification with his complaint and motion, identifying all of his relevant transactions in Align securities during the Class Period, and detailing his suitability to serve as Lead Plaintiff. *See* Ex. 2. The PSLRA's procedural requirements have therefore been met.

### b. Jupalli Has the Largest Financial Interest in the Relief Sought by the Class

The PSLRA instructs the Court to adopt a rebuttable presumption that the "most adequate plaintiff" for lead plaintiff purposes is the person with the largest financial interest in the relief sought by the class. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

Although the PSLRA is silent as to the methodology courts are to use in determining which movant has the largest financial interest in the relief sought, courts in this Circuit often look to four factors in the inquiry: (1) the number of shares purchased by the movant during the Class Period; (2) the number of net shares purchased by the movant during the Class Period; (3) the total net funds expended by the movant during the Class Period; and (4) the approximate losses suffered by the movant. *See Woburn*, 2012 U.S. Dist. LEXIS 21590, at *14; *Query v. Maxim Integrated Prods.*, 558 F. Supp. 2d 969, 973 (N.D. Cal. 2008) (same). Courts have placed the most emphasis on the last of the four factors: the approximate losses suffered by the movant. *In re Diamond Foods, Inc.*, 281 F.R.D. 405, 408 (N.D. Cal. 2012).

Overall, during the Class Period, Jupalli purchased 2,900 total and 1,500 net shares of Align stock, expended $537,005.00 in net funds, and suffered losses of $201,485.00 when calculated using a last in, first out ("LIFO") methodology. *See* Ex. 3. Jupalli is presently unaware of any other movant with a larger financial interest in the outcome of this litigation.

          **c.**        **Jupalli Meets Rule 23's Typicality and Adequacy Requirements**

In addition to possessing the largest financial interest in the outcome of the litigation, the PSLRA also requires that the lead plaintiff satisfy Rule 23 of the Federal Rules of Civil Procedure. *See* 15 U.S.C. § 78u-4(a)(3)(B). When assessing a potential lead plaintiff, only Rule 23(a)'s typicality and adequacy requirements are relevant. *See, e.g.*, *Cavanaugh*, 306 F.3d at 730; *see Hodges v. Akeena Solar, Inc.*, 263 F.R.D. 528, 532 (N.D. Cal. 2009) ("At this stage, the focus is primarily on the typicality and adequacy of representation requirements and only a preliminary showing is necessary.").

When assessing a movant's typicality, courts in this Circuit consider whether the other class members "have the same or similar injury, whether the action is based on conduct which is not unique to the [movant], and whether other class members have been injured by the same course of conduct." *Woburn*, 2012 U.S. Dist. LEXIS 21590, at *17 (quoting *Hodges*, 263 F.R.D. at 532). However, a movant's "claims are typical if they are reasonably co-extensive with those of absent class members; they need not be substantially identical." *Herrera v. LCS Fin. Servs. Corp.*, 274 F.R.D. 666, 678 (N.D. Cal. 2011); *In re Heritage Bond Litig.*, No. 02-ML- 1475 DT, 2004 U.S. Dist. LEXIS 15386, at *25 (C.D. Cal. July 12, 2004) ("Courts have held that if the claims of the named plaintiffs and putative class members involve the same conduct by the defendant, typicality is established regardless of the factual differences.").

Jupalli's claims are clearly typical of the Class's claims. Jupalli purchased Align stock during the Class Period, suffered damages as a result of the Company's false and misleading statements, and, as a result, possesses claims against Align and its officers under the federal securities laws. Because the factual and legal bases of his claims are similar, if not identical, to those of the Class's claims, Jupalli necessarily satisfies the typicality requirement. *Weisz*, 2002 U.S. Dist. LEXIS 27831, at *31.

With respect to adequacy, Rule 23(a)(4) requires that the representative party will "fairly and adequately protect the interests of the Class." Adequate representation will be found if able and experienced counsel represent the movant, the movant has no fundamental conflicts of interest with

8

MOTION OF RAMARAO JUPALLI FOR CONSOLIDATION; APPOINTMENT AS LEAD PLAINTIFF;
AND APPROVAL OF LEAD COUNSEL    NO. 5:18-cv-06720-LHK

the class as a whole, and the action is not likely collusive. *See Miller v. Ventro Corp.*, No. C 01-01287 SBA, 2001 U.S. Dist. LEXIS 26027, at *44 (N.D. Cal. Nov. 28, 2001) ("The Ninth Circuit has held that representation is 'adequate' when counsel for the class is qualified and competent, the representative's interests are not antagonistic to the interests of absent class members, and it is unlikely that the action is collusive.").

Based on the representations in Jupalli's certification, his interests are perfectly aligned with—and by no means antagonistic to—the interests of the Class. *See In re Century Aluminum Co. Sec. Litig.*, No. C 09-1001 SI, 2009 U.S. Dist. LEXIS 81205, at *14 (N.D. Cal. Sept. 8, 2009) (movant's certification evidenced adequacy to serve as the lead plaintiff). Moreover, Jupalli has also selected and retained highly competent counsel to litigate the claims on behalf of himself and the Class. As explained in Section III.C below, the Faruqi Firm is highly regarded for its experience, knowledge, and ability to conduct complex securities class action litigation. *See* Ex. 4. Consequently, Jupalli is more than adequate to represent the Class and has every incentive to maximize the Class's recovery.

In light of the foregoing, Jupalli respectfully submits that he is the presumptive Lead Plaintiff and should be appointed Lead Plaintiff for the consolidated Actions.

### C. The Court Should Approve Jupalli's Selection Of The Faruqi Firm As Lead Counsel

Pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v), the lead plaintiff is entitled to select and retain lead counsel for the Class, subject to the Court's approval. Jupalli has selected the Faruqi Firm to be Lead Counsel for the Class. The Faruqi Firm is a minority-owned and woman-owned law firm, and, as reflected in the firm's resume, possesses extensive experience litigating complex class actions on behalf of plaintiffs, including securities class actions. *See* Ex. 4; *see also In re China Mobile Games & Entertainment Group, Ltd. Sec. Litig.*, 68 F. Supp. 3d 390, 401 (S.D.N.Y. 2014) (Wood, J.) (appointing the Faruqi Firm as sole lead counsel and noting: "Faruqi & Faruqi has extensive experience in the area of securities litigation and class actions. The firm's resume indicates that it has litigated more than ten prominent securities class actions since its founding in

1995. Faruqi & Faruqi achieved successful outcomes in many of these cases."). For example, the Faruqi Firm has previously obtained significant recoveries for injured investors. *See, e.g.*, *In re Avalanche Biotechnologies Sec. Litig.*, No. 3:15-cv-03185-JD (N.D. Cal. 2017) (appointed as sole lead counsel in the federal action, and together with lead counsel in the parallel state action, obtained final approval of a $13 million global settlement of the state and federal actions); *Rihn v. Acadia Pharms., Inc.*, No. 3:15-cv-00575-BTM-DHB (S.D. Cal. 2017) (where, as sole lead counsel, the Faruqi Firm obtained final approval of a $2.925 million settlement); *In re Geron Corp., Sec. Litig.*, No. 3:14-CV-01424 (CRB) (N.D. Cal. 2017) (where, as sole lead counsel, the Faruqi Firm obtained final approval of a $6.25 million settlement); *In re Dynavax Techs. Corp. Sec. Litig.*, No. 12-CV-02796 (CRB) (N.D. Cal. 2016) (where, as sole lead counsel, the Faruqi Firm obtained final approval of a $4.5 million settlement); *McIntyre v. Chelsea Therapeutics Int'l, LTD*, No. 12-CV-213-MOC-DCK (W.D.N.C. 2016) (where, as sole lead counsel, the Faruqi Firm secured the reversal of the district court's dismissal of the action at the Fourth Circuit, *see Zak v. Chelsea Therapeutics Int'l, Ltd.*, 780 F.3d 597 (4th Cir. 2015), and obtained final approval of a $5.5 million settlement); *In re L&L Energy, Inc. Sec. Litig.*, No. 13-CV-06704 (RA) (S.D.N.Y. 2015) (where the Faruqi Firm as co-lead counsel, secured a $3.5 million settlement); *In re Ebix, Inc. Sec. Litig.*, No. 1:11-CV-02400-RWS (N.D. Ga. 2014) (where the Faruqi Firm, as sole lead counsel for the class, secured a $6.5 million settlement); *Shapiro v. Matrixx Initiatives, Inc.*, No. CV-09-1479-PHX-ROS (D. Ariz. 2013) (where the Faruqi Firm, as co-lead counsel for the class, secured a $4.5 million settlement); *In re United Health Grp. Inc. Deriv. Litig.*, Case No. 27 CV 06-8065 (Minn. 4th Jud. Dt. 2009) (where the Faruqi Firm, as co-lead counsel, obtained a recovery of more than $930 million for the benefit of the Company and negotiated important corporate governance reforms designed to make the nominal defendant corporation a model of responsibility and transparency); *In re Tellium Inc. Sec. Litig.*, No. 02-CV-5878 (FLW) (D.N.J. 2006) (where the Faruqi Firm, as co-lead counsel, recovered a $5.5 million settlement); *In re Olsten Corp. Sec. Litig.*, No. 97-CV-5056 (E.D.N.Y. 2005) (where the Faruqi Firm, as co-lead counsel, recovered $24.1 million for class members); *Ruskin v. TIG Holdings, Inc.*, No. 98-CV-1068 (S.D.N.Y. 2002) (where the Faruqi Firm,

as co-lead counsel, recovered $3 million for the class); and *In re Purchase Pro Inc. Sec. Litig.*, No. CV-C-01-0483-JLQ (D. Nev. 2001) (where the Faruqi Firm, as co-lead counsel for the class, secured a $24.2 million settlement).

The Faruqi Firm is also currently litigating several prominent securities class actions. *See, e.g.*, *Bielousov v. GoPro, Inc.*, No. 4:16-cv-06654-CW (N.D. Cal.) (where, as sole lead counsel for the class, the firm defeated defendants' motion to dismiss); *Loftus v. Primero Mining Corp.*, No. 16-01034-BRO (RAOx) (C.D. Cal) (appointed as sole lead counsel for the class); *Attigui v. Tahoe Resources, Inc.*, No. 2:18-cv-01868-RFB-NJK (D. Nev.) (same); *DeSmet v. Intercept Pharmaceuticals Inc.*, No. 1:17-cv-07371-LAK (S.D.N.Y.) (same); *Khanna v. Ohr Pharmaceutical Inc.*, No. 1:18-cv-01284-LAP (S.D.N.Y.) (same); *Lee v. Synergy Pharmaceuticals, Inc.*, No. 1:18-cv-00873-AMD-VMS (E.D.N.Y.) (appointed as co-lead counsel for the class); *Smith v. CV Sciences, Inc.*, No. 2:18-cv-01602-JAD-PAL (appointed as sole-lead counsel for the class).

## IV. CONCLUSION

For the foregoing reasons, Jupalli respectfully requests that the Court (1) consolidate the Actions; (2) appoint Jupalli as Lead Plaintiff; (3) approve his selection of the Faruqi Firm as Lead Counsel; and (4) grant such other relief as the Court may deem just and proper.

Dated:  January 4, 2019

Respectfully submitted,

By: /s/ *Dillon Hagius*
       Dillon Hagius

**FARUQI & FARUQI, LLP**
Dillon Hagius SBN 319632
Richard W. Gonnello (*pro hac vice* forthcoming)
685 Third Avenue, 26th Floor
New York, NY 10017
Telephone: 212-983-9330
Facsimile: 212-983-9331
E-mail: dhagius@faruqilaw.com
           rgonnello@faruqilaw.com

*Attorneys for Proposed Lead Plaintiff Ramarao Jupalli and Proposed Lead Counsel for the Class*

# CERTIFICATE OF SERVICE

I hereby certify that on January 4, 2019, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the Electronic Mail Notice List.

By:  */s/ Dillon Hagius*
      Dillon Hagius