Michael W. Stocker (179083)
Reed R. Kathrein (139304)
Kristen McCulloch (177558)
Danielle Smith (291237)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Ave., Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile:  (510) 725-3001
mikes@hbsslaw.com
reed@hbsslaw.com
kristenm@hbsslaw.com
danielles@hbsslaw.com

*Attorneys for Proposed Lead Plaintiff Remy Vallee*
[Additional counsel on signature page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| XIAOJIAO LU, Individually and On Behalf Of All Other Similarly Situated<br><br>Plaintiff,<br><br>v.<br><br>ALIGN TECHNOLOGY, INC., JOSEPH M. HOGAN, JOHN F. MORICI, and RAPHAEL S. PASCAUD<br><br>Defendants. | No. 5:18-cv-06720-LHK<br><br>**NOTICE OF MOTION AND MOTION OF REMY VALLEE FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF HIS SELECTION OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:        January 30, 2019<br>Time:       2:00 p.m.<br>Courtroom: 8, 4th Floor<br>Judge:      Hon. Lucy H. Koh<br><br>ORAL ARGUMENT REQUESTED |
| DAVID INFUSO, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>ALIGN TECHNOLOGY, INC., JOSEPH M. HOGAN, and JOHN F. MORICI,<br><br>Defendants. | No. 3:18-cv-07469-LHK |

**NOTICE OF MOTION AND MOTION**

**TO: ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD**

PLEASE TAKE NOTICE that pursuant to the lead plaintiff provisions of the Private Securities Litigation Reform Act of 1995, codified as Section 27(a)(3) of the Securities Act of 1933, 15 U.S.C. § 77z-1(a)(3) (2013), and/or Section 21D(a)(3) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(3), Remy Vallee will and hereby does move the Honorable Judge Lucy H. Koh, United States District Court, Northern District of California, San Jose Division, Courtroom 8, 4th Floor, 280 South 1st Street, San Jose, CA 95113, on January 30, 2019, at 2:00 p.m., or as soon thereafter as the matter may be heard, for an order to consolidate these related cases; appoint him as lead plaintiff in the above-referenced actions against Defendants Align Technology, Inc., Joseph M. Hogan, John F. Morici and Raphael S. Pascaud; and approve his selection of Hagens Berman Sobol Shapiro LLP as lead counsel in the consolidated action.

Mr. Vallee's motion is based on this notice of motion and motion, the memorandum of points and authorities in support thereof, the declaration of Michael W. Stocker in support of this motion, the pleadings on file in this action, oral argument and such other matters as the Court may consider in hearing this motion.

The portion of this motion to consolidate is made on the grounds that the Actions arise from the same operative facts, name identical defendants, and are appropriate for consolidation.
The portion of this motion for appointment as Lead Plaintiff is made on the grounds that Mr. Vallee believes that he is the most "adequate plaintiff" as defined in the Private Securities Litigation Reform Act of 1995 because he has the largest known financial interest in the relief sought by the Class and have incurred substantial losses as a result of his purchase and/or acquisition of shares of Align securities. Further, Mr. Vallee satisfies the typicality and adequacy requirements of Federal Rule of Civil Procedure 23.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.     STATEMENT OF ISSUES TO BE DECIDED**

1.     Whether the Court should consolidate the two above-captioned related actions, which involve common questions of law and fact, pursuant to Rule 42(a) of the Federal Rules of Civil Procedure;

2.     Whether the Court should appoint Remy Vallee as lead plaintiff pursuant to 15 U.S.C. § 78u-4(a)(3)(B); and

3.     Whether the Court should approve of Remy Vallee's selection of Hagens Berman Sobol Shapiro LLP ("Hagens Berman") as lead counsel for the proposed class, pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).

**II.     FACTUAL ALLEGATIONS**

Two related actions[1] have been filed alleging that throughout the respective class periods Align Technology, Inc. ("Align" or "Company"), and three of its officers, Joseph M. Hogan, John F. Morici and Raphael S. Pascaud, (collectively "Defendants"), made multiple misrepresentations to investors relating to certain product discount campaigns, that this course of deception inflated the price of the Company's stock, and that when the truth was finally revealed on October 24, 2018 it caused investors to lose millions in stock value. Lu Compl. ¶ 7 and Infuso Compl. ¶ 9. Both Complaints allege violations of §10(b) and §20(a) of the Securities Exchange Act of 1934 ("Exchange Act") and Securities and Exchange Commission ("SEC") Rule 10b-5 promulgated thereunder, 17 C.F.R. §240.10b-5. *Id*.

Align is a global medical device company that designs, manufactures and markets its brand name product Invisalign® clear aligners and iTero® intraoral scanners used in orthodontic, restorative and aesthetic dentistry. *See* Lu Compl. ¶¶ 2 and 17 and Infuso Compl. ¶¶ 2 and 18.

The first Complaint was filed on November 11, 2018 alleging a Class Period of July 25, 2018 through October 24, 2018. *See* Lu Compl. ¶¶ 1 and 18. The second filed Complaint was filed on

---

[1] *See Lu v. Align Technology, Inc. et al.*, No. 5:18-cv-06720-LHK, ECF 1 (N.D. Cal. Nov. 5, 2018) ("Lu Compl.") and *Infuso v. Align Technology, Inc. et al.*, No. 3:18-cv-07469-WHA, ECF 5 (N.D. Cal. Dec. 12, 2018) ("Infuso Compl.")

1    December 12, 2018 alleging a three-month longer Class Period of April 25, 2018 through October
2    24, 2018. *See* Infuso Compl. ¶¶ 1, 23 and 27.  Nonetheless, both Complaints allege the same
3    materially false and misleading statements regarding Align's promotional discounts that caused the
4    Company's stock to be traded at artificially inflated prices. *See* Lu Compl. ¶¶ 5 and 20 and Infuso
5    Compl. ¶¶ 5 and 29.

6           Specifically, the Related Actions allege that Defendants failed to disclose to investors that:
7    (1) at the beginning of the year the Defendants changed Align's North American Advantage
8    Customer Loyalty Program by extending the discount qualification period from quarterly to semi-
9    annual and created additional incentive tiers which was intended to, and did, result in "higher overall
10   discounts" for its doctor customers, but also resulted in substantial reduction of the average sales
11   price (ASP)[2]; (2) in the third quarter of 2018 the Defendants initiated a new Invisalign product
12   promotion that resulted in substantial reduction of its ASP; and that (3) these discount promotions
13   would materially impact revenues. *See* Lu Compl. ¶¶ 5 and 20 and Infuso Compl. ¶¶ 5 and 31.
14   The Related Actions further allege that, as a result of the undisclosed, unsustainable promotional
15   discounts offered during fiscal year 2018, Defendants' positive statements about the Company's
16   business, operations, and prospects, were materially misleading and/or lacked a reasonable basis. *Id*.
17   As a result of these misrepresentations, Align's stock traded at artificially inflated prices during the
18   Class Period. Lu Compl. ¶¶ 30-32, 37, 43 and Infuso Compl. ¶ 32, 47, 54 and 61.  On October 24,
19   2018, Defendants revealed the true nature of the Company's promotional discounts, which drove the
20   price of Align shares down as much as $87.71, or about 30%, during intraday trading on October 25,
21   2018 on unusually high trading volume. Lu Compl. ¶¶ 4 and 23 and Infuso Compl. ¶¶ 7 and 33.
22   The share price continued to decline over the next two trading sessions, to close at $217.94 on
23   October 29, 2018. *Id*.

---

[2] The allegation concerning changes to the Company's North American Advantage Customer Loyalty Program appears only in the Infuso Compl.  All other allegations are the same.

MOT. TO CONSOL. REL. CASES, APPOINT LEAD PL. AND APPROVE THE SELECTION OF COUNSEL- 3
Case No.: 5:18-cv-06720-LHK

### III. ARGUMENT

#### A. The Related Actions Should Be Consolidated.

The Private Securities Litigation Reform Act of 1995 ("PSLRA") provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed," the court shall not appoint a lead plaintiff until "after the decision on the motion to consolidate is rendered." 15 U.S.C. § 78u-4(a)(3)(B)(ii).

Rule 42(a) affords the Court broad discretion to consolidate cases in this district. *Inv. Res. Co. v. U.S. Dist. Court for Cent. Dist. of Cal.,* 877 F.2d 777, 777 (9th Cir. 1989) (noting that district court has broad discretion to consolidate cases pending in the same district). Consolidation is appropriate, where the actions involve common questions of law and fact, and consolidation would avoid unnecessary cost, delay and overlap in adjudication:

> Where actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters at issue in the actions; it may order all the actions consolidated; and it may make such order concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Fed. R. Civ. P. 42(a); *see also* Manual for Complex Litigation (Third), § 20.123 (1995); *Russo v. Finisar Corp. (Finisar)*, No. 5:CV 11-1252-EJD, 2011 WL 5117560, at *3 (N.D. Cal. Oct. 27, 2011) (noting that "actions [that] present virtually identical factual and legal issues . . . should be consolidated"). Courts recognize that class action shareholder suits are "particularly well suited to consolidation" because their unification expedites proceedings, reduces duplication, and minimizes the expenditure of time and money by all concerned. *Miami Police Relief & Pension Fund v. Fusion-io, Inc. (Fusion-io)*, No. 13-CV-05368-LHK, 2014 WL 2604991, at *4 (N.D. Cal. June 10, 2014); *see also City of Harper Woods Emps. Ret. Sys. v. AXT, Inc.*, No. C 04-4362 MJJ, 2005 WL 318813, at *3 (N.D. Cal. Feb. 7, 2005) (finding that consolidating securities class actions "would expedite pretrial proceedings and reduce case duplication, thereby conserving judicial resources").

Here, the Related Actions present virtually identical factual and legal issues. Each Action alleges violations of Sections 10(b) and 20(a) of the Exchange Act, names the same Defendants, and stems from the same underlying operative facts and circumstances. Consolidation would plainly

1  expedite these proceedings, reduce duplicative efforts, and save all parties time, energy, and expense.

2  Accordingly, the Actions are appropriate for consolidation and should be consolidated pursuant to

3  Rule 42(a). *See Yousefi v. Lockheed Martin Corp.*, 70 F. Supp. 2d 1061, 1064 (C.D. Cal. 1999).[3]

### B.    Mr. Vallee Should Be Appointed Lead Plaintiff.

The PSLRA governs appointment of a lead plaintiff in securities class actions arising under the Exchange Act. *See* 15U.S.C. §§ 78u-4(a)(1)-(3)(B)(iii)(I).  The PSLRA requirements are both procedural and substantive. *Id*.

The plaintiff who files the initial action must publish notice to the class within twenty days of filing the initial action. 15 U.S.C. § 78u-4(a)(3)(A)(i).  Here, notice of pendency was published on *BusinessWire* on November 5, 2018. *See* Stocker Decl., Ex. A.  Within sixty days after publication of notice, "any person" who is a member of the Class can move to be appointed as lead plaintiff regardless of whether they filed a complaint. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa). Accordingly, a timely motion for appointment of lead plaintiff must be filed on or before January 4, 2019.

Upon the filing of such a motion, the Court is charged with selecting the class member most capable of adequately representing the interests of the class to serve as lead plaintiff, based on substantive considerations outlined in the PSLRA. *See* 15 U.S.C. § 78u-4(a)(3)(B)(i).  The Court should presume a movant is most adequate if he has either filed the complaint or made a motion in response to the notice issued; in the determination of the court, has the "largest financial interest" in the relief sought by the class; and otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *see also Hessefort v. Sun Micro Computer, Inc.*, 317 F. Supp. 3d 1056, 1060-61 (N.D. Cal. 2018) (citing *In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002)).

---

[3] For purposes of appointing a lead plaintiff, the longest class period governs. *Ali v. Intel Corp.*, No. 18-cv-00507-YGR, 2018 WL 2412111 *2 n.6 (N.D. Cal. May 29, 2018) (citing *In re Doral Fin. Corp. Sec. Litig.*, 414 F. Supp. 2d 398, 402 (S.D.N.Y. 2006), *Miami Police Relief & Pension Fund v. Fusion-io, Inc.*, 2014 WL 2604991, at *1 n.3 (N.D. Cal. June 10, 2014), and *Eichenholtz v. Verifone Holdings, Inc.*, No. C 07-06140 MHP, 2008 WL 3925289, *2 (N.D. Cal. Aug. 22, 2008)).

Only by a showing that a lead plaintiff will not fairly and adequately represent the Class, or is subject to unique defenses that will render such plaintiff incapable of adequately representing the Class, will this presumption be overcome. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).  "Absent proof that the lead-plaintiff candidate with the largest financial interest does not satisfy the requirements of FRCP 23, said candidate is 'entitled to lead plaintiff status.'" *In re Diamond Foods, Inc., Sec. Litig.*, 281 F.R.D. 405, 408 (N.D. Cal 2012) (quoting *In re Cavanaugh*, 306 F.3d at 732).

As set forth below, Mr. Vallee is the "most adequate" proposed representative for the Class under the PSLRA in that Mr. Vallee has made a timely motion for appointment, has the largest known financial interest in the litigation; and otherwise satisfies the typicality and adequacy requirements of requirements of Rule 23.  Moreover, Mr. Vallee has the willingness, resources, and expertise to obtain excellent results for the Class.  Consequently, Mr. Vallee respectfully requests that the Court appoint him as lead plaintiff and approve his selection of Hagens Berman as lead counsel for the Class.

### 1. Mr. Vallee's Motion Meets the PSLRA's Procedural Requirements.

The first of the two related securities class actions was filed on November 5, 2018. The timely notice of the pendency of the action was published on *BusinessWire* on the same day advising putative class members that they had 60 days from the date of the notice to file a motion to seek appointment as lead plaintiff in the lawsuit. *See* Stocker Decl., Ex. A.  Thus, Mr. Vallee satisfies the procedural requirements of the PSLRA by having timely filed this motion for appointment as lead plaintiff with the Court within sixty days of publication of the notice (*i.e.* on or before January 4, 2019) and submitting his PSLRA certification. *See* Stocker Decl. Ex. B.

### 2. Mr. Vallee Has the Largest Financial Interest in the Relief Sought by the Class And Is Therefore Presumptively the Most Adequate Plaintiff.

The PSLRA provides a rebuttable presumption that the "most adequate plaintiff" is the plaintiff with the largest financial interest in the relief sought by the class. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).  Mr. Vallee suffered a loss of $830,864.09 on expending $2,282,090.57 on his purchase and net retained holding of 6,660 shares of Align stock during the Class Period. *See* Stocker Decl., Ex. C.  Mr. Vallee, therefore, has the largest known financial interest in this class action.

### 3. Mr. Vallee Satisfies the Requirements of Federal Rule of Civil Procedure 23.

Section 27(a)(3)(B)(iii)(I)(cc) of the Securities Act and Section 21D(a)(3)(B)(iii)(I)(cc) of the Exchange Act, as amended by the PSLRA, provide that the lead plaintiff must satisfy the requirements of Federal Rule of Civil Procedure 23(a).  This showing need not be as thorough as what would be required on a class certification motion. *See Zhu v. UCBH Holdings, Inc.*, 682 F. Supp. 2d 1049, 1053 (N.D. Cal. 2010).  At this stage of the litigation, courts focus only on the typicality and adequacy requirements of Rule 23. *In re Cavanaugh*, 306 F.3d at 732 ("Once it determines which plaintiff has the biggest stake, the court must appoint that plaintiff as lead, unless it finds that he does not satisfy the typicality or adequacy requirements."); *see also Siegall v. Tibco Software, Inc.*, No. C 05-2146 SBA, 2006 WL 1050173, at *5 (N.D. Cal. Feb. 24, 2006) ("In the context of determining the appropriate lead plaintiff under the PSLRA, the requirements of 'typicality' and adequacy of representation are the key factors.").

Consequently, in deciding motions for appointment of lead plaintiff, Courts limit their inquiry into the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the lead plaintiff moves for class certification. *Westley v. Oclaro, Inc.*, No. C-11-2448 EMC, 2011 WL 4079178, at *2 (N.D. Cal. Sept. 12, 2011) (noting that only a "preliminary showing" of typicality and adequacy satisfies Rule 23 at the lead plaintiff stage).  Mr. Vallee must only, and does, meet the Rule 23 typicality and adequacy requirements to be entitled to lead plaintiff status under the PSLRA.

#### (1) Mr. Valle's Claims Are Typical of the Claims of All Class Members.

Under Rule 23(a)(3), typicality exists where "the claims . . . of the representative parties" are "typical of the claims . . . of the class."  The typicality requirement of Rule 23(a)(3) is satisfied when the representative plaintiffs' claims arise from the same event or course of conduct that gives rise to claims of other class members, and when the claims are based on the same legal theory. *Id*; *see also City of Dearborn Heights Act 345 Police & Fire Ret. Sys. v. Align Tech., Inc.*, No. 12-CV-06039-LHK, 2013 WL 2368059, at *4 (N.D. Cal. May 29, 2013) (finding typicality requirement met where

1  proposed lead plaintiff "purchased [the defendant's] common stock during the Class Period,
2  allegedly in reliance upon Defendants' purported false and misleading statements, and alleged
3  suffered damages as a result"); *Crossen v. CV Therapeutics*, No. C 03-03709 SI, 2005 WL 1910928,
4  at *4 (N.D. Cal. Aug. 10, 2005) (same).  The requirement that the proposed class representatives'
5  claims be typical of the claims of the class does not mean, however, that the claims must be identical.
6  *See Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998).

7  Here, the claims asserted by Mr. Vallee are typical of the claims of the other members of the
8  proposed class because Mr. Vallee asserts that he:  (1) purchased Align securities during the Class
9  Period in reliance upon the Defendants' purported false and misleading statements; (2) was harmed
10 by Defendants' allegedly false and misleading statements; and (3) suffered damages as a result. *See*
11 *Finisar*, 2011 WL 5117560, at *4 (discussing ways in which a lead plaintiff movant can meet the
12 typicality requirement).  Since the claims Vallee asserts are based on the same legal theories and
13 arise "from the same event or practice or course of conduct that gives rise to the claims of other class
14 members," they satisfy typicality. *See* Newberg, *et al.*, Newberg on Class Actions, §3:13 (4th ed.
15 2008); *accord Crossen*, 2005 WL 1910928, at *4.

16 Moreover, Mr. Vallee is not subject to any unique or special defenses.  Thus, Mr. Vallee
17 meets the typicality requirement of Rule 23 because his claim is the same as the claims of the other
18 Class members.

19 **(2)    Mr. Vallee Will Adequately Represent the Class.**

20 The requirements of Rule 23(a) relating to adequate representation are satisfied if:  (1) the
21 class counsel is qualified, experienced and generally able to conduct the litigation; (2) the interests of
22 the class are not antagonistic to one another; and (3) the lead plaintiff has a '"sufficient interest in the
23 outcome of the case to ensure vigorous advocacy.'" *Miller v. Ventro Corp.*, No. 01-CV-1287, 2001
24 WL 34497752, at *12 (N.D Cal. Nov. 28, 2001) (quoting *Takeda v. Turbodyne Tech. Inc.*, 67 F.
25 Supp. 2d 1129, 1137 (C.D. Cal. 1999)); *accord Staton v. Boeing Co.*, 327 F.3d 938, 957 (9th Cir.
26 2003).

27
28

MOT. TO CONSOL. REL. CASES, APPOINT LEAD PL. AND APPROVE THE SELECTION OF COUNSEL- 8
Case No.: 5:18-cv-06720-LHK

Mr. Vallee's interests are clearly aligned with the members of the Class because his claim is identical to the claims of the Class who made long investments in Align securities. There is no evidence of antagonism between Mr. Vallee's interests and those of proposed Class members. Furthermore, Mr. Vallee has a significant, compelling interest in prosecuting this action to a successful conclusion based upon the very large financial loss they incurred as a result of the wrongful conduct alleged herein. These motivations clearly show that Mr. Vallee will adequately and vigorously pursue the interests of the Class. In addition, Mr. Vallee has selected lead counsel that is highly experienced in prosecuting securities class actions to represent himself and the Class in this action. Hagens Berman has undertaken high-stakes complex securities, antitrust, and consumer litigation matters for several decades and pursue active litigation in California's state and federal courts.

In sum, because of Mr. Vallee's common interests with Class members, Mr. Vallee's clear motivation and ability to pursue vigorously this action, and Mr. Vallee's selection of highly competent counsel, the adequacy requirement of Federal Rule of Civil Procedure 23(a) is met. Furthermore, Vallee meets the typicality and adequacy requirements of Rule 23(a) and has sustained the largest losses at the hands of the Defendants, Mr. Vallee is, therefore, the most adequate plaintiff to lead this action in accordance with 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

**C.     The Court Should Approve Mr. Vallee's Choice of Lead Counsel.**

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject to the Court's approval. 15 U.S.C. § 78u-1(a)(3)(B)(v); *accord In re Cavanaugh*, 306 F.3d at 734 n.14. "[T]he district court should not reject a lead plaintiff's proposed counsel merely because it would have chosen differently." *Cohen v. U.S. Dist. Court for Northern Dist. Of Cal.*, 586 F.3d 703, 711 (9th Cir. 2009) (citation omitted). "[I]f the lead plaintiff has made a reasonable choice of counsel, the district court should generally defer to that choice." *Id*. at 712 (citations omitted). Thus, this Court should not disturb the lead plaintiff's choice of counsel unless necessary to protect the interests of the class. 15 U.S.C. § 78u-l(a)(3)(B)(iii)(II)(aa).

1    Mr. Vallee has selected Hagens Berman to serve as lead counsel for the Class. Hagens Berman has litigated complex securities fraud actions before this Court (*In re Charles Schwab Secs. Litig.*, No. 3:08-cv-1510-WHA) and has successfully prosecuted many other securities fraud class actions on behalf of injured investors. Stocker Decl., Ex. D. After Hagens Berman negotiated two settlements resulting in an 82.1% recovery by California class members in the Schwab case, the Honorable William Alsup commented, "Class counsel did a good job persistently advocating for the best interests of the class members, and obtained a very good result for the class . . . ."

If this motion is granted, Hagens Berman will provide members of the Class with the highest caliber of representation available. Accordingly, the Court should approve Mr. Vallee's selection of lead counsel.

## IV.    CONCLUSION

For all of the foregoing reasons, Remy Vallee respectfully requests that this Court: (1) consolidate the Related Actions; (2) appoint Remy Vallee to serve as lead plaintiff in this action; (3) approve Remy Vallee's selection of Hagens Berman as lead counsel for the Class; and (4) grant such other and further relief as the Court may deem just and proper.

Dated: January 4, 2019                     Respectfully submitted,

*/s/ Michael W. Stocker*
Michael W. Stocker (179083)
Reed R. Kathrein (139304)
Kristen McCulloch (177558)
Danielle Smith (291237)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Ave., Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
mikes@hbsslaw.com
reed@hbsslaw.com
kristenm@hbsslaw.com
danielles@hbsslaw.com

Steve W. Berman
HAGENS BERMAN SOBOLS SHAPIRO LLP
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292

Facsimile: (206) 623-0594
steve@hbsslaw.com

*Attorneys for Proposed Lead Plaintiff Remy Vallee*

MOT. TO CONSOL. REL. CASES, APPOINT LEAD PL. AND APPROVE THE SELECTION OF COUNSEL- 11
Case No.: 5:18-cv-06720-LHK