**KESSLER TOPAZ
  MELTZER & CHECK, LLP**
JENNIFER L. JOOST (Bar No. 296164)
One Sansome Street, Suite 1850
San Francisco, CA 94104
Tel: (415) 400-3000
Fax: (415) 400-3001
jjoost@ktmc.com

[Additional counsel on signature page.]

*Counsel for Movant SEB Investment Management AB
and Proposed Lead Counsel for the Class*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| XIAOJIAO LU, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>ALIGN TECHNOLOGY, INC., JOSEPH M. HOGAN, JOHN F. MORICI, and RAPHAEL S. PASCAUD,<br><br>Defendants. | Case No. 5:18-cv-06720-LHK<br><br>**NOTICE OF MOTION AND MOTION OF SEB INVESTMENT MANAGEMENT AB FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Hearing Date: February 14, 2019<br>Time: 1:30 p.m.<br>Judge: The Honorable Lucy H. Koh<br>Courtroom: 8, 4th Floor<br><br>ORAL ARGUMENT REQUESTED |

[Additional caption on following page.]

| | |
|---|---|
| DAVID INFUSO, Individually and on Behalf of All Others Similarly Situated,<br><br>                    Plaintiff,<br><br>       v.<br><br>ALIGN TECHNOLOGY, INC., JOSEPH M. HOGAN, and JOHN F. MORICI,<br><br>                    Defendants. | Case No. 5:18-cv-07469-LHK |

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD:

PLEASE TAKE NOTICE that Lead Plaintiff Movant SEB Investment Management AB ("SEB"), by and through its counsel, hereby moves this Court in Courtroom 8, 4th Floor, of the Honorable Lucy H. Koh at the United States District Court, Northern District of California, Robert F. Peckham Federal Building & United States Courthouse, 280 South 1st Street, San Jose, California, on February 14, 2019, at 1:30 p.m., or as soon thereafter as the matter may be heard, for the entry of an Order: (1) consolidating the above-captioned related actions; (2) appointing SEB as Lead Plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), 15 U.S.C. § 78u-4, *et seq.*; and (3) approving SEB's selection of Kessler Topaz Meltzer & Check, LLP ("Kessler Topaz") as Lead Counsel for the class.

This Motion is made on the grounds that SEB timely filed this Motion and is the "most adequate plaintiff" pursuant to the PSLRA.  15 U.S.C. § 78u-4(a)(3)(B).  Based on the information presently available, SEB has the largest financial interest in the relief sought by the class, and meets the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"), as its claims are typical of the claims of the class and it will fairly and adequately represent the interests of the class.  In addition, SEB has selected and retained Kessler Topaz, a law firm with substantial experience in prosecuting securities class actions, to serve as Lead Counsel pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).

In support of this Motion, SEB submits herewith the accompanying Memorandum of Points and Authorities and the Declaration of Jennifer L. Joost in Support of the Motion of SEB Investment Management AB for Consolidation of Related Actions, Appointment as Lead Plaintiff, and Approval of Selection of Counsel ("Joost Decl.").

**STATEMENT OF ISSUES TO BE DECIDED**

1. Whether the above-captioned actions should be consolidated pursuant to Rule 42(a) of the Federal Rules of Civil Procedure ("Rule 42(a)").

2. Whether SEB should be appointed as Lead Plaintiff pursuant to the PSLRA, 15 U.S.C. § 78u-4(a)(3)(B).

3. Whether SEB's selection of Kessler Topaz as Lead Counsel for the class should be approved pursuant to the PSLRA, 15 U.S.C. § 78u-4(a)(3)(B)(v).

**MEMORANDUM OF POINTS AND AUTHORITIES**

SEB, by and through its counsel, respectfully submits this Memorandum of Points and Authorities in support of their Motion for: (1) consolidation of related actions, (2) appointment as Lead Plaintiff, pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the PSLRA, 15 U.S.C. § 78u-4(a)(3)(B); and (3) approval of its selection of Kessler Topaz as Lead Counsel for the class.

**I.   SUMMARY OF ARGUMENT**

Presently pending in this District are the two above-captioned securities class action lawsuits (the "Actions") brought under Sections 10(b) and 20(a) of the Exchange Act, as amended by the PSLRA (15 U.S.C. §§ 78j(b) and 78t(a)) and Rule 10b-5 promulgated thereunder (17 C.F.R. § 240.10b-5) against Align Technology, Inc. ("Align" or the "Company") and certain of its executive officers (collectively, "Defendants"). The Actions are brought on behalf of purchasers of Align securities between April 25, 2018, and October 24, 2018 (the "Class Period").[1] Because the Actions involve common issues of law and fact, SEB respectfully submits that the Court should consolidate the Actions pursuant to Rule 42(a).

After consolidation, the PSLRA governs the selection of the Lead Plaintiff in class actions asserting claims under the federal securities laws. Specifically, the PSLRA requires courts to

---

[1] At the lead plaintiff stage, the longest, most inclusive class period controls. *See, e.g.*, *In re Gentiva Sec. Litig.*, 281 F.R.D. 108, 113-14 (E.D.N.Y. 2012) (collecting cases). As such, SEB relies on the class period alleged in *Infuso v. Align Technology, Inc.*, No. 5:18-cv-07469-LHK (N.D. Cal.), in assessing its financial interest.

appoint as Lead Plaintiff the movant: (1) who makes a timely motion under the PSLRA's sixty-day deadline; (2) who asserts the largest financial interest in the litigation; and (3) who also satisfies the relevant requirements of Rule 23.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii); *In re Cavanaugh v. U.S. Dist. Court for the N. Dist. Of Cal.*, 306 F.3d 726, 729-30 (9th Cir. 2002) (discussing the process for selecting a lead plaintiff under the PSLRA); *City of Dearborn Heights Act 345 Police & Fire Ret. Sys. v. Align Tech., Inc.*, No. 12-CV-06039-LHK, 2013 WL 2368059, at *2-3 (N.D. Cal. May 29, 2013) (Koh, J.) (same).

SEB respectfully submits that it is the presumptive "most adequate plaintiff" under the PSLRA and should be appointed as Lead Plaintiff because, to the best of its knowledge, its losses of approximately $16,580,185 on a last-in, first-out ("LIFO") basis in connection with its transactions in Align securities during the Class Period represents the largest known financial interest in the relief sought by the class.  *See* Joost Decl., Exs. A (PSLRA certification) & B (loss chart).

In addition to asserting the largest financial interest, SEB easily satisfies the relevant requirements of Rule 23 because its claims are typical of all members of the class and because it will fairly and adequately represent the class.  *See infra* Section III.B.  Moreover, as an institutional investor with experience serving as a lead plaintiff under the PSLRA, thousands of participants, and more than $100 billion in assets under management, SEB is the prototypical Lead Plaintiff envisioned by Congress to serve as Lead Plaintiff under the PSLRA.  *See* H.R. Conf. Rep. No. 104-369, at 34 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730, 733; *Glauser v. EVCI Career Colls. Holding Corp.*, 236 F.R.D. 184, 188 (S.D.N.Y. 2006) ("the PSLRA was passed, at least in part, to increase the likelihood that institutional investors would serve as lead plaintiffs in actions such as this one") (citation omitted).

Finally, SEB has selected Kessler Topaz as Lead Counsel.  Kessler Topaz is a nationally recognized securities class action litigation firm that has recovered billions of dollars in damages for injured shareholders.  *See infra* Section III.C.  Thus, Kessler Topaz is highly qualified to prosecute this case and should be appointed Lead Counsel for the class.  *See In re Cohen v. U.S.*

*Dist. Ct. for the N. Dist. of Cal.*, 586 F.3d 703, 709 (9th Cir. 2009) ("The statute expressly provides that lead plaintiff has the power to select lead counsel . . . .") (citations omitted).

## II. STATEMENT OF FACTS

Align, a Delaware corporation headquartered in San Jose, California, is an American medical device company that purports to design, manufacture, and market products for the treatment of malocclusion or the misalignment of teeth. Invisalign is the proprietary name for the Company's clear aligners.

The Actions allege that throughout the Class Period, Defendants made materially false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operations, and prospects. Specifically, the Actions allege that Defendants failed to disclose to investors: (1) that the Company would offer higher discounts to promote Invisalign; (2) that the promotions would materially impact revenue; and (3) that, as a result of the foregoing, Defendants' positive statements about the Company's business, operations, and prospects, were materially misleading and/or lacked a reasonable basis.

As alleged in the Actions, the truth about the Company was revealed on October 24, 2018, when Align Technology issued a press release announcing its third quarter 2018 financial results. Therein, the Company disclosed a more than 6% decrease in its Invisalign Average Selling Price ("ASP"). On the same day, the Company also announced that its Chief Marketing Officer would "reduce his responsibilities and transition to a part-time position." On this news, Align Technology's share price shares fell $58.76, or approximately 20% to close at $232.07 on October 25, 2018.

## III. ARGUMENT

### A. The Actions Should Be Consolidated

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under [the Exchange Act] has been filed," courts shall not appoint a lead plaintiff "until after the decision on the motion to consolidate is rendered." 15 U.S.C. § 78u-4(a)(3)(B)(ii).

Here, there are at least two related pending securities class actions asserting claims under the federal securities laws on behalf of investors:

| Case Caption | Date Filed | Claims/Class Period |
|---|---|---|
| *Lu v. Align Technology, Inc., et al.*, No. 5:18-cv-06720-LHK | November 5, 2018 | Sections 10(b) and 20(a) of the Exchange Act; July 25, 2018, through October 24, 2018 |
| *Infuso v. Align Technology, Inc., et al.*, No. 5:18-cv-07469-LHK | December 12, 2018 | Sections 10(b) and 20(a) of the Exchange Act; April 25, 2018, through October 24, 2018 |

Consolidation is appropriate under Rule 42(a) where the actions involve common questions of law or fact. *See City of Harper Woods Emps. Ret. Sys. v. AXT, Inc.*, No. C 04-04362 MJJ, 2005 WL 318813, at *2-3 (N.D. Cal. Feb. 7, 2005) (citing Fed. R. Civ. P. 42(a)). Here, the Actions present virtually identical factual and legal issues arising out of the same alleged course of misconduct and involve the purchase of Align securities, over overlapping class periods, at artificially inflated prices. Accordingly, consolidation is appropriate. *See id.* (consolidating two actions asserting claims under the Exchange Act).

### B.   SEB Is the Most Adequate Plaintiff

The PSLRA establishes the procedure for selecting a lead plaintiff in a class action lawsuit asserting claims under the federal securities laws. 15 U.S.C. § 78u-4(a)(1)-(3)(B)(i).

First, a plaintiff who files the initial action must publish a notice to the class within twenty days of filing the action informing class members of: (1) the pendency of the action; (2) the claims asserted therein; (3) the purported class period; and (4) the right to move the court to be appointed as lead plaintiff within sixty days of the publication of the notice. *Id*. § 78u-4(a)(3)(A)(i). Within sixty days after publication of the notice, any member of the proposed class may apply to the court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action. *See id.* § 78u-4(a)(3)(A)-(B).

Second, the PSLRA provides that within ninety days after publication of the notice, the court shall consider any motion made by a class member and shall appoint as lead plaintiff the

member of the class that the court determines to be most capable of adequately representing the interests of class members.  *See id*. § 78u-4(a)(3)(B)(i).  In determining the "most adequate plaintiff," the PSLRA provides that the court shall adopt a presumption that the most adequate plaintiff in any private action arising under the PSLRA is the movant with the largest financial interest in the relief sought by the class that also satisfies the relevant requirements of Rule 23.  *Id*. § 78u-4(a)(3)(B)(iii)(I); *see also Cavanaugh*, 306 F.3d at 729-32; *Dearborn Heights*, 2013 WL 2368059, at *2-3.  The "most adequate plaintiff" presumption may be rebutted only upon "proof" that the movant "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

Here, SEB is the "most adequate plaintiff" because it: (1) filed a timely motion for appointment as Lead Plaintiff; (2) possesses the "largest financial interest in the relief sought by the class"; and (3) "otherwise satisfies the requirements of Rule 23" for purposes of this Motion. *Id*. § 78u-4(a)(3)(B)(iii)(I).

### 1.     SEB's Motion Is Timely

The PSLRA allows any member of the class to move for appointment as lead plaintiff within sixty days of the publication of notice that the first action has been filed.  *See id*. § 78u-4(a)(3)(A)(i)(II).  Here, in connection with the filing of the first-filed action, *Lu v. Align Technology, Inc., et al.*, No. 5:18-cv-06720-LHK (N.D. Cal.), notice was published on November 5, 2018, in *Business Wire*.  *See* Joost Decl., Ex. C.  Accordingly, the deadline to seek lead plaintiff status is January 4, 2019.  Therefore, SEB's Motion is timely.

### 2.     SEB has the Largest Financial Interest in the Relief Sought by the Class

The PSLRA presumes that the movant asserting the largest financial interest in the relief sought by the class and who otherwise satisfies the requirements of Rule 23 is the most adequate plaintiff.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii).  Here, SEB suffered substantial losses of approximately $16,580,185 on a LIFO basis in connection with its purchase of 120,516 shares of Align common stock during the Class Period.  *See* Joost Decl., Exs. A-B.  To the best of SEB's

knowledge, there are no other applicants seeking appointment as Lead Plaintiff asserting a larger financial interest in this litigation. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb); *Cavanaugh*, 306 F.3d at 732.

### 3. SEB Satisfies Rule 23's Typicality and Adequacy Requirements

SEB also satisfies the applicable requirements of Rule 23. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). At the lead plaintiff stage, movants are required to make a preliminary showing under Rule 23 that the proposed lead plaintiff's claims are typical and adequate. *See AXT*, 2005 WL 318813, at *3 ("the Court should focus its analysis on typicality and adequacy") (citation omitted).

#### (a) SEB's Claims Are Typical

"The test of typicality is whether other members have the same or similar injury, whether the action is based on conduct that is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992) (internal quotation and citation omitted). Here, the typicality requirement is satisfied because SEB, like all other members of the class, seeks to recover losses resulting from Defendants' misrepresentations and omissions, and SEB is not subject to any unique or special defenses that would render them atypical. *See Dearborn Heights*, 2013 WL 2368059, at *4 (finding movant's claims typical where "like all other members of the purported class, the [movant] purchased Align common stock during the Class Period, allegedly in reliance upon Defendants' purported false and misleading statements, and alleged suffered damages as a result").

#### (b) SEB is Adequate

Rule 23's adequacy requirement is met when a representative party establishes that it "will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). "Whether a party can fairly and adequately protect the interests of the class depends on the following considerations: (a) the qualifications of counsel for the representatives; (b) an absence of antagonism between the proposed representative and other members of the proposed class; (c) shared interests between the

CASE NOS. 5:18-CV-06720-LHK, *ET AL.*     7
NOTICE OF MOTION AND MOTION OF SEB INVESTMENT MANAGEMENT AB FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL

1    representative and other members of the proposed class; and (d) the unlikelihood that the suit is
2    collusive.'" *AXT*, 2005 WL 318813, at *4 (citation omitted).

3          SEB is adequate.  SEB has retained counsel with significant experience serving as lead
4    counsel under the PSLRA. *See infra* Section III.C.  No antagonism exists between SEB's interests
5    and those of the absent class members; rather, the interests of SEB and the class are squarely
6    aligned.  In addition, SEB incurred substantial financial harm in connection with their Class Period
7    purchases of Align securities due to Defendants' alleged misrepresentations and omissions.
8    Therefore, SEB has a strong interest in ensuring the vigorous prosecution of the Actions.  Finally,
9    there is no evidence of collusion, as none exists.

10         In addition to satisfying the typicality and adequacy requirements of Rule 23, the
11   appointment of SEB also fulfils a critical legislative goal underlying the enactment of the
12   PSLRA—encouraging sophisticated institutions with large financial interests to serve as lead
13   plaintiff.  "[T]he PSLRA was passed, at least in part, to increase the likelihood that institutional
14   investors would serve as lead plaintiffs in actions such as this one." *Glauser*, 236 F.R.D. at 188
15   (citation omitted); *see also* H.R. Conf. Rep. No. 104-369, at 34 (1995), reprinted in 1995
16   U.S.C.C.A.N. at 733 ("The Conference Committee believes that increasing the role of institutional
17   investors in class actions will ultimately benefit shareholders and assist courts by improving the
18   quality of representation in securities class actions.").  Indeed, SEB is responsible for overseeing
19   more than $100 billion in assets and has significant experience serving as a lead plaintiff in cases
20   under the PSLRA.  *See SEB Inv. Mgmt. AB v. Endo Int'l, plc, et al.*, No. 2:17-cv-03711-TJS (E.D.
21   Pa.) (SEB currently serving as lead plaintiff); *Felix v. Symantec Corp., et al.*, No. 3:18-cv-02902-
22   WHA (N.D. Cal.) (same).

23         **C.**    **The Court Should Approve SEB's Selection of Lead Counsel**

24         The PSLRA vests authority in the lead plaintiff to select and retain lead counsel for the
25   class, subject to the Court's approval.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(v).  As such, this Court
26   should not disturb the lead plaintiff's choice of counsel unless necessary to "protect the interests
27   of the class."  *Id.* § 78u-4(a)(3)(B)(iii)(II)(aa); *see also Cohen*, 586 F.3d at 712 ("[I]f the lead
28

plaintiff has made a reasonable choice of counsel, the district court should generally defer to that choice.") (citation omitted).  Accordingly, SEB's selection of Kessler Topaz should be approved.

Kessler Topaz specializes in prosecuting complex class action litigation and is one of the leading law firms in its field.  *See* Joost Decl., Ex. D.  The firm is actively engaged in complex litigation and has successfully prosecuted numerous securities fraud class actions on behalf of injured investors, including: *In re Tyco International, Ltd. Securities Litigation*, No. 02-md-1335 (PB) (D.N.H.) ($3.2 billion recovery); *In re Bank of America Corp. Securities, Derivative, and Employee Retirement Income Security Act (ERISA) Litigation*, No. 09-md-2058 (PKC) (S.D.N.Y.) ($2.425 billion recovery); *In re Wachovia Preferred Securities and Bond/Notes Litigation*, No. 09-cv-6351 (RJS) (S.D.N.Y.) ($627 million recovery); and *In re Lehman Bros. Equity/Debt Securities Litigation*, No. 08-cv-5523 (LAK) (S.D.N.Y.) ($615 million recovery).  Additionally, Kessler Topaz is currently serving as lead or co-lead counsel in several high profile securities class actions in this Circuit and across the country, including: *Sjunde AP-Fonden, v. General Electric Co.*, No. 17-cv-8457 (JMF) (S.D.N.Y.); *In re Allergan Generic Drug Pricing Securities Litigation*, No. 16-cv-9449 (KSH) (CLW) (D.N.J.); *In re Celgene Corp. Securities Litigation*, No. 18-cv-4772 (JMV) (JBC) (D.N.J.); *Baker v. SeaWorld Entertainment, Inc.*, No. 14-cv-2129 (MMA)(AGR) (S.D. Cal.); and *Washtenaw County Employees' Retirement System v. Walgreen Co.*, No. 15-cv-3187 (SJC)(MMR) (N.D. Ill.).

Kessler Topaz's commitment to zealous representation is also evident from its trial experience under the PSLRA.  Specifically, the firm obtained a rare jury verdict in the class's favor after a week-long trial held in 2014 in *In re Longtop Financial Technologies Ltd. Securities Litigation*, No. 11-cv-3658 (SAS) (S.D.N.Y.)—one of just thirteen securities class actions to reach a verdict since enactment of the PSLRA in 1995 (based on post-enactment conduct).  The firm also obtained the largest damage award in Delaware Chancery Court history following a trial before Chancellor Leo E. Strine, Jr.  *See In re S. Peru Copper Corp. S'holder Derivative Litig.*, No. 961-CS (Del. Ch.), *aff'd Ams. Mining Corp. v. Theriault*, 51 A.3d 1213, 1262-63 (Del. 2012) (affirming final judgment, with interest, of $2 billion).

Thus, the Court can be assured that the class will receive the highest caliber of legal representation should it approve SEB's selection of Kessler Topaz as Lead Counsel for the class.

## IV. CONCLUSION

For the foregoing reasons, SEB respectfully requests that the Court: (1) consolidate the above-captioned related actions; (2) appoint SEB as Lead Plaintiff; and (3) approve SEB's selection of Kessler Topaz as Lead Counsel for the class.

Dated:  January 4, 2019                                       Respectfully submitted,

**KESSLER TOPAZ**
  **MELTZER & CHECK, LLP**

*/s/ Jennifer L. Joost*
JENNIFER L. JOOST (Bar No. 296164)
One Sansome Street, Suite 1850
San Francisco, CA 94104
Tel:  (415) 400-3000
Fax:  (415) 400-3001
jjoost@ktmc.com

-and-

NAUMON A. AMJED
DARREN J. CHECK
RYAN T. DEGNAN
280 King of Prussia Road
Radnor, PA 19087
Tel:  (610) 667-7706
Fax:  (610) 667-7056
namjed@ktmc.com
dcheck@ktmc.com
rdegnan@ktmc.com

*Counsel for Movant SEB Investment Management AB and Proposed Lead Counsel for the Class*