**POMERANTZ LLP**
Jennifer Pafiti (SBN 282790)
468 North Camden Drive
Beverly Hills, CA 90210
Telephone:  (818) 532-6449
jpafiti@pomlaw.com

(*additional counsel on signature page*)

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| XIAOJIAO LU, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>ALIGN TECHNOLOGY, INC., JOSEPH M. HOGAN, JOHN F. MORICI, and RAPHAEL S. PASCAUD,<br><br>Defendants. | No.: 5:18-cv-06720-LHK<br><br>**NOTICE OF MOTION OF MARK KOENING AND CHRISTY KOENING FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br><u>CLASS ACTION</u><br><br>JUDGE: Hon. Lucy H. Koh<br>Hearing Date: TBD<br>Time: TBD<br>Ctrm: 8 – 4th Floor (San Jose) |
| DAVID INFUSO, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>ALIGN TECHNOLOGY, INC., JOSEPH M. HOGAN, and JOHN F. MORICI,<br><br>Defendants. | No.: 5:18-cv-07469-LHK<br><br><u>CLASS ACTION</u> |

# **TABLE OF CONTENTS**

CLAIMS ASSERTED ........................................................................................................................2

ARGUMENT ....................................................................................................................................3

    I.    THE RELATED ACTIONS SHOULD BE CONSOLIDATED ............................3

    II.   THE KOENINGS SHOULD BE APPOINTED LEAD PLAINTIFF ..................3

        A.    The Koenings Is Willing to Serve as a Class Representative ....................4

        B.    The Koenings Has the Largest Financial Interest in the Action ................4

        C.    Movants Satisfy the Requirements of Rule 23 of the Federal Rules of Civil Procedure ..........................................................................................5

        D.    Movants Will Fairly and Adequately Represent the Interests of the Class and Are Not Subject to Unique Defenses ...................................................8

    III.  THE KOENINGS' SELECTION OF COUNSEL SHOULD BE APPROVED ...8

    IV.  CONCLUSION .................................................................................................9

i

NOT. OF MTN. OF OF MARK KOENING AND CHRISTY KOENING FOR CONSOLIDTION, APPIONTMENT AS LEAD PLAINTIFF & APPROVAL OF COUNSEL; MEMO OF P&A IN SUPPORT

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*A.F.I.K. Holding SPRL v. Fass*,
    216 F.R.D. 567 (D.N.J. 2003) .................................................................................................. 5

*Amchem Prods., Inc. v. Windsor*,
    521 U.S. 591 (1997) ................................................................................................................ 7

*Armour v. Network Assocs.*,
    171 F. Supp. 2d 1044 (N.D. Cal. 2001) ............................................................................... 5, 6

*Beck v. Maximus, Inc.*,
    457 F.3d 291 (3d Cir. 2006) .................................................................................................... 7

*Danis v. USN Communs., Inc.*,
    189 F.R.D. 391 (N.D. Ill. 1999) .............................................................................................. 6

*Fragala v. 500.com Ltd.*, No. CV 15-01463 MMM (Ex),
    2015 U.S. Dist. LEXIS 188276 (C.D. Cal. July 7, 2015) ....................................................... 6

*Gerin v. Aegon USA, Inc.*, No. C 06-5407 SBA,
    2007 U.S. Dist. LEXIS 5284 (N.D. Cal. Jan. 9, 2007) ........................................................... 6

*Greebel v. FTP Software*,
    939 F. Supp. 57 (D. Mass. 1996) ............................................................................................ 6

*In re Am. Bus. Fin. Servs., Inc. Sec. Litig.*,
    2004 U.S. Dist. LEXIS 10200 (E.D. Pa. Jun. 3, 2004) ........................................................... 5

*In re Cavanaugh*,
    306 F.3d 726 (9th Cir. 2002) ............................................................................................... 4, 6

*In re Comverse Tech., Inc., Sec. Litig.*,
    2007 U.S. Dist. LEXIS 14878 (E.D.N.Y. Mar. 2, 2007) ........................................................ 5

*In re Olsten Corp. Sec. Litig.*,
    3 F. Supp.2d 286 (E.D.N.Y. 1998) ..................................................................................... 5, 6

*In re Outerwall Inc.*, No. C16-1275JLR,
    2017 U.S. Dist. LEXIS 31570 (W.D. Wash. Mar. 6, 2017) ................................................... 6

*In re Oxford Health Plans, Inc. Sec. Litig.*,
    182 F.R.D. 42 (S.D.N.Y. 1998) .............................................................................................. 6

*In re SolarCity Corp. Sec. Litig.*, No. 16-CV-04686-LHK,
   2017 U.S. Dist. LEXIS 11553 (N.D. Cal. Jan. 25, 2017) ........................................................ 6

*In re Vicuron Pharms., Inc. Sec. Litig.*,
   225 F.R.D. 508 (E.D. Pa. 2004) .............................................................................................. 5

*Janovici v. DVI, Inc.*, No. 03-4795,
   2003 U.S. Dist. LEXIS 22315 (E.D. Pa. Nov. 25, 2003) ......................................................... 5

*Lax v. First Merch. Acceptance Corp.*,
   1997 U.S. Dist. LEXIS 11866 (N.D. Ill. Aug. 6, 1997) ........................................................... 4

*Mandalevy v. BofI Holding, Inc.*, No. 3:17-cv-0667-GPC-KSC,
   2017 U.S. Dist. LEXIS 184504 (S.D. Cal. Nov. 7, 2017) ....................................................... 6

*Mulligan v. Impax Labs., Inc.*, No. C-13-1037 EMC,
   2013 U.S. Dist. LEXIS 93119 (N.D. Cal. July 2, 2013) ......................................................... 3

*Osher v. Guess?, Inc.*,
   2001 U.S. Dist. LEXIS 6057 (C.D. Cal. Apr. 26, 2001) ......................................................... 8

*Perlmutter v. Intuitive Surgical, Inc.*, No. 10-CV-03451-LHK,
   2011 U.S. Dist. LEXIS 16813 (N.D. Cal. Feb. 15, 2011) ....................................................... 6

*Richardson v. TVIA*,
   2007 WL 112344 (N.D. Cal. Apr. 16, 2007) ........................................................................... 3

*Robb v. Fitbit Inc.*, No. 16-cv-00151-SI,
   2016 U.S. Dist. LEXIS 62457 (N.D. Cal. May 10, 2016) ....................................................... 5

*Takeda v. Turbodyne Techs., Inc.*,
   67 F. Supp. 2d 1129 (C.D. Cal. 1999) ..................................................................................... 7

*Woburn Ret. Sys. v. Omnivision Techs., Inc.*, No. 5:11-CV-05235-RMW,
   2012 U.S. Dist. LEXIS 21590 (N.D. Cal. Feb. 21, 2012) ....................................................... 3

*Zhu v. UCBH Holdings, Inc.*,
   682 F. Supp. 2d 1049 (N.D. Cal. 2010) ................................................................................... 6

**Statutes**

15 U.S.C. § 78u-4(a)(3)(B) ............................................................................................. *passim*

PSLRA ............................................................................................................................ *passim*

**Rules**

Fed. R. Civ. P. 23 ........................................................................................................... 1, 5, 6, 7

Fed. R. Civ. P. 42(a) ................................................................................................................. 1, 3

**PLEASE TAKE NOTICE** that on a date and time to be determined, before the Honorable Lucy H. Koh, in Courtroom 8 – 4th Floor, 280 South 1st Street, San Jose, California 95113, Mark Koening and Christy Koening (collectively, "Movants" or the "Koenings")[1] will and do move this Court for an order granting the Koenings' Motion for: (a) consolidation of the above-captioned related actions (the "Related Actions"), (b) appointment of the Koenings as Lead Plaintiff for the Class; and (c) approval of the Koenings' selection of Pomerantz LLP ("Pomerantz") as Lead Counsel.

This Motion is brought pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B) and Federal Rule of Civil Procedure 42(a), on the grounds (1) that the Related Actions should be consolidated as they involve common questions of law and fact and consolidation would promote judicial economy; (2) that Movants should be appointed as Lead Plaintiff for a class consisting of all persons or entities other than defendants that purchased or otherwise acquired the securities of Align Technology, Inc. ("Align" or the "Company") between July 25, 2018 and October 24, 2018, both dates inclusive (the "Class Period")[2], as the Koenings have timely made this Motion, has the largest financial interest in this litigation and otherwise satisfies the pertinent requirements of Federal Rule of Civil Procedure 23; and (3) that Movants' selection of Pomerantz as Lead Counsel should be approved as the firm is well qualified and has extensive experience in cases of this type.

In support of this Motion, the Koenings file herewith a memorandum of points and authorities, the Declaration of Jennifer Pafiti, the certification of Jennifer Pafiti pursuant to LR 3-7(d), a certification pursuant to LR 3-15, and a proposed order.

---

[1] Mark Koening and Christy Koening are married.
[2] The Class Period alleged in the second-filed action, *Infuso v. Align Technology Inc et al*, Docket No. 5:18-cv-07469 (N.D. Cal. Dec 12, 2018), is April 25, 2018 and October 24, 2018, inclusive. For purposes of this motion, the Class Period alleged in the first-filed *Lu* Action of July 25, 2018 and October 24, 2018 is used.

## MEMORANDUM OF POINTS AND AUTHORITIES

The Koenings respectfully submits this memorandum in support of their motion for an Order, pursuant to Section 21D of the Securities Exchange Act, as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"):

(1) consolidating the Related Actions;

(2) appointing the Koenings as Lead Plaintiff for all persons other than defendants who purchased Align securities during the Class Period, seeking to recover damages caused by Defendants' violations of the federal securities laws (the "Class"); and

(3) appointing Pomerantz as Lead Counsel for the Class.

## CLAIMS ASSERTED

The first of the Related Actions to be filed was commenced on November 5, 2018 against Defendants, alleging claims under Sections 10(b) and 20(a) of the Exchange Act, and Rule 10b-5 promulgated thereunder. That same day, counsel for plaintiff in that action issued a PSLRA early notice advising potential Class members of, among other things, the pendency of the action, the claims alleged in the action and the 60 day deadline to seek appointment as lead plaintiff. A copy of the early notice is attached as Exhibit A to the Declaration of Jennifer Pafiti filed herewith ("Pafiti Decl."). The related action styled as *Infuso v. Align Technology Inc et al*, Docket No. 5:18-cv-07469 (N.D. Cal. Dec 12, 2018), was subsequently filed against Defendants asserting the same facts and claims as the instant action.

The Complaints allege that during the Class Period, Defendants made false and/or misleading statements and/or failed to disclose that: (1) at the beginning of the year the Company changed its North American Advantage Customer Loyalty Program by extending the discount qualification period from quarterly to semi-annual and created additional incentive tiers which resulted in "higher overall discounts" for its customers; (2) in Q3 the Company initiated a new Invisalign product promotion that resulted in substantial reduction of the average sales price (ASP); (3) the promotions and discounts would materially impact net income as a result of reduced profit margins; and (4) that, as a result of the foregoing, Defendants' positive

statements about the Company's business, operations, and prospects, were materially misleading and/or lacked a reasonable basis.

## ARGUMENT

### I. THE RELATED ACTIONS SHOULD BE CONSOLIDATED

Consolidation of related cases is proper where, as here, the actions involve common questions of law and fact such that consolidation would prevent unnecessary cost or delay in adjudication. When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters at issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay. Fed. R. Civ. P. 42(a); *see also Richardson v. TVIA*, 2007 WL 112344, at *2 (N.D. Cal. Apr. 16, 2007); *Mulligan v. Impax Labs., Inc.*, No. C-13-1037 EMC, 2013 U.S. Dist. LEXIS 93119, at *10 (N.D. Cal. July 2, 2013); *Woburn Ret. Sys. v. Omnivision Techs., Inc.*, No. 5:11-CV-05235-RMW, 2012 U.S. Dist. LEXIS 21590, at *9 (N.D. Cal. Feb. 21, 2012).

The PSLRA contemplates consolidation where "more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed." 15 U.S.C. 78u-4(a)(3)(A)(ii). As such, the PSLRA does not displace the traditional legal standards for consolidation under Fed. R. Civ. P. 42(a).

Each of the Related Actions has been filed in this District alleging similar factual and legal grounds to support allegations of violations of Sections 10(b) and 20(a) of the Exchange Act by the Defendants arising from the public dissemination of false and misleading information to investors. Accordingly, the Related Actions should be consolidated pursuant to Fed. R. Civ. P. 42(a) for all purposes.

### II. THE KOENINGS SHOULD BE APPOINTED LEAD PLAINTIFF

The PSLRA sets forth procedures for the selection of Lead Plaintiff in class actions brought under the Exchange Act. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA directs courts to

consider any motion to serve as Lead Plaintiff filed by class members in response to a published notice of class action by the later of (i) 90 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B)(i) and (ii).

The PSLRA provides a "rebuttable presumption" that the most "adequate plaintiff" to serve as Lead Plaintiff is the "person ***or group of persons***" that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) (emphasis added); *In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002).

As set forth below, the Koenings satisfies the above criteria, has the largest financial interest of any movant in this litigation, and is therefore the most adequate plaintiff and should be appointed as Lead Plaintiff.

### A. The Koenings Is Willing to Serve as a Class Representative

The Koenings has timely filed the instant motion in response to a PSLRA early notice, and has filed herewith PSLRA certifications attesting that that their members are willing to serve as representatives for the Class and are willing to provide testimony at deposition and trial, if necessary. *See* Pafiti Decl., Ex. B. Accordingly, the Koenings satisfy the first requirement to serve as Lead Plaintiff for the Class.

### B. The Koenings Has the Largest Financial Interest in the Action

As of the time of the filing of this motion, the Koenings believe that they have the largest financial interest of any Lead Plaintiff movant based on the four factors articulated in the seminal case *Lax v. First Merch. Acceptance Corp.*, 1997 U.S. Dist. LEXIS 11866, at *7-*8 (N.D. Ill. Aug. 6, 1997) (financial interest may be determined by (1) the number of shares

purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered) (cited in *Casden v. HPL Techs., Inc.*, No. C-02-3510 VRW, 2003 U.S. Dist. LEXIS 19606, at *12 (N.D. Cal. Sep. 29, 2003).[3] The most critical among the Lax Factors is the approximate loss suffered. *See*, *e.g.*, *Robb v. Align Inc.*, No. 16-cv-00151-SI, 2016 U.S. Dist. LEXIS 62457, at *9 (N.D. Cal. May 10, 2016); *In re Vicuron Pharms., Inc. Sec. Litig.*, 225 F.R.D. 508, 511 (E.D. Pa. 2004); *Janovici v. DVI, Inc.*, No. 03-4795, 2003 U.S. Dist. LEXIS 22315, at *39 (E.D. Pa. Nov. 25, 2003); *In re Am. Bus. Fin. Servs., Inc. Sec. Litig.*, 2004 U.S. Dist. LEXIS 10200, at *2–3 (E.D. Pa. Jun. 3, 2004); *A.F.I.K. Holding SPRL v. Fass*, 216 F.R.D. 567, 572 (D.N.J. 2003); *see also Armour v. Network Assocs.*, 171 F. Supp. 2d 1044, 1053 (N.D. Cal. 2001).

During the Class Period, the Koenings (1) purchased 13,403 shares of Align stock; (2) expended $5,028,262 on their purchases of Align securities; (3) retained 4,203 Align shares; and (4) as a result of the disclosures of the fraud, suffered a loss of $500,460 in connection with their purchases of Align securities. See Pafiti Decl., Ex. C. Because the Koenings possess the largest financial interest in the outcome of this litigation, they may be presumed to be the "most adequate" plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

### C. Movants Satisfy the Requirements of Rule 23 of the Federal Rules of Civil Procedure

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, Lead Plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

---

[3] *See also In re Olsten Corp. Sec. Litig.,* 3 F. Supp.2d 286, 296 (E.D.N.Y. 1998). *Accord In re Comverse Tech., Inc., Sec. Litig.*, 2007 U.S. Dist. LEXIS 14878, at *22-*25 (E.D.N.Y. Mar. 2, 2007) (collectively, the "Lax-Olsten" factors)(cited in *Robb v. Fitbit Inc.*, No. 16-cv-00151-SI, 2016 U.S. Dist. LEXIS 62457, at *9 (N.D. Cal. May 10, 2016)).

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

In making its determination that Lead Plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification; instead a prima facie showing that the movant satisfies the requirements of Rule 23 is sufficient. *Perlmutter v. Intuitive Surgical, Inc.*, No. 10-CV-03451-LHK, 2011 U.S. Dist. LEXIS 16813, at *39 (N.D. Cal. Feb. 15, 2011); *Zhu v. UCBH Holdings, Inc.*, 682 F. Supp. 2d 1049, 1053 (N.D. Cal. 2010); *Fragala v. 500.com Ltd.*, No. CV 15-01463 MMM (Ex), 2015 U.S. Dist. LEXIS 188276, at *21 (C.D. Cal. July 7, 2015); *Greebel v. FTP Software*, 939 F. Supp. 57, 60 (D. Mass. 1996). Moreover, "typicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA." *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998) (citations omitted) (cited in *Gerin v. Aegon USA, Inc.*, No. C 06-5407 SBA, 2007 U.S. Dist. LEXIS 5284, at *11 (N.D. Cal. Jan. 9, 2007)); *In re David Cavanaugh,* 306 F.3d 726, 730 (9th Cir. 2002); *Armour v. Network Assocs.,* 171 F. Supp. 2d 1044, 1051 (N.D. Cal. 2001); *In re Outerwall Inc.*, No. C16-1275JLR, 2017 U.S. Dist. LEXIS 31570, at *11 (W.D. Wash. Mar. 6, 2017); *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d at 296.

The typicality requirement of Fed. R. Civ. P. 23(a)(3) is satisfied where the named representative's claims have the "same essential characteristics as the claims of the class at large." *Danis v. USN Communs., Inc.*, 189 F.R.D. 391, 395 (N.D. Ill. 1999); *Mandalevy v. BofI Holding, Inc.*, No. 3:17-cv-0667-GPC-KSC, 2017 U.S. Dist. LEXIS 184504, at *13 (S.D. Cal. Nov. 7, 2017)(citing *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998) ("Their claims are typical of the class because they are identical; that is, their claims are based on the material misrepresentations made by Defendants that artificially inflated BofI's stock price."). "The purpose of the typicality requirement is to assure that the interest of the named representative aligns with the interests of the class." *In re SolarCity Corp. Sec. Litig.*, No. 16-

CV-04686-LHK, 2017 U.S. Dist. LEXIS 11553, at *14 (N.D. Cal. Jan. 25, 2017)(quoting *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992)); *see also Beck v. Maximus, Inc.*, 457 F.3d 291, 295-96 (3d Cir. 2006) ("the named plaintiffs' claims [must be] typical, in common-sense terms, of the class, thus suggesting that the incentives of the plaintiffs are aligned with those of the class." (citation omitted)).

The claims of the Koenings are typical of those of the Class. The Koenings allege, as do all class members, that defendants violated the Exchange Act by making what they knew or should have known were false or misleading statements of material facts concerning Align, or omitted to state material facts necessary to make the statements they did make not misleading. The Koenings, as did all members of the Class, purchased Align securities during the Class Period at prices artificially inflated by defendants' misrepresentations or omissions and was damaged upon the disclosure of those misrepresentations and/or omissions. These shared claims, which are based on the same legal theory and arise from the same events and course of conduct as the Class claims, satisfy the typicality requirement of Rule 23(a)(3).

The adequacy of representation requirement of Rule 23(a)(4) is satisfied where it is established that a representative party "will fairly and adequately protect the interests of the class." The class representative must also have "sufficient interest in the outcome of the case to ensure vigorous advocacy." *Takeda v. Turbodyne Techs., Inc.*, 67 F. Supp. 2d 1129, 1137 (C.D. Cal. 1999) (quoting *Riordan v. Smith Barney*, 113 F.R.D. 60, 64 (N.D. Ill. 1986)); *Beck*, 457 F.3d at 296 (emphasizing that the adequacy inquiry "'serves to uncover conflicts of interest between named parties and the class they seek to represent.'") (quoting *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 625 (1997)).

The Koenings are adequate representatives for the Class. There is no antagonism between the interests of the Koenings and those of the Class, and their losses demonstrate that they have a sufficient interest in the outcome of this litigation. Moreover, the Koenings have retained counsel highly experienced in vigorously and efficiently prosecuting securities class

actions such as this action, and submit their choice to the Court for approval pursuant to 15 U.S.C. § 78u 4(a)(3)(B)(v).

### D. Movants Will Fairly and Adequately Represent the Interests of the Class and Are Not Subject to Unique Defenses

The presumption in favor of appointing the Koenings as Lead Plaintiff may be rebutted only upon proof "by a purported member of the plaintiffs' class" that the presumptively most adequate plaintiff:

(aa) will not fairly and adequately protect the interest of the class; or
(bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

The Koenings' ability and desire to fairly and adequately represent the Class has been discussed above. The Koenings are not aware of any unique defenses that Defendants could raise against it that would render it inadequate to represent the Class. Accordingly, the Court should appoint the Koenings as Lead Plaintiff for the Class.

## III. THE KOENINGS' SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the approval of the Court.  See 15 U.S.C. § 78u-4(a)(3)(B)(v); *Osher v. Guess?, Inc*., 2001 U.S. Dist. LEXIS 6057, at *15 (C.D. Cal. Apr. 26, 2001).  The Court should interfere with Lead Plaintiff's selection only when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Here, the Koenings have selected Pomerantz as Lead Counsel for the Class.  Pomerantz is highly experienced in the area of securities litigation and class actions, and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors, as detailed in the firm's resume.  Pomerantz recently secured a recovery of $3 billion on behalf of investors in the securities of Petróleo Brasileiro S.A. — Petrobras, the largest settlement ever in a class action involving a foreign issuer and the fifth largest class action settlement ever achieved in the United States.  See Pafiti Decl., Ex. D.  As a result of the firm's extensive experience in litigation involving issues similar to those raised in the above-captioned

action, the Koenings' counsel have the skill and knowledge which will enable them to prosecute a consolidated action effectively and expeditiously. Thus, the Court may be assured that by approving the selection of Lead Counsel by Movants, the members of the class will receive the best legal representation available.

## IV.   CONCLUSION

For the foregoing reasons, the Koenings respectfully request that the Court issue an Order: (1) consolidating the Related Actions; (2) appointing the Koenings as Lead Plaintiff of the Class; (3) approving Pomerantz as Lead Counsel; and (4) granting such other relief as the Court may deem to be just and proper.

Dated:  January 4, 2019                                      Respectfully submitted,

**POMERANTZ LLP**

*/s/ Jennifer Pafiti*
Jennifer Pafiti (SBN 282790)
468 North Camden Drive
Beverly Hills, CA 90210
Telephone:   (818) 532-6449
jpafiti@pomlaw.com

**POMERANTZ LLP**
Jeremy A. Lieberman
J. Alexander Hood II
Jonathan D. Lindenfeld
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone:   (212) 661-1100
Facsimile:   (212) 661-8665
jalieberman@pomlaw.com
ahood@pomlaw.com
jlindenfeld@pomlaw.com

*Counsel for Movants and
Proposed Lead Counsel for the Class*

### CERTIFICATE OF SERVICE

I hereby certify that on January 4, 2019, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ *Jennifer Pafiti*
Jennifer Pafiti