UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| XIAOJIAO LU,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ALIGN TECHNOLOGY, INC., et al.,<br><br>　　　　　Defendants. | Case Nos. 18-CV-06720-LHK<br>　　　　　　18-CV-07469-LHK<br><br>**ORDER GRANTING MOTION FOR CONSOLIDATION AND APPOINTING LEAD PLAINTIFF AND LEAD COUNSEL**<br><br>Re: Dkt. Nos. 12, 24, 28, 37, 45 |
| DAVID INFUSO,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ALIGN TECHNOLOGY INC, et al.,<br><br>　　　　　Defendants. | |

The Court agrees with the parties that *Lu v. Align Technology, Inc.*, No. 18-CV-06720, and *Infuso v. Align Technology*, 18-cv-07469-LHK, involve common questions of law and fact within the meaning of Federal Rule of Civil Procedure 42(a). As a result, pursuant to Rule 42(a)(2), the

1

Case No. 18-CV-06720-LHK
ORDER CONSOLIDATING CASES; GRANTING PLAINTIFF SEB INVESTMENT MANAGEMENT AB'S
MOTION FOR APPOINTMENT OF LEAD PLAINTIFF AND LEAD COUNSEL

1  Court hereby CONSOLIDATES *Lu* and *Infuso*.  The Court will determine whether to consolidate

2  future-filed actions on a case-by-case basis.

3  In total, eight motions for appointment of lead plaintiff were filed.  Specifically, the

4  following Plaintiffs filed motions: Construction Laborers Pension Trust for Southern California

5  ("Construction Laborers"), ECF No. 12; Align Investor Group, ECF No. 19; Lauren Windhorst

6  ("Windhorst"), ECF No. 24; Teamsters Local 710 Pension Fund ("Local 710"), ECF No. 27;

7  Ramarao Jupalli ("Jupalli"), ECF No. 28; Remy Vallee ("Vallee"), ECF No. 37; SEB Investment

8  Management AB ("SEB"), ECF No. 45; and Mark and Christy Koening ("the Koenings"), ECF

9  No. 52.

10  Three Plaintiffs then withdrew their motions for appointment of lead plaintiff.

11  Specifically, the following Plaintiffs withdrew their motions: the Koenings, ECF No. 61; Align

12  Investor Group, ECF No. 63; and Teamsters Local 710, ECF No. 71.

13  Four Plaintiffs filed notices of non-opposition to SEB's motion for appointment of lead

14  plaintiff.  Specifically, the following Plaintiffs filed notices of non-opposition: Construction

15  Laborers, ECF No. 58; Jupalli, ECF No. 62; Windhorst, ECF No. 64; and Vallee, ECF No. 65.

16  Therefore, no Plaintiff opposes SEB's motion for appointment of lead plaintiff.

17  Having reviewed SEB's motion for appointment of lead plaintiff, the Court hereby

18  APPOINTS SEB as Lead Plaintiff in the above-captioned case.  The Court finds that SEB satisfies

19  the requirements for lead plaintiff pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(iii).

20  SEB proposes Kessler Topaz Meltzer & Check LLP ("Kessler Topaz") as lead counsel for

21  the putative class.  *See* ECF No. 45 at 8; 15 U.S.C. § 78u-4(a)(3)(B)(v).  Having reviewed Kessler

22  Topaz's submissions and having considered the factors enumerated in Rule 23(g)(1)(A) of the

23  Federal Rules of Civil Procedure, the Court hereby APPOINTS Kessler Topaz as Lead Plaintiffs'

24  Counsel in the consolidated action.  *See In re Cohen v. U.S.*, 586 F.3d 703, 712 (9th Cir. 2009)

25  (holding that "if the lead plaintiff has made a reasonable choice of counsel, the district court

26  should generally defer to that choice").  Kessler Topaz has (1) performed considerable work in

2

identifying potential claims in this action; (2) demonstrated experience handling class actions, including securities class actions; (3) shown adequate knowledge of the applicable law; and (4) established a willingness to commit significant resources to representing the class.  *See* Fed. R. Civ. P. 23(g)(1)(A).

To ensure efficiency, the Court adopts the following protocols.  Other than Kessler Topaz, no other law firms shall work on this consolidated action for the putative class without prior approval of the Court.  Motions for approval of additional Plaintiffs' counsel shall identify the additional Plaintiffs' counsel and their background, the specific proposed tasks, and why Kessler Topaz cannot perform these tasks.

The Court further orders that any billers who will seek fees in this case, including staff, consultants, and experts, shall maintain contemporaneous billing records of all time spent litigating this case.  By "contemporaneous," the Court means that an individual's time spent on a particular activity should be recorded no later than seven days after that activity occurred.  Ms. Jennifer Joost shall review and approve attorneys' fees and costs each month and strike any duplicative or unreasonable fees and costs.

By April 1, 2019, SEB and Defendants shall file a stipulation proposing a deadline for SEB to file a consolidated amended complaint and proposing a briefing schedule on any motion to dismiss SEB's consolidated amended complaint.  Within 24 hours of filing any motion to dismiss, Defendants shall contact the courtroom deputy to receive the next available hearing date for the motion.

**IT IS SO ORDERED.**

Dated:  March 22, 2019

_____
LUCY H. KOH
United States District Judge