JENNIFER L. JOOST (SBN 296164)
STACEY M. KAPLAN (SBN 241989)
KESSLER TOPAZ
  MELTZER & CHECK, LLP
One Sansome Street, Suite 1850
San Francisco, CA 94104
Tel: (415) 400-3000
Fax: (415) 400-3001
Emails: jjoost@ktmc.com
skaplan@ktmc.com

*Attorneys for Lead Plaintiff SEB Investment
Management AB and Lead Counsel for the
Class*

CAZ HASHEMI (SBN 210239)
IGNACIO E. SALCEDA (SBN 164017)
BETTY CHANG ROWE (SBN 214068)
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Tel: (650) 493-9300
Fax: (650) 565-5100
Emails: chashemi@wsgr.com
isalceda@wsgr.com
browe@wsgr.com

NICHOLAS R. MILLER (SBN 274243)
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
1700 K Street NW, Fifth Floor
Washington, D.C. 20006-3814
Tel: (202) 973-8800
Fax: (202) 973-8899
Email: nmiller@wsgr.com

*Attorneys for Defendants Align Technology,
Inc., Joseph M. Hogan, and John F. Morici*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| SEB INVESTMENT MANAGEMENT AB, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>ALIGN TECHNOLOGY, INC., JOSEPH M. HOGAN, and JOHN F. MORICI<br><br>Defendants. | Case No. 5:18-cv-06720-LHK<br><br>**JOINT STATUS REPORT**<br><br>Judge: Hon. Lucy H. Koh<br>Courtroom: 8, 4th Floor |

JOINT STATUS REPORT
CASE NO.:  5:18-cv-06720-LHK

Pursuant to the Court's Order dated September 24, 2020 (ECF No. 143) ("September 24 Order"), Lead Plaintiff SEB Investment Management AB ("Plaintiff" or "SEB") and Defendants Align Technology, Inc. ("Align"), Joseph M. Hogan, and John F. Morici (collectively "Defendants" and with Plaintiff, the "Parties") hereby submit this Joint Status Report.

## I. UPDATE AND NEXT STEPS

In accordance with the September 24 Order and Parties' September 23, 2020 Joint Case Management Statement (ECF No. 141), the Parties participated in a mediation session with a neutral mediator on November 23, 2020. However, the Parties were unable to reach an agreement to resolve the Action and do not believe that further mediation efforts will be productive at this juncture.

### A. Plaintiff's Position

The Parties consented to a brief stay of this Action in order to engage in private mediation. ECF No. 141 at 1:14-16. The Parties further agreed that "[i]f the parties are unable to execute a binding term sheet to commit the parties to resolve Plaintiff's claims on or before December 15, 2020, the Parties will jointly file" the Report, which "*shall* include, without limitation, *either* (1) a date certain to re-open the action and a proposed schedule for the remainder of the case," or (2) a request for a limited extension of the stay period if the Parties agree that such extension would facilitate a resolution of Plaintiff's claims." *Id.* at 6:4-9. Because the Parties were unable to resolve Plaintiff's claims on or before December 15, 2020, and because Plaintiff does not agree that a limited extension of the stay period would facilitate a resolution of those claims, Plaintiff has proposed a date certain to re-open the Action (January 11, 2021) and a schedule for the remainder of the case (*see infra* Section II.A).

Given the amount of the time remaining in the applicable three-year period established by the Criminal Justice Reform Act ("CJRA") and the work that remains to be completed in this Action, Plaintiff intends to do at least the following in advance of January 11, 2021: (i) serve requests for the production of documents, (ii) serve an initial set of interrogatories, (iii) serve an initial set of requests for admission, and (iv) provide Defendants with a proposal for a protective order concerning the production and use of confidential information in this Action. Additionally,

prior to January 11, 2021, Plaintiff intends to propose dates and times to complete the Parties' Rule 26(f) conference,[1] including a discussion of any issues related to the disclosure, discovery, or preservation of electronically stored information, and to confer regarding Plaintiff's discovery requests and proposed protective order.

Moreover, as set forth in Section II.A., below, Plaintiff has proposed a schedule which allows for post-trial motions to be resolved before the expiration of the applicable three-year period established by the CJRA, which concludes on February 21, 2022.[2] Plaintiff provided Defendants with a draft of this Report, which included this proposed schedule, on the morning of Wednesday, December 16, 2020.[3] Plaintiff repeatedly requested Defendants' position with respect to the Report so that it could confer with Defendants in advance of filing it. Defendants, however, did not provide a substantive response to the draft Report until this afternoon.

In response to Defendants' position set forth in Section I.B, below, Plaintiff states that it is not in a position to comment on any "additional grounds," Defendants may have with respect to Plaintiff's claims because no discovery has been requested or produced in this Action. Plaintiff further notes that Defendants' right to seek "judgment and remedies" is limited to the four corners of the operative complaint until such time as the Parties complete merits and likely expert discovery in this Action. Plaintiff's response to Defendants' request for a stay and to Defendants' proposed schedule is set forth below in Section II.A.

**B. Defendants' Position**

Defendants note that the Parties' Joint Case Management Statement requested "a stay of this Action (including formal discovery)" which the Court granted in its September 24 Order.

---

[1]   The Parties began their Rule 26(f) conference on September 17, 2020.

[2]   Before the Court stayed this Action on September 23, 2020, the Parties had until November 4, 2021 under the CJRA. Assuming the case is reopened on January 11, 2021, this Action will have been stayed for 109 days and the new deadline under the CJRA is February 21, 2022. As such, in order to ensure time to brief and decide post-trial motions, a trial must take place in December 2021.

[3]   This schedule has the same or substantially similar intervals, and in some instances the same dates, as schedules Plaintiff previously proposed to Defendants in September and November 2020.

JOINT STATUS REPORT                                    2
CASE NO.:  5:18-cv-06720-LHK

Defendants will serve requests for production of documents, an initial set of interrogatories, and an initial set of requests for admission following the lifting of the stay.  Defendants are amenable to meeting and conferring with Plaintiff in connection with scheduling a date to complete the Parties' Rule 26(f) conference, discussing a stipulated protective order and an ESI protocol.

Defendants' ongoing analysis and research has found additional grounds demonstrating why the narrow portion of the case that survived the motion to dismiss should also be dismissed with prejudice.  Defendants reserve the right to seek judgment and remedies at any time under any and all provisions of the Federal Rules of Civil Procedure and the Local Rules for the United States District Court for the Northern District of California.

## II.     PROPOSED SCHEDULE

### A.     Plaintiff's Position: The Court Should Enter Plaintiff's Schedule, Which Is Consistent With the CJRA

Plaintiff respectfully requests that the Court enter its proposed schedule, which is set forth below.  Plaintiff's schedule would allow for this Action, including post-trial motions, to be fully adjudicated within the three-year period set forth in the CJRA.

| EVENT | DATE |
| --- | --- |
| Case is Reopened | January 11, 2021 |
| Deadline to Exchange Initial Disclosures | January 25, 2021 |
| Deadline to File Stipulated Protective Order | February 1, 2021 |
| Deadline to Substantially Complete Production of Documents | March 30, 2021 |
| Deadline to File Motion for Class Certification | March 15, 2021 |
| Deadline to File Opposition Brief to Motion for Class Certification | April 12, 2021 |
| Deadline to Join Parties and Amend Pleadings | May 4, 2021 |
| Deadline to File Reply in Support of Motion for Class Certification | May 17, 2021 |

| EVENT | DATE |
|---|---|
| Hearing on Motion for Class Certification | June 3, 2021 |
| Close of Merits Discovery | June 15, 2021 |
| Deadline to Serve Opening Expert Reports | June 22, 2021 |
| Deadline to Serve Rebuttal Expert Reports | July 13, 2021 |
| Deadline to Serve Reply Expert Reports | July 27, 2021 |
| Close of Expert Discovery | August 16, 2021 |
| Deadline to File Dispositive Motions | August 31, 2021 |
| Deadline to File Opposition Brief to Dispositive Motions | September 27, 2021 |
| Deadline to file Reply Brief in Support of Dispositive Motions | October 18, 2021 |
| Hearing on Dispositive Motions | November 11, 2021 |
| Final Pretrial Conference | November 24, 2021 |
| Jury Trial | December 6, 2021 |
| Deadline to file Post-Trial Motions | January 3, 2022 |
| Deadline to file Opposition Brief to Post-Trial Motions | January 18, 2022 |
| Deadline to file Reply Brief in Support of Post-Trial Motions | January 24, 2022 |
| Hearing on Post-Trial Motions | February 10, 2022 |

Defendants, by contrast, ask this Court to do one of the following: (i) stay this Action entirely pending the Supreme Court's decision in *Goldman Sachs Group Inc. v. Arkansas Teacher Retirement System*. 955 F.3d 254 (2nd Cir. 2020), *cert. granted*, __ U.S. __ (Dec. 11, 2020) (No. 20-222); (ii) request that the Parties submit a schedule that allows all merits discovery to proceed, but defers class certification briefing and expert discovery until after June 2021; or (iii) enter their

proposed schedule, which would not allow this Action to be fully adjudicated within the CJRA's three-year period.  None of these requests has merit.

Plaintiff is ready to litigate this Action on the timetable it understands the Court to require; further delays only will prejudice Plaintiff and the Class. Discovery was effectively stayed from November 4, 2018 until September 9, 2020 and the Action has been stayed since September 23, 2020.  Defendants' speculative supposition that a decision in the *Goldman Sachs* case could have some unnamed "significant impact on the appropriateness of class certification in this matter" does not provide a basis for further delay. Even assuming that the Supreme Court does ultimately reverse, the facts of this case bear little resemblance to those in *Goldman Sachs*.  It thus remains to be seen what, if any, impact a decision by the Supreme Court in *Goldman Sachs* will have on the law in this Circuit or, indeed, this Action. Moreover, even assuming hypothetically that any decision in Goldman has a direct bearing upon class certification in this Action, the Parties and the Court will have plenty of opportunities to address any impact of that decision within the schedule proposed by Plaintiff.

In any event, Plaintiff is entitled to adjudicate its claims on their merits, regardless as to whether a class is certified here. As a result, Defendants' request should be rejected.[4]

Defendants' related request, to require the Parties to submit a schedule that delays class certification briefing and expert discovery until after June 2021, is similarly problematic.[5]  For example, if a decision on class certification is not rendered until the fall of this year, there may not be sufficient time to provide notice and an opt-out period in advance of any decision on dispositive motions or trial, and any delays as a result likely would mean that the Parties would not be able to complete post-trial motions within the three-year CJRA period.

---

[4]   If the Court is inclined to consider Defendants' request, Plaintiff respectfully requests an opportunity to brief these issues fully – an opportunity foreclosed by Defendants' decision to first disclose their position with respect to the *Goldman Sachs* case mere hours before this Report was due to be filed.

[5]   Plaintiff understands that under this proposal, the Parties would be free to engage in all merits discovery, including depositions, beginning on January 11, 2021. To the extent Defendants also are requesting an unwarranted delay in deposition discovery, Plaintiff opposes that request.

Finally, Defendants argue that the Court should order their proposed schedule. In order to clarify the differences between the Parties' proposed schedules, Plaintiff provides a chart comparing its proposal with Defendants' proposal (*see infra* Section II.B):

| EVENT | PLAINTIFF'S PROPOSAL | DEFENDANTS' PROPOSAL |
|---|---|---|
| Case is Reopened | January 11, 2021 | January 11, 2021 |
| Deadline to Exchange Initial Disclosures | January 25, 2021 | January 25, 2021 |
| Deadline to File Stipulated Protective Order | February 1, 2021 | February 1, 2021 |
| Deadline to Substantially Complete Production of Documents | March 30, 2021 | |
| Deadline to File Motion for Class Certification | March 15, 2021 | February 1, 2021 |
| Deadline to File Opposition Brief to Motion for Class Certification | April 12, 2021 | March 15, 2021 |
| Deadline to Join Parties and Amend Pleadings | May 4, 2021 | April 1, 2021 |
| Deadline to File Reply in Support of Motion for Class Certification | May 17, 2021 | April 5, 2021 |
| Hearing on Motion for Class Certification | June 3, 2021 | April 22, 2021 |
| Close of Merits Discovery | June 15, 2021 | June 30, 2021 |
| Deadline to Serve Opening Expert Reports (party with burden) | June 22, 2021 | July 15, 2021 |
| Deadline to Serve Rebuttal Expert Reports | July 13, 2021 | July 30, 2021 |
| Deadline to Serve Reply Expert Reports | July 27, 2021[6] | |

---

[6]   Unless Defendants agree to exchange opening reports and rebuttal reports regardless of which party has the burden, it would prejudice Plaintiff to not allow for a reply report in advance

| EVENT | PLAINTIFF'S PROPOSAL | DEFENDANTS' PROPOSAL |
|---|---|---|
| Close of Expert Discovery | August 16, 2021 | August 16, 2021 |
| Last Day to File Dispositive Motions | August 31, 2021 | September 15, 2021 |
| Last Day to File Opposition Brief to Dispositive Motions | September 27, 2021 | October 15, 2021 |
| Last Day to file Reply Brief in Support of Dispositive Motions | October 18, 2021 | November 8, 2021 |
| Hearing on Dispositive Motions | November 11, 2021 | November 18, 2021 |
| Final Pretrial Conference | November 24, 2021 | January 6, 2022 |
| Jury Trial | December 6, 2021 | January 18, 2022 |
| Deadline to file Post-Trial Motions | January 3, 2022 | February 18, 2022 |
| Deadline to file Opposition Brief to Post-Trial Motions | January 18, 2022 | March 18, 2022 |
| Deadline to file Reply Brief in Support of Post-Trial Motions | January 24, 2022 | April 18, 2022 |
| Hearing on Post-Trial Motions | February 10, 2022 | May 5, 2022 |

Defendants' proposed schedule should be rejected for at least the following reasons. *First*, Defendants' proposed schedule does not allow for post-trial motions to be decided prior to February 21, 2022 as required by the Court. In fact, under Defendant's proposed schedule, there would not even be a hearing on Defendants' post-trial motions until May 5, 2022, which is more than three months after the CJRA period expires. Defendants are silent as to whether they believe their proposed schedule complies with the CJRA, and have not otherwise explained why the Court should enter a schedule that seeks to exceed the three year CJRA period by nearly four months.

---

of any depositions of the Parties' experts, particularly because Plaintiff will not have any opportunity to rebut or respond to the contentions of Defendants' experts.

*Second*, Defendants proposed schedule does not provide adequate time for the Parties to complete merits and expert discovery relevant to class certification ahead of briefing on class certification.[7] In particular, Defendants' schedule requires them to oppose class certification by March 15, 2021, before which time they would presumably want to take document discovery of Plaintiff, review that discovery, depose Plaintiff, and depose Plaintiff's expert.[8] At the same time, Defendants indicate that they do not intend to serve discovery in this Action until January 11, 2021 at the earliest. As a result, the earliest that the Parties would be required to respond to these requests would be February 10, 2021, making it unlikely that Plaintiff could complete its document production before the end of February 2021, and even less likely that Defendants could review those documents with sufficient time to depose Plaintiff.

Plaintiff, on the other hand, proposes moving for class certification by March 15, 2021, with Defendants' opposition due by April 12, 2021. Plaintiff has conferred with its expert and the time contemplated in Plaintiff's schedule (*e.g.*, filing a motion to certify the class by March 15, 2021, with the expert's deposition occurring between March 15, 2021 and April 12, 2021), reflects the expert's expected availability. Plaintiff's proposed schedule would thus to allow for the necessary discovery to take place, including the production of documents, the service of expert reports, and the deposition of Plaintiff and any experts identified by the Parties with respect to Plaintiff's class certification motion.

*Third*, Plaintiff's schedule also provides a date certain by which the Parties will substantially complete their respective document productions (March 30, 2021), which will help ensure that the Parties have what they need to complete their briefing on class certification. It also provides sufficient time for the Parties to address any deficiencies in each other's productions, including through motion practice, and allows for the orderly taking of depositions.

---

[7]   Plaintiff notes that if the Court does not grant Defendants' request to stay this Action until a decision in *Goldman Sachs* or, in the alternative, to postpone class certification briefing until after June 2021, Defendants ask the Court to **accelerate by 45 days** Plaintiff's proposed schedule to file a motion for class certification. This makes no sense.

[8]   Defendants' proposed schedule (Section II.B) also would effectively require Plaintiff to produce documents before the Court had entered an order regarding the production of confidential information.

JOINT STATUS REPORT                                      8
CASE NO.: 5:18-cv-06720-LHK

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*Finally*, Plaintiff notes that had Defendants provided their proposed schedule before 1:44 p.m. today, it is possible that the Parties could have narrowed their disputes with respect to the proposed schedule. Plaintiff respectfully requests that the Court enter its proposed schedule.

### B. Defendants' Proposed Schedule

Defendants note that on December 11, 2020, the United States Supreme Court granted the petition for writ of certiorari in the case of *Goldman Sachs Group Inc. v. Arkansas Teacher Retirement System*. 955 F.3d 254 (2nd Cir. 2020), *cert. granted*, __ U.S. __ (Dec. 11, 2020) (No. 20-222). The Supreme Court's decision in that matter, expected by the end of June 2021, will likely have a significant impact on the appropriateness of class certification in this matter. In particular, of relevance here, is the first question presented in *Goldman Sachs* --"[w]hether a defendant in a securities class action may rebut the presumption of classwide reliance recognized in *Basic Inc. v. Levinson*, 485 U.S. 224 (1988), by pointing to the generic nature of the alleged misstatements in showing that the statements had no impact on the price of the security, even though that evidence is also relevant to the substantive element of materiality." Petition at I. Defendants therefore respectfully suggest that the Court maintain the current stay in this matter pending the Supreme Court's decision in *Goldman Sachs*.

Alternatively, Defendants request that the Court order the parties to submit a joint case management schedule that provides for document requests and productions and other written discovery commencing on January 11, 2021, while deferring class certification briefing and expert discovery until after the end of June 2021 (the anticipated date of the Supreme Court's decision). Given the importance of class certification in a securities case, and that the Supreme Court has granted certiorari on a fundamental issue of how the Court is to evaluate the impending motion to certify the class, Defendants believe that this proposed schedule allows the Court and the parties to have the benefit of the Supreme Court's decision and is a prudent exercise of case management.

In the event the Court enters a full schedule at this stage, Defendants request that the Court consider the dates that are set out below. This proposed schedule is consistent with Rule 23's

command that "[a]t an early practicable time . . .the court must determine by order whether to certify the action as a class action," Fed. R. Civ. P. 23(c)(1)(A), and gets to that sooner than plaintiff's proposed schedule. The rest of the schedule largely tracks plaintiff's proposal but gives the parties and the Court more time between the last day for hearing a dispositive motion (if a dispositive motion is filed on the last day for such, September 15, 2021), and the dates for the pretrial conference and trial.

| EVENT | DATE |
|---|---|
| Case is Reopened | January 11, 2021 |
| Deadline to Exchange Initial Disclosures | January 25, 2021 |
| Deadline to File Stipulated Protective Order | February 1, 2021 |
| Deadline to File Motion for Class Certification | February 1, 2021 |
| Deadline to File Opposition Brief to Motion for Class Certification | March 15, 2021 |
| Deadline to Join Parties and Amend Pleadings | April 1, 2021 |
| Deadline to File Reply in Support of Motion for Class Certification | April 5, 2021 |
| Hearing on Motion for Class Certification | April 22, 2021 |
| Close of Merits Discovery | June 30, 2021 |
| Deadline to Serve Opening Expert Reports (party with burden) | July 15, 2021 |
| Deadline to Serve Rebuttal Expert Reports | July 30, 2021 |
| Close of Expert Discovery | August 16, 2021 |

| EVENT | DATE |
|---|---|
| Last Day to File Dispositive Motions | September 15, 2021 |
| Last Day to File Opposition Brief to Dispositive Motions [If dispositive motion filed September 15, 2021] | October 15, 2021 |
| Last Day to file Reply Brief in Support of Dispositive Motions [If dispositive motion filed September 15, 2021] | November 8, 2021 |
| Hearing on Dispositive Motions [If dispositive motion filed September 15, 2021] | November 18, 2021 |
| Final Pretrial Conference | January 6, 2022 |
| Jury Trial | January 18, 2022 |
| Deadline to file Post-Trial Motions | February 18, 2022 |
| Deadline to file Opposition Brief to Post-Trial Motions | March 18, 2022 |
| Deadline to file Reply Brief in Support of Post-Trial Motions | April 18, 2022 |
| Hearing on Post-Trial Motions | May 5, 2022 |

Dated:  December 21, 2020        KESSLER TOPAZ MELTZER & CHECK, LLP

By: /s/    *Jennifer L. Joost*
        Jennifer L. Joost

One Sansome Street, Suite 1850
San Francisco, CA 94104
Tel:  (415) 400-3000
Fax:  (415) 400-3001
Email:  jjoost@ktmc.com

*Attorneys for Lead Plaintiff SEB Investment*
*Management AB and Lead Counsel for the Class*

JOINT STATUS REPORT                    11
CASE NO.:  5:18-cv-06720-LHK

1

2    Dated:  December 21, 2020           WILSON SONSINI GOODRICH & ROSATI
                                         Professional Corporation
3

4
                                         By: */s/      Ignacio E. Salceda*
5                                                Ignacio E. Salceda

6                                        650 Page Mill Road
                                         Palo Alto, CA  94304
7                                        Tel:  (650) 493-9300
                                         Fax:  (650) 565-5100
8                                        Email:  chashemi@wsgr.com

9                                        *Attorneys for Defendants Align Technology, Inc.,*
                                         *Joseph M. Hogan, and John F. Morici*
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**ATTESTATION**

I, Ignacio E. Salceda, am the ECF user whose ID and password are being used to file the Joint Status Report. In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that Jennifer Joost has concurred in this filing.

Dated:  December 21, 2020

By: /s/     *Ignacio E. Salceda*
Ignacio E. Salceda