1
2
3
4
5
6
7

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| SEB INVESTMENT MANAGEMENT AB, Individually and on Behalf of All Others Similarly Situated,<br><br>            Plaintiff,<br><br>v.<br><br>ALIGN TECHNOLOGY, INC., JOSEPH M. HOGAN, and JOHN F. MORICI,<br><br>            Defendants. | Case No. 5:18-cv-06720-LHK<br><br>CLASS ACTION<br><br>[PROPOSED] ORDER RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATION FOR STANDARD LITIGATION<br><br>Judge: Hon. Lucy H. Koh |

**1.     PURPOSE**

This Order will govern discovery of electronically stored information ("ESI") in this case as a supplement to the Federal Rules of Civil Procedure, this Court's Guidelines for the Discovery of Electronically Stored Information, and any other applicable orders and rules.

**2.     COOPERATION**

The parties are aware of the importance the Court places on cooperation and commit to cooperate in good faith throughout the matter consistent with this Court's Guidelines for the Discovery of ESI.

**3.     LIAISON**

The parties have identified liaisons to each other who are and will be knowledgeable about and responsible for discussing their respective ESI. Each e-discovery liaison will be, or have access to those who are, knowledgeable about the technical aspects of e-discovery, including the location, nature, accessibility, format, collection, search methodologies, and production of ESI in this matter. The parties will rely on the liaisons, as needed, to confer about ESI and to help resolve disputes without court intervention.

**4.     PRESERVATION**

Consistent with this Court's Guidelines for the Discovery of ESI and the Checklist for Rule 26(f) Meet and Confer Regarding Electronically Stored Information, the parties have discussed their preservation obligations and needs and agree that preservation of potentially relevant ESI will be reasonable and proportionate.

**5.     SEARCH**

The parties agree that in responding to an initial Fed. R. Civ. P. 34 request, or earlier if appropriate, and consistent with this Court's Guidelines for the Discovery of ESI and the Checklist for Rule 26(f) Meet and Confer Regarding Electronically Stored Information, they will meet and confer about methods to identify, collect, search, validate, and review ESI, and whether any phasing of discovery is appropriate.

**6.     PRODUCTION FORMATS**

**General Production Format**: Except as provided herein, all ESI and paper documents shall be produced as single-page, black and white, Group IV TIFF image files with the associated text and metadata (as applicable and available) specified herein. If specific ESI cannot be produced in the manner described

[PROPOSED] ORDER RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATION FOR STANDARD LITIGATION

below, the parties shall confer and cooperate to arrange for the mutually acceptable production of such ESI. This Order supersedes any ESI specifications served with document requests or any other requests for production of documents/ESI in this matter. This Order does not prevent any party from requesting or agreeing to different or additional ESI formats in future discovery requests, including pursuant to Fed. R. Civ. P. 34(b)(1)(C) and with respect to subpoenas pursuant to Fed. R. Civ. P. 45.

a) **Image Requirements**:

TIFF images files shall be of at least 300 DPI resolution. The parties shall endeavor to ensure that the page orientation (i.e., portrait or landscape) of a TIFF image file shall be the same as the underlying document from which the TIFF image is created. The page size of a TIFF image file shall be 8.5 x 11 inches unless, in the reasonable judgment of the producing party, a particular document requires a different page size. Each TIFF image shall be branded with a Bates number that must: (1) identify the party producing the document; (2) maintain a constant length of nine numeric digits (including 0-padding) across the entire production; and (3) be sequential within a given document. Each TIFF image file shall be named with the same page-level Bates-number branded on the underlying image.

b) **Text Requirements**:

All ESI and paper documents shall be produced with a corresponding multipage text file (i.e., one .TXT file per electronic file or paper document as opposed to one text file per page). The text file for ESI shall be created by extracting text directly from the underlying native file, unless the ESI must be redacted prior to production, in which case the text file shall be generated by applying industry standard OCR technology to the redacted version of the ESI. The text file for paper documents shall also be created using industry standard OCR technology. Each text file shall be named with the beginning Bates number of the electronic file or paper document to which the text file relates.

c) **Metadata Requirements**:

All ESI shall be produced with the metadata specified in Exhibit A to this Order (as applicable), unless such metadata itself contains information subject to the attorney-client privilege or attorney work-product protection. If some or all of the metadata cannot be extracted from its ESI during standard processing, the document shall be produced in native format (as specified below) where possible. If some or all of the metadata cannot be extracted during standard processing and the producing party believes it

is not possible to produce the document in native format, the parties shall confer and cooperate to arrange for the mutually acceptable production of such document.

**d)** __Native Production__:

The following types of ESI shall be produced in native format: (1) spreadsheet files such as Microsoft Excel (including .csv and similar files); (2) Microsoft Access Files; (3) slide presentation files such as Microsoft PowerPoint; (4) word processing files such as Microsoft Word; and (5) audio or video files such as .wav or .mpeg files. Additionally, ESI shall be produced in native format if the TIFF version of the Document is not reasonably usable. Slide presentation files and word processing files shall be produced in both TIFF and native format.

When producing ESI in native format, the producing party shall provide a corresponding single-page TIFF placeholder stating "Document Produced in Native Format" unless the ESI is being produced in both native and TIFF format, in which case no TIFF placeholder is required. The TIFF placeholder shall be branded with a Bates number meeting the requirements set forth above and any applicable confidentiality or other designation permitted by the parties' agreement or the Court's orders. The producing party shall name the produced version of the native electronic file with the Bates number affixed to the TIFF placeholder corresponding to the electronic file or, in the case of ESI produced in both native and TIFF formats, with the BEGNO for that document. The producing party also shall provide the text and metadata for the underlying electronic file, including the original file name, as explained above.

When producing ESI that contains color in both native and TIFF format, the producing party need not produce the ESI in TIFF format in color.

If the ESI must be redacted for attorney-client privilege or attorney work product protection, the producing party shall first utilize native redaction tools where possible for documents that only are produced in native format. If the producing party believes that it is not possible to utilize native redaction tools for documents that are only produced in native format, the parties shall confer and cooperate to arrange for the mutually acceptable production of such documents. If ESI that shall be produced in both TIFF and native format requires redaction for attorney-client privilege or attorney work-product protection, that ESI may be produced in TIFF format with the necessary redactions and no native shall be

provided. In the event that the original of such a document contains color, it shall be produced be produced as single-page, 300 DPI, color JPG images.

The parties shall comply with their obligations under Fed. R. Civ. P. 26(b)(5)(A)(i) by providing a list that identifies each document or file as to which information has been withheld on the basis of the attorney-client privilege or work-product doctrine via redaction. The parties shall confer regarding the format in which they shall comply with their obligations under Fed. R. Civ. P. 26(b)(5)(A)(ii) for information withheld on the basis of the attorney-client privilege or work-product doctrine via redaction.

**e)**     **Load Files**:

All productions of ESI and paper documents shall be accompanied with data load files and image load files. Each producing party shall provide data and image load files in a format that is reasonably necessary to allow a receiving party to load productions to its document review or case management database.

**f)**     **Family Relationships**:

Parent-child relationships between electronic files (e.g., the association between an attachment and its parent email, or a spreadsheet embedded within a word processing document), must be preserved by assigning sequential Bates numbers to all files within a parent-child group, and by providing accurate attachment ranges for those files in the metadata fields identified below.

To the extent a document that will be withheld in its entirety due to an assertion of attorney-client privilege or the attorney work-product doctrine ("Withheld Document") is part of a "document family" that includes both privileged and non-privileged documents, the following instructions govern the production of that ESI.

If the Withheld Document within the "document family" is a parent email, a copy of the Withheld Document shall be produced with the header of the email visible and the remainder of the Withheld Document redacted. The Withheld Document's metadata also shall be produced. If there is an assertion of privilege with respect to the header email or email metadata of the Withheld Document, only the information that is itself subject to the privilege shall be redacted (in the case of the email header) or withheld (in the case of the email metadata).

[PROPOSED] ORDER RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATION FOR
STANDARD LITIGATION

If the Withheld Document within the "document family" is a child attachment, the Withheld Document will be represented in the production by a placeholder TIFF image that bears the legend, "Document Withheld as Privileged" and will be endorsed with a sequential Bates number. The Withheld Document's metadata shall be produced. If there is an assertion of privilege with respect to the Withheld Document's metadata, only the information that is itself subject to the privilege shall be withheld.

Each Withheld Document shall be logged on a privilege log, regardless of whether it is a parent email or a child attachment.

**g)** **Paper Documents**:

All paper documents should be scanned and produced as single-page, TIFF images as described in section 6(a) above. All documents are to be provided with per document searchable text files that contain full text extraction. In the event a document is scanned into TIFF format, the text file should contain that document's OCR text. The OCR software should maximize text quality over process speed. Settings such as "auto-skewing" and "auto-rotation" should be turned on during the OCR process. The documents should be logically unitized (i.e., distinct documents should not be merged into a single record, and a single document should not be split into multiple records) and should be produced in the order in which they are kept in the usual course of business. The text and image load files should indicate page breaks. If an original document contains color, the document should be produced as single-page, 300 DPI, color JPG images. This includes color on graphs, charts, presentations, edits, or highlights that were made by hand or electronically on the original.

Metadata for hard copy documents shall include: (i) Production Number Begin; (ii) Production Number End; (iii) Production Attachment Range Number Begin; (iv) Production Attachment Range Number End; (v) Production Doc Page Count; and (vi) Custodian.

**h)** **Embedded Files**:

Files embedded within other files shall be extracted, and shall be considered "child" attachments. An embedded document should be processed and produced consistent with its category of ESI, rather than the category of its parent document. All embedded files produced under this procedure shall be produced subject to the same requirements set forth above. Load files for such embedded files shall refer to the parent document in which the file was embedded.

**i)** **Hidden Content**:

To the extent that a document being produced with TIFF image files contains hidden content, tracked changes, comments, notes, or other similar information, it shall be imaged so that such information is captured on the produced image file.

**j)** **Deduplication**:

Removal of duplicate documents must be done for exact duplicate documents (based on MD5 or SHA-1 hash values at the parent-document level) and must be done across custodians and sources. Near-duplicate documents shall be produced rather than removed. The custodian associated with the first copy of a document processed will be considered the primary custodian for that document (the custodian who will be used as the basis for determining which other collected documents are duplicates). The producing party shall produce an "All Custodian" field listing each processed custodian or source who or which possessed a duplicate document.

**k)** **Email Threading**:

The producing party may not utilize email threading to cull the set of ESI searched or reviewed in response to discovery requests without first meeting and conferring with the receiving party.

**l)** **Handwritten Notes or Other Alterations**:

If there are any handwritten notes, or any other markings, on a document, it shall not be considered a duplicate. Any document that contains an alteration, marking on, or addition to the original document shall be treated as a distinct version, and shall be produced as such. These alterations include handwritten notes, electronic notes/tabs, edits, highlighting, or redlining.

**m)** **Encrypted Data**:

If any data source with ESI responsive to discovery request(s) or individual ESI responsive to discovery request(s) is corrupted, password-protected, encrypted, or not readable, the producing party shall make reasonable efforts to access the data source or file and produce to requesting party the responsive ESI and any additional information necessary to access it. If the producing party believes that the efforts necessary to access the data source or file are not reasonable, the parties shall confer and cooperate to arrange for the mutually acceptable production of such ESI.

n)      **Production of Relational Database ESI**:

The parties will promptly meet and confer regarding the format of production of data from enterprise or other corporate relational databases if responsive ESI is contained in such databases.

o)      **Other ESI**:

If the producing party agrees or is otherwise required to search a source of ESI not identified above, the parties shall meet and confer regarding the appropriate collection and production formats for such ESI.

p)      **Requests for Color or Native Production**:

After the production of imaged ESI, a requesting party may request that the producing party produce individual imaged files in color and/or native format if some or all of the imaged files are not sufficiently readable or legible or if the requesting party can otherwise demonstrate a particularized need for production of the document in another format.

q)      **Production**:

The producing party may deliver productions on digital media (such as a CD-ROM, DVD, or external hard drive) or via a secure internet transfer tool (such as an SFTP site or ShareFile).

**7.      MODIFICATION**

This Order may be modified by a stipulated order of the parties or by the Court for good cause shown.

**8.      DOCUMENTS PROTECTED FROM DISCOVERY**

Pursuant to Fed. R. Evid. 502(d), the inadvertent production of a privileged or work-product-protected document is not a waiver of privilege or protection from discovery in this case or in any other federal or state proceeding. For example, the mere production of privileged or work-product-protected documents in this case as part of a mass production is not itself a waiver in this case or in any other federal or state proceeding.

**IT IS ORDERED**.

DATED: _____March 24, 2021_____        _Virginia K. DeMarchi_

Hon. Virginia K. DeMarchi
United States Magistrate Judge

[~~PROPOSED~~] ORDER RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATION FOR STANDARD LITIGATION

**EXHIBIT A**

**METADATA FIELDS**

| Field Name | Description | Example / Format |
|---|---|---|
| BEGDOC | The Document ID number of first page of the document. | ABC0000001 |
| ENDDOC | The Document ID number of the last page of a document. | ABC0000003 |
| BEGATTACH | The Document ID number of the first page of the parent document. | ABC0000001 |
| ENDATTACH | The Document ID number of the last page of the last attachment. | ABC0000008 |
| PARENT ID | Bates number associated with first page of parent document | |
| PGCOUNT | The number of pages in a document. (image records) | Numeric |
| CUSTODIAN | The primary custodian/source of a document from which the document originated. | Smith, Joe; Doe, Jane |
| ALL CUSTODIAN | All processed custodians/sources of a document from which the document originated. | |
| FILE PATH / FOLDER | Location of the original document / location in the ordinary course of business. This field should be populated for email and electronic files, and for hard copies where available. | Joe Smith/E-mail/Inbox Joe Smith/E-mail/Deleted Items |
| VOLUME | The name of the CD or Hard Drive for ESI, or collection, binder, cabinet for hard copy docs | VOL0001 |
| RECORD TYPE | The type of document / record. | Email, hard copy, loose eFile |
| CONFIDENTIALITY | Indication if the document has been designated as "Confidential" pursuant to any applicable confidentiality or protective order | Confidential |
| REDACTED | Indication if the document has been redacted to withhold information protected by the attorney-client privilege or attorney work product doctrine; "Yes" for redacted documents or "No" for non-redacted documents | |
| WITHHELD | Indication that the document has been withheld on the basis of the attorney-client privilege or attorney work product doctrine; "Yes" for withheld documents | |
| EMAIL SUBJECT | The subject line of the e-mail. | |
| EMAIL AUTHOR / FROM | The display name and e-mail of the author of an e-mail. | Joe Smith <jsmith@email.com> |
| EMAIL RECIPIENTS / TO | The display name and e-mail of the recipient(s) of an e-mail. | Joe Smith <jsmith@email.com>; tjones@email.com |
| EMAIL CC | The display name and e-mail of the copyee(s) of an e-mail. | Joe Smith <jsmith@email.com>; tjones@email.com |
| EMAIL BCC | The display name and e-mail of the blind copyee(s) of an e-mail. | Joe Smith <jsmith@email.com>; tjones@email.com |
| EMAIL ATTACHMENT COUNT | The number of attachments to a parent | Numeric |
| EMAIL ATTACHMENT NAME | The original file name of attached record. | Attach1.doc |
| RECEIVED DATE | The date the document was received. | MM/DD/YYYY |
| RECEIVED TIME | The time the document was received. | HH:MM |
| SENT DATE | The date the document was sent. | MM/DD/YYYY |

| Field | Description | Example |
|---|---|---|
| SENT TIME | The time the document was sent. | HH:MM |
| EMAIL IMPORTANCE | E-mail Importance Flag | Normal, Low, High |
| EMAIL CONVERSATION INDEX / THREAD TEXT | ID used to tie together e-mail threads. | 01C72AC4C |
| TIME OFFSET VALUE / TIMEZONE PROCESSED | The time zone that the data is set to when processed. | PST, CST, EST, etc |
| FILE NAME | The file name of a native document. | Document Name.xls |
| FILE AUTHOR | The author of a document from extracted metadata. | jsmith |
| DOC TITLE | The extracted title of the document | Table of Contents |
| FILE MANAGER / APPLICATION DESCRIPTION | Native file application | Microsoft Excel, Word, etc. |
| FILE EXTENSION | The file extension of a document. | XLS |
| HIDDEN DATA | Whether hidden exists in the doc. For example, hidden Excel cells or Powerpoint comments or slides | Y,N,Blank |
| FILE CREATE DATE | The date the document was created. | MM/DD/YYYY |
| FILE CREATE TIME | The time the document was created. | HH:MM |
| FILE LAST MODIFICATION DATE | The date the document was last modified. | MM/DD/YYYY |
| FILE LAST ACCESS DATE | The date the document was last accessed. | MM/DD/YYYY |
| FILE LAST SAVED BY | The last individual to save the file. | jsmith |
| FILE LAST EDITED BY | The name of the last person to edit the document from extracted metadata. | jsmith |
| DATE APPOINTMENT START | Date of calendar appointment entry | MM/DD/YYYY |
| TIME APPOINTMENT START | Start time of calendar appointment entry | HH:MM |
| DATE APPOINTMENT END | End date of calendar appointment entry | MM/DD/YYYY |
| TIME APPOINTMENT END | End time of calendar appointment entry | HH:MM |
| FILESIZE | The file size of a document (Including embedded attachments). | Numeric |
| MD5HASH | The MD5 Hash value or de-duplication key" assigned to a document. " | |
| NATIVE LINK | The full path to a native copy of a document. | D:\NATIVES\ABC000001.xls |
| FULL TEXT | The path to the full extracted text of the document. There should be a folder on the deliverable, containing a separate text file per document. These text files should be named with their corresponding bates numbers. Note: E-mails should include header information: author, recipient, cc, bcc, date, subject, etc. If the attachment or e-file does not extract any text, then OCR for the document should be provided. | D:\TEXT\ABC000001.txt |

[PROPOSED] ORDER RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATION FOR STANDARD LITIGATION