UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SEB INVESTMENT MANAGEMENT AB, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>ALIGN TECHNOLOGY, INC., et al.,<br><br>Defendants. | Case No. 18-cv-06720-LHK (VKD)<br><br>**ORDER RE DISCOVERY DISPUTE RE PROTECTIVE ORDER**<br><br>Re: Dkt. Nos. 155, 164 |

The parties initially asked the Court to resolve a dispute concerning two provisions of a proposed protective order governing the use of confidential information in this case. Dkt. No. 156. The Court held a hearing on the dispute and directed the parties to confer further as to one of the disputed provisions. Dkt. No. 161. The parties now advise that they have reached agreement on a provision governing disclosure of protected material to experts. Dkt. No. 164. The Court will now resolve the sole remaining dispute, which concerns the handling of protected material during the depositions of witnesses who are not current employees, agents, experts, or consultants of the designating party. *See* Dkt. No. 155 at 3, 5-7.

The parties' dispute concerns section 7.2 of the Model Protective Order which specifies to whom a party may disclose a designating party's confidential information. Defendants argue for a provision that would restrict plaintiffs' ability to disclose defendant Align Technology, Inc.'s confidential information to a deposition witness who is not a current Align employee, consultant, expert, or agent, and who is not "the custodian, author, or recipient of a document containing the information or a person who otherwise possessed or knew the information." They say that this

1  restriction is necessary to prevent plaintiffs from sharing Align's confidential information with a
2  deposition witness who is a former Align employee but is now a current employee or agent of one
3  of Align's competitors. *Id.* at 4, Ex. D-1 (sec. 7.2(i)). Plaintiffs oppose this restriction and urge
4  the Court to adopt, without modification, the provision that appears as section 7.2(f) in the Model
5  Protective Order. *Id.* at 5, Ex. LP-1 (sec. 7.2(i)). They say that there is no justification for the
6  restriction defendants advocate and argue that it unduly burdens plaintiffs' ability to obtain
7  deposition testimony. *Id.* at 6-7. The parties' competing proposals are:

| **Plaintiffs' Proposal (sec. 7.2(i))** | **Defendants' Proposal (sec. 7.2(i))** |
|---|---|
| [A] Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to: . . . , during their depositions, witnesses in the Action to whom disclosure is reasonably necessary and who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court. | [A] Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to: . . . , during their depositions, noticed or subpoenaed deponents who are current employees, agents, expert, or consultants of the Designating Party, and their counsel, provided disclosure is reasonably necessary and they have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A). |

17      As a practical matter, this dispute appears to involve a circumstance that is unlikely ever to
18  arise. Defendants' principal concern is the exposure of Align's confidential information to a
19  current competitor by means of plaintiffs' deposition of a former Align employee who is now a
20  current employee of the competitor. It is difficult for the Court to imagine a situation in which it
21  would be "reasonably necessary" for plaintiffs to show a confidential Align document to a fact
22  witness who (a) was not a custodian, author, or recipient of the document, or (b) did not otherwise
23  know or possess the information. *See id.* Exs. D-1 and LP-1 (agreed sec. 7.2(j)). In any event,
24  defendants have not shown that the confidential information likely to be disclosed in discovery
25  and used with a witness in deposition warrants the restriction Align proposes, particularly given
26  that discovery will focus on events that occurred in 2018. Accordingly, the Court adopts
27  plaintiffs' proposal.
28      The parties shall submit for the Court's review and approval a proposed protective order

that includes plaintiffs' proposal for section 7.2(i) and their agreed text for the remainder of the proposed order.

**IT IS SO ORDERED.**

Dated: March 25, 2021

_____
VIRGINIA K. DEMARCHI
United States Magistrate Judge