UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SEB INVESTMENT MANAGEMENT AB, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>ALIGN TECHNOLOGY, INC., et al.,<br><br>Defendants. | Case No. 18-cv-06720-LHK (VKD)<br><br>**ORDER RE MAY 18, 2021 DISCOVERY DISPUTE RE DEFENDANTS' INTERROGATORIES NOS. 9 AND 11**<br><br>Re: Dkt. No. 174 |

Plaintiff SEB Investment Management AB ("SEB") and defendant Align Technology, Inc. ("Align") dispute whether SEB has provided complete responses to Align's Interrogatories Nos. 9 and 11. Dkt. No. 174. The Court held a hearing on the matter on June 1, 2021. Dkt. No. 178.

The parties dispute whether SEB should be required to supplement its answers to the following interrogatories:

> Interrogatory No. 9: For each transaction identified in YOUR response to Interrogatory No. 7, identify each PERSON with whom YOU consulted OR conferred before engaging in the transaction.
>
> Interrogatory No. 11: Identify AND describe the role, job, title, AND dates of employment of ALL PERSONS involved in OR responsible for (including, but not limited to, officers, directors, trustees, managers, brokers, investment consultants, FINANCIAL ADVISORS, analysts, OR PORTFOLIO MANAGERS) YOUR decision(s) to purchase, sell, hold, OR otherwise acquire OR dispose of ALIGN SECURITIES from January 1, 2018 to present.

Dkt. No. 174-1 at 5. As presented in the parties' joint submission, the issue in dispute was whether these interrogatories encompass the identification of persons who may have provided advice to SEB concerning "investment strategy," even if that advice was not about a particular

transaction. During the hearing, it appeared that the parties' disagreement might not be material to SEB's interrogatory answers. However, as the matter has been briefed and argued, the Court will decide it.

Interrogatory No. 9 plainly requires SEB to identify each person with whom it consulted or conferred before engaging in the relevant transactions. The interrogatory is not limited to conference or consultation about a specific transaction, but encompasses advice bearing on each transaction that SEB ultimately made. If SEB obtained strategic investment advice that it considered in any way before engaging in the relevant transactions (whether it relied on the advice in whole or in part, or rejected the advice), it must disclose the person or persons with whom it consulted or conferred to obtain that advice.

Interrogatory No. 11 is limited to persons involved in or responsible for SEB's decisions to transact in Align securities during the specified time period. SEB's obligation to identify such persons does not depend on whether the person was a provider of strategic investment advice, but on whether the person was "involved in" or "responsible for" SEB's decisions. SEB must identify all such persons. A person is not involved in or responsible for decision-making if he or she merely provides advice to someone else who has a decision-making role.

SEB must either amend its responses to Interrogatories Nos. 9 and 11 to comply with the foregoing discussion, or it must advise Align in writing that it has no amendments to make because its existing answers fully respond to these interrogatories. Any amended responses must be served by **June 15, 2021** and must be verified, unless the parties agree to a different deadline.

**IT IS SO ORDERED.**

Dated: June 3, 2021

VIRGINIA K. DEMARCHI
United States Magistrate Judge