EXHIBIT 1

EXECUTION COPY

**KESSLER TOPAZ**
  **MELTZER & CHECK, LLP**
JENNIFER L. JOOST (Bar No. 296164)
STACEY M. KAPLAN (Bar No. 241989)
One Sansome Street, Suite 1850
San Francisco, CA 94104
Tel: (415) 400-3000
Fax: (415) 400-3001
jjoost@ktmc.com
skaplan@ktmc.com

*Counsel for Lead Plaintiff SEB Investment Management AB and Lead Counsel for the Class*

[*Additional Counsel on Signature Page*]

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| SEB INVESTMENT MANAGEMENT AB, Individually and on Behalf of All Others Similarly Situated, | Case No. 5:18-cv-06720-LHK |
| Plaintiff, | CLASS ACTION |
| v. | STIPULATION AND AGREEMENT OF SETTLEMENT |
| ALIGN TECHNOLOGY, INC., JOSEPH M. HOGAN, and JOHN F. MORICI, | |
| Defendants. | Courtroom:    8, 4th Floor<br>Judge:    Hon. Lucy H. Koh |

EXECUTION COPY

This Stipulation and Agreement of Settlement dated as of June 30, 2021 ("Stipulation") is entered into between: (a) Court-appointed Lead Plaintiff SEB Investment Management AB ("Lead Plaintiff"), on behalf of itself and the Settlement Class (as defined below); and (b) Align Technology, Inc. ("Align" or the "Company"), Joseph M. Hogan, and John F. Morici (collectively, "Defendants" and, together with Lead Plaintiff, the "Parties"), by and through their respective undersigned counsel, and embodies the terms and conditions of the Parties' settlement of the above-captioned action ("Action").[1] Subject to the approval of the Court and the terms and conditions expressly provided herein, this Stipulation is intended to fully, finally, and forever compromise, settle, release, resolve, and dismiss with prejudice the Action and all claims asserted therein.

WHEREAS:

A.      On November 5, 2018, a putative securities class action complaint, styled *Xiaojiao Lu v. Align Technology, Inc., et al.*, Case No. 5:18-cv-06720-LHK ("*Lu* Action"), was filed in the United States District Court for the Northern District of California ("Court") on behalf of certain purchasers of Align common stock. ECF No. 1. This case was assigned to the Honorable Lucy H. Koh. ECF No. 4.

B.      On December 12, 2018, a similar securities class action complaint, styled *David Infuso v. Align Technology, Inc., et al.*, Case No. 3:18-cv-07469-WHA ("*Infuso* Action"), was filed in this Court. On January 2, 2019, the Court granted an administrative motion to relate the two cases. ECF No. 11.

C.      By Order dated March 22, 2019, the Court consolidated the *Lu* and *Infuso* Actions, appointed SEB Investment Management AB as Lead Plaintiff, and approved Lead Plaintiff's selection of Kessler Topaz Meltzer & Check, LLP as Lead Counsel for the class. ECF No. 72.

D.      On May 10, 2019, Lead Plaintiff filed the Consolidated Class Action Complaint for Violation of the Federal Securities Laws ("Consolidated Complaint"). ECF No. 87. The Consolidated Complaint asserted claims under Sections 10(b), 20(a), and 20A of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. §§ 78j(b) 78n(a), and 78t(a), and SEC Rule 10b-5, 17 C.F.R. § 240.10b-5, promulgated thereunder, against Align, Joseph M. Hogan, John F. Morici, Raphael S. Pascaud, and Emory M. Wright (collectively, "Consolidated Complaint Defendants").

---

[1]      All terms with initial capitalization not otherwise defined herein shall have the meanings ascribed to them in ¶ 1 of this Stipulation.

E.      The Consolidated Complaint Defendants moved to dismiss the Consolidated Complaint on June 24, 2019 ("First Motion to Dismiss"). ECF No. 92. The Consolidated Complaint Defendants also submitted a Request for Judicial Notice and Notice of Incorporation in support of their First Motion to Dismiss ("First Request for Judicial Notice"). ECF No. 93. Lead Plaintiff opposed the First Motion to Dismiss on August 13, 2019 (ECF No. 97), and the Consolidated Complaint Defendants filed replies in support of their First Motion to Dismiss and First Request for Judicial Notice on September 12, 2019 (ECF Nos. 98 & 99).

F.      By Order dated October 29, 2019, the Court granted the First Motion to Dismiss ("First MTD Order"), but provided Lead Plaintiff leave to file an amended complaint within 30 days. ECF No. 107.

G.      In accordance with the First MTD Order, Lead Plaintiff filed the Amended Consolidated Class Action Complaint for Violation of the Federal Securities Laws on November 29, 2019 ("Amended Consolidated Complaint"). ECF No. 120.[2] The Amended Consolidated Complaint asserts claims under Sections 10(b), 20(a), and 20A of the Exchange Act, 15 U.S.C. §§ 78j(b) 78n(a), and 78t(a), and SEC Rule 10b-5, 17 C.F.R. § 240.10b-5, promulgated thereunder, against Defendants. The Amended Consolidated Complaint alleges that Defendants made materially false or misleading statements regarding the impact of competition on Align's business, particularly its comprehensive clear aligner business. The Amended Consolidated Complaint further alleges that the price of Align common stock was artificially inflated during the period between May 23, 2018, and October 24, 2018, as a result of Defendants' allegedly false or misleading statements, and declined when the alleged truth was revealed after the close of the market on October 24, 2018.

H.      Defendants moved to dismiss the Amended Consolidated Complaint on July 17, 2020 ("Second Motion to Dismiss"). ECF No. 122. Defendants also submitted a Request for Judicial Notice and Notice of Incorporation in support of their motion ("Second Request for Judicial Notice"). ECF No. 123. Lead Plaintiff opposed the Second Motion to Dismiss on March 2, 2020 (ECF No. 130), and Defendants

---

[2]      The Amended Consolidated Complaint does not allege claims against two of the Consolidated Complaint Defendants (Ralph Pascaud and Emory Wright), and changed the class period start date from April 25, 2018 to May 23, 2018.

filed replies in support of their Second Motion to Dismiss and Second Request for Judicial Notice on April 1, 2020 (ECF Nos. 131 & 132).

I.      By Order dated September 9, 2020, the Court granted in part and denied in part Defendants' Second Motion to Dismiss ("Second MTD Order"). ECF No. 138.

J.      On September 23, 2020, Defendants filed their Answer to the Amended Consolidated Complaint. ECF No. 142. Defendants amended their Answer on February 4, 2021. ECF No. 152.

K.      Following the issuance of the Second MTD Order, the Parties began discussing the possibility of resolving the Action through settlement and agreed to mediate before Gregory P. Lindstrom of Phillips ADR ("Mr. Lindstrom"). A mediation session with Mr. Lindstrom was scheduled for November 23, 2020. In advance of the mediation, the Parties exchanged detailed mediation statements addressing liability and damages issues. The Parties were unable to resolve the Action at the November 2020 mediation, and commenced discovery immediately thereafter.

L.      While discovery was ongoing, the Parties agreed to participate in a second mediation session before Mr. Lindstrom, to occur on June 10, 2021. In advance of the mediation, the Parties engaged in discovery, presented certain discovery disputes to Magistrate Judge Virginia K. DeMarchi, and reviewed the documents each side had produced to date. Following hard-fought, arm's-length negotiations at the mediation and over the course of the following day, the Parties reached an agreement in principle to resolve the Action and memorialized their agreement in a binding Confidential Term Sheet executed on June 11, 2021 ("Term Sheet"). The Term Sheet sets forth, among other things, the Parties' agreement to settle the Action and release all claims against Defendants in return for a cash payment of $16,000,000 for the benefit of the Settlement Class. This Stipulation (together with the exhibits hereto) incorporates all of the Term Sheet's material provisions, and reflects the final and binding agreement between the Parties.

M.      Based upon their investigation, prosecution, and mediation of the case, Lead Plaintiff and Lead Counsel have concluded that the terms and conditions of this Stipulation are fair, reasonable, and adequate to Lead Plaintiff and the other Settlement Class Members, and in their best interests. Based on Lead Plaintiff's direct oversight of the prosecution of this matter and with the advice of Lead Counsel, Lead Plaintiff has agreed to settle and release the Lead Plaintiff's Released Claims (as defined below) pursuant to the terms and provisions of this Stipulation, after considering, among other things: (i) the

substantial financial benefit that Lead Plaintiff and the other Settlement Class Members will receive under the proposed Settlement; and (ii) the significant risks and costs of continued litigation and trial.

N.      This Stipulation constitutes a compromise of all matters that are in dispute between the Parties. Defendants are entering into this Stipulation solely to eliminate the uncertainty, burden, and expense of further protracted litigation. Each of the Defendants denies any wrongdoing, and this Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of any of the Defendants with respect to any claim or allegation of any fault, liability or wrongdoing whatsoever, the appropriateness of class certification, or the scope of damage (if any), or any infirmity in the defenses that Defendants have, or could have, asserted. Defendants expressly deny that Lead Plaintiff has asserted any valid claims as to any of them, and expressly deny any and all allegations of fault, liability, wrongdoing, or damages whatsoever. Similarly, this Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of Lead Plaintiff of any infirmity in any of the claims asserted in the Action, or an admission or concession that any of Defendants' defenses to liability had any merit.

O.      NOW THEREFORE, it is hereby STIPULATED AND AGREED, by and among Lead Plaintiff (individually and on behalf of all Settlement Class Members) and Defendants, by and through their respective undersigned counsel, and subject to the approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, that, in consideration of the benefits flowing to the Parties from the Settlement, all Lead Plaintiff's Released Claims as against the Released Defendants' Parties and all Defendants' Released Claims as against the Released Lead Plaintiff's Parties shall be settled and released, upon and subject to the terms and conditions set forth below.

## **DEFINITIONS**

1.      As used in this Stipulation and any exhibits attached hereto and made a part hereof, the following capitalized terms shall have the following meanings:

(a)      "Action" means *SEB Investment Management AB et al. v. Align Technology, Inc. et al.*, Case No. 18-CV-06720-LHK (N.D. Cal.).

(b)      "Align" or the "Company" means Align Technology, Inc.

(c)     "Alternate Judgment" means a form of final judgment that may be entered by the Court herein but in a form other than the form of Judgment provided for in this Stipulation.

(d)     "Amended Consolidated Complaint" means the Amended Consolidated Class Action Complaint for Violation of the Federal Securities Laws filed by Lead Plaintiff in the Action on November 29, 2019 (ECF No. 120).

(e)     "Authorized Claimant" means a Settlement Class Member who or which submits a Claim Form to the Claims Administrator that is approved by the Court for payment from the Net Settlement Fund pursuant to the terms of the Court-approved Plan of Allocation.

(f)     "Claim" means a paper claim submitted on a Proof of Claim Form or an electronic claim that is submitted to the Claims Administrator.

(g)     "Claim Form" or "Proof of Claim Form" means the form, substantially in the form attached hereto as Exhibit 2 to Exhibit A, that a Claimant must complete and submit if that Claimant seeks to share in a distribution from the Net Settlement Fund.

(h)     "Claimant" means a person or entity who or which submits a Claim Form to the Claims Administrator seeking to be eligible to share in the Net Settlement Fund.

(i)     "Claims Administrator" means JND Legal Administration ("JND"), the firm retained by Lead Counsel, subject to approval of the Court, to administer the Settlement, including providing all notices approved by the Court to potential Settlement Class Members and processing Proof of Claim Forms.

(j)     "Class Distribution Order" means an order entered by the Court authorizing and directing that the Net Settlement Fund be distributed, in whole or in part, to Authorized Claimants.

(k)     "Court" means the United States District Court for the Northern District of California.

(l)     "Defendants" means Align Technology, Inc., Joseph M. Hogan, and John F. Morici.

(m)     "Defendants' Counsel" means the law firm of Wilson Sonsini Goodrich & Rosati, P.C.

(n)     "Defendants' Released Claims" means all claims and causes of action of every nature and description, whether known or Unknown Claims, whether arising under federal, state, local, common,

statutory, administrative, or foreign law, or any other law, rule, or regulation, at law or in equity, whether fixed or contingent, whether foreseen or unforeseen, whether accrued or unaccrued, whether liquidated or unliquidated, whether matured or unmatured, whether direct, representative, class, or individual in nature that arise out of or relate in any way to the institution, prosecution, or settlement of the claims in the Action against Defendants. Defendants' Released Claims shall not include any claims relating to the enforcement of the Settlement.

(o)     "Effective Date" with respect to the Settlement means the first date by which all of the events and conditions specified in ¶ 35 of this Stipulation have been met and have occurred or have been waived.

(p)     "Escrow Account" means an account maintained at The Huntington National Bank wherein the Settlement Amount shall be deposited and held in escrow under the control of Lead Counsel.

(q)     "Escrow Agent" means The Huntington National Bank.

(r)     "Escrow Agreement" means the agreement between Lead Counsel and the Escrow Agent setting forth the terms under which the Escrow Agent shall maintain the Escrow Account.

(s)     "Final," with respect to the Judgment or, if applicable, the Alternate Judgment, or any other court order means: (i) if no appeal is filed, the expiration date of the time provided for filing or noticing of any appeal under the Federal Rules of Appellate Procedure, i.e., thirty (30) days after entry of the Judgment or order; or (ii) if there is an appeal from the Judgment or order, (a) the date of final dismissal of all such appeals, or the final dismissal of any proceeding on certiorari or otherwise, or (b) the date the Judgment or order is finally affirmed on an appeal, the expiration of the time to file a petition for a writ of certiorari or other form of review, or the denial of a writ of certiorari or other form of review, and, if certiorari or other form of review is granted, the date of final affirmance following review pursuant to that grant. However, any appeal or proceeding seeking subsequent judicial review pertaining solely to an order issued with respect to: (i) attorneys' fees, costs, or expenses; or (ii) the plan of allocation for the Settlement proceeds (as submitted or subsequently modified), shall not in any way delay or preclude the Judgment or, if applicable, the Alternate Judgment, from becoming Final.

(t)     "Final Approval Hearing" means the hearing set by the Court under Rule 23(e)(2) of the Federal Rules of Civil Procedure to consider final approval of the Settlement.

(u)     "Immediate Family Members" means, as defined in 17 C.F.R. §229.404, Instructions 1(a)(iii) and 1(b)(ii), children, stepchildren, parents, stepparents, spouses, siblings, mothers-in-law, fathers-in-law, sons-in-law, daughters-in-law, brothers-in-law, sisters-in-law and any persons (other than a tenant or employee) sharing the household.

(v)     "Judgment" means the order, substantially in the form attached hereto as Exhibit B, to be entered by the Court approving the Settlement.

(w)     "Lead Counsel" means the law firm of Kessler Topaz Meltzer & Check, LLP.

(x)     "Lead Plaintiff" means SEB Investment Management AB.

(y)     "Lead Plaintiff's Released Claims" means all claims, demands, rights, and causes of action, or liabilities of every nature and description, whether known or Unknown Claims, whether arising under federal, state, local, common, statutory, administrative, or foreign law, or any other law, rule, or regulation, at law or in equity, whether fixed or contingent, whether foreseen or unforeseen, whether accrued or unaccrued, whether liquidated or unliquidated, whether matured or unmatured, whether direct, representative, class, or individual in nature that (a) Lead Plaintiff or any other member of the Settlement Class: (i) asserted in the Action or (ii) could have asserted in any court or forum that arise out of or are based upon any of the allegations, transactions, facts, matters or occurrences, representations, or omissions set forth in the Action; and (b) relate to the purchase or other acquisition of Align common stock during the Settlement Class Period. Lead Plaintiff's Released Claims shall not include: (i) any claims asserted by shareholders on behalf of Align in the two related derivative lawsuits that have been stayed pending the resolution of this Action (*In re Align Tech., Inc. Deriv. Litig.*, Case No. 19-CV-00202-LHK (N.D. Cal.) and *Muhammad Abbas v. Joseph M. Hogan, et al.*, Case No. 19CV346429 (Sup. Ct. Cnty. of Santa Clara)); (ii) any claims relating to the enforcement of the Settlement; or (iii) any claims of any person or entity who or which submits a request for exclusion from the Settlement Class that is accepted by the Court.

(z)     "Litigation Expenses" means costs and expenses incurred in connection with commencing, prosecuting, and settling the Action for which Lead Counsel intends to apply to the Court for payment or reimbursement from the Settlement Fund.

1   (aa)   "Net Settlement Fund" means the Settlement Fund less: (i) Taxes;

2   (ii) Notice and Administration Costs; (iii) any Litigation Expenses awarded by the Court; (iv) any

3   attorneys' fees awarded by the Court; and (v) any other costs or fees approved by the Court.

4   (bb)   "Notice" means the Notice of (I) Pendency of Class Action and Proposed Settlement;

5   (II) Final Approval Hearing; and (III) Motion for Attorneys' Fees and Litigation Expenses, substantially

6   in the form attached hereto as Exhibit 1 to Exhibit A, which is to be mailed to Settlement Class Members.

7   (cc)   "Notice and Administration Costs" means the costs, fees, and expenses that are

8   incurred by the Claims Administrator and/or Lead Counsel in connection with: (i) providing notices to the

9   Settlement Class; and (ii) administering the Settlement, including but not limited to the Claims process, as

10  well as the costs, fees, and expenses incurred in connection with the Escrow Account.

11  (dd)   "Parties" means Defendants and Lead Plaintiff, on behalf of itself and the Settlement

12  Class.

13  (ee)   "Plan of Allocation" means the proposed plan of allocation of the Net Settlement

14  Fund set forth in the Notice or any other plan for allocating the Net Settlement Fund as shall be approved

15  by the Court. Neither Defendants nor Defendants' Released Parties shall have any responsibility for or

16  liability with respect to the Plan of Allocation.

17  (ff)   "Preliminary Approval Order" means the order, substantially in the form attached

18  hereto as Exhibit A, to be entered by the Court preliminarily approving the Settlement and directing that

19  notice of Settlement be provided to the Settlement Class.

20  (gg)   "PSLRA" means the Private Securities Litigation Reform Act of 1995, as amended.

21  (hh)   "Released Claims" means all Defendants' Released Claims and all Lead Plaintiff's

22  Released Claims.

23  (ii)   "Released Defendants' Parties" means (I) each Defendant, (II) each of their

24  respective Immediate Family Members (for individuals) and each of their direct or indirect parent entities,

25  subsidiaries, related entities, and affiliates, any trust of which any individual Defendant is the settlor or

26  which is for the benefit of any Defendant and/or member(s) of his or her family, and (III) for any of the

27  entities listed in parts (I) or (II), their respective past and present general partners, limited partners,

28  principals, shareholders, joint venturers, members, officers, directors, managers, managing directors,

supervisors, employees, contractors, consultants, auditors, accountants, financial advisors, professional advisors, investment bankers, representatives, insurers, trustees, trustors, agents, attorneys, professionals, predecessors, successors, assigns, heirs, executors, administrators, and any controlling person thereof, in their capacities as such, and any entity in which a Defendant has a controlling interest.

(jj)    "Released Lead Plaintiff's Parties" means (I) Lead Plaintiff, all Settlement Class Members, Lead Counsel, and (II) each of their respective family members, and their respective general partners, limited partners, principals, shareholders, joint venturers, members, officers, directors, managers, managing directors, supervisors, employees, contractors, consultants, auditors, accountants, financial advisors, professional advisors, investment bankers, representatives, insurers, trustees, trustors, agents, attorneys, professionals, predecessors, successors, assigns, heirs, executors, administrators, and any controlling person thereof, in their capacities as such.

(kk)    "Releasee(s)" means each and any of the Released Defendants' Parties and each and any of the Released Lead Plaintiff's Parties.

(ll)    "Releases" means the releases set forth in ¶¶ 5-6 of this Stipulation.

(mm)    "Settlement" means the settlement between Lead Plaintiff and Defendants on the terms and conditions set forth in this Stipulation.

(nn)    "Settlement Amount" means $16,000,000 in cash to be paid pursuant to ¶ 8 of this Stipulation.

(oo)    "Settlement Class" means all persons and entities who purchased or otherwise acquired the common stock of Align between May 23, 2018 and October 24, 2018, both dates inclusive, and who were damaged thereby. Excluded from the Settlement Class are: (I) Defendants; (II) present or former executive officers and directors of Align during the Settlement Class Period and their Immediate Family Members; (III) any of the foregoing entities' and individuals' legal representatives, heirs, successors or assigns; and (IV) any entity in which Defendants have or had a controlling interest, or any affiliate of Align. For the avoidance of doubt, "affiliates" are persons or entities that directly, or indirectly through one or more intermediaries, control, are controlled by or are under common control with one of the Defendants. Also excluded from the Settlement Class are any persons and entities who or which submit a request for exclusion from the Settlement Class that is accepted by the Court.

(pp)  "Settlement Class Member" means each person and entity who or which is a member of the Settlement Class.

(qq)  "Settlement Class Period" means the period of time between May 23, 2018 and October 24, 2018, both dates inclusive.

(rr)  "Settlement Fund" means the Settlement Amount plus any and all interest earned thereon.

(ss)  "Settlement Website" means the website created specifically for the Settlement on which the Notice and Claim Form, as well as other information related to the Action and the Settlement, will be posted.

(tt)  "Summary Notice" means the Summary Notice of (I) Pendency of Class Actions and Proposed Settlement; (II) Final Approval Hearing; and (III) Motion for Attorneys' Fees and Litigation Expenses, substantially in the form attached hereto as Exhibit 3 to Exhibit A, to be published as set forth in the Preliminary Approval Order.

(uu)  "Taxes" means: (I) all federal, state, and/or local taxes of any kind (including any interest or penalties thereon) on any income earned by the Settlement Fund; and (II) the expenses and costs incurred by Lead Counsel in connection with determining the amount of, and paying, any taxes owed by the Settlement Fund (including, without limitation, expenses of tax attorneys and accountants).

(vv)  "Unknown Claims" means any Lead Plaintiff's Released Claims which Lead Plaintiff or any other Settlement Class Member does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, and any Defendants' Released Claims that any Defendant does not know or suspect to exist in his or its favor at the time of the release of such claims, which, if known by him, her, or it, might have materially affected his, her, or its decision(s) with respect to this Settlement or the Releases, including his, her, or its decision(s) to object or not to object to the Settlement. With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Lead Plaintiff and Defendants shall expressly waive, and each of the other Settlement Class Members shall be deemed to have waived, and by operation of the Judgment or the Alternate Judgment, if applicable, shall have expressly waived, any and all provisions, rights, and benefits conferred by any law

of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

Lead Plaintiff and Defendants acknowledge, and each of the other Settlement Class Members shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

## CLASS CERTIFICATION

2.     Solely for purposes of the Settlement, Defendants stipulate and agree to: (a) certification of the Action as a class action pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure on behalf of the Settlement Class; (b) appointment of Lead Plaintiff as Class Representative for the Settlement Class; and (c) appointment of Lead Counsel as Class Counsel for the Settlement Class pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

## PRELIMINARY APPROVAL OF SETTLEMENT

3.     As soon as possible following the execution of this Stipulation, and by no later than July 13, 2021, Lead Plaintiff will move for preliminary approval of the Settlement, authorization to provide notice of the Settlement to the Settlement Class, and the scheduling of a hearing for consideration of, *inter alia*, final approval of the Settlement, which motion shall be unopposed by Defendants. Concurrently with the motion for preliminary approval, Lead Plaintiff shall apply to the Court for, and Defendants shall agree to, entry of the Preliminary Approval Order, substantially in the form attached hereto as Exhibit A.

## RELEASE OF CLAIMS

4.     The obligations incurred pursuant to this Stipulation are (a) subject to approval by the Court, and the Judgment (or the Alternate Judgment, if applicable) reflecting such approval becoming Final; and (b) in consideration of the full and final disposition of the Action with respect to the Releasees and any and all Released Claims provided for herein.

EXECUTION COPY

5.      Pursuant to the Judgment, or the Alternate Judgment, if applicable, without further action by anyone, upon the Effective Date of the Settlement, Lead Plaintiff and each of the other Settlement Class Members, on behalf of themselves, and each of their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, shall be deemed to have, and by operation of law and of the Judgment, or the Alternate Judgment, if applicable, shall have fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Lead Plaintiff's Released Claim against the Released Defendants' Parties, and shall forever be barred, enjoined, and estopped from prosecuting any or all of the Lead Plaintiff's Released Claims against any of the Released Defendants' Parties.

6.      Pursuant to the Judgment, or the Alternate Judgment, if applicable, without further action by anyone, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and each of their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, shall be deemed to have, and by operation of law and of the Judgment, or the Alternate Judgment, if applicable, shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Defendants' Released Claim against the Released Lead Plaintiff's Parties, and shall forever be barred, enjoined, and estopped from prosecuting any or all of the Defendants' Released Claims against any of the Released Lead Plaintiff's Parties.

7.      Notwithstanding ¶¶ 5–6 above, nothing in the Judgment, or the Alternate Judgment, if applicable, shall bar any action by any of the Parties to enforce or effectuate the terms of this Stipulation or the Judgment, or Alternate Judgment, if applicable.

## THE SETTLEMENT CONSIDERATION

8.      In consideration of the full settlement of the claims asserted against Defendants in this Action, Align agrees that it and/or its D&O liability insurers ("D&O Insurers") shall pay a total of $16,000,000 (SIXTEEN MILLION DOLLARS) in cash. The Settlement Amount shall be paid into the interest-bearing Escrow Account established for the Settlement and controlled by Lead Counsel, subject to the authority of the Court, within thirty (30) days after the later of: (i) the Court having entered an order preliminarily approving the Settlement, and (ii) Align and/or the D&O Insurers having received customary written instructions for the Settlement Amount to be sent by check or wire into the Escrow Account and

an IRS Form W-9 for the Escrow Account. Any portion of the Settlement Amount to be funded by the D&O Insurers will be paid directly into the Escrow Account by the D&O Insurers.

9.      Other than Align's obligation to pay (or cause to be paid) the Settlement Amount within the time provided for in ¶ 8 of this Stipulation, neither Defendants nor any of the other Released Defendants' Parties shall have any responsibility for, interest in, or liability with respect to: (i) any act, omission, or determination by Lead Counsel or the Claims Administrator, or any of their respective designees, in connection with the administration of the Settlement or otherwise; (ii) the management, investment, or distribution of the Settlement Fund; (iii) the Plan of Allocation; (iv) the determination, administration, calculation, or payment of any Claims asserted against the Settlement Fund; (v) any loss suffered by, or fluctuation in value of, the Settlement Fund; or (vi) the payment or withholding of any taxes, expenses, and/or costs incurred in connection with the taxation of the Settlement Fund, distributions or other payments from the Escrow Account, or the filing of any federal, state or local tax returns.

## USE OF THE SETTLEMENT FUND

10.      The Settlement Fund shall, with the approval of the Court or as provided in this Stipulation, be used to pay: (a) any Taxes; (b) any Notice and Administration Costs; (c) any Litigation Expenses awarded by the Court; (d) any attorneys' fees awarded by the Court; and (e) any other costs and fees approved by the Court. The balance remaining in the Settlement Fund, that is, the Net Settlement Fund, shall be distributed to Authorized Claimants as provided in ¶¶ 22-32 below.

11.      Except as provided herein or pursuant to orders of the Court, the Net Settlement Fund shall remain in the Escrow Account prior to the Effective Date. All funds held by the Escrow Agent shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the funds shall be distributed or returned pursuant to the terms of this Stipulation and/or further order of the Court. At the written direction of Lead Counsel, the Escrow Agent shall invest any funds in the Escrow Account exclusively in instruments or accounts backed by the full faith and credit of the United States government or fully insured by the United States government or an agency thereof, including a United States Treasury Fund or bank account that is either (a) fully insured by the Federal Deposit Insurance Corporation ("FDIC"), or (b) secured by instruments backed by the full faith and credit of the United States government. The Escrow Agent shall reinvest the proceeds of these instruments or accounts

as they mature in similar instruments or accounts at their then-current market rates. Neither Defendants nor any Released Defendants' Parties shall have any responsibility for, interest in, or liability with respect to investment decisions or the actions of the Escrow Agent, or the transactions executed by the Escrow Agent.

12. The Parties agree that the Settlement Fund is intended to be a Qualified Settlement Fund within the meaning of Treasury Regulation § 1.468B-1 and that Lead Counsel, as administrator of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall be solely responsible for filing or causing to be filed all informational and other tax returns as may be necessary or appropriate (including, without limitation, the returns described in Treasury Regulation § 1.468B-2(k)) for the Settlement Fund. Lead Counsel shall also be responsible for causing payment to be made from the Settlement Fund of any Taxes owed with respect to the Settlement Fund. Upon written request, Defendants will provide to Lead Counsel the statement described in Treasury Regulation § 1.468B-3(e). Lead Counsel, as administrator of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall timely make such elections as are necessary or advisable to carry out this paragraph, including, as necessary, making a "relation back election," as described in Treasury Regulation § 1.468B-1(j)(2), to cause the Qualified Settlement Fund to come into existence at the earliest allowable date, and shall take or cause to be taken all actions as may be necessary or appropriate in connection therewith.

13. All Taxes shall be paid out of the Settlement Fund, and shall be timely paid, or caused to be paid, by Lead Counsel and without further order of the Court. Any tax returns prepared for the Settlement Fund (as well as the election set forth therein) shall be consistent with the previous paragraph and in all events shall reflect that all Taxes on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided herein. Neither Defendants nor any Released Defendants' Parties shall have any liability or responsibility whatsoever for the payment of Taxes.

14. The Settlement is not a "claims-made" settlement. Upon the occurrence of the Effective Date, neither Align nor any other person or entity who or which paid any portion of the Settlement Amount (including the D&O Insurers) shall have any right to the return of the Settlement Fund or any portion thereof for any reason whatsoever, including without limitation, the number of Claims submitted, the

EXECUTION COPY

collective amount of Recognized Claims of Authorized Claimants, the percentage of recovery of losses, or the amounts to be paid to Authorized Claimants from the Net Settlement Fund.

15.     Notwithstanding the fact that the Effective Date of the Settlement has not yet occurred, Lead Counsel may pay from the Escrow Account, without further approval from Defendants or further order of the Court, up to $250,000 in Notice and Administration Costs actually incurred and paid or payable ("Notice and Administration Costs Cap"). Following the Effective Date, Lead Counsel may pay from the Escrow Account, without further approval from Defendants or further of the Court, all Notice and Administration Costs exceeding the Notice and Administration Costs Cap. Notice and Administration Costs shall include, without limitation, the actual costs of printing and mailing the Notice and Claim Form, publishing the Summary Notice, reimbursements to nominee owners for searching and providing the names/addresses of potential Settlement Class Members for noticing or forwarding the Notice and Claim Form directly to their beneficial owners, the administrative expenses incurred and fees charged by the Claims Administrator in connection with providing notice and administering the Settlement (including processing the submitted Claims), and the fees, if any, of the Escrow Agent. In the event that the Settlement is terminated pursuant to the terms of this Stipulation, all Notice and Administration Costs paid or incurred, including any related fees, shall not be returned or repaid to Align, any of the other Defendants' Releasees, or any other person or entity (including the D&O Insurers who or which paid any portion of the Settlement Amount.

## ATTORNEYS' FEES AND LITIGATION EXPENSES

16.     Lead Counsel will apply to the Court for an award of attorneys' fees to be paid solely from (and out of) the Settlement Fund. Lead Counsel also will apply to the Court for Litigation Expenses to be paid solely from (and out of) the Settlement Fund. Lead Counsel's application for an award of attorneys' fees and/or Litigation Expenses is not the subject of any agreement between Defendants and Lead Counsel other than what is set forth in this Stipulation.

17.     Any attorneys' fees and Litigation Expenses that are awarded by the Court shall be paid to Lead Counsel immediately upon award, notwithstanding the existence of any timely filed objections thereto, or potential for appeal therefrom, or collateral attack on the Settlement or any part thereof, subject to Lead Counsel's obligation to make appropriate refunds or repayments to the Settlement Fund, plus

accrued interest at the same net rate as is earned by the Settlement Fund, if the Settlement is terminated pursuant to the terms of this Stipulation or if, as a result of any appeal or further proceedings on remand, or successful collateral attack, the award of attorneys' fees and/or Litigation Expenses is reduced or reversed and such order reducing or reversing the award has become Final. Lead Counsel shall make the appropriate refund or repayment in full no later than thirty (30) calendar days after: (a) receiving from Defendants' Counsel notice of the termination of the Settlement; or (b) any order reducing or reversing the award of attorneys' fees and/or Litigation Expenses has become Final. An award of attorneys' fees and/or Litigation Expenses is not a necessary term of this Stipulation and is not a condition of the Settlement embodied herein. Neither Lead Plaintiff nor Lead Counsel may cancel or terminate the Settlement based on this Court's or any appellate court's ruling with respect to attorneys' fees and/or Litigation Expenses.

18.     The Released Defendants' Parties shall have no responsibility for or liability whatsoever with respect to Lead Counsel's attorneys' fees and/or Litigation Expenses. The attorneys' fees and Litigation Expenses that are awarded to Lead Counsel shall be payable solely from the Escrow Account.

## NOTICE AND SETTLEMENT ADMINISTRATION

19.     As part of the Preliminary Approval Order, Lead Counsel shall seek appointment of the Claims Administrator. The Claims Administrator shall administer the Settlement, including but not limited to receiving, reviewing, and approving or denying Claims, under Lead Counsel's supervision and subject to the jurisdiction of the Court. Other than Defendants' obligation to provide Align's shareholder lists as provided in ¶ 20 below, none of Defendants, nor any of the other Released Defendants' Parties, shall have any involvement in or any responsibility, authority, or liability whatsoever for the selection of the Claims Administrator, the development or application of the Plan of Allocation, the administration of the Settlement, the Claims process, or the disbursement of the Net Settlement Fund, and shall have no liability whatsoever to any person or entity, including, but not limited to, Lead Plaintiff, any other Settlement Class Members, or Lead Counsel in connection with the foregoing. Counsel for the Parties shall cooperate in the administration of the Settlement to the extent reasonably necessary to effectuate its terms.

20.     In accordance with the terms of the Preliminary Approval Order to be entered by the Court, Lead Counsel shall cause the Claims Administrator to disseminate the Notice and Claim Form to those members of the Settlement Class as may be identified through reasonable effort. Lead Counsel shall also

cause the Claims Administrator to have the Summary Notice published in accordance with the terms of the Preliminary Approval Order to be entered by the Court. For the purposes of identifying and providing notice to the Settlement Class, within five (5) business days after the Court's entry of the Preliminary Approval Order, Defendants shall provide to the Claims Administrator in electronic format, such as Excel, at no cost to the Settlement Fund, Lead Plaintiff, the Settlement Class, Lead Counsel, or the Claims Administrator, lists (consisting of names, addresses, and e-mail addresses (if available)) of shareholders of Align common stock during the Settlement Class Period, to the extent such lists are reasonably available from Align's stock transfer agent.

21.     No later than ten (10) calendar days following the filing of this Stipulation with the Court, Defendants shall serve the notice required under the Class Action Fairness Act, 28 U.S.C. § 1715 *et seq.* ("CAFA"). Defendants are solely responsible for the costs of the CAFA notice and administering the CAFA notice. At least seven (7) calendar days before the Final Approval Hearing, Defendants shall cause to be served on Lead Counsel and filed with the Court proof, by affidavit or declaration, regarding compliance with CAFA § 1715(b).

22.     The Claims Administrator shall receive Claims and determine first, whether the Claim is a valid Claim, in whole or part, and second, each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's Recognized Claim compared to the total Recognized Claims of all Authorized Claimants (as set forth in the Plan of Allocation included in the Notice attached hereto as Exhibit 1 to Exhibit A, or in such other plan of allocation as the Court may approve).

23.     The plan for allocating the Net Settlement Fund is being proposed solely by Lead Counsel, subject to the Court's approval. The Plan of Allocation proposed in the Notice is not a necessary term of the Settlement or of this Stipulation, and it is not a condition of the Settlement or of this Stipulation that any particular plan of allocation be approved by the Court. Lead Plaintiff and Lead Counsel may not cancel or terminate the Settlement (or this Stipulation) based on this Court's or any appellate court's ruling with respect to the Plan of Allocation. Any objections or appeals with respect to the Plan of Allocation (or other plan of allocation) will not affect the validity or finality of the Settlement (including the Releases herein). Any order of the Court modifying or rejecting the Plan of Allocation will not operate to terminate the Settlement or affect the finality or binding nature of the Settlement.

24.     Any Settlement Class Member who does not submit a valid Claim will not be entitled to receive any distribution from the Net Settlement Fund, but will otherwise be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment or the Alternate Judgment, if applicable, to be entered in the Action and the Releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action, claim, or other proceeding of any kind against the Released Defendants' Parties with respect to the Lead Plaintiff's Released Claims in the event that the Effective Date occurs with respect to the Settlement.

25.     Lead Counsel shall be responsible for supervising the administration of the Settlement and the disbursement of the Net Settlement Fund subject to Court approval. Lead Counsel shall have the right, but not the obligation, to waive what it deems to be formal or technical defects in any Claims submitted in the interests of achieving substantial justice. No Defendant, nor any other Released Defendants' Parties, shall have any involvement in the administrative decisions of the Claims Administrator or Lead Counsel with respect to the Claims received in connection with the Settlement.

26.     For purposes of determining the extent, if any, to which a Settlement Class Member shall be entitled to be treated as an Authorized Claimant, the following conditions shall apply:

(a)     Each Claimant shall be required to submit a Claim in paper form, substantially in the form attached hereto as Exhibit 2 to Exhibit A, or in electronic form, in accordance with the instructions for the submission of such Claims, and supported by such documents as are designated therein, including proof of the Claimant's loss, or such other documents or proof as the Claims Administrator or Lead Counsel, in their discretion, may deem acceptable;

(b)     All Claims must be submitted by the date set by the Court in the Preliminary Approval Order and specified in the Notice. Any Settlement Class Member who fails to submit a Claim by such date shall be forever barred from receiving any distribution from the Net Settlement Fund or payment pursuant to this Stipulation (unless by Order of the Court such Settlement Class Member's Claim is accepted), but shall in all other respects be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment or Alternate Judgment, if applicable, and the Releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action, claim, or other proceeding of any kind against any Released Defendants' Parties with respect to any Lead Plaintiff's

Released Claim. Provided that it is mailed by the claim-submission deadline, a Claim Form shall be deemed to be submitted when postmarked if received with a postmark indicated on the envelope. In all other cases, the Claim Form shall be deemed to have been submitted on the date when actually received by the Claims Administrator;

(c)     Each Claim shall be submitted to and reviewed by the Claims Administrator who shall determine in accordance with this Stipulation and the Plan of Allocation the extent, if any, to which each Claim shall be allowed, subject to review by the Court pursuant to subparagraph (e) below as necessary;

(d)     Claims that do not meet the submission requirements may be rejected. Prior to rejecting a Claim in whole or in part, the Claims Administrator shall provide the Claimant with a written communication, advising the Claimant that it may endeavor to remedy any curable deficiencies in the Claim submitted. The Claims Administrator shall notify, in a timely fashion and in writing, all Claimants whose Claim the Claims Administrator proposes to reject in whole or in part, setting forth the reasons therefor, and shall indicate in such notice that the Claimant whose Claim is to be rejected has the right to a review by the Court if the Claimant so desires and complies with the requirements of subparagraph (e) below; and

(e)     If any Claimant whose Claim has been rejected in whole or in part desires to contest such rejection, the Claimant must, within twenty (20) days after the date of mailing of the notice required in subparagraph (d) above or a lesser time period if the Claim was untimely, serve upon the Claims Administrator a notice and statement of reasons indicating the Claimant's grounds for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court. If a dispute concerning a Claim cannot otherwise be resolved, Lead Counsel shall thereafter present the request for review to the Court. Defendants shall not take a position on the administrative determinations of the Claims Administrator.

27.     Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the Claimant's Claim, including but not limited to, all Releases provided for herein and in the Judgment, or Alternate Judgment, if applicable, and the Claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure; *provided, however*, that such investigation and

discovery shall be limited to that Claimant's status as a Settlement Class Member and the validity and amount of the Claimant's Claim. No discovery shall be allowed on the merits of this Action (including any discovery from Defendants) or of the Settlement in connection with the processing of Claims.

28.      Lead Counsel will apply to the Court, on notice to Defendants' Counsel, for a Class Distribution Order: (a) approving the Claims Administrator's administrative determinations concerning the acceptance and rejection of the Claims submitted; (b) approving payment of any unpaid administration fees and expenses associated with the administration of the Settlement from the Escrow Account; and (c) if the Effective Date has occurred, directing payment of the Net Settlement Fund to Authorized Claimants from the Escrow Account.

29.      As detailed in the Plan of Allocation, following the initial distribution of the Net Settlement Fund to Authorized Claimants, the Claims Administrator will conduct additional re-distributions of the funds remaining in the Net Settlement Fund (i.e., from uncashed checks, returned funds, etc.) to Authorized Claimants until Lead Counsel, in consultation with the Claims Administrator, determines that a further re-distribution would not be cost effective. At that time, the balance remaining in the Net Settlement Fund, after deduction of any additional fees and expenses incurred in administrating the Settlement, shall be contributed, subject to Court approval, to Charitable Smiles, a 501(c)(3) organization helping people who cannot afford dental treatment get the care they need (*see* www.charitablesmiles.org).

30.      Payment pursuant to the Class Distribution Order shall be final and conclusive against all Claimants. All Settlement Class Members whose Claims are not approved by the Court for payment shall be barred from participating in distributions from the Net Settlement Fund, but otherwise shall be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment or Alternate Judgment, if applicable, to be entered in this Action and the Releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action against any and all Released Defendants' Parties with respect to any and all of the Lead Plaintiff's Released Claims.

31.      No person or entity shall have any claim against Lead Plaintiff, Lead Counsel, the Claims Administrator or any other agent designated by Lead Counsel, or the Released Defendants' Parties and/or their respective counsel, arising from distributions made substantially in accordance with the Stipulation, the Plan of Allocation approved by the Court, or any order of the Court. Lead Plaintiff and Defendants,

and their respective counsel, and Lead Plaintiff's damages consultant and all other Releasees shall have no liability whatsoever for the investment or distribution of the Settlement Fund or the Net Settlement Fund, the Plan of Allocation, or the determination, administration, calculation, or payment of any Claim or nonperformance of the Claims Administrator, the payment or withholding of taxes (including interest and penalties) owed by the Settlement Fund, or any losses incurred in connection therewith.

32.     All proceedings with respect to the administration, processing, and determination of Claims and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of Claims, shall be subject to the jurisdiction of the Court. All Settlement Class Members, other Claimants, and Parties to this Stipulation expressly waive trial by jury (to the extent any such right may exist) and any right of appeal or review with respect to such determinations.

## TERMS OF THE JUDGMENT

33.     If the Settlement contemplated by this Stipulation is approved by the Court, Lead Counsel and Defendants' Counsel shall request that the Court enter a Judgment, substantially in the form attached hereto as Exhibit B.

34.     The Judgment shall contain a bar order ("Bar Order") substantially in the form set forth in Exhibit B hereto, that shall, upon the Effective Date, permanently bar, extinguish, and discharge to the fullest extent permitted by law any and all claims for contribution or indemnity (or any other claim or claim-over, however denominated on whatsoever theory, for which the injury claimed is that person's or entity's alleged liability to Lead Plaintiff or any Settlement Class Member) among and against the Released Defendants' Parties arising out of the Action and the claims that were asserted or could have been asserted therein. The Bar Order shall be consistent with, and apply to the full extent of, the PSLRA.

## CONDITIONS OF SETTLEMENT AND EFFECT OF DISAPPROVAL, CANCELLATION OR TERMINATION

35.     The Effective Date of the Settlement shall be deemed to occur on the occurrence or waiver of all of the following events:

(a)     the Court has entered the Preliminary Approval Order, substantially in the form set forth in Exhibit A attached hereto, as required by ¶ 3 above;

(b)     the Settlement Amount has been deposited into the Escrow Account in accordance with the provisions of ¶ 8 above;

(c)     Defendants have not exercised their option to terminate the Settlement pursuant to the provisions of this Stipulation (including the Supplemental Agreement described in ¶ 39 below);

(d)     Lead Plaintiff has not exercised its option to terminate the Settlement pursuant to the provisions of ¶ 37 of this Stipulation; and

(e)     the Court has approved the Settlement as described herein, following notice to the Settlement Class and a hearing, as prescribed by Rule 23 of the Federal Rules of Civil Procedure, and entered the Judgment, and the Judgment has become Final, or the Court has entered an Alternate Judgment and none of the Parties seek to terminate the Settlement and the Alternate Judgment has become Final.

36.     Upon the occurrence of all of the events referenced in ¶ 35 above, any and all remaining interest or right of Defendants in or to the Settlement Fund, if any, shall be absolutely and forever extinguished and the Releases herein shall be effective.

37.     If (i) Defendants exercise their right to terminate the Settlement as provided in this Stipulation; (ii) Lead Plaintiff exercises its right to terminate the Settlement as provided in this Stipulation; (iii) the Court does not approve the Settlement; (iv) the Judgment or Alternate Judgment (if any) does not or cannot become Final; or (v) the Effective Date as to the Settlement otherwise fails to occur, then:

(a)     The Settlement and the relevant portions of this Stipulation shall be canceled and terminated;

(b)     Lead Plaintiff and Defendants shall revert to their respective litigation positions in the Action immediately prior to the execution of the Term Sheet on June 11, 2021;

(c)     The terms and provisions of this Stipulation, with the exception of this ¶ 37 and ¶¶ 15, 17, 40, and 61, shall have no further force and effect with respect to the Parties and shall not be used in the Action or in any other proceeding for any purpose, and any Judgment (or Alternate Judgment, if applicable), or order entered by the Court in accordance with the terms of this Stipulation shall be treated as vacated, *nunc pro tunc*; and

(d)     Within thirty (30) days after joint written notification of termination is sent by Defendants' Counsel and Lead Counsel to the Escrow Agent, the Settlement Fund (including accrued

interest thereon, and change in value as a result of the investment of the Settlement Fund, and any funds received by Lead Counsel consistent with ¶ 17 above), less any Notice and Administration Costs actually incurred, paid or payable and less any Taxes paid, due or owing shall be refunded by the Escrow Agent to the D&O Insurers who paid into the Settlement Fund according to the amounts paid by each. In the event that the funds received by Lead Counsel consistent with ¶ 17 above have not been refunded to the Settlement Fund within the thirty (30) days specified in this paragraph, those funds shall be refunded by the Escrow Agent to the D&O Insurers who paid into the Settlement Fund according to the amounts paid by each immediately upon their deposit into the Escrow Account consistent with ¶ 17 above.

38.     It is further stipulated and agreed that Defendants, provided they unanimously agree, and Lead Plaintiff, shall each have the right to terminate the Settlement and this Stipulation, by providing written notice of their election to do so ("Termination Notice") to the other Parties to this Stipulation within thirty (30) days of: (a) the Court's final refusal to enter the Preliminary Approval Order in any material respect; (b) the Court's final refusal to approve the Settlement or any material part thereof; (c) the Court's final refusal to enter the Judgment in any material respect as to the Settlement, or an Alternate Judgment; (d) the date upon which the Judgment is modified or reversed in any material respect by the United States Court of Appeals for the Ninth Circuit or the United States Supreme Court; or (e) the date upon which an Alternate Judgment is modified or reversed in any material respect by the United States Court of Appeals for the Ninth Circuit or the United States Supreme Court, and the provisions of ¶ 37 above shall apply. However, for the avoidance of doubt, any decision or proceeding, whether in this Court or any appellate court, with respect to an application for attorneys' fees or Litigation Expenses or with respect to any plan of allocation shall not be considered material to the Settlement, shall not affect the finality of any Judgment or Alternate Judgment, if applicable, and shall not be grounds for termination of the Settlement.

39.     In addition to the grounds set forth in ¶ 38 above, Align shall also have the option, in its sole and absolute discretion, to terminate the Settlement in the event that Settlement Class Members timely and validly requesting exclusion from the Settlement Class meet the conditions set forth in Align's confidential supplemental agreement with Lead Plaintiff ("Supplemental Agreement"). Any Settlement Class Member seeking to exclude himself, herself, or itself from the Settlement Class must timely submit, as required in the Notice, details regarding his, her, or its transactions in Align common stock during the

Settlement Class Period sufficient to calculate the number of shares of Align common stock purchased/acquired during the Settlement Class Period and the amount of his, her, or its alleged losses as calculated under the Plan of Allocation. The terms of the Supplemental Agreement, which is being executed concurrently herewith, shall not be disclosed (other than in the statements herein, in the Notice, and in Lead Plaintiff's briefing in support of the Settlement, to the extent necessary, or as otherwise provided in the Supplemental Agreement) unless the Court otherwise directs. If the Parties agree to file the Supplemental Agreement in connection with Lead Plaintiff's motion for preliminary approval of the Settlement, or a dispute arises between Lead Plaintiff and Align concerning the interpretation or application of the Supplemental Agreement, the Parties shall file the Supplemental Agreement (or at the very least, the Opt-Out Threshold defined in the agreement) under seal or shall submit the Supplemental Agreement to the Court for an *in camera* review and request that the Court afford it confidential treatment.

## <u>NO ADMISSION OF WRONGDOING</u>

40.     Neither the Term Sheet, this Stipulation (whether or not consummated), including the exhibits hereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), nor the negotiations leading to the execution of the Term Sheet and this Stipulation, nor any proceedings taken pursuant to or in connection with the Term Sheet, this Stipulation, and/or approval of the Settlement (including any arguments proffered in connection therewith):

(a)     shall be offered against any of the Released Defendants' Parties as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Released Defendants' Parties with respect to the truth of any fact alleged by Lead Plaintiff or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Released Defendants' Parties or in any way referred to for any other reason as against any of the Released Defendants' Parties, in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation;

(b)     shall be offered against any of the Released Lead Plaintiff's Parties, as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the

EXECUTION COPY

Released Lead Plaintiff's Parties that any of their claims is without merit, that any of the Released Defendants' Parties had meritorious defenses, or that damages recoverable under the Amended Consolidated Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Released Lead Plaintiff's Parties, in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; or

(c) shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial;

*provided, however*, that if this Stipulation is approved by the Court, the Parties and the Releasees and their respective counsel may refer to it: (i) to effectuate the protections from liability granted hereunder; (ii) to support a defense or counterclaim in any action brought against them based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim; or (iii) otherwise to enforce the terms of the Settlement.

## **MISCELLANEOUS PROVISIONS**

41.    All of the exhibits attached hereto are hereby incorporated by reference as though fully set forth herein. Notwithstanding the foregoing, in the event that there exists a conflict or inconsistency between the terms of this Stipulation and the terms of any exhibit attached hereto, the terms of the Stipulation shall prevail.

42.    Align warrants that, as to the payments made or to be made in connection with this Settlement, at the time of entering into this Stipulation and at the time of such payment it, or to the best of its knowledge any persons or entities contributing to the payment of the Settlement Amount, was/were not insolvent, nor will the payment required to be made by or on behalf of it render it/them insolvent, within the meaning of and/or for the purposes of the United States Bankruptcy Code, including Sections 101 and 547 thereof.

43.    In the event of the entry of a final order of a court of competent jurisdiction determining the transfer of money to the Settlement Fund or any portion thereof by or on behalf of Defendants to be a

preference, voidable transfer, fraudulent transfer, or similar transaction and any portion thereof is required to be returned, and such amount is not promptly deposited into the Settlement Fund by others, then, at the election of Lead Plaintiff, the Parties shall jointly move the Court to vacate and set aside the Releases given and the Judgment, or Alternate Judgment, if applicable, entered in favor of Defendants and the other Released Defendants' Parties pursuant to this Stipulation, in which event the Releases and Judgment, or Alternate Judgment, if applicable, shall be null and void, and the Parties shall be restored to their respective positions in the Action as provided in ¶ 37(b) above and any cash amounts in the Settlement Fund (less any Taxes paid, due, or owing with respect to the Settlement Fund and less any Notice and Administration Costs actually incurred, paid, or payable) shall be returned as provided in ¶ 37(d) above.

44.     The Parties intend this Stipulation and the Settlement to be a final and complete resolution of all disputes asserted or which could be asserted by Lead Plaintiff and any other Settlement Class Members against the Released Defendants' Parties with respect to the Lead Plaintiff's Released Claims. No Party shall assert or pursue any action, claim, or rights that any Party or their respective counsel violated Rule 11 of the Federal Rules of Civil Procedure with respect to the institution, prosecution, defense, or settlement of this Action. The Parties agree that the amounts paid and the other terms of the Settlement were negotiated at arm's length and in good faith by the Parties, including through a mediation process supervised and conducted by Mr. Lindstrom, and reflect a settlement that was reached voluntarily after extensive negotiations and consultation with experienced legal counsel, who were fully competent to assess the strengths and weaknesses of their respective clients' claims or defenses.

45.     While retaining their right to deny that the claims asserted in the Action were meritorious, Defendants and their counsel, in any statement made to any media representative (whether or not for attribution) will not assert that the Action was commenced or prosecuted in bad faith, nor will they deny that the Action was commenced and prosecuted in good faith and is being settled voluntarily after consultation with competent legal counsel. In all events, Lead Plaintiff and its counsel and Defendants and their counsel shall not make any accusations of wrongful or actionable conduct by either Party concerning the prosecution, defense, and resolution of the Action, and shall not otherwise suggest that the Settlement constitutes an admission of any claim or defense alleged.

46.     The terms of the Settlement, as reflected in this Stipulation, may not be modified or amended, nor may any of its provisions be waived except by a writing signed on behalf of both Lead Plaintiff and Defendants (or their successors-in-interest).

47.     The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

48.     Pending approval of the Court of this Stipulation and its exhibits, all proceedings in this Action shall be stayed. The Parties agree to seek an order barring, enjoining and estopping all Settlement Class Members from prosecuting any of the Lead Plaintiff's Released Claims against any of the Released Defendants' Parties.

49.     The administration and consummation of the Settlement as embodied in this Stipulation shall be under the authority of the Court, and the Court shall retain jurisdiction for the purpose of entering orders providing for awards of attorneys' fees and Litigation Expenses to Lead Counsel, including determining any disputes as to any awards of attorneys' fees and Litigation Expenses, and enforcing the terms of this Stipulation, including the Plan of Allocation (or such other plan of allocation as may be approved by the Court) and the distribution of the Net Settlement Fund to Settlement Class Members.

50.     The waiver by one Party of any breach of this Stipulation by any other Party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation.

51.     This Stipulation and its exhibits and the Supplemental Agreement constitute the entire agreement between Lead Plaintiff and Defendants concerning the Settlement and this Stipulation and its exhibits. All Parties acknowledge that no other agreements, representations, warranties, or inducements have been made by any Party hereto concerning this Stipulation, its exhibits, or the Supplemental Agreement other than those contained and memorialized in such documents.

52.     This Stipulation may be executed in one or more counterparts, including by signature transmitted via facsimile, or by a .pdf/.tif image of the signature transmitted via email. All executed counterparts and each of them shall be deemed to be one and the same instrument.

53.     This Stipulation shall be binding upon and inure to the benefit of the successors and assigns of the Parties, including any and all Releasees and any corporation, partnership, or other entity into or with which any Party hereto may merge, consolidate or reorganize.

54.     The construction, interpretation, operation, effect, and validity of this Stipulation and all documents necessary to effectuate it shall be governed by the internal laws of the State of California without regard to conflicts of laws, except to the extent that federal law requires that federal law govern.

55.     Any action arising under or to enforce this Stipulation or any portion thereof, shall be commenced and maintained only in this Court.

56.     This Stipulation shall not be construed more strictly against one Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Parties, it being recognized that it is the result of arm's-length negotiations between the Parties and all Parties have contributed substantially and materially to the preparation of this Stipulation.

57.     All counsel and any other person executing this Stipulation and any of the exhibits hereto, or any related Settlement documents, warrant and represent that they have the full authority to do so and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms. Lead Counsel and Defendants' Counsel agree to cooperate fully with one another in seeking Court approval of the Preliminary Approval Order and the Settlement, as embodied in this Stipulation, and to use best efforts to promptly agree upon and execute all such other documentation as may be reasonably required to obtain final approval by the Court of the Settlement.

58.     If any Party is required to give notice to another party under this Stipulation, such notice shall be in writing and shall be deemed to have been duly given upon receipt of hand delivery or email transmission, with confirmation of receipt. Notice shall be provided as follows:

        If to Lead Plaintiff or Lead Counsel:     Kessler Topaz Meltzer & Check, LLP
                                                  Attn: Jennifer L. Joost, Esq.
                                                  One Sansome Street, Suite 1850
                                                  San Francisco, CA 94104
                                                  Telephone: (415) 400-3000
                                                  Facsimile: (415) 400-3001
                                                  Email: jjoost@ktmc.com

If to Defendants:

Wilson Sonsini Goodrich & Rosati, P.C.
Attn: Gregory L. Watts, Esq.
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Telephone: (206) 883-2617
Facsimile: (206) 883-2699
Email: gwatts@wsgr.com

Wilson Sonsini Goodrich & Rosati, P.C.
Attn: Catherine Moreno, Esq.
650 Page Mill Road
Palo Alto, CA 94304
Telephone: (650) 493-9300
Facsimile: (650) 565-5100
Email: cmoreno@wsgr.com

59.    Except as otherwise provided herein, each Party shall bear its own costs.

60.    All agreements made and orders entered during the course of this Action relating to the confidentiality of information, including the Stipulated Protective Order filed April 7, 2021, ECF No. 169, shall survive this Settlement.

61.    No opinion or advice concerning the tax consequences of the proposed Settlement to individual Settlement Class Members is being given or will be given by the Parties or their counsel; nor is any representation or warranty in this regard made by virtue of this Stipulation. Each Settlement Class Member's tax obligations, and the determination thereof, are the sole responsibility of the Settlement Class Member, and it is understood that the tax consequences may vary depending on the particular circumstances of each individual Settlement Class Member.

**IN WITNESS WHEREOF**, the Parties hereto have caused this Stipulation to be executed, by their duly authorized attorneys, as of June 30, 2021.

**KESSLER TOPAZ**
**MELTZER & CHECK, LLP**

*/s/ Jennifer L. Joost*
Jennifer L. Joost (Bar No. 296164)[3]
Stacey M. Kaplan (Bar No. 241989)
One Sansome Street, Suite 1850
San Francisco, CA 94104

---

[3]    In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that concurrence in the filing of the document has been obtained from each of the other Signatories.

Telephone: (415) 400-3000
Facsimile: (415) 400-3001
jjoost@ktmc.com
skaplan@ktmc.com

- and –

**KESSLER TOPAZ**
   **MELTZER & CHECK, LLP**
Johnston de F. Whitman, Jr. (*pro hac vice*)
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7056
jwhitman@ktmc.com

*Counsel for Lead Plaintiff SEB Investment
Management AB and Lead Counsel for the Class*

**WILSON SONSINI GOODRICH & ROSATI**
Professional Corporation

*/s/ Catherine Moreno*
Catherine Moreno (Bar No. 264517)
Betty Chang Rowe (Bar No. 214068)
650 Page Mill Road
Palo Alto, CA  94304
Telephone:  (650) 493-9300
Facsimile:  (650) 565-5100
cmoreno@wsgr.com
browe@wsgr.com

-and-

Gregory L. Watts (Bar No. 197126)
**WILSON SONSINI GOODRICH & ROSATI**
Professional Corporation
701 Fifth Avenue, Suite 5100
Seattle, WA 98104
Telephone: (206) 883-2500
Facsimile: (206) 883-2699
gwatts@wsgr.com

-and-

Nicholas R. Miller (Bar No. 274243)
**WILSON SONSINI GOODRICH & ROSATI**
Professional Corporation
1700 K Street NW, Fifth Floor
Washington, D.C. 20006-3814
Telephone: (202) 973-8800
Facsimile: (202) 973-8899
nmiller@wsgr.com

*Attorneys for Defendants Align Technology, Inc.,*
*Joseph M. Hogan, and John F. Morici*

STIPULATION AND AGREEMENT OF SETTLEMENT

EXHIBIT A

**EXHIBIT A**

1
2
3
4
5
6
7

8                    **UNITED STATES DISTRICT COURT**

9            **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

10                        **SAN JOSE DIVISION**

11  | SEB INVESTMENT MANAGEMENT AB, | Case No. 5:18-cv-06720-LHK
    | Individually and on Behalf of All Others Similarly |
12  | Situated, | <u>CLASS ACTION</u>

13  |             Plaintiff, | **[PROPOSED] ORDER PRELIMINARILY**
    | | **APPROVING SETTLEMENT AND**
14  | v. | **PROVIDING FOR NOTICE**

15  | ALIGN TECHNOLOGY, INC., JOSEPH M. |
    | HOGAN, and JOHN F. MORICI, |
16  | |
    |             Defendants. |
17

18         WHEREAS, the above-captioned action is pending in this Court (the "Action");

19         WHEREAS, (a) SEB Investment Management AB (the "Lead Plaintiff"), on behalf of itself and

20  the Settlement Class (as defined below); and (b) Align Technology, Inc. ("Align" or the "Company"),

21  Joseph M. Hogan, and John F. Morici (collectively, "Defendants") have determined to settle all claims

22  asserted against Defendants in the Action with prejudice on the terms and conditions set forth in the

23  Stipulation and Agreement of Settlement dated June 30, 2021 (the "Stipulation"), subject to the approval

24  of this Court (the "Settlement");

25         WHEREAS, Lead Plaintiff has made a motion, pursuant to Rule 23(e)(1) of the Federal Rules of

26  Civil Procedure, for an order preliminarily approving the Settlement in accordance with the Stipulation

27  and directing notice of the Settlement to Settlement Class Members as more fully described herein;

28

[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR
NOTICE

EXHIBIT A

WHEREAS, the Court has read and considered: (a) Lead Plaintiff's motion for preliminary approval of the Settlement and authorization to retain the Claims Administrator (defined below) to provide notice of the Settlement to the Settlement Class, and the papers filed and arguments made in connection therewith; and (b) the Stipulation and the exhibits attached thereto; and

WHEREAS, unless otherwise defined in this Order, capitalized terms herein shall have the same meaning as they have in the Stipulation;

NOW THEREFORE, IT IS HEREBY ORDERED:

1.      **Proposed Class Certification for Settlement Purposes** – The Parties have proposed the certification of the following Settlement Class pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure and solely for purposes of effectuating the proposed Settlement:  all persons and entities who purchased or otherwise acquired the common stock of Align between May 23, 2018 and October 24, 2018, both dates inclusive (the "Settlement Class Period"), and who were damaged thereby. Excluded from the Settlement Class are: (I) Defendants; (II) present or former executive officers and directors of Align during the Settlement Class Period and their Immediate Family Members; (III) any of the foregoing entities' and individuals' legal representatives, heirs, successors or assigns; and (IV) any entity in which Defendants have or had a controlling interest, or any affiliate of Align. For the avoidance of doubt, "affiliates" are persons or entities that directly, or indirectly through one or more intermediaries, control, are controlled by or are under common control with one of the Defendants. Also excluded from the Settlement Class are any persons and entities who or which submit a request for exclusion from the Settlement Class that is accepted by the Court.

2.      **Class Findings** – The Court finds, pursuant to Rule 23(e)(1)(B)(ii) of the Federal Rules of Civil Procedure, that it will likely be able to certify the Settlement Class for purposes of the proposed Settlement. Specifically, the Court finds that each element required for certification of the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure has been met or will likely be met: (a) the members of the Settlement Class are so numerous that their joinder in the Action would be impracticable; (b) there are questions of law and fact common to the Settlement Class that predominate over any individual questions; (c) the claims of Lead Plaintiff in the Action are typical of the claims of the Settlement Class; (d) Lead Plaintiff and Lead Counsel have and will fairly and adequately represent and

[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE

protect the interests of the Settlement Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the Action.

3.    The Court also finds, pursuant to Rule 23(e)(1)(B)(ii) of the Federal Rules of Civil Procedure, that it will likely be able to appoint Lead Plaintiff as Class Representative for the Settlement Class and to appoint Lead Counsel Kessler Topaz Meltzer & Check, LLP as Class Counsel for the Settlement Class pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

4.    **Preliminary Approval of the Settlement** – The Court hereby preliminarily approves the Settlement, as embodied in the Stipulation, and finds, pursuant to Rule 23(e)(1)(B)(i) of the Federal Rules of Civil Procedure, that it will likely be able to finally approve the Settlement under Rule 23(e)(2) as being fair, reasonable, and adequate to the Settlement Class, subject to further consideration at the Final Approval Hearing to be conducted as described below.

5.    **Final Approval Hearing** – The Court will hold a hearing (the "Final Approval Hearing") on _____ __, 2021 at __:__ _.m. at the Robert F. Peckham Federal Building & United States Courthouse 280 South 1st Street, San Jose, CA 95113, for the following purposes: (a) to determine whether, for purposes of the Settlement only, the Action should be certified as a class action on behalf of the Settlement Class, Lead Plaintiff should be appointed as Class Representative for the Settlement Class, and Lead Counsel should be appointed as Class Counsel for the Settlement Class; (b) to determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Settlement Class, and should be finally approved by the Court; (c) to determine whether a Judgment substantially in the form attached as Exhibit B to the Stipulation should be entered dismissing the Action with prejudice against Defendants; (d) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved; (e) to determine whether the motion by Lead Counsel for an award of attorneys' fees and Litigation Expenses should be approved; and (f) to consider any other matters that may properly be brought before the Court in connection with the Settlement. Notice of the Settlement and the Final Approval Hearing shall be given to Settlement Class Members as set forth in paragraph 7 of this Order.

6.    The Court may adjourn the Final Approval Hearing without further notice to the Settlement Class and may approve the proposed Settlement with such modifications as the Parties may agree to, if

appropriate, without further notice to the Settlement Class. The Court may decide to hold the Final Approval Hearing by telephone or video conference without further mailed notice to the Settlement Class. If the Court orders that the Final Approval Hearing be conducted telephonically or by video conference, that decision will be posted on the website to be developed for the Settlement, www.AlignSecuritiesLitigationSettlement.com, as referenced in paragraph 7(c) of this Order. Any Settlement Class Member (or his, her, or its counsel) who wishes to appear at the Final Approval Hearing should consult the Court's docket and/or the Settlement website for any change in date, time, or format of the hearing.

7.   **Retention of Claims Administrator and Manner of Giving Notice** – Lead Counsel is hereby authorized to retain JND Legal Administration (the "Claims Administrator") to supervise and administer the notice procedure in connection with the Settlement as well as the processing of Claims as more fully set forth below. Notice of the Settlement and the Final Approval Hearing shall be provided as follows:

(a)   Defendants shall provide to the Claims Administrator in electronic format, such as Excel, at no cost to the Settlement Fund, Lead Plaintiff, the Settlement Class, Lead Counsel, or the Claims Administrator, lists (consisting of names, addresses, and e-mail addresses (if available)) of shareholders of Align common stock during the Settlement Class Period, to the extent such lists are reasonably available from Align's stock transfer agent, within five (5) business days of the date of entry of this Order;

(b)   not later than twenty (20) business days after the date of entry of this Order (the "Notice Date"), the Claims Administrator shall cause a copy of the Notice and the Claim Form, substantially in the forms attached hereto as Exhibits 1 and 2, respectively (the "Notice Packet"), to be mailed by first-class mail or emailed to potential Settlement Class Members at the addresses set forth in the records provided by Defendants, or who otherwise may be identified through further reasonable effort;

(c)   contemporaneously with the mailing of the Notice Packet, the Claims Administrator shall cause copies of the Notice and the Claim Form to be posted on a website to be developed for the Settlement, from which copies of the Notice and Claim Form can be downloaded;

(d)       not later than ten (10) business days after the Notice Date, the Claims Administrator shall cause the Summary Notice, substantially in the form attached hereto as Exhibit 3, to be published once in *The Wall Street Journal* and to be transmitted once over the *PR Newswire*; and

(e)       not later than seven (7) calendar days prior to the Final Approval Hearing, Lead Counsel shall serve on Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such mailing and publication.

8.       **Approval of Form and Content of Notice** – The Court (a) approves, as to form and content, the Notice, the Claim Form, and the Summary Notice, attached hereto as Exhibits 1, 2, and 3, respectively, and (b) finds that the mailing and distribution of the Notice and the Claim Form and the publication of the Summary Notice in the manner and form set forth in paragraph 7 of this Order (i) is the best notice practicable under the circumstances; (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action, of the effect of the Settlement (including the Releases to be provided thereunder), of Lead Counsel's motion for attorneys' fees and Litigation Expenses, of their right to object to the Settlement, the Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and Litigation Expenses, of their right to exclude themselves from the Settlement Class, and of their right to appear at the Final Approval Hearing; (iii) constitutes due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the Settlement; and (iv) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. §§ 77z-1, 78u-4, as amended, and all other applicable law and rules. The date and time of the Final Approval Hearing shall be included in the Notice and Summary Notice before they are mailed and published, respectively.

9.       **Nominee Procedures** – Brokers and other nominees who purchased or otherwise acquired Align common stock during the Settlement Class Period for the benefit of another person or entity shall: (a) within seven (7) calendar days of receipt of the Notice, request from the Claims Administrator sufficient copies of the Notice Packet to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Notice Packets forward them to all such beneficial owners; or (b) within seven (7) calendar

1   days of receipt of the Notice, send a list of the names, mailing addresses, and, if available, email addresses,

2   of all such beneficial owners to the Claims Administrator in which event the Claims Administrator shall

3   promptly mail or email the Notice Packet to such beneficial owners. Upon full compliance with this Order,

4   such nominees may seek reimbursement of their reasonable expenses actually incurred in complying with

5   this Order by providing the Claims Administrator with proper documentation supporting the expenses for

6   which reimbursement is sought. Such properly documented expenses incurred by nominees in compliance

7   with the terms of this Order shall be paid from the Settlement Fund, with any disputes as to the

8   reasonableness or documentation of expenses incurred subject to review by the Court.

9        10.   **CAFA Notice** – As provided in the Stipulation, Defendants shall serve the notice required

10   under the Class Action Fairness Act, 28 U.S.C. § 1715 *et seq.* ("CAFA") no later than ten (10) calendar

11   days following the filing of the Stipulation with the Court. Defendants are solely responsible for the costs

12   of the CAFA notice and administering the CAFA notice. No later than seven (7) calendar days before the

13   Final Approval Hearing, Defendants shall cause to be served on Lead Counsel and filed with the Court

14   proof, by affidavit or declaration, regarding compliance with 28 U.S.C. § 1715(b).

15        11.   **Participation in the Settlement** – Settlement Class Members who wish to participate in

16   the Settlement and to be eligible to receive a distribution from the Net Settlement Fund must complete and

17   submit a Claim Form in accordance with the instructions contained therein. Unless the Court orders

18   otherwise, all Claim Forms must be postmarked no later than one hundred (100) calendar days after the

19   Notice Date. Notwithstanding the foregoing, Lead Counsel may, at its discretion, accept for processing late

20   Claims provided such acceptance does not delay the distribution of the Net Settlement Fund to the

21   Settlement Class. By submitting a Claim, a person or entity shall be deemed to have submitted to the

22   jurisdiction of the Court with respect to his, her, their, or its Claim and the subject matter of the Settlement.

23        12.   Each Claim Form submitted must satisfy the following conditions: (a) it must be properly

24   completed, signed, and submitted in a timely manner in accordance with the provisions of the preceding

25   paragraph; (b) it must be accompanied by adequate supporting documentation for the transactions and

26   holdings reported therein, in the form of broker confirmation slips, broker account statements, an

27   authorized statement from the broker containing the transactional and holding information found in a

28   broker confirmation slip or account statement, or such other documentation as is deemed adequate by the

Claims Administrator with supervision by Lead Counsel as necessary; (c) if the person executing the Claim Form is acting in a representative capacity, a certification of his, her, their, or its current authority to act on behalf of the Settlement Class Member must be included in the Claim Form; and (d) the Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed.

13.     Any Settlement Class Member that does not timely and validly submit a Claim Form or whose Claim is not otherwise approved by the Court: (a) shall be deemed to have waived his, her, their, or its right to share in the Net Settlement Fund; (b) shall be forever barred from participating in any distributions therefrom; (c) shall be bound by the provisions of the Stipulation and the Settlement and all proceedings, determinations, orders, and judgments in the Action relating thereto, including, without limitation, the Judgment or Alternate Judgment, if applicable, and the Releases provided for therein, whether favorable or unfavorable to the Settlement Class; and (d) will be barred from commencing, maintaining, or prosecuting any of the Lead Plaintiff's Released Claims against each and all of the Released Defendants' Parties, as more fully described in the Stipulation and Notice. Notwithstanding the foregoing, late Claim Forms may be accepted for processing as set forth in paragraph 11 above.

14.     **Exclusion From the Settlement Class** – Any member of the Settlement Class who wishes to exclude himself, herself, themselves, or itself from the Settlement Class must request exclusion in writing within the time and in the manner set forth in the Notice, which shall provide that: (a) any such request for exclusion from the Settlement Class must be mailed such that it is received no later than twenty-eight (28) calendar days prior to the Final Approval Hearing, to: *SEB Investment Management AB et al. v. Align Technology, Inc. et al.*, EXCLUSIONS, c/o JND Legal Administration, P.O. Box 91328, Seattle, WA 98111, and (b) each request for exclusion must (i) state the name, address, and telephone number of the person or entity requesting exclusion, and in the case of entities, the name and telephone number of the appropriate contact person; (ii) state that such person or entity "requests exclusion from the Settlement Class in *SEB Investment Management AB et al. v. Align Technology, Inc. et al.*, Case No. 18-CV-06720-LHK (N.D. Cal.)"; (iii) state the number of shares of Align common stock that the person or entity requesting exclusion (A) owned as of the opening of trading on May 23, 2018 and (B) purchased/acquired and/or sold during the Settlement Class Period, as well as the dates, number of shares, and prices of each

such purchase/acquisition and sale; and (iv) be signed by the person or entity requesting exclusion or an authorized representative. A request for exclusion shall not be effective unless it provides all the required information and is received within the time stated above, or is otherwise accepted by the Court. Copies of all requests for exclusion from the Settlement Class received by the Claims Administrator shall be provided to Lead Counsel and Defendants' Counsel on a rolling basis within five (5) business days of receipt and no later than twenty-one (21) calendar days prior to the Final Approval Hearing.

15.    Any person or entity who or that timely and validly requests exclusion in compliance with the terms stated in this Order and is excluded from the Settlement Class shall not be a Settlement Class Member, shall not be bound by the terms of the Settlement or any orders or judgments in the Action, and shall not receive any payment out of the Net Settlement Fund.

16.    Any Settlement Class Member who or that does not timely and validly request exclusion from the Settlement Class in the manner stated in this Order: (a) shall be deemed to have waived his, her, their, or its right to be excluded from the Settlement Class; (b) shall be forever barred from requesting exclusion from the Settlement Class in this or any other proceeding; (c) shall be bound by the provisions of the Stipulation and Settlement and all proceedings, determinations, orders, and judgments in the Action, including, but not limited to, the Judgment or Alternate Judgment, if applicable, and the Releases provided for therein, whether favorable or unfavorable to the Settlement Class; and (d) will be barred from commencing, maintaining, or prosecuting any of the Lead Plaintiff's Released Claims against any of the Released Defendants' Parties, as more fully described in the Stipulation and Notice.

17.    **Appearance and Objections at Final Approval Hearing** – Any Settlement Class Member who or that does not request exclusion from the Settlement Class may appear at the Final Approval Hearing at his, her, their, or its own expense, individually or through counsel of his, her, their, or its own choice, by sending a letter to the Clerk of Court, at the address set forth in paragraph 18 below, stating his, her, their, or its intent to appear at the Final Approval Hearing, such that the letter is postmarked no later than twenty-eight (28) calendar days prior to the Final Approval Hearing, or as the Court may otherwise direct. If a Settlement Class Member intends to have counsel appear on his, her, their, or its behalf at the Final Approval Hearing, the letter must identify all attorneys who will appear on the Settlement Class Member's

EXHIBIT A

behalf and the attorneys must send a notice of their intent to appear. Otherwise, Settlement Class Members will be represented by Lead Counsel.

18.     Any Settlement Class Member who or that does not request exclusion from the Settlement Class may file a written objection to the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and Litigation Expenses and appear and show cause, if he, she, they, or it has any cause, why the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and Litigation Expenses should not be approved; *provided, however*, that no Settlement Class Member shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, the proposed Plan of Allocation, and/or the motion for attorneys' fees and Litigation Expenses unless that person or entity has filed a written objection with the Court. All written objections and supporting papers must: (i) clearly identify the case name and number (*SEB Investment Management AB et al. v. Align Technology, Inc. et al.*, Case No. 18-CV-06720-LHK (N.D. Cal.); (ii) be submitted to the Court either by mailing them to the Clerk of the Court at the United States District Court for the Northern District of California, Robert F. Peckham Federal Building  & United States Courthouse, 280 South 1st Street, 2nd Floor, San Jose, CA 95113, or by filing them in person at any location of the United States District Court for the Northern District of California; and (iii) be filed or postmarked no later than twenty-eight (28) calendar days prior to the Final Approval Hearing.

19.     Any objections, filings, and other submissions by the objecting Settlement Class Member also must: (i) identify the name, address, and telephone number of the person or entity objecting and must be signed by the objector; (ii) state with specificity the grounds for the Settlement Class Member's objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention and whether the objection applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class; and (iii) must include documents sufficient to prove membership in the Settlement Class, including the number of shares of Align common stock that the objecting Settlement Class Member (A) owned as of the opening of trading on May 23, 2018 and (B) purchased/acquired and/or sold during the Settlement Class Period, as well as the dates, number of shares, and prices of each such purchase/acquisition and sale. The objecting Settlement Class Member shall provide documentation establishing membership in the Settlement Class through copies of brokerage

[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE

confirmation slips or monthly brokerage account statements, or an authorized statement from the objector's broker containing the transactional and holding information found in a broker confirmation slip or account statement. Objectors who intend to appear and desire to present evidence at the Final Approval Hearing in support of their objection must include in their written objection the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the hearing.

20.     Any Settlement Class Member who or that does not make his, her, their, or its objection in the manner provided herein may be deemed to have waived his, her, their, or its right to object to any aspect of the proposed Settlement, the proposed Plan of Allocation, and Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses and shall be forever barred and foreclosed from objecting to the fairness, reasonableness, or adequacy of the Settlement, the Plan of Allocation, or the requested attorneys' fees and Litigation Expenses, or from otherwise being heard concerning the Settlement, the Plan of Allocation, or the requested attorneys' fees and Litigation Expenses in this or any other proceeding.

21.     **Stay and Temporary Injunction** – Until otherwise ordered by the Court, the Court stays all proceedings in the Action other than proceedings necessary to carry out or enforce the terms and conditions of the Stipulation.  Pending final determination of whether the Settlement should be approved, the Court bars, enjoins, and estops Lead Plaintiff and all other members of the Settlement Class from prosecuting any of the Lead Plaintiff's Released Claims against any of the Released Defendants' Parties.

22.     **Settlement Administration Fees and Expenses** – All reasonable costs incurred in identifying Settlement Class Members and notifying them of the Settlement as well as in administering the Settlement shall be paid as set forth in the Stipulation.

23.     **Settlement Fund** – The contents of the Settlement Fund held by The Huntington National Bank (which the Court approves as the Escrow Agent) shall be deemed and considered to be in custodia legis of the Court, and shall remain subject to the jurisdiction of the Court, until such time as they shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

24.     **Taxes** – Lead Counsel is authorized and directed to prepare any tax returns and any other tax reporting form for or in respect to the Settlement Fund, to pay from the Settlement Fund any Taxes owed with respect to the Settlement Fund, and to otherwise perform all obligations with respect to Taxes

and any reporting or filings in respect thereof without further order of the Court in a manner consistent with the provisions of the Stipulation.

25. **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation, the Settlement is not approved, or the Effective Date of the Settlement otherwise fails to occur, this Order shall be vacated, rendered null and void, and be of no further force and effect, except as otherwise provided by the Stipulation, and this Order shall be without prejudice to the rights of Lead Plaintiff, the other Settlement Class Members, and Defendants, and the Parties shall revert to their respective positions in the Action immediately prior to the execution of the Term Sheet on June 11, 2021, as provided in the Stipulation.

26. **Use of this Order** – Neither this Order, the Term Sheet, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), nor the negotiations leading to the execution of the Term Sheet and the Stipulation, nor any proceedings taken pursuant to or in connection with the Term Sheet, the Stipulation, and/or approval of the Settlement (including any arguments proffered in connection therewith): (a) shall be offered against any of the Released Defendants' Parties as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Released Defendants' Parties with respect to the truth of any fact alleged by Lead Plaintiff or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Released Defendants' Parties or in any way referred to for any other reason as against any of the Released Defendants' Parties, in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; (b) shall be offered against any of the Released Lead Plaintiff's Parties, as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Released Lead Plaintiff's Parties that any of their claims is without merit, that any of the Released Defendants' Parties had meritorious defenses, or that damages recoverable under the Amended Consolidated Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against any

EXHIBIT A

of the Released Lead Plaintiff's Parties, in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; or (c) shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; *provided, however*, that if the Stipulation is approved by the Court, the Parties and the Releasees and their respective counsel may refer to it: (i) to effectuate the protections from liability granted thereunder; (ii) to support a defense or counterclaim in any action brought against them based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim; or (iii) otherwise to enforce the terms of the Settlement.

27.   **Supporting Papers** – Lead Counsel shall file and serve its opening papers in support of the proposed Settlement, the proposed Plan of Allocation, and Lead Counsel's motion for attorneys' fees and Litigation Expenses no later than forty-two (42) calendar days prior to the Final Approval Hearing; and reply papers, if any, shall be filed and served no later than seven (7) calendar days prior to the Final Approval Hearing.

SO ORDERED this _____ day of _____, 2021.

_____
The Honorable Lucy H. Koh
United States District Judge

[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE

EXHIBIT A-1

**Exhibit A-1**

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| SEB INVESTMENT MANAGEMENT AB, Individually and on Behalf of All Others Similarly Situated,<br><br>        Plaintiff,<br><br>v.<br><br>ALIGN TECHNOLOGY, INC., JOSEPH M. HOGAN, and JOHN F. MORICI,<br><br>        Defendants. | Case No. 5:18-cv-06720-LHK<br><br><u>CLASS ACTION</u> |

## NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) FINAL APPROVAL HEARING; AND (III) MOTION FOR ATTORNEYS' FEES AND LITIGATION EXPENSES

**NOTICE OF PENDENCY OF CLASS ACTION:**  Please be advised that your rights will be affected by the above-captioned securities class action ("Action") if you purchased or otherwise acquired the common stock of Align Technology, Inc. ("Align") (NASDAQ: ALGN) between May 23, 2018 and October 24, 2018, both dates inclusive, and were damaged thereby ("Settlement Class").[1]

**NOTICE OF SETTLEMENT:**  Please also be advised that the Court-appointed Lead Plaintiff SEB Investment Management AB ("Lead Plaintiff"), on behalf of itself and the Settlement Class, and Defendants Align, Joseph M. Hogan and John F. Morici (collectively, "Defendants") have reached a proposed settlement of the Action for $16,000,000 in cash ("Settlement"). The Settlement resolves Lead Plaintiff's claims that Defendants violated the federal securities laws by making materially false or misleading statements regarding the impact of competition on Align's business, particularly its comprehensive clear aligner business. The claims being released by the Settlement are detailed in ¶¶ 24-30 herein.

**PLEASE READ THIS NOTICE CAREFULLY.  This Notice explains important rights you may have, including the possible receipt of a payment from the Settlement. If you are a member of the Settlement Class, your legal rights will be affected whether or not you act.**

- **Statement of the Settlement Class's Recovery:**  Subject to Court approval, Lead Plaintiff, on behalf of the Settlement Class, has agreed to settle the Action in exchange for a cash payment of $16,000,000 ("Settlement Amount") to be deposited into an escrow account. The Net Settlement Fund (defined below at ¶ 34) will be distributed to eligible Settlement Class Members in

---

[1]  All capitalized terms not defined in this Notice have the meanings provided in the Stipulation and Agreement of Settlement, filed with the Court on July __, 2021 ("Stipulation"). The Stipulation can be viewed at www.AlignSecuritiesLitigationSettlement.com.

accordance with a plan of allocation that is approved by the Court. The plan of allocation being proposed by Lead Plaintiff ("Plan of Allocation") is attached hereto as Appendix A.

• **Estimate of Average Amount of Recovery Per Share**:  Based on Lead Plaintiff's damages consultant's estimate of the number of shares of Align common stock eligible to participate in the Settlement, and assuming that all investors eligible to participate do so, the estimated average recovery per eligible share (before deduction of any Court-approved fees and expenses, such as attorneys' fees and expenses, taxes, and administration costs) will be approximately $1.37. **Settlement Class Members should note, however, that the foregoing is only an estimate.** Some Settlement Class Members may recover more or less than this amount per share depending on: (i) when and the price at which they purchased/acquired shares of Align common stock; (ii) whether they sold their shares of Align common stock; (iii) the total number and value of valid Claims submitted; (iv) the amount of Notice and Administration Costs; and (v) the amount of attorneys' fees and Litigation Expenses awarded by the Court.

• **Average Amount of Damages Per Share**:  The Parties do not agree on the average amount of damages per share of Align common stock that would be recoverable if Lead Plaintiff prevailed in the Action. Among other things, Defendants do not agree with the assertion that they violated the federal securities laws or that any damages were suffered by any members of the Settlement Class as a result of Defendants' conduct.

• **Attorneys' Fees and Expenses Sought**:  Court-appointed Lead Counsel, Kessler Topaz Meltzer & Check, LLP, has prosecuted this Action on a wholly contingent basis and has not received any attorneys' fees (or reimbursement of expenses) for its representation of the Settlement Class. For its efforts, Lead Counsel will apply to the Court for attorneys' fees in an amount not to exceed 20% of the Settlement Fund. Lead Counsel will also apply for payment of Litigation Expenses incurred in connection with the institution, prosecution, and resolution of the Action, in an amount not to exceed $250,000. If the Court approves the maximum amount of the foregoing fees and expenses, the estimated average cost per eligible share of Align common stock will be approximately $0.30 per share. **Please note that this amount is only an estimate**.[2]

• **Identification of Attorneys' Representatives**:  Lead Plaintiff and the Settlement Class are represented by Johnston de F. Whitman, Jr., Esq. of Kessler Topaz Meltzer & Check, LLP, 280 King of Prussia Road, Radnor, PA 19087, Telephone: (610) 667-7706, and Jennifer L. Joost, Esq. of Kessler Topaz Meltzer & Check, LLP, One Sansome Street, Suite 1850, San Francisco, CA 94104, Telephone: (415) 400-3000, info@ktmc.com.

• **Reasons for the Settlement**:  For Lead Plaintiff, the principal reason for the Settlement is the guaranteed cash benefit for the Settlement Class without the risk, delays, and increased costs inherent in further litigation. Moreover, the cash benefit provided under the Settlement must be considered against the risk that a smaller recovery – or indeed no recovery at all – might be achieved after discovery, contested motions, a trial of the Action, and appeals. For Defendants, who deny all allegations of wrongdoing or liability whatsoever and deny that Settlement Class

---

[2] The Notice and Administration Costs, which shall be paid from the Settlement Fund, are estimated to be between $300,000 and $375,000. This is only an estimate, however, as the administration has not fully commenced as of the date of this Notice. If the maximum amount of attorneys' fees and Litigation Expenses requested are approved by the Court, and the Notice and Administration Costs are $375,000, the average cost per eligible share of Align common stock for all of these deductions will be approximately $0.33.

Members were damaged, the principal reasons for entering into the Settlement are to end the burden, expense, uncertainty, and risk of further litigation.

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM POSTMARKED (IF MAILED), OR ONLINE, NO LATER THAN _____ __, 2021.** | This is the only way to be eligible to receive a payment from the Settlement. |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT CLASS BY SUBMITTING A WRITTEN REQUEST FOR EXCLUSION SO THAT IT IS *RECEIVED* NO LATER THAN _____ __, 2021.** | Get no payment from the Settlement. This is the *only* option that may allow you to ever bring or be part of any *other* lawsuit against Defendants or the other Released Defendants' Parties about the claims being released by the Settlement. |
| **OBJECT TO THE SETTLEMENT BY SUBMITTING A WRITTEN OBJECTION SO THAT IT IS *FILED OR POSTMARKED* NO LATER THAN _____ __, 2021.** | Write to the Court about why you do not like the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's request for attorneys' fees and Litigation Expenses. This will not exclude you from the Settlement Class. |
| **GO TO A HEARING ON _____ __, 2021 AT __:__ __.M.** | Ask to speak in Court at the Final Approval Hearing, at the discretion of the Court, about the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's request for attorneys' fees and Litigation Expenses. |
| **DO NOTHING.** | Get no payment from the Settlement. You will, however, remain a member of the Settlement Class, which means that you give up any right you may have to sue about the claims that are being resolved by the Settlement and you will be bound by any judgments or orders entered by the Court in the Action. |

**These rights and options – and the deadlines to exercise them – are further explained in this Notice.  Please Note: The date and time of the Final Approval Hearing – currently scheduled for _____ __, 2021 at __:__ __.m. – is subject to change without further written notice to the Settlement Class. It is also within the Court's discretion to hold the hearing by video or telephonic conference. If you plan to attend the hearing, you should check www.AlignSecuritiesLitigationSettlement.com, or with Lead Counsel to confirm no change to the date and/or time of the hearing has been made.**

| WHAT THIS NOTICE CONTAINS |
|---|

Why Did I Get This Notice? ................................................. Page __
What Is This Case About? ................................................. Page __
Why Is This Case A Class Action? ................................................. Page __
Why Is There A Settlement? ................................................. Page __

What Might Happen If There Were No Settlement? ........................................ Page __
How Do I Know If I Am Affected By The Settlement?
   Who Is Included In The Settlement Class? .............................................. Page __
How Are Settlement Class Members Affected By The Action
   And The Settlement? ................................................................................ Page __
How Do I Participate In The Settlement?  What Do I Need To Do? ............... Page __
How Much Will My Payment Be? .................................................................. Page __
What Payment Are The Attorneys For The Settlement Class Seeking?
   How Will The Lawyers Be Paid? ............................................................. Page __
What If I Do Not Want To Be A Member Of The Settlement Class?
   How Do I Exclude Myself? ....................................................................... Page __
When And Where Will The Court Decide Whether To Approve The Settlement?
   Do I Have To Come To The Hearing?  May I Speak At The Hearing If I
   Don't Like The Settlement? ...................................................................... Page __
What If I Do Nothing? .................................................................................... Page __
What If I Bought Shares On Someone Else's Behalf? ..................................... Page __
Can I See The Court File?  Who Should I Contact If I Have Questions? ......... Page __
Proposed Plan of Allocation of Net Settlement Fund Among
   Authorized Claimants ............................................................................. Appendix A

## WHY DID I GET THIS NOTICE?

1.     You or someone in your family, or an investment account for which you serve as a custodian, may have purchased or otherwise acquired Align common stock during the Settlement Class Period, and may be a Settlement Class Member. The Court directed that this Notice be sent to you to inform you of the terms of the proposed Settlement and about all of your options before the Court rules on the Settlement at or after the Final Approval Hearing. Additionally, you have the right to understand how this class action lawsuit may affect your legal rights.

2.     This Notice explains the Action, the Settlement, your legal rights, what benefits are available under the Settlement, who is eligible for the benefits, and how to get them.

3.     The issuance of this Notice is not an expression of any opinion by the Court concerning the merits of any claim in the Action, and the Court still has to decide whether to approve the Settlement. If the Court approves the Settlement and the Plan of Allocation (or some other plan of allocation), the Claims Administrator will make payments to eligible Settlement Class Members pursuant to the Settlement after any objections and appeals are resolved.

## WHAT IS THIS CASE ABOUT?

4.     Align is a global medical device company engaged in the design, manufacture, and marketing of Invisalign® clear aligners and iTero® intraoral scanners and services for orthodontics, restorative, and aesthetic dentistry. In this Action, Lead Plaintiff alleges that, during the Settlement Class Period, Align and certain of its executive officers at the time (i.e., Joseph M. Hogan, Align's President and Chief Executive Officer, and John F. Morici, Align's Senior Vice President of Global Finance and Chief Financial Officer) made materially false or misleading statements regarding the impact of competition on Align's business, particularly its comprehensive clear aligner business. More specifically, Lead Plaintiff alleges that Defendants concealed

adjustments to the business they made to address competition, resulting in a significant deterioration in Align's "average selling price" (or "ASP"). Lead Plaintiff further alleges that the Settlement Class suffered damages when the alleged truth regarding these matters was publicly disclosed.

5.      The Action was commenced on November 5, 2018, with the filing of a putative securities class action complaint, styled *Xiaojiao Lu v. Align Technology, Inc., et al.*, Case No. 5:18-cv-06720-LHK. A similar securities class action complaint, styled *David Infuso v. Align Technology, Inc., et al.*, Case No. 3:18-cv-07469-WHA, was filed in this Court on December 12, 2018. By Order dated March 22, 2019, the Court consolidated the actions, appointed SEB Investment Management AB as Lead Plaintiff, and approved Lead Plaintiff's selection of Kessler Topaz Meltzer & Check, LLP as Lead Counsel for the class.

6.      On May 10, 2019, Lead Plaintiff filed the Consolidated Class Action Complaint for Violation of the Federal Securities Laws ("Consolidated Complaint"). The Consolidated Complaint asserted claims under Sections 10(b), 20(a), and 20A of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. §§ 78j(b) 78n(a), and 78t(a), and SEC Rule 10b-5, 17 C.F.R. § 240.10b-5, promulgated thereunder, against Align, Joseph M. Hogan, John F. Morici, Raphael S. Pascaud, and Emory M. Wright (collectively, "Consolidated Complaint Defendants").

7.      The Consolidated Complaint Defendants moved to dismiss the Consolidated Complaint on June 24, 2019 ("First Motion to Dismiss"). The First Motion to Dismiss was fully briefed by the Parties. By Order dated October 29, 2019, the Court granted the First Motion to Dismiss, but provided Lead Plaintiff leave to file an amended complaint within 30 days.

8.      In accordance with the Court's ruling on Defendants' First Motion to Dismiss, Lead Plaintiff filed the Amended Consolidated Class Action Complaint for Violation of the Federal Securities Laws on November 29, 2019 ("Amended Consolidated Complaint").[3]

9.      Defendants moved to dismiss the Amended Consolidated Complaint on July 17, 2020 ("Second Motion to Dismiss"). The Second Motion to Dismiss was fully briefed by the Parties. By Order dated September 9, 2020, the Court granted in part and denied in part Defendants' Second Motion to Dismiss.

10.     On September 23, 2020, Defendants filed their Answer to the Amended Consolidated Complaint, which Defendants subsequently amended on February 4, 2021.

11.     Following the Court's ruling on Defendants' Second Motion to Dismiss, the Court stayed the case on September 24, 2020. Thereafter, the Parties began discussing the possibility of resolving the Action through settlement and agreed to mediate before Gregory P. Lindstrom of Phillips ADR. A mediation session with Mr. Lindstrom was scheduled for November 23, 2020. In advance of the mediation, the Parties exchanged detailed mediation statements addressing liability and damages issues. The Parties were unable to resolve the Action at the November 23, 2020 mediation. The Court lifted the stay of the case on January 15, 2021 and the Parties commenced discovery immediately thereafter.

---

[3]  The Amended Consolidated Complaint does not allege claims against two of the Consolidated Complaint Defendants (Ralph Pascaud and Emory Wright), and changed the class period start date from April 25, 2018 to May 23, 2018.

12.     While discovery was ongoing, the Parties agreed to participate in a second mediation session before Mr. Lindstrom, to occur on June 10, 2021. Prior to the mediation, the Parties engaged in discovery, presented certain discovery disputes to Magistrate Judge Virginia K. DeMarchi, and reviewed the documents each side had produced to date. Following hard-fought, arm's-length negotiations at the mediation and over the course of the following day, the Parties reached an agreement in principle to resolve the Action for $16,000,000. The Parties memorialized their agreement in a binding term sheet executed on June 11, 2021.

13.     After additional negotiations regarding the specific terms of their agreement, the Parties entered into the Stipulation on June 30, 2021. The Stipulation, which sets forth the terms and conditions of the Settlement, can be viewed at www.AlignSecuritiesLitigationSettlement.com.

14.     On _____ __, 2021, the Court preliminarily approved the Settlement, authorized this Notice to be disseminated to potential Settlement Class Members, and scheduled the Final Approval Hearing to consider whether to grant final approval of the Settlement.

## WHY IS THIS CASE A CLASS ACTION?

15.     In a class action, one or more persons or entities (in this case, Lead Plaintiff), sue on behalf of persons and entities that have similar claims. Together, these persons and entities are a "class," and each is a "class member." Bringing a case, such as this one, as a class action allows the adjudication of many individuals' similar claims that might be too small to bring economically as separate actions. One court resolves the issues for all class members at the same time, except for those who exclude themselves, or "opt out," from the class.

## WHY IS THERE A SETTLEMENT?

16.     Lead Plaintiff and Lead Counsel believe that Lead Plaintiff's claims against Defendants have merit. They recognize, however, the expense and length of continued proceedings necessary to pursue Lead Plaintiff's claims through full discovery, a motion for class certification, summary judgment, trial, and appeals, as well as the very substantial risks Lead Plaintiff would face in establishing liability and damages. Such risks include the potential challenges associated with proving that there were material misstatements in Defendants' public statements, and establishing significant damages under the securities laws.

17.     In light of these risks, the amount of the Settlement, and the immediacy of recovery to the Settlement Class, Lead Plaintiff and Lead Counsel believe that the proposed Settlement is fair, reasonable, adequate, and in the best interests of the Settlement Class. Lead Plaintiff and Lead Counsel believe that the Settlement provides a substantial benefit to the Settlement Class, as compared to the risk that the claims in the Action would produce a smaller recovery, or no recovery, after continued and costly litigation, possibly years in the future.

18.     Defendants have denied and continue to deny each and all of the claims asserted against them in the Action, and deny that the Settlement Class was harmed or suffered any damages as a result of the conduct alleged in the Action. Defendants have agreed to the Settlement solely to eliminate the burden, expense, uncertainty, and risk of continued litigation. Accordingly, the Settlement may not be construed as, and is not, an admission of any wrongdoing by any Defendant.

## WHAT MIGHT HAPPEN IF THERE WERE NO SETTLEMENT?

19.     If there were no Settlement and Lead Plaintiff failed to establish any legal or factual element essential to its claims against Defendants, neither Lead Plaintiff nor the other members of the Settlement Class would recover anything from Defendants. Also, if Defendants were successful in proving any of their defenses, either at summary judgment, at trial, or on appeal, the Settlement Class could recover substantially less than the amount provided in the Settlement, or nothing at all.

## HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT?
## WHO IS INCLUDED IN THE SETTLEMENT CLASS?

20.     If you are a member of the Settlement Class, you are subject to the Settlement, unless you timely request to be excluded. The Settlement Class consists of:

**All persons and entities who purchased or otherwise acquired the common stock of Align between May 23, 2018 and October 24, 2018, both dates inclusive, and who were damaged thereby.**

Excluded from the Settlement Class are: (I) Defendants; (II) present or former executive officers and directors of Align during the Settlement Class Period and their Immediate Family Members; (III) any of the foregoing entities' and individuals' legal representatives, heirs, successors or assigns; and (IV) any entity in which Defendants have or had a controlling interest, or any affiliate of Align. For the avoidance of doubt, "affiliates" are persons or entities that directly, or indirectly through one or more intermediaries, control, are controlled by or are under common control with one of the Defendants. Also excluded from the Settlement Class are any persons and entities who or which submit a request for exclusion from the Settlement Class that is accepted by the Court. *See* "What If I Do Not Want To Be A Member Of The Settlement Class?  How Do I Exclude Myself," on page [__] below.

**PLEASE NOTE:  Receipt of this Notice does not mean that you are a Settlement Class Member or that you will be entitled to a payment from the Settlement. If you are a Settlement Class Member and you wish to be eligible to receive a payment from the Settlement, you are required to submit the Claim Form that is being distributed with this Notice and the required supporting documentation as set forth in the Claim Form postmarked (if mailed), or online at www.AlignSecuritiesLitigationSettlement.com, no later than _____ __, 2021.**

## HOW ARE SETTLEMENT CLASS MEMBERS AFFECTED
## BY THE ACTION AND THE SETTLEMENT?

21.     As a Settlement Class Member, you are represented by Lead Plaintiff and Lead Counsel. If you want to be represented by your own lawyer, you may hire one at your own expense.

22.     If you are a Settlement Class Member and do not wish to remain a Settlement Class Member, you may exclude yourself from the Settlement Class by following the instructions in the section below entitled, "What If I Do Not Want To Be A Member Of The Settlement Class?  How Do I Exclude Myself?"

23.     If you are a Settlement Class Member and you wish to object to the Settlement, the Plan of Allocation, or Lead Counsel's request for attorneys' fees and Litigation Expenses, you may present your objections by following the instructions in the section below entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?"

24.     If you are a Settlement Class Member and you do not exclude yourself from the Settlement Class, you will be bound by any orders issued by the Court in the Action. If the Settlement is approved, the Court will enter a judgment ("Judgment"). The Judgment will dismiss with prejudice the claims against Defendants and will provide that, upon the Effective Date of the Settlement, Lead Plaintiff and each of the other Settlement Class Members, on behalf of themselves, and each of their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, shall be deemed to have, and by operation of law and of the Judgment, or the Alternate Judgment, if applicable, shall have fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Lead Plaintiff's Released Claims (defined in ¶ 25 below) against the Released Defendants' Parties (defined in ¶ 26 below), and shall forever be barred, enjoined, and estopped from prosecuting any or all of the Lead Plaintiff's Released Claims against any of the Released Defendants' Parties.

25.     "Lead Plaintiff's Released Claims" means all claims, demands, rights, and causes of action, or liabilities of every nature and description, whether known or Unknown Claims, whether arising under federal, state, local, common, statutory, administrative, or foreign law, or any other law, rule, or regulation, at law or in equity, whether fixed or contingent, whether foreseen or unforeseen, whether accrued or unaccrued, whether liquidated or unliquidated, whether matured or unmatured, whether direct, representative, class, or individual in nature that (a) Lead Plaintiff or any other member of the Settlement Class: (i) asserted in the Action or (ii) could have asserted in any court or forum that arise out of or are based upon any of the allegations, transactions, facts, matters or occurrences, representations, or omissions set forth in the Action; and (b) relate to the purchase or other acquisition of Align common stock during the Settlement Class Period. Lead Plaintiff's Released Claims shall not include: (i) any claims asserted by shareholders on behalf of Align in the two related derivative lawsuits that have been stayed pending the resolution of this Action (*In re Align Tech., Inc. Deriv. Litig.*, Case No. 19-CV-00202-LHK (N.D. Cal.) and *Muhammad Abbas v. Joseph M. Hogan, et. al.*, Case No. 19CV346429 (Sup. Ct. Cnty. of Santa Clara)); (ii) any claims relating to the enforcement of the Settlement; or (iii) any claims of any person or entity who or which submits a request for exclusion from the Settlement Class that is accepted by the Court.

26.     "Released Defendants' Parties" means (I) each Defendant, (II) each of their respective Immediate Family Members (for individuals) and each of their direct or indirect parent entities, subsidiaries, related entities, and affiliates, any trust of which any individual Defendant is the settlor or which is for the benefit of any Defendant and/or member(s) of his or her family, and (III) for any of the entities listed in parts (I) or (II), their respective past and present general partners, limited partners, principals, shareholders, joint venturers, members, officers, directors, managers, managing directors, supervisors, employees, contractors, consultants, auditors, accountants, financial advisors, professional advisors, investment bankers, representatives, insurers, trustees, trustors, agents, attorneys, professionals, predecessors, successors, assigns, heirs, executors, administrators, and any controlling person thereof, in their capacities as such, and any entity in which a Defendant has a controlling interest.

8

27.     "Unknown Claims" means any Lead Plaintiff's Released Claims which Lead Plaintiff or any other Settlement Class Member does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, and any Defendants' Released Claims that any Defendant does not know or suspect to exist in his or its favor at the time of the release of such claims, which, if known by him, her, or it, might have materially affected his, her, or its decision(s) with respect to this Settlement or the Releases, including his, her, or its decision(s) to object or not to object to the Settlement. With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Lead Plaintiff and Defendants shall expressly waive, and each of the other Settlement Class Members shall be deemed to have waived, and by operation of the Judgment or the Alternate Judgment, if applicable, shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

Lead Plaintiff and Defendants acknowledge, and each of the other Settlement Class Members shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

28.     The Judgment will also provide that, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and each of their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, shall be deemed to have, and by operation of law and of the Judgment, or the Alternate Judgment, if applicable, shall have fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Defendants' Claims (defined in ¶ 29 below) against the Released Lead Plaintiff's Parties (defined in ¶ 30 below), and shall forever be barred, enjoined, and estopped from prosecuting any or all of the Defendants' Released Claims against any of the Released Lead Plaintiff's Parties.

29.     "Defendants' Released Claims" means all claims and causes of action of every nature and description, whether known or Unknown Claims, whether arising under federal, state, local, common, statutory, administrative, or foreign law, or any other law, rule, or regulation, at law or in equity, whether fixed or contingent, whether foreseen or unforeseen, whether accrued or unaccrued, whether liquidated or unliquidated, whether matured or unmatured, whether direct, representative, class, or individual in nature that arise out of or relate in any way to the institution, prosecution, or settlement of the claims in the Action against Defendants. Defendants' Released Claims shall not include any claims relating to the enforcement of the Settlement.

30.     "Released Lead Plaintiff's Parties" means (I) Lead Plaintiff, all Settlement Class Members, Lead Counsel, and (II) each of their respective family members, and their respective general partners, limited partners, principals, shareholders, joint venturers, members, officers, directors, managers, managing directors, supervisors, employees, contractors, consultants, auditors, accountants, financial advisors, professional advisors, investment bankers,

representatives, insurers, trustees, trustors, agents, attorneys, professionals, predecessors, successors, assigns, heirs, executors, administrators, and any controlling person thereof, in their capacities as such.

| **HOW DO I PARTICIPATE IN THE SETTLEMENT?  WHAT DO I NEED TO DO?** |
|---|

31.     To be eligible for a payment from the Settlement, you must be a member of the Settlement Class and you must timely complete and return the Claim Form with adequate supporting documentation ***postmarked (if mailed), or submitted online at www.AlignSecuritiesLitigationSettlement.com, no later than _____ \_\_, 2021***. A Claim Form is included with this Notice, or you may obtain one at www.AlignSecuritiesLitigationSettlement.com. You may also request that a Claim Form be mailed to you by calling the Claims Administrator toll free at 1-833-677-1108 or by emailing the Claims Administrator at info@AlignSecuritiesLitigationSettlement.com. Please retain all records of your ownership of and transactions in Align common stock, as they will be needed to document your Claim. The Parties and Claims Administrator do not have information about your transactions in Align common stock.

32.     If you request exclusion from the Settlement Class or do not submit a timely and valid Claim Form, you will not be eligible to share in the Net Settlement Fund.

| **HOW MUCH WILL MY PAYMENT BE?** |
|---|

33.     At this time, it is not possible to make any determination as to how much any individual Settlement Class Member may receive from the Settlement.

34.     Pursuant to the Settlement, Align and/or its D&O liability insurers shall pay a total of $16,000,000 in cash. The Settlement Amount will be deposited into an escrow account. The Settlement Amount plus any interest earned thereon is referred to as the "Settlement Fund." If the Settlement is approved by the Court and the Effective Date occurs, the "Net Settlement Fund" (that is, the Settlement Fund less: (i) Taxes; (ii) Notice and Administration Costs; (iii) any Litigation Expenses awarded by the Court; (iv) any attorneys' fees awarded by the Court; and (v) any other costs or fees approved by the Court) will be distributed to Settlement Class Members who submit valid Claim Forms, in accordance with the proposed Plan of Allocation or such other plan of allocation as the Court may approve.

35.     Approval of the Settlement is independent from approval of a plan of allocation. Any determination with respect to a plan of allocation will not affect the Settlement, if approved.

36.     Neither Defendants nor any other person or entity that paid any portion of the Settlement Amount on their behalf are entitled to get back any portion of the Settlement Fund once the Court's order or judgment approving the Settlement becomes Final. Defendants shall not have any liability, obligation, or responsibility for the administration of the Settlement, the disbursement of the Net Settlement Fund, or the plan of allocation.

37.     Unless the Court otherwise orders, any Settlement Class Member who fails to submit a Claim Form postmarked or received on or before _____ \_\_, 2021 shall be fully and forever barred from receiving payments pursuant to the Settlement but will in all other respects remain a Settlement Class Member and be subject to the provisions of the Stipulation, including the terms of any Judgment entered and the Releases given.

38.     Participants in and beneficiaries of any employee retirement and/or benefit plan ("Employee Plan") should NOT include any information relating to shares of Align common stock purchased/acquired through an Employee Plan in any Claim Form they submit in this Action. They should include ONLY those shares of Align common stock purchased/acquired during the Settlement Class Period outside of an Employee Plan. Claims based on any Employee Plan(s)' purchases/acquisitions of eligible Align common stock during the Settlement Class Period may be made by the Employee Plan(s)' trustees. To the extent any of the Defendants or any of the other persons or entities excluded from the Settlement Class are participants in an Employee Plan(s), such persons or entities shall not receive, either directly or indirectly, any portion of the recovery that may be obtained from the Settlement by such Employee Plan(s).

39.     The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the Claim of any Settlement Class Member.

40.     Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her, or its Claim Form.

41.     Only Settlement Class Members, *i.e.*, persons and entities who purchased or otherwise acquired Align common stock during the Settlement Class Period and were damaged as a result of such purchases or acquisitions, will be eligible to share in the distribution of the Net Settlement Fund. Persons and entities that are excluded from the Settlement Class by definition or that exclude themselves from the Settlement Class pursuant to request will not be eligible to receive a distribution from the Net Settlement Fund and should not submit Claim Forms.

42.     **Appendix A to this Notice sets forth the Plan of Allocation for allocating the Net Settlement Fund among Authorized Claimants, as proposed by Lead Plaintiff and Lead Counsel. At the Final Approval Hearing, Lead Counsel will request the Court approve the Plan of Allocation. The Court may modify the Plan of Allocation, or approve a different plan of allocation, without further notice to the Settlement Class.**

## WHAT PAYMENT ARE THE ATTORNEYS FOR THE SETTLEMENT CLASS SEEKING? HOW WILL THE LAWYERS BE PAID?

43.     Lead Counsel has not received any payment for its services in pursuing claims against the Defendants on behalf of the Settlement Class, nor has Lead Counsel been reimbursed for its out-of-pocket expenses. Before final approval of the Settlement, Lead Counsel will apply to the Court for an award of attorneys' fees in an amount not to exceed 20% of the Settlement Fund. At the same time, Lead Counsel also intends to apply for payment of Litigation Expenses in an amount not to exceed $250,000. The Court will determine the amount of any award of attorneys' fees or Litigation Expenses. Such sums as may be approved by the Court will be paid from the Settlement Fund. ***Settlement Class Members are not personally liable for any such fees or expenses.***

## WHAT IF I DO NOT WANT TO BE A MEMBER OF THE SETTLEMENT CLASS? HOW DO I EXCLUDE MYSELF?

44.     Each Settlement Class Member will be bound by all determinations and judgments in this lawsuit, whether favorable or unfavorable, unless such person or entity mails or delivers a letter requesting exclusion addressed to: *SEB Investment Management AB et al. v. Align*

*Technology, Inc. et al.*, EXCLUSIONS, c/o JND Legal Administration, P.O. Box 91328, Seattle, WA 98111. The request for exclusion must be ***received* no later than _____ __, 2021**. You will not be able to exclude yourself from the Settlement Class after that date. Each letter requesting exclusion must: (i) state the name, address, and telephone number of the person or entity requesting exclusion, and in the case of entities, the name and telephone number of the appropriate contact person; (ii) state that such person or entity "requests exclusion from the Settlement Class in *SEB Investment Management AB et al. v. Align Technology, Inc. et al.*, Case No. 18-CV-06720-LHK (N.D. Cal.)"; (iii) state the number of shares of Align common stock that the person or entity requesting exclusion (A) owned as of the opening of trading on May 23, 2018 and (B) purchased/acquired and/or sold during the Settlement Class Period (*i.e.*, between May 23, 2018 and October 24, 2018, inclusive), as well as the dates, number of shares, and prices of each such purchase/acquisition and/or sale; and (iv) be signed by the person or entity requesting exclusion or an authorized representative. A letter requesting exclusion shall not be valid and effective unless it provides all the information called for in this paragraph and is received within the time stated above, or is otherwise accepted by the Court.

45. If you do not want to be part of the Settlement Class, you must follow these instructions for exclusion even if you have pending, or later file, another lawsuit, arbitration, or other proceeding relating to any Lead Plaintiff's Released Claim against any of the Released Defendants' Parties. Excluding yourself from the Settlement Class is the only option that may allow you to be part of any other current or future lawsuit against Defendants or any of the other Released Defendants' Parties concerning the Lead Plaintiff's Released Claims. Please note, however, if you decide to exclude yourself from the Settlement Class, you may be time-barred from asserting the claims covered by the Action by a statute of repose. In addition, Defendants and the other Released Defendants' Parties will have the right to assert any and all defenses they may have to any claims that you may seek to assert.

46. If you ask to be excluded from the Settlement Class, you will not be eligible to receive any payment from the Net Settlement Fund.

47. Align has the right to terminate the Settlement if valid requests for exclusion are received from persons and entities entitled to be members of the Settlement Class in an amount that exceeds an amount agreed to by the Parties.

| |
|---|
| **WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?  DO I HAVE TO COME TO THE HEARING? MAY I SPEAK AT THE HEARING IF I DON'T LIKE THE SETTLEMENT?** |

48. **Settlement Class Members do not need to attend the Final Approval Hearing. The Court will consider any submission made in accordance with the provisions below even if a Settlement Class Member does not attend the hearing. You can participate in the Settlement without attending the Final Approval Hearing.**

49. **Please Note**: The date and time of the Final Approval Hearing may change without further written notice to the Settlement Class. In addition, the COVID-19 pandemic is a fluid situation that creates the possibility that the Court may decide to conduct the Final Approval Hearing by video or telephonic conference, or otherwise allow Settlement Class Members to appear at the hearing by video or phone, without further written notice to the Settlement Class. **In order to determine whether the date and time of the Final Approval Hearing have changed, or whether**

**Settlement Class Members must or may participate by phone or video, it is important that you monitor the Court's docket and the Settlement website, www.AlignSecuritiesLitigationSettlement.com, before making any plans to attend the Final Approval Hearing. Any updates regarding the Final Approval Hearing, including any changes to the date or time of the hearing or updates regarding in-person or remote appearances at the hearing, will be posted to www.AlignSecuritiesLitigationSettlement.com. If the Court requires or allows Settlement Class Members to participate in the Final Approval Hearing by telephone or video conference, the information for accessing the telephone or video conference will be posted to www.AlignSecuritiesLitigationSettlement.com.**

50.     The Final Approval Hearing will be held on _____ __, 2021 at __:__ _.m., before the Honorable Lucy H. Koh, United States District Court Judge for the Northern District of California, either in person at the Robert F. Peckham Federal Building & United States Courthouse 280 South 1st Street, San Jose, CA 95113, in Courtroom 8, 4th Floor, or by telephone or videoconference (in the discretion of the Court). The Court reserves the right to approve the Settlement, the Plan of Allocation, Lead Counsel's request for an award of attorneys' fees and Litigation Expenses, and/or any other matter related to the Settlement at or after the Final Approval Hearing without further notice to the members of the Settlement Class.

51.     Any Settlement Class Member may object to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's request for an award of attorneys' fees and Litigation Expenses. You can ask the Court to deny approval by filing an objection. You cannot ask the Court to order a different settlement. The Court can only approve or reject the Settlement. If the Court denies approval of the Settlement, no payments from the Settlement will be sent out and the Action will continue. If that is what you want to happen, then you must object.

52.     Any objection to the proposed Settlement must be in writing and submitted only to the Court. If you submit a timely written objection, you may, but are not required to, appear at the Final Approval Hearing, either in person or through your own attorney. If you appear through your own attorney, you are responsible for hiring and paying that attorney. All written objections and supporting papers must: (i) clearly identify the case name and number (*SEB Investment Management AB et al. v. Align Technology, Inc. et al.*, Case No. 18-CV-06720-LHK (N.D. Cal.)); (ii) be submitted to the Court either by mailing them to the Clerk of the Court at the United States District Court for the Northern District of California, Robert F. Peckham Federal Building & United States Courthouse, 280 South 1st Floor, San Jose, CA 95113, or by filing them in person at any location of the United States District Court for the Northern District of California; and (iii) be filed or postmarked no later than _____ __, 2021.

53.     Additionally, any objection must: (i) identify the name, address, and telephone number of the person or entity objecting and be signed by the objector; (ii) state with specificity the grounds for the Settlement Class Member's objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention and whether the objection applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class; and (iii) must include documents sufficient to prove membership in the Settlement Class, including the number of shares of Align common stock that the objecting Settlement Class Member (A) owned as of the opening of trading on May 23, 2018 and (B) purchased/acquired and/or sold during the Settlement Class Period, as well as the dates,

13

number of shares, and prices of each such purchase/acquisition and sale.[4] **You may not object to the Settlement, Plan of Allocation, or Lead Counsel's request for attorneys' fees and Litigation Expenses if you exclude yourself from the Settlement Class or if you are not Settlement Class Member.**

54.     If you wish to appear and speak about your objection at the Final Approval Hearing, you must state that you intend to appear at the hearing in your objection or send a letter stating that you intend to appear at the Final Approval Hearing in *SEB Investment Management AB et al. v. Align Technology, Inc. et al.*, Case No. 18-CV-06720-LHK (N.D. Cal.) to the Clerk of Court at the address set forth in ¶ 52 above so that it is ***postmarked* on or before _____ __, 2021**. Persons who intend to object and desire to present evidence at the Final Approval Hearing must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the hearing. Such persons may be heard orally at the discretion of the Court.

55.     **Unless the Court orders otherwise, any Settlement Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's request for attorneys' fees and Litigation Expenses. Settlement Class Members do not need to appear at the Final Approval Hearing or take any other action to indicate their approval.**

## WHAT IF I DO NOTHING?

56.     If you do nothing, all of your claims against Defendants and the other Released Defendants' Parties will be released, and you will not receive any payment from the Settlement because it is necessary that you submit a Claim Form in order to be eligible to share in the Settlement proceeds.

## WHAT IF I BOUGHT SHARES ON SOMEONE ELSE'S BEHALF?

57.     If you purchased or otherwise acquired shares of Align common stock between May 23, 2018 and October 24, 2018, inclusive, for the beneficial interest of persons or entities other than yourself, you must either (i) within seven (7) calendar days of receipt of this Notice, request from the Claims Administrator sufficient copies of the Notice and Claim Form (the "Notice Packet") to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Notice Packets forward them to all such beneficial owners; or (ii) within seven (7) calendar days of receipt of this Notice, provide a list of the names, addresses, and, if available, email addresses of all such beneficial owners to *SEB Investment Management AB et al. v. Align Technology, Inc. et al*, c/o JND Legal Administration, P.O. Box 91328, Seattle, WA 98111. If you choose the second option, the Claims Administrator will send a copy of the Notice Packet to the beneficial owners you have identified on your list. Upon full compliance with these directions, such nominees may seek reimbursement of their reasonable expenses actually incurred, by

---

[4]  Documentation establishing membership in the Settlement Class must consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from the objector's broker containing the transactional and holding information found in a broker confirmation slip or account statement.

providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Copies of this Notice and the Claim Form may also be obtained from the Settlement website, www.AlignSecuritiesLitigationSettlement.com, by calling the Claims Administrator toll-free at 1-833-677-1108, or by emailing the Claims Administrator at info@AlignSecuritiesLitigationSettlement.com.

| |
|---|
| **CAN I SEE THE COURT FILE?  WHO SHOULD I CONTACT IF I HAVE QUESTIONS?** |

58.     This Notice summarizes the proposed Settlement. For the full terms and conditions of the Settlement, please review the Stipulation at www.AlignSecuritiesLitigationSettlement.com. A copy of the Stipulation and additional information regarding the Settlement can also be obtained by contacting Lead Counsel at the contact information set forth above, by accessing the Court docket in this case, for a fee, though the Court's PACER system at https://ecf.cand.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court for the Northern District of California, Robert F. Peckham Federal Building & United States Courthouse 280 South 1st Street, San Jose, CA 95113, Monday through Friday, excluding Court holidays. Additionally, copies of any related orders entered by the Court and certain other filings in this Action will be posted on the Settlement website, www.AlignSecuritiesLitigationSettlement.com.

59.     All inquiries concerning this Notice and the Claim Form should be directed to:

*SEB Investment Management AB et al. v. Align Technology, Inc. et al.*
c/o JND Legal Administration
P.O. Box 91328
Seattle, WA 98111

1-833-677-1108
info@AlignSecuritiesLitigationSettlement.com
www.AlignSecuritiesLitigationSettlement.com

and/or

Kessler Topaz Meltzer & Check, LLP

Johnston de F. Whitman, Jr.
280 King of Prussia Road
Radnor, PA 19087
1-610-667-7706

-and-

Jennifer L. Joost
One Sansome Street, Suite 1850
San Francisco, CA 94104
1-415-400-3000

info@ktmc.com

**PLEASE DO NOT CALL OR WRITE THE COURT, THE CLERK'S OFFICE, DEFENDANTS, OR DEFENDANTS' COUNSEL REGARDING THIS NOTICE**

DATED: _____ __, 2021    BY ORDER OF THE COURT
               United States District Court
               Northern District of California

**APPENDIX A**
**[Proposed] Plan of Allocation of Net Settlement Fund Among Authorized Claimants**

The Plan of Allocation set forth herein is the plan that Lead Plaintiff is proposing to the Court for approval. The Plan of Allocation was developed by Lead Plaintiff in consultation with its damages consultant. The Court may approve the Plan of Allocation with or without modification, or approve another plan of allocation, without further notice to the Settlement Class. Any Orders regarding a modification of the Plan of Allocation will be posted on the website www.AlignSecuritiesLitigationSettlement.com. Defendants have had, and will have, no involvement in or responsibility for the terms or application of the Plan of Allocation.

The objective of the proposed Plan of Allocation is to equitably distribute the Net Settlement Fund among those Settlement Class Members who purportedly suffered economic losses as a result of the alleged violations of the federal securities laws set forth in the Amended Consolidated Complaint, as opposed to economic losses caused by market or industry factors or Align-specific factors unrelated to the allegations in the Amended Consolidated Complaint. To that end, Lead Plaintiff's damages consultant calculated the estimated amount of alleged artificial inflation in the per share price of Align common stock over the course of the Settlement Class Period that was allegedly proximately caused by Defendants' alleged materially false or misleading statements.

Calculations made pursuant to the Plan of Allocation do not represent a formal damages analysis that has been adjudicated in the Action, and are not intended to measure the amounts that Settlement Class Members might have recovered after a trial. Nor are these calculations intended to be estimates of the amounts that will be paid to Authorized Claimants pursuant to the Settlement. The computations under the Plan of Allocation are only a method to weigh equitably the claims of Authorized Claimants against one another for the purposes of making *pro rata* allocations of the Net Settlement Fund. These calculations have not in any way been agreed to or conceded by Defendants.

For losses to be compensable damages under the federal securities laws, the disclosure of the purported relevant truth allegedly concealed by the Defendants' alleged misrepresentations or omissions must be the cause of the decline in the price of the security. Accordingly, to have a "Recognized Loss Amount" pursuant to the Plan of Allocation, a person or entity must have purchased or otherwise acquired Align common stock during the Settlement Class Period (i.e., between May 23, 2018 and October 24, 2018, inclusive) and **held such Align common stock through** the alleged corrective disclosure on October 24, 2018 after the close of the market that removed the alleged artificial inflation.

## CALCULATION OF RECOGNIZED LOSS AMOUNTS

1.   For purposes of determining whether a Claimant has a "Recognized Claim," purchases, acquisitions, and sales of Align common stock will first be matched on a First In, First Out ("FIFO") basis as set forth in ¶ 6 below.

2.   A "Recognized Loss Amount" will be calculated as set forth below for each share of Align common stock purchased or otherwise acquired between May 23, 2018 and October 24, 2018, inclusive, that is listed in the Claim Form and for which adequate documentation is provided.

17

To the extent that the calculation of a Claimant's Recognized Loss Amount results in a negative number, that number shall be set to zero. The sum of a Claimant's Recognized Loss Amounts will be the Claimant's "Recognized Claim."

3.     Recognized Loss Amounts will also take into account the Court's September 9, 2020 Order Granting in Part and Denying in Part Defendants' Motion to Dismiss (ECF No. 138) which dismissed with prejudice certain alleged misstatements in the Amended Consolidated Complaint, most of which were made prior to or within hours after the close of market on July 25, 2018. Because of the dismissal of the claims of Settlement Class Members who purchased Align common stock during the period from May 23, 2018 through July 25, 2018, it is far less likely that Lead Plaintiff could have prevailed on these claims if the Action had continued, as doing so would have required successfully appealing the dismissal of those statements. Accordingly, Recognized Loss Amounts for purchases of Align common stock from May 23, 2018 through July 25, 2018, inclusive, will by discounted by 90% (i.e., the Recognized Loss Amount will be multiplied by 0.10).

4.     A Claimant's Recognized Loss Amount will be calculated as follows:

a.     For each share of Align common stock purchased or otherwise acquired during the Settlement Class Period and subsequently sold prior to the opening of trading on October 25, 2018, the Recognized Loss Amount is $0.

b.     For each share of Align common stock purchased or otherwise acquired during the Settlement Class Period and subsequently sold after the opening of trading on October 25, 2018, and prior to the close of trading on January 22, 2019,[5] the Recognized Loss Amount shall be ***the least of***:

i.     $66.81 per share (the dollar amount of alleged artificial inflation removed from the price of Align common stock on October 25, 2018); or

ii.     the actual purchase/acquisition price of each share (excluding taxes, commissions, and fees) ***minus*** the 90-day Look-Back Value as set forth in **Table 1** below; or

iii.     the Out of Pocket Loss, calculated as the actual purchase/acquisition price per share (excluding taxes, commissions, and fees) ***minus*** the

---

[5]   January 22, 2019 represents the last day of the 90-day period subsequent to the end of the Settlement Class Period, i.e., the period from October 25, 2018 through January 22, 2019 (the "90-day Look-Back Period"). The PSLRA imposes a statutory limitation on recoverable damages using the 90-day Look-Back Period. This limitation is incorporated into the calculation of a Settlement Class Member's Recognized Loss Amount. Specifically, a Settlement Class Member's Recognized Loss Amount cannot exceed the difference between the purchase price paid for the Align common stock and the average price of Align common stock during the 90-day Look-Back Period if the Align common stock was held through January 22, 2019, the end of this period. Losses on Align common stock purchased/acquired during the period between May 23, 2018 and October 24, 2018, and sold during the 90-day Look-Back Period cannot exceed the difference between the purchase price paid for the Align common stock and the average price of Align common stock during the portion of the 90-day Look-Back Period that had elapsed as of the date of sale (the "90-day Look-Back Value"), as set forth in **Table 1** below.

actual sale price per share (excluding taxes, commissions, and fees).[6]

c.    For each share of Align common stock held as of the close of trading on January 22, 2019 (i.e., the last day of the 90-day Look-Back Period), the Recognized Loss Amount shall be ***the lesser of***:

    i.    $66.81 per share (the dollar amount of alleged artificial inflation); or

    ii.    the actual purchase/acquisition price of each share (excluding taxes, commissions, and fees) ***minus*** $215.05 (the average closing price of Align common stock during the 90-day Look-Back Period (i.e., October 25, 2018 through January 22, 2019), as shown on the last line in Table 1 below).

## ADDITIONAL PROVISIONS

5.    The Net Settlement Fund will be allocated among all Authorized Claimants whose Distribution Amount (defined in ¶ 10 below) is $10.00 or greater.

6.    If a Settlement Class Member has more than one purchase/acquisition or sale of Align common stock during the Settlement Class Period, all purchases/acquisitions and sales shall be matched on a FIFO basis. Settlement Class Period sales will be matched first against any holdings of Align common stock at the beginning of the Settlement Class Period, and then against purchases/acquisitions of Align common stock, in chronological order, beginning with the earliest purchase/acquisition made during the Settlement Class Period.

7.    Purchases/acquisitions and sales of Align common stock shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date. The receipt or grant by gift, inheritance or operation of law of Align common stock during the Settlement Class Period, shall not be deemed a purchase, acquisition, or sale of Align common stock for purposes of the calculation of an Authorized Claimant's Recognized Claim, nor shall the receipt or grant be deemed an assignment of any claim relating to the purchase/acquisition of such Align common stock unless (i) the donor or decedent purchased or otherwise acquired such Align common stock during the Settlement Class Period; (ii) no Claim Form was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to such Align common stock; and (iii) it is specifically so provided in the instrument of gift or assignment.

8.    The date of covering a "short sale" is deemed to be the date of purchase or acquisition of the Align common stock. The date of a "short sale" is deemed to be the date of sale of the Align common stock. In accordance with the Plan of Allocation, however, the Recognized Loss Amount on "short sales" is zero. In the event that a Claimant has an opening short position in Align common stock, the earliest purchases or acquisitions during the Settlement Class Period shall be matched against such opening short position and not be entitled to a recovery until that short position is fully covered.

---

[6] To the extent that the calculation of an Out of Pocket Loss results in a negative number reflecting a gain on the transaction, that number shall be set to zero.

9.      Align publicly traded common stock is the only security eligible for recovery under the Plan of Allocation. Option contracts to purchase or sell Align common stock are not securities eligible to participate in the Settlement, unless such options were *exercised* during the Settlement Class Period. With respect to Align common stock purchased or sold through the *exercise* of an option, the purchase/sale date of the Align common stock is the exercise date of the option and the purchase/sale price is the exercise price of the option. Any Recognized Loss Amount arising from purchases of Align common stock acquired during the Settlement Class Period through the exercise of an option on Align common stock[7] shall be computed as provided for other purchases of Align common stock in the Plan of Allocation.

10.     The Net Settlement Fund will be distributed to Authorized Claimants *pro rata* based on the relative size of their Recognized Claims. Specifically, a "Distribution Amount" will be calculated for each Authorized Claimant, which will be the Authorized Claimant's Recognized Claim divided by the total Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund. If any Authorized Claimant's Distribution Amount calculates to less than $10.00, it will not be included in the final calculation of total Recognized Claims for purposes of the *pro rata* distribution, and no distribution will be made to that Authorized Claimant.

11.     After the initial distribution of the Net Settlement Fund, the Claims Administrator will make reasonable and diligent efforts to have Authorized Claimants cash their distribution checks. To the extent any monies remain in the Net Settlement Fund by reason of uncashed checks, or otherwise, nine (9) months after the initial distribution, if Lead Counsel, in consultation with the Claims Administrator, determine that it is cost-effective to do so, the Claims Administrator will conduct a re-distribution of the funds remaining after payment of any unpaid fees and expenses incurred in administering the Settlement, including for such re-distribution, to Authorized Claimants who have cashed their initial distributions and who would receive at least $10.00 from such re-distribution. Additional re-distributions may occur thereafter if Lead Counsel, in consultation with the Claims Administrator, determine that additional re-distributions, after deduction of any additional fees and expenses incurred in administering the Settlement, including for such re-distributions, would be cost-effective. At such time as it is determined that the re-distribution of funds remaining in the Net Settlement Fund is not cost-effective, the remaining balance shall be contributed, subject to Court approval, to Charitable Smiles, a 501(c)(3) organization helping people who cannot afford dental treatment get the care they need (*see* www.charitablesmiles.org).

12.     Payment pursuant to the Plan of Allocation, or such other plan of allocation as may be approved by the Court, will be conclusive against all Claimants. No person shall have any claim against Lead Plaintiff, Lead Counsel, Lead Plaintiff's damages consultant, Defendants, Defendants' Counsel, any of the other Releasees, the Claims Administrator, or other agent designated by Lead Counsel arising from distributions made substantially in accordance with the Stipulation, the plan of allocation approved by the Court, or further Orders.

---

[7] This includes (1) purchases of Align common stock as the result of the exercise of a call option, and (2) purchases of Align common stock by the seller of a put option as a result of the buyer of such put option exercising that put option.

**Table 1**
**Align Common Stock 90-Day Look-Back Value**
**by Sale/Disposition Date**

| Sale Date | 90-Day Look-Back Value | Sale Date | 90-Day Look-Back Value |
|---|---|---|---|
| 10/25/2018 | $232.07 | 12/10/2018 | $224.66 |
| 10/26/2018 | $231.10 | 12/11/2018 | $224.53 |
| 10/29/2018 | $226.71 | 12/12/2018 | $224.37 |
| 10/30/2018 | $225.79 | 12/13/2018 | $224.16 |
| 10/31/2018 | $224.87 | 12/14/2018 | $223.91 |
| 11/1/2018 | $225.88 | 12/17/2018 | $223.44 |
| 11/2/2018 | $226.44 | 12/18/2018 | $223.07 |
| 11/5/2018 | $226.65 | 12/19/2018 | $222.50 |
| 11/6/2018 | $226.95 | 12/20/2018 | $221.87 |
| 11/7/2018 | $228.79 | 12/21/2018 | $221.30 |
| 11/8/2018 | $230.32 | 12/24/2018 | $220.63 |
| 11/9/2018 | $230.79 | 12/26/2018 | $220.40 |
| 11/12/2018 | $229.75 | 12/27/2018 | $220.19 |
| 11/13/2018 | $229.01 | 12/28/2018 | $219.91 |
| 11/14/2018 | $228.41 | 12/31/2018 | $219.68 |
| 11/15/2018 | $228.05 | 1/2/2019 | $219.30 |
| 11/16/2018 | $227.90 | 1/3/2019 | $218.57 |
| 11/19/2018 | $226.59 | 1/4/2019 | $217.90 |
| 11/20/2018 | $225.73 | 1/7/2019 | $217.33 |
| 11/21/2018 | $225.23 | 1/8/2019 | $216.84 |
| 11/23/2018 | $224.92 | 1/9/2019 | $216.52 |
| 11/26/2018 | $224.85 | 1/10/2019 | $216.25 |
| 11/27/2018 | $224.67 | 1/11/2019 | $215.91 |
| 11/28/2018 | $225.13 | 1/14/2019 | $215.51 |
| 11/29/2018 | $225.27 | 1/15/2019 | $215.13 |
| 11/30/2018 | $225.45 | 1/16/2019 | $214.98 |
| 12/3/2018 | $225.83 | 1/17/2019 | $214.94 |
| 12/4/2018 | $225.65 | 1/18/2019 | $215.03 |
| 12/6/2018 | $225.44 | 1/22/2019 | $215.05 |
| 12/7/2018 | $224.93 | | |

EXHIBIT A-2

Exhibit A-2

*SEB Investment Management AB et al. v. Align Technology, Inc. et al.*
**c/o JND Legal Administration**
**P.O. Box 91328**
**Seattle, WA 98111**

**Toll-Free Number:  1-833-677-1108**
**Email:  info@AlignSecuritiesLitigationSettlement.com**
**Website:  www.AlignSecuritiesLitigationSettlement.com**

## PROOF OF CLAIM AND RELEASE FORM

To be eligible to receive a share of the Net Settlement Fund in connection with the Settlement of this Action, you must complete and sign this Proof of Claim and Release Form ("Claim Form") and mail it, with supporting documentation, by first-class mail to the above address, or submit it online at www.AlignSecuritiesLitigationSettlement.com, **postmarked (or received) no later than _____, 2021**.

Failure to submit your Claim Form by the date specified will subject your claim to rejection and may preclude you from being eligible to receive any money in connection with the Settlement.

**Do not mail or deliver your Claim Form to the Court, the Parties to the Action, or their counsel.**

**SUBMIT YOUR CLAIM FORM ONLY TO THE CLAIMS ADMINISTRATOR**
**AT THE ADDRESS SET FORTH ABOVE OR ONLINE AT**
**WWW.ALIGNSECURITIESLITIGATIONSETTLEMENT.COM**

| TABLE OF CONTENTS | PAGE # |
|---|---|
| **PART I – GENERAL INSTRUCTIONS** | __ |
| **PART II – CLAIMANT IDENTIFICATION** | __ |
| **PART III – SCHEDULE OF TRANSACTIONS IN ALIGN TECHNOLOGY, INC. COMMON STOCK** | __ |
| **PART IV – RELEASE OF CLAIMS AND SIGNATURE** | __ |

## <u>PART I – GENERAL INSTRUCTIONS</u>

1.      It is important that you read carefully the Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Final Approval Hearing; and (III) Motion for Attorneys' Fees and Litigation Expenses ("Notice") that accompanies this Claim Form, including the proposed Plan of Allocation set forth in the Notice ("Plan of Allocation"). The Notice describes the proposed Settlement, how Settlement Class Members are affected by the Settlement, and the manner in which the Net Settlement Fund will be distributed to eligible Settlement Class Members if the Settlement and Plan of Allocation are approved by the Court. The Notice also contains the definitions of many of the capitalized terms used in this Claim Form. By signing and submitting this Claim Form, you will be certifying that you have read and that you understand the Notice, including the terms of the Releases described therein and provided for herein.

2.      To recover under the Settlement, you must have **purchased or otherwise acquired the common stock of Align Technology, Inc. ("Align") between May 23, 2018 and October 24, 2018, both dates inclusive, and be damaged thereby**. Certain persons and entities are excluded from the Settlement Class by definition as set forth in ¶ 20 of the Notice.

3.      By submitting this Claim Form, you are making a request to share in the Settlement proceeds. IF YOU ARE NOT A SETTLEMENT CLASS MEMBER (defined in ¶ 20 of the Notice), OR IF YOU SUBMITTED A REQUEST FOR EXCLUSION FROM THE SETTLEMENT CLASS, DO NOT SUBMIT A CLAIM FORM AS **YOU MAY NOT, DIRECTLY OR INDIRECTLY, PARTICIPATE IN THE SETTLEMENT.** THUS, IF YOU ARE EXCLUDED FROM THE SETTLEMENT CLASS, ANY CLAIM FORM THAT YOU SUBMIT, OR THAT MAY BE SUBMITTED ON YOUR BEHALF, WILL NOT BE ACCEPTED.

4.      **Submission of this Claim Form does not guarantee that you will share in the proceeds of the Settlement. The distribution of the Net Settlement Fund will be governed by the Plan of Allocation set forth in the Notice, if it is approved by the Court, or by such other plan of allocation as the Court approves.**

5.      Use the Schedule of Transactions in Part III of this Claim Form to supply all required details of your transaction(s) in and holdings of Align common stock. Please provide all of the requested information with respect to your holdings, purchases, acquisitions, and sales of Align common stock, whether such transactions resulted in a profit or a loss. **Failure to report all transaction and holding information during the requested time period may result in the rejection of your claim.**

6.      <u>**Please note**</u>: Only Align common stock purchased or otherwise acquired during the Settlement Class Period (*i.e.*, between May 23, 2018 and October 24, 2018, inclusive) is eligible under the Settlement. However, pursuant to the "90-day Look-Back Period" (described in the Plan of Allocation set forth in the Notice), your sales of Align common stock during the period from October 25, 2018 through and including the close of trading on January 22, 2019 will be used to calculate your loss under the Plan of Allocation. Therefore, in order for the Claims Administrator to be able to calculate your claim, the requested purchase information during the 90-day Look-Back Period must also be provided. **Failure to report all transaction and holding information during the requested time period may result in the rejection of your claim.**

7.      You are required to submit genuine and sufficient documentation for all of your transactions in and holdings of Align common stock set forth in the Schedule of Transactions in Part III of this Claim Form.

Documentation may consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from your broker containing the transactional and holding information found in a broker confirmation slip or account statement. The Parties and the Claims Administrator do not independently have information regarding your investments in Align common stock. IF SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN COPIES OF THE DOCUMENTS OR EQUIVALENT DOCUMENTS FROM YOUR BROKER. FAILURE TO SUPPLY THIS DOCUMENTATION MAY RESULT IN THE REJECTION OF YOUR CLAIM. DO NOT SEND ORIGINAL DOCUMENTS. **Please keep a copy of all documents that you send to the Claims Administrator. Also, do not highlight any portion of the Claim Form or any supporting documents.**

8. If your Align common stock was owned jointly, all joint owners of the common stock must sign this Claim Form and their names must appear as "Claimants" in Part II of this Claim Form. The complete name(s) of the beneficial owner(s) must be entered. If you purchased or otherwise acquired Align common stock during the Settlement Class Period and held the shares in your name, you are the beneficial owner as well as the record owner. If you purchased or otherwise acquired Align common stock during the Settlement Class Period and the shares were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial owner of these shares, but the third party is the record owner. The beneficial owner, not the record owner, must sign this Claim Form.

9. **You must submit a separate Claim Form for each separate legal entity or separately managed account**. Generally, one Claim Form should be submitted on behalf of one legal entity and include all holdings and transactions made by that entity on one Claim Form. However, if a single person or legal entity had multiple accounts that were separately managed, separate Claim Forms should be submitted for each such account (*e.g.*, an individual should not combine his or her IRA transactions with transactions made solely in the individual's name). The Claims Administrator reserves the right to request information on all the holdings and transactions in Align common stock made on behalf of a single beneficial owner.

10. Agents, executors, administrators, guardians, and trustees must complete and sign the Claim Form on behalf of persons represented by them, and they must:

(a) expressly state the capacity in which they are acting;

(b) identify the name, account number, last four digits of the Social Security Number (or Taxpayer Identification Number), address, and telephone number of the beneficial owner of (or other person or entity on whose behalf they are acting with respect to) the Align common stock; and

(c) furnish herewith evidence of their authority to bind to the Claim Form the person or entity on whose behalf they are acting. (Authority to complete and sign a Claim Form cannot be established by stockbrokers demonstrating only that they have discretionary authority to trade securities in another person's accounts.)

11. By submitting a signed Claim Form, you will be swearing to the truth of the statements contained therein and the genuineness of the documents attached thereto.

12. If the Court approves the Settlement, payments to eligible Authorized Claimants pursuant to the Plan of Allocation (or such other plan of allocation as the Court approves) will be made after any appeals are resolved, and after the completion of all claims processing. The claims process will take substantial time to

complete fully and fairly. Please be patient.

13.     **PLEASE NOTE**: As set forth in the Plan of Allocation, each Authorized Claimant shall receive his, her, its, or their *pro rata* share of the Net Settlement Fund. If the prorated payment to any Authorized Claimant calculates to less than $10.00, it will not be included in the calculation, and no distribution will be made to that Authorized Claimant.

14.     If you have questions concerning the Claim Form, or need additional copies of the Claim Form or a copy of the Notice, you may contact the Claims Administrator, JND Legal Administration, at the above address, by email at info@AlignSecuritiesLitigationSettlement.com, or by toll-free phone at 1-833-677-1108, or you can visit www.AlignSecuritiesLitigationSettlement.com, where copies of the Claim Form and Notice are available for downloading.

15.     **NOTICE REGARDING ELECTRONIC FILES**: Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files. To obtain the ***mandatory*** electronic filing requirements and file layout, you may visit the website for the Settlement, www.AlignSecuritiesLitigationSettlement.com, or you may email the Claims Administrator's electronic filing department at info@AlignSecuritiesLitigationSettlement.com. **Any file that is not in accordance with the required electronic filing format will be subject to rejection.** No electronic files will be considered to have been properly submitted unless the Claims Administrator issues an email to you to that effect. **Do not assume that your file has been received until you receive this email. If you do not receive such an email within 10 days of your submission, you should contact the Claims Administrator's electronic filing department at info@AlignSecuritiesLitigationSettlement.com to inquire about your file and confirm it was received.**

## **IMPORTANT PLEASE NOTE:**

**YOUR CLAIM, IF MAILED, IS NOT DEEMED SUBMITTED UNTIL YOU RECEIVE AN ACKNOWLEDGEMENT POSTCARD. THE CLAIMS ADMINISTRATOR WILL ACKNOWLEDGE RECEIPT OF YOUR CLAIM FORM BY MAIL WITHIN 60 DAYS. IF YOU DO NOT RECEIVE AN ACKNOWLEDGEMENT POSTCARD WITHIN 60 DAYS, CALL THE CLAIMS ADMINISTRATOR TOLL FREE AT 1-833-677-1108.**

## PART II – CLAIMANT IDENTIFICATION

**Please complete this PART II in its entirety. The Claims Administrator will use this information for all communications regarding this Claim Form. If this information changes, you MUST notify the Claims Administrator in writing at the address above.**

Beneficial Owner's First Name

Beneficial Owner's Last Name

Co-Beneficial Owner's First Name

Co-Beneficial Owner's Last Name

Entity Name (if Beneficial Owner is not an individual)

Representative or Custodian Name (if different from Beneficial Owner(s) listed above)

Address 1 (street name and number)

Address 2 (apartment, unit or box number)

City     State     Zip Code

Country

Last four digits of Social Security Number or Taxpayer Identification Number

Telephone Number (home)     Telephone Number (work)

Email address (Email address is not required, but if you provide it you authorize the Claims Administrator to use it in providing you with information relevant to this claim.)

Account Number (where securities were traded)[1]

☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐

Claimant Account Type (check appropriate box)

☐   Individual (includes joint owner accounts)    ☐   Pension Plan    ☐   Trust
☐   Corporation                                   ☐   Estate
☐   IRA/401K                                       ☐   Other _____ (please specify)

---

[1]      If the account number is unknown, you may leave blank.  If filing for more than one account for the same legal entity you may write "multiple."  Please see ¶ 9 of the General Instructions above for more information on when to file separate Claim Forms for multiple accounts.

## PART III – SCHEDULE OF TRANSACTIONS IN
## ALIGN TECHNOLOGY, INC COMMON STOCK

Please be sure to include proper documentation with your Claim Form as described in detail in Part I – General Instructions, ¶ 7, above. Do not include information regarding securities other than Align common stock.

| 1.  HOLDINGS AS OF MAY 23, 2018 – State the total number of shares of Align common stock held as of the opening of trading on May 23, 2018.  (Must be documented.) If none, write "zero" or "0." _____ | Confirm Proof of Holding Position Enclosed ○ |
|---|---|

**2.  PURCHASES/ACQUISITIONS BETWEEN MAY 23, 2018 AND OCTOBER 24, 2018, INCLUSIVE** – Separately list each and every purchase/acquisition (including free receipts) of Align common stock from after the opening of trading on May 23, 2018 through and including the close of trading on October 24, 2018. (Must be documented.)

| Date of Purchase/ Acquisition (List Chronologically) (Month/Day/Year) | Number of Shares Purchased/ Acquired | Purchase/ Acquisition Price Per Share | Total Purchase/ Acquisition Price (excluding taxes, commissions, and fees) | Confirm Proof of Purchases/ Acquisitions Enclosed |
|---|---|---|---|---|
| /     / | | $ | $ | ○ |
| /     / | | $ | $ | ○ |
| /     / | | $ | $ | ○ |
| /     / | | $ | $ | ○ |
| /     / | | $ | $ | ○ |

**3.  PURCHASES/ACQUISITIONS BETWEEN OCTOBER 25, 2018 AND JANUARY 22, 2019** – State the total number of shares of Align common stock purchased/acquired (including free receipts) from after the opening of trading on October 25, 2018 through and including the close of trading on January 22, 2019.  (Must be documented.)  If none, write "zero" or "0."[2] _____

| 4.  SALES BETWEEN MAY 23, 2018 AND JANUARY 22, 2019, INCLUSIVE – Separately list each and every sale/disposition (including free deliveries) of Align common stock from after the opening of trading on May 23, 2018 through and including the close of trading on January 22, 2019. (Must be documented.) | IF NONE, CHECK HERE ○ |
|---|---|

---

[2]     **Please note**:  Information requested with respect to your purchases/acquisitions of Align common stock from after the opening of trading on October 25, 2018 through and including the close of trading on January 22, 2019 is needed in order to perform the necessary calculations for your claim; purchases/acquisitions during this period, however, are not eligible transactions and will not be used to calculate Recognized Loss Amounts pursuant to the Plan of Allocation.

| Date of Sale (List Chronologically) (Month/Day/Year) | Number of Shares Sold | Sale Price Per Share | Total Sale Price (not deducting taxes, commissions, and fees) | Confirm Proof of Sales Enclosed |
|---|---|---|---|---|
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |

| | |
|---|---|
| **5.  HOLDINGS AS OF JANUARY 22, 2019 –** State the total number of shares of Align common stock held as of the close of trading on January 22, 2019.  (Must be documented.) If none, write "zero" or "0." _____ | Confirm Proof of Holding Position Enclosed ○ |

**IF YOU NEED ADDITIONAL SPACE, ATTACH THE REQUIRED INFORMATION ON SEPARATE, NUMBERED SHEETS IN THE SAME FORMAT AS ABOVE AND PRINT YOUR NAME AND THE LAST FOUR DIGITS OF YOUR SOCIAL SECURITY OR TAXPAYER IDENTIFICATION NUMBER AT THE TOP OF EACH ADDITIONAL SHEET. IF YOU ATTACH SEPARATE SHEETS, CHECK THIS BOX:** ☐

## <u>PART IV - RELEASE OF CLAIMS AND SIGNATURE</u>

## YOU MUST ALSO READ THE RELEASE AND CERTIFICATION BELOW AND SIGN ON PAGE __ OF THIS CLAIM FORM.

I (we) hereby acknowledge that, pursuant to the terms set forth in the Stipulation, without further action by anyone, upon the Effective Date of the Settlement, I (we), on behalf of myself (ourselves) and my (our) heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, shall be deemed to have, and by operation of law and of the Judgment, or Alternate Judgment, if applicable, shall have fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Lead Plaintiff's Released Claim (defined in ¶ 25 of the Notice) against the Released Defendants' Parties (defined in ¶ 26 of the Notice), and shall forever be barred, enjoined, and estopped from prosecuting any or all of the Lead Plaintiff's Released Claims against any of the Released Defendants' Parties.

## CERTIFICATION

By signing and submitting this Claim Form, the claimant(s) or the person(s) who represent(s) the claimant(s) agree(s) to the release above and certifies (certify) as follows:

1.       that I (we) have read and understand the contents of the Notice and this Claim Form, including the Releases provided for in the Settlement and the terms of the Plan of Allocation;

2.       that the claimant(s) is a (are) member(s) of the Settlement Class, as defined in the Notice, and is (are) not excluded by definition from the Settlement Class as set forth in the Notice;

3.       that the claimant(s) has (have) **not** submitted a request for exclusion from the Settlement Class;

4.       that I (we) own(ed) the Align common stock identified in the Claim Form and have not assigned the claim against the Released Defendants' Parties to another, or that, in signing and submitting this Claim Form, I (we) have the authority to act on behalf of the owner(s) thereof;

5.       that the claimant(s) has (have) not submitted any other Claim covering the same purchases/acquisitions of Align common stock and knows (know) of no other person having done so on the claimant's (claimants') behalf;

6.       that the claimant(s) submit(s) to the jurisdiction of the Court with respect to claimant's (claimants') Claim and for purposes of enforcing the Releases set forth herein;

7.       that I (we) agree to furnish such additional information with respect to this Claim Form as Lead Counsel, the Claims Administrator, or the Court may require;

8.       that the claimant(s) waive(s) the right to trial by jury, to the extent it exists, agree(s) to the determination by the Court of the validity or amount of this Claim and waives any right of appeal or review with respect to such determination;

9.       that I (we) acknowledge that the claimant(s) will be bound by and subject to the terms of any judgment(s) that may be entered in the Action; and

10.     that the claimant(s) is (are) NOT subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code. **If the IRS has notified the claimant(s) that he/she/it/they is (are) subject to backup withholding, please strike out the language in the preceding sentence.**

I (WE) CERTIFY THAT ALL OF THE INFORMATION PROVIDED BY ME (US) ON THIS CLAIM FORM IS TRUE, CORRECT, AND COMPLETE, AND THAT THE DOCUMENTS SUBMITTED HEREWITH ARE TRUE AND CORRECT COPIES OF WHAT THEY PURPORT TO BE.

_____

Signature of claimant                                                                                      Date

_____

Print claimant name here

_____

Signature of joint claimant, if any                                                              Date

_____

Print joint claimant name here

*If the claimant is other than an individual, or is not the person completing this form, the following also must be provided:*

_____

Signature of person signing on behalf of claimant                              Date

_____

Print name of person signing on behalf of claimant here

_____

Capacity of person signing on behalf of claimant, if other than an individual, *e.g.*, executor, president, trustee, custodian, etc.  (Must provide evidence of authority to act on behalf of claimant – *see* ¶ 10 on page ___ of this Claim Form.)

## **REMINDER CHECKLIST**

1. Sign the above release and certification.  If this Claim Form is being made on behalf of joint claimants, then each joint claimant must sign.

2. Attach only **copies** of acceptable supporting documentation as these documents will not be returned to you.

3. Do not highlight any portion of the Claim Form or any supporting documents.

4. Keep copies of the completed Claim Form and any supporting documentation for your own records.

5. The Claims Administrator will acknowledge receipt of your Claim Form by mail, within 60 days. Your Claim is not deemed submitted until you receive an acknowledgement postcard. **If you do not receive an acknowledgement postcard within 60 days, please call the Claims Administrator toll-free at 1-833-677-1108.** If you submit your Claim electronically, you will receive a confirmatory email within 10 days of your submission

6. If your address changes in the future, please send the Claims Administrator written notification of your new address. If you change your name, inform the Claims Administrator.

7. If you have any questions or concerns regarding your claim, please contact the Claims Administrator at the address below, by email at info@AlignSecuritiesLitigationSettlement.com, or by toll-free phone at 1-833-677-1108 or you may visit www.AlignSecuritiesLitigationSettlement.com. DO NOT call the Court, Defendants, or Defendants' Counsel with questions regarding your claim.

THIS CLAIM FORM MUST BE MAILED TO THE CLAIMS ADMINISTRATOR BY FIRST-CLASS MAIL, OR SUBMITTED ONLINE AT WWW.ALIGNSECURITIESLITIGATIONSETTLEMENT.COM, **POSTMARKED (OR RECEIVED) NO LATER THAN _____ __, 2021.**  IF MAILED, THE CLAIM FORM SHOULD BE ADDRESSED AS FOLLOWS:

*SEB Investment Management AB et al. v. Align Technology, Inc. et al.*
**c/o JND Legal Administration**
**P.O. Box 91328**
**Seattle, WA 98111**

If mailed, a Claim Form received by the Claims Administrator shall be deemed to have been submitted when posted, if a postmark date on or before _____ __, 2021, is indicated on the envelope. In all other cases, a Claim Form shall be deemed to have been submitted when actually received by the Claims Administrator.

You should be aware that it will take a significant amount of time to fully process all of the Claim Forms. Please be patient and notify the Claims Administrator of any change of address.

EXHIBIT A-3

**Exhibit A-3**

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

| | |
|---|---|
| SEB INVESTMENT MANAGEMENT AB, Individually and on Behalf of All Others Similarly Situated, | Case No. 5:18-cv-06720-LHK |
| Plaintiff, | CLASS ACTION |
| v. | |
| ALIGN TECHNOLOGY, INC., JOSEPH M. HOGAN, and JOHN F. MORICI, | |
| Defendants. | |

## SUMMARY NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) FINAL APPROVAL HEARING; AND (III) MOTION FOR ATTORNEYS' FEES AND LITIGATION EXPENSES

**TO:   All persons and entities who purchased or otherwise acquired the common stock of Align Technology, Inc. ("Align") between May 23, 2018 and October 24, 2018, both dates inclusive, and who were damaged thereby ("Settlement Class"):**

## PLEASE READ THIS NOTICE CAREFULLY; YOUR RIGHTS WILL BE AFFECTED BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT.

**YOU ARE HEREBY NOTIFIED**, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Northern District of California ("Court"), that the above-captioned action ("Action") has been provisionally certified as a class action for purposes of settlement, except for certain persons and entities who are excluded from the Settlement Class by definition as set forth in the full printed Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Final Approval Hearing; and (III) Motion for Attorneys' Fees and Litigation Expenses (the "Notice").

**YOU ARE ALSO NOTIFIED** that Lead Plaintiff, SEB Investment Management AB, and Defendants Align, Joseph M. Hogan and John F. Morici have reached a proposed settlement of the Action on behalf of the Settlement Class for $16,000,000 in cash ("Settlement"). If approved by the Court, the Settlement will resolve all claims in the Action.

A hearing ("Final Approval Hearing") will be held on _____, 2021 at __:__ _.m., before the Honorable Lucy H. Koh, United States District Court Judge for the Northern District of California, either in person at the Robert F. Peckham Federal Building & United States Courthouse 280 South 1st Street, San Jose, CA 95113, in Courtroom 8, 4th Floor, or by telephone or videoconference (in the discretion of the Court), to determine, among other things: (i) whether, for purposes of settlement, the Action should be certified as a class action on behalf of the Settlement

Class, Lead Plaintiff should be appointed as class representative for the Settlement Class, and Lead Counsel should be appointed as class counsel for the Settlement Class; (ii) whether the Settlement on the terms and conditions provided for in the Stipulation and Agreement of Settlement dated June 30, 2021 ("Stipulation") is fair, reasonable, and adequate to the Settlement Class, and should be finally approved by the Court; (iii) whether the Action should be dismissed with prejudice against Defendants and the releases specified and described in the Stipulation (and in the Notice) should be granted; and (iv) whether Lead Counsel's motion for an award of attorneys' fees in an amount not to exceed 20% of the Settlement Fund and payment of expenses in an amount not to exceed $250,000 should be approved. Any updates regarding the Final Approval Hearing, including any changes to the date or time of the hearing or updates regarding in-person or remote appearances at the hearing, will be posted to the website for the Settlement, www.AlignSecuritiesLitigationSettlement.com.

**If you are a member of the Settlement Class, your rights will be affected by the pending Action and the Settlement, and you may be entitled to share in the Settlement proceeds**. If you have not yet received the full printed Notice and Claim Form in the mail, you may obtain copies of these documents by: (i) contacting the Claims Administrator at *SEB Investment Management AB et al. v. Align Technology, Inc. et al.*, Case No. 18-CV-06720-LHK (N.D. Cal.), c/o JND Legal Administration, P.O. Box 91328, Seattle, WA 98111, 1-833-677-1108, info@AlignSecuritiesLitigationSettlement.com; or (ii) downloading them from the website for the Settlement, www.AlignSecuritiesLitigationSettlement.com, or from Lead Counsel's website www.ktmc.com.

To be eligible to receive a payment from the Settlement, you must be a member of the Settlement Class and submit a Claim Form ***postmarked (if mailed), or online, no later than _____, 2021***, in accordance with the instructions set forth in the Claim Form. If you are a Settlement Class Member and do not submit a proper Claim Form, you will not be eligible to share in the Settlement proceeds, but you will nevertheless be bound by any judgments or orders entered by the Court in the Action.

If you are a member of the Settlement Class and wish to exclude yourself from the Settlement Class, you must submit a request for exclusion such that it is ***received no later than _____, 2021***, in accordance with the instructions set forth in the Notice. If you properly exclude yourself from the Settlement Class, you will not be bound by any judgments or orders entered by the Court in the Action and you will not receive any benefits from the Settlement.

Any objections to the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and expenses, must be submitted to the Court. Objections must be ***filed or postmarked (if mailed) no later than _____, 2021***, in accordance with the instructions set forth in the Notice.

**PLEASE DO NOT CONTACT THE COURT, THE CLERK'S OFFICE, DEFENDANTS, OR DEFENDANTS' COUNSEL REGARDING THIS NOTICE.** All questions about this notice, the Settlement, or your eligibility to participate in the Settlement should be directed to Lead Counsel or the Claims Administrator.

Requests for the Notice and Claim Form should be made to the Claims Administrator:

*SEB Investment Management AB et al. v. Align Technology, Inc. et al.*
c/o JND Legal Administration
P.O. Box 91328
Seattle, WA 98111
1-833-677-1108
info@AlignSecuritiesLitigationSettlement.com
www.AlignSecuritiesLitigationSettlement.com

All other inquiries should be made to Lead Counsel:

Kessler Topaz Meltzer & Check, LLP

Johnston de F. Whitman, Jr.
280 King of Prussia Road
Radnor, PA 19087
1-610-667-7706

-and-

Jennifer L. Joost, Esq.
One Sansome Street, Suite 1850
San Francisco, CA 94104
1-415-400-3000

info@ktmc.com

DATED: _____ __, 2021                    BY ORDER OF THE COURT
                                                United States District Court
                                                Northern District of California

# EXHIBIT B

**EXHIBIT B**

1

2

3

4

5

6

7

8              **UNITED STATES DISTRICT COURT**

9         **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

10                   **SAN JOSE DIVISION**

| | |
|---|---|
| 11 SEB INVESTMENT MANAGEMENT AB, Individually and on Behalf of All Others Similarly 12 Situated, | Case No. 5:18-cv-06720-LHK |
| 13        Plaintiff, | CLASS ACTION<br><br>**[PROPOSED] JUDGMENT APPROVING** |
| 14 v. | **CLASS ACTION SETTLEMENT** |
| 15 ALIGN TECHNOLOGY, INC., JOSEPH M. HOGAN, and JOHN F. MORICI, | |
| 16 | |
| 17        Defendants. | |

18         WHEREAS, the above-captioned action is pending in this Court (the "Action");

19         WHEREAS, (a) SEB Investment Management AB (the "Lead Plaintiff"), on behalf of itself and

20  the Settlement Class (as defined below); and (b) Align Technology, Inc. ("Align" or the "Company"),

21  Joseph M. Hogan, and John F. Morici (collectively, "Defendants") have entered into the Stipulation and

22  Agreement of Settlement dated June 30, 2021 (the "Stipulation"), that provides for a complete dismissal

23  with prejudice of the claims asserted against Defendants in the Action on the terms and conditions set forth

24  in the Stipulation, subject to the approval of this Court (the "Settlement");

25         WHEREAS, unless otherwise defined in this Judgment, the capitalized terms herein shall have the

26  same meaning as they have in the Stipulation;

27         WHEREAS, by Order dated _____ __, 2021 (the "Preliminary Approval Order"), this Court:

28  (a) found, pursuant to Rule 23(e)(1)(B) of the Federal Rules of Civil Procedure, that it (i) would likely be

able to certify the Settlement Class for purposes of the Settlement and (ii) would likely be able to approve the Settlement as fair, reasonable, and adequate under Rule 23(e)(2); (b) ordered that notice of the proposed Settlement be provided to potential Settlement Class Members; (c) provided Settlement Class Members with the opportunity either to exclude themselves from the Settlement Class or to object to the proposed Settlement; and (d) scheduled a hearing regarding final approval of the Settlement;

WHEREAS, due and adequate notice has been given to the Settlement Class;

WHEREAS, the Court conducted a hearing on _____ __, 2021 (the "Final Approval Hearing") to consider, among other things, (a) whether the terms and conditions of the Settlement are fair, reasonable, and adequate to the Settlement Class, and should therefore be approved; and (b) whether a judgment should be entered dismissing the Action with prejudice as against the Defendants; and

WHEREAS, the Court having reviewed and considered the Stipulation, all papers filed and proceedings held herein in connection with the Settlement, all oral and written comments received regarding the Settlement, and the record in the Action, and good cause appearing therefor;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1.   **Jurisdiction** – The Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement, as well as personal jurisdiction over all of the Parties and each of the Settlement Class Members.

2.   **Incorporation of Settlement Documents** – This Judgment incorporates and makes a part hereof: (a) the Stipulation filed with the Court on July __, 2021; and (b) the Notice and the Summary Notice, both of which were filed with the Court on July __, 2021.

3.   **Class Certification for Settlement Purposes** – The Court hereby certifies for the purposes of the Settlement only, the Action as a class action pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure on behalf of the Settlement Class consisting of all persons and entities who purchased or otherwise acquired the common stock of Align between May 23, 2018 and October 24, 2018, both dates inclusive (the "Settlement Class Period"), and who were damaged thereby. Excluded from the Settlement Class are: (I) Defendants; (II) present or former executive officers and directors of Align during the Settlement Class Period and their Immediate Family Members; (III) any of the foregoing entities' and individuals' legal representatives, heirs, successors or assigns; and (IV) any entity in which Defendants

have or had a controlling interest, or any affiliate of Align. For the avoidance of doubt, "affiliates" are persons or entities that directly, or indirectly through one or more intermediaries, control, are controlled by or are under common control with one of the Defendants. [Also excluded from the Settlement Class are any persons and entities listed on Exhibit 1 hereto who or which submitted a request for exclusion from the Settlement Class that has been accepted by the Court.]

4.  **Adequacy of Representation** – Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, the Court hereby appoints Lead Plaintiff as Class Representative for the Settlement Class and appoints Lead Counsel Kessler Topaz Meltzer & Check, LLP as Class Counsel for the Settlement Class. Lead Plaintiff and Lead Counsel have fairly and adequately represented the Settlement Class both in terms of litigating the Action and for purposes of entering into and implementing the Settlement, and have satisfied the requirements of Federal Rules of Civil Procedure 23(a)(4) and 23(g), respectively.

5.  **Notice** – The Court finds that the dissemination of the Notice and the publication of the Summary Notice: (a) were implemented in accordance with the Preliminary Approval Order; (b) constituted the best notice practicable under the circumstances; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of (i) the pendency of the Action; (ii) the effect of the proposed Settlement (including the Releases to be provided thereunder); (iii) Lead Counsel's motion for attorneys' fees and Litigation Expenses; (iv) their right to object to any aspect of the Settlement, the Plan of Allocation and/or Lead Counsel's motion for attorneys' fees and Litigation Expenses; (v) their right to exclude themselves from the Settlement Class; and (vi) their right to appear at the Final Approval Hearing; (d) constituted due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (e) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. §§ 77z-1, 78u-4, as amended, and all other applicable law and rules. No Settlement Class Member is relieved from the terms of the Settlement, including the Releases provided for therein, based upon the contention or proof that such Settlement Class Member failed to receive actual or adequate notice. A full opportunity has been offered to Settlement Class Members to object to the proposed Settlement and to participate in the hearing thereon.

Thus, it is hereby determined that all Settlement Class Members are bound by this Judgment, [except those persons listed on Exhibit 1 to this Judgment].

6.  **CAFA Notice -** The Court finds that the notice requirements set forth in the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, to the extent applicable to the Action, have been satisfied and that the statutory waiting period for entry of this Judgment has elapsed.

7.  **[Objections** - The Court has considered each of the objections to the Settlement submitted pursuant to Rule 23(e)(5) of the Federal Rules of Civil Procedure. The Court finds and concludes that each of the objections is without merit, and each is hereby overruled.]

8.  **Final Settlement Approval and Dismissal of Claims** – Pursuant to, and in accordance with, Rule 23(e)(2) of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Settlement set forth in the Stipulation in all respects (including, without limitation, the amount of the Settlement, the Releases provided for therein, and the dismissal with prejudice of the claims asserted against Defendants in the Action), and finds that the Settlement is, in all respects, fair, reasonable and adequate, and in the best interests of the Settlement Class. Specifically, the Court finds that (a) Lead Plaintiff and Lead Counsel have adequately represented the Settlement Class; (b) the Settlement was negotiated by the Parties at arm's length; (c) the relief provided for the Settlement Class under the Settlement is adequate taking into account the costs, risks, and delay of trial and appeal, the proposed means of distributing the Settlement Fund to the Settlement Class; and the proposed attorneys' fee award; and (d) the Settlement treats members of the Settlement Class equitably relative to each other. The Parties are directed to implement, perform, and consummate the Settlement in accordance with the terms and provisions contained in the Stipulation.

9.  The Action and all of the claims asserted against Defendants in the Action by Lead Plaintiff and the other Settlement Class Members are hereby dismissed with prejudice as to all Defendants. The Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Stipulation.

10. **Binding Effect** – The terms of the Stipulation and of this Judgment shall be forever binding on Defendants, Lead Plaintiff, and all other Settlement Class Members (regardless of whether or not any individual Settlement Class Member submits a Claim Form or seeks or obtains a distribution from the Net Settlement Fund), as well as their respective successors and assigns. [The persons and entities listed on

Exhibit 1 hereto are excluded from the Settlement Class pursuant to request and are not bound by the terms of the Stipulation or this Judgment.]

11. **Releases** – The Releases set forth in paragraphs 5 and 6 of the Stipulation, together with the definitions contained in paragraph 1 of the Stipulation relating thereto, are expressly incorporated herein. The Releases are effective as of the Effective Date. Accordingly, this Court orders that:

(a) Without further action by anyone, and subject to paragraph 12 below, upon the Effective Date of the Settlement, Lead Plaintiff and each of the other Settlement Class Members, on behalf of themselves, and each of their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, shall be deemed to have, and by operation of law and of the Judgment, or the Alternate Judgment, if applicable, shall have fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Lead Plaintiff's Released Claim against the Released Defendants' Parties, and shall forever be barred, enjoined, and estopped from prosecuting any or all of the Lead Plaintiff's Released Claims against any of the Released Defendants' Parties.  [This Release shall not apply to any person or entity listed on Exhibit 1 hereto.]

(b) Without further action by anyone, and subject to paragraph 12 below, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and each of their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, shall be deemed to have, and by operation of law and of the Judgment, or the Alternate Judgment, if applicable, shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Defendants' Claim against the Released Lead Plaintiff's Parties, and shall forever be barred, enjoined, and estopped from prosecuting any or all of the Defendants' Released Claims against any of the Released Lead Plaintiff's Parties.

12. Notwithstanding paragraphs 11 (a) – (b) above, nothing in this Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Stipulation or this Judgment.

13. **Bar Order** – Upon the Effective Date of the Settlement, the Court hereby permanently bars, extinguishes, and discharges to the fullest extent permitted by law any and all claims for contribution or indemnification (or any other claim or claim-over, however denominated on whatsoever theory, for which the injury claimed is that person's or entity's alleged liability to Lead Plaintiff or any Settlement Class

Member) among and against the Released Defendants' Parties arising out of the Action and the claims that were asserted or could have been asserted therein, provided however, that nothing in this Bar Order shall release or alter the rights Defendants may have under their applicable insurance policies or any right of indemnification or contribution that Defendants may have under contract or otherwise.

14. **Judgment Reduction** – Any final verdict or judgment obtained by or on behalf of the Settlement Class or a Settlement Class Member against any person or entity subject to the Bar Order (set forth in ¶ 13 above) based upon, arising out of, relating to, or in connection with in any way in part or in whole any Lead Plaintiff's Released Claim shall be reduced by the greater of: (a) an amount that corresponds to the percentage of responsibility of Defendants for common damages; or (b) the amount paid by or on behalf of Defendants to the Settlement Class or Settlement Class Member for common damages.

15. **Rule 11 Findings** – Pursuant to 15 U.S.C. §78u-4(c)(1) and based on its review of the record, the Court finds that the Parties and their respective counsel complied with the requirements of Rule 11(b) of the Federal Rules of Civil Procedure in connection with the Consolidated Complaint, Amended Consolidated Complaint, Answer and amended Answer, and dispositive motions filed in the Action.

16. **No Admissions** – Neither this Judgment, the Term Sheet, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), nor the negotiations leading to the execution of the Term Sheet and the Stipulation, nor any proceedings taken pursuant to or in connection with the Term Sheet, the Stipulation, and/or approval of the Settlement (including any arguments proffered in connection therewith): (a) shall be offered against any of the Released Defendants' Parties as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Released Defendants' Parties with respect to the truth of any fact alleged by Lead Plaintiff or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Released Defendants' Parties or in any way referred to for any other reason as against any of the Released Defendants' Parties, in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; (b) shall be offered against any of the Released Lead Plaintiff's Parties, as evidence of, or

EXHIBIT B

construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Released Lead Plaintiff's Parties that any of their claims is without merit, that any of the Released Defendants' Parties had meritorious defenses, or that damages recoverable under the Amended Consolidated Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Released Lead Plaintiff's Parties, in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; or (c) shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; *provided, however*, that if the Stipulation is approved by the Court, the Parties and the Releasees and their respective counsel may refer to it: (i) to effectuate the protections from liability granted thereunder; (ii) to support a defense or counterclaim in any action brought against them based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim; or (iii) otherwise to enforce the terms of the Settlement.

17.    **Retention of Jurisdiction** – Without affecting the finality of this Judgment in any way, this Court retains continuing and exclusive jurisdiction over: (a) the Parties for purposes of the administration, interpretation, implementation, and enforcement of the Settlement; (b) the disposition of the Settlement Fund; (c) any motion for an award of attorneys' fees and/or Litigation Expenses by Lead Counsel in the Action that will be paid from the Settlement Fund; (d) any motion to approve the Plan of Allocation; (e) any motion to approve the Class Distribution Order; and (f) the Settlement Class Members for all matters relating to the Action.

18.    Separate orders shall be entered regarding approval of a plan of allocation and the motion of Lead Counsel for an award of attorneys' fees and payment of Litigation Expenses. Such orders shall in no way affect or delay the finality of this Judgment and shall not affect or delay the Effective Date of the Settlement.

19.    **Modification of the Agreement of Settlement** – Without further approval from the Court, Lead Plaintiff and Defendants are hereby authorized to agree to and adopt such amendments or

modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this Judgment; and (b) do not materially limit the rights of Settlement Class Members in connection with the Settlement. Without further order of the Court, Lead Plaintiff and Defendants may agree to reasonable extensions of time to carry out any provisions of the Settlement.

20.    **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation or the Effective Date of the Settlement otherwise fails to occur, this Judgment shall be vacated, rendered null and void, and be of no further force and effect, except as otherwise provided by the Stipulation, and this Judgment shall be without prejudice to the rights of Lead Plaintiff, the other Settlement Class Members, and Defendants, and the Parties shall revert to their respective positions in the Action immediately prior to the execution of the Term Sheet on June 11, 2021, as provided in the Stipulation.

21.    **Entry of Final Judgment** – There is no just reason to delay the entry of this Judgment as a final judgment in this Action. Accordingly, the Clerk of the Court is expressly directed to immediately enter this final judgment in this Action.

SO ORDERED this _____ day of _____, 2021.

_____
The Honorable Lucy H. Koh
United States District Judge

**EXHIBIT B**

**Exhibit 1**
**[List of Persons and Entities Excluded from the Settlement Class Pursuant to Request]**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

[PROPOSED] JUDGMENT APPROVING CLASS ACTION SETTLEMENT