Exhibit 1

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

| | |
|---|---|
| SEB INVESTMENT MANAGEMENT AB, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> ALIGN TECHNOLOGY, INC., JOSEPH M. HOGAN, and JOHN F. MORICI, <br><br> Defendants. | Case No. 5:18-cv-06720-LHK <br><br> <u>CLASS ACTION</u> |

**NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) FINAL APPROVAL HEARING; AND (III) MOTION FOR ATTORNEYS' FEES AND LITIGATION EXPENSES**

**NOTICE OF PENDENCY OF CLASS ACTION:**  Please be advised that your rights will be affected by the above-captioned securities class action ("Action") if you purchased or otherwise acquired the common stock of Align Technology, Inc. ("Align") (NASDAQ: ALGN) between May 23, 2018 and October 24, 2018, both dates inclusive, and were damaged thereby ("Settlement Class").[1]

**NOTICE OF SETTLEMENT:**  Please also be advised that the Court-appointed Lead Plaintiff SEB Investment Management AB ("Lead Plaintiff"), on behalf of itself and the Settlement Class, and Defendants Align, Joseph M. Hogan and John F. Morici (collectively, "Defendants") have reached a proposed settlement of the Action for $16,000,000 in cash ("Settlement"). The Settlement resolves Lead Plaintiff's claims that Defendants violated the federal securities laws by making materially false or misleading statements regarding the impact of competition on Align's business, particularly its comprehensive clear aligner business. The claims being released by the Settlement are detailed in ¶¶ 24-30 herein.

**PLEASE READ THIS NOTICE CAREFULLY.  This Notice explains important rights you may have, including the possible receipt of a payment from the Settlement. If you are a member of the Settlement Class, your legal rights will be affected whether or not you act.**

- **Statement of the Settlement Class's Recovery:**  Subject to Court approval, Lead Plaintiff, on behalf of the Settlement Class, has agreed to settle the Action in exchange for a cash payment of $16,000,000 ("Settlement Amount") to be deposited into an escrow account. If the Court approves the maximum amount of attorneys' fees and Litigation Expenses that Lead Counsel may request, $3,450,000 will be deducted from the Settlement Amount. After deducting such attorneys'

---

[1]  All capitalized terms not defined in this Notice have the meanings provided in the Stipulation and Agreement of Settlement, filed with the Court on July 15, 2021 ("Stipulation"). The Stipulation can be viewed at <u>www.AlignSecuritiesLitigationSettlement.com</u>.

fees and Litigation Expenses, as well as estimated Notice and Administration Costs in the amount of $375,000, the Settlement Class will receive approximately $12,175,000 of the Settlement Amount. The Net Settlement Fund (defined below at ¶ 34) will be distributed to eligible Settlement Class Members in accordance with a plan of allocation that is approved by the Court. The plan of allocation being proposed by Lead Plaintiff ("Plan of Allocation") is attached hereto as Appendix A.

- **Estimate of Average Amount of Recovery Per Share:**  Based on Lead Plaintiff's damages consultant's estimate of the number of shares of Align common stock eligible to participate in the Settlement, and assuming that all investors eligible to participate do so, the estimated average recovery per eligible share (before deduction of any Court-approved fees and expenses, such as attorneys' fees and expenses, taxes, and administration costs) will be approximately $1.37. **Settlement Class Members should note, however, that the foregoing is only an estimate.** Some Settlement Class Members may recover more or less than this amount per share depending on: (i) when and the price at which they purchased/acquired shares of Align common stock; (ii) whether they sold their shares of Align common stock; (iii) the total number and value of valid Claims submitted; (iv) the amount of Notice and Administration Costs; and (v) the amount of attorneys' fees and Litigation Expenses awarded by the Court.

- **Average Amount of Damages Per Share:**  The Parties do not agree on the average amount of damages per share of Align common stock that would be recoverable if Lead Plaintiff prevailed in the Action. Among other things, Defendants do not agree with the assertion that they violated the federal securities laws or that any damages were suffered by any members of the Settlement Class as a result of Defendants' conduct.

- **Attorneys' Fees and Expenses Sought:**  Court-appointed Lead Counsel, Kessler Topaz Meltzer & Check, LLP, has prosecuted this Action on a wholly contingent basis and has not received any attorneys' fees (or reimbursement of expenses) for its representation of the Settlement Class. For its efforts, Lead Counsel will apply to the Court for attorneys' fees in an amount not to exceed 20% of the Settlement Fund. Lead Counsel will also apply for payment of Litigation Expenses incurred in connection with the institution, prosecution, and resolution of the Action, in an amount not to exceed $250,000. In addition, Notice and Administration Costs (i.e., the costs for providing notice of the Settlement to the Settlement Class and processing claims) are estimated to be between $300,000 and $375,000. This is only an estimate, however, as the administration has not fully commenced as of the date of this Notice. All Court-approved attorneys' fees, Litigation Expenses, and Notice and Administration Costs will be paid from the Settlement Amount and the remainder (approximately $12,175,000) will be distributed to the Settlement Class. If the Court approves the maximum amount of attorneys' fees and Litigation Expenses to Lead Counsel and the estimated amount of Notice and Administration Costs, the estimated average recovery per eligible share following those deductions will be approximately $1.04. **Please note that this amount is only an estimate**.

- **Identification of Attorneys' Representatives:**  Lead Plaintiff and the Settlement Class are represented by Johnston de F. Whitman, Jr., Esq. of Kessler Topaz Meltzer & Check, LLP, 280 King of Prussia Road, Radnor, PA 19087, Telephone: (610) 667-7706, and Jennifer L. Joost, Esq. of Kessler Topaz Meltzer & Check, LLP, One Sansome Street, Suite 1850, San Francisco, CA 94104, Telephone: (415) 400-3000, info@ktmc.com.

- **Reasons for the Settlement:** For Lead Plaintiff, the principal reason for the Settlement is the guaranteed cash benefit for the Settlement Class without the risk, delays, and increased costs inherent in further litigation. Moreover, the cash benefit provided under the Settlement must be considered against the risk that a smaller recovery – or indeed no recovery at all – might be achieved after discovery, contested motions, a trial of the Action, and appeals. For Defendants, who deny all allegations of wrongdoing or liability whatsoever and deny that Settlement Class Members were damaged, the principal reasons for entering into the Settlement are to end the burden, expense, uncertainty, and risk of further litigation.

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM POSTMARKED (IF MAILED), OR ONLINE, NO LATER THAN MARCH 31, 2022.** | This is the only way to be eligible to receive a payment from the Settlement. |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT CLASS BY SUBMITTING A WRITTEN REQUEST FOR EXCLUSION SO THAT IT IS POSTMARKED NO LATER THAN MARCH 31, 2022.** | Get no payment from the Settlement. This is the *only* option that will allow you to ever bring or be part of any *other* lawsuit against Defendants or the other Released Defendants' Parties about the claims being released by the Settlement. |
| **OBJECT TO THE SETTLEMENT BY SUBMITTING A WRITTEN OBJECTION SO THAT IT IS FILED OR POSTMARKED NO LATER THAN MARCH 31, 2022.** | Write to the Court about why you do not like the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's request for attorneys' fees and Litigation Expenses. This will not exclude you from the Settlement Class. |
| **GO TO A HEARING ON APRIL 28, 2022 AT 1:30 P.M.** | Ask to speak in Court at the Final Approval Hearing, at the discretion of the Court, about the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's request for attorneys' fees and Litigation Expenses. |
| **DO NOTHING.** | Get no payment from the Settlement. You will, however, remain a member of the Settlement Class, which means that you give up any right you may have to sue about the claims that are being resolved by the Settlement and you will be bound by any judgments or orders entered by the Court in the Action. |

**These rights and options – and the deadlines to exercise them – are further explained in this Notice. Please Note: The date and time of the Final Approval Hearing – currently scheduled for April 28, 2022 at 1:30 p.m. – is subject to change without further written notice to the Settlement Class. It is also within the Court's discretion to hold the hearing by video or telephonic conference. If you plan to attend the hearing, you should check www.AlignSecuritiesLitigationSettlement.com, or with Lead Counsel to confirm no change to the date and/or time of the hearing has been made.**

| **WHAT THIS NOTICE CONTAINS** | |
|---|---|

| | |
|---|---|
| Why Did I Get This Notice? | Page __ |
| What Is This Case About? | Page __ |
| Why Is This Case A Class Action? | Page __ |
| Why Is There A Settlement? | Page __ |
| What Might Happen If There Were No Settlement? | Page __ |
| How Do I Know If I Am Affected By The Settlement? | |
|    Who Is Included In The Settlement Class? | Page __ |
| How Are Settlement Class Members Affected By The Action | |
|    And The Settlement? | Page __ |
| How Do I Participate In The Settlement?  What Do I Need To Do? | Page __ |
| How Much Will My Payment Be? | Page __ |
| What Payment Are The Attorneys For The Settlement Class Seeking? | |
|    How Will The Lawyers Be Paid? | Page __ |
| What If I Do Not Want To Be A Member Of The Settlement Class? | |
|    How Do I Exclude Myself? | Page __ |
| When And Where Will The Court Decide Whether To Approve The Settlement? | |
|    Do I Have To Come To The Hearing?  May I Speak At The Hearing If I | |
|    Don't Like The Settlement? | Page __ |
| What If I Do Nothing? | Page __ |
| What If I Bought Shares On Someone Else's Behalf? | Page __ |
| Can I See The Court File?  Who Should I Contact If I Have Questions? | Page __ |
| Proposed Plan of Allocation of Net Settlement Fund Among | |
|    Authorized Claimants | Appendix A |

| **WHY DID I GET THIS NOTICE?** | |
|---|---|

1.     You or someone in your family, or an investment account for which you serve as a custodian, may have purchased or otherwise acquired Align common stock during the Settlement Class Period, and may be a Settlement Class Member. The Court directed that this Notice be sent to you to inform you of the terms of the proposed Settlement and about all of your options before the Court rules on the Settlement at or after the Final Approval Hearing. Additionally, you have the right to understand how this class action lawsuit may affect your legal rights.

2.     This Notice explains the Action, the Settlement, your legal rights, what benefits are available under the Settlement, who is eligible for the benefits, and how to get them.

3.     The issuance of this Notice is not an expression of any opinion by the Court concerning the merits of any claim in the Action, and the Court still has to decide whether to approve the Settlement. If the Court approves the Settlement and the Plan of Allocation (or some other plan of allocation), the Claims Administrator will make payments to eligible Settlement Class Members pursuant to the Settlement after any objections and appeals are resolved.

| WHAT IS THIS CASE ABOUT? |
| --- |

4.      Align is a global medical device company engaged in the design, manufacture, and marketing of Invisalign® clear aligners and iTero® intraoral scanners and services for orthodontics, restorative, and aesthetic dentistry. In this Action, Lead Plaintiff alleges that, during the Settlement Class Period, Align and certain of its executive officers at the time (i.e., Joseph M. Hogan, Align's President and Chief Executive Officer, and John F. Morici, Align's Senior Vice President of Global Finance and Chief Financial Officer) made materially false or misleading statements regarding the impact of competition on Align's business, particularly its comprehensive clear aligner business. More specifically, Lead Plaintiff alleges that Defendants concealed adjustments to the business they made to address competition, resulting in a significant deterioration in Align's "average selling price" (or "ASP"). Lead Plaintiff further alleges that the Settlement Class suffered damages when the alleged truth regarding these matters was publicly disclosed.

5.      The Action was commenced on November 5, 2018, with the filing of a putative securities class action complaint, styled *Xiaojiao Lu v. Align Technology, Inc., et al.*, Case No. 5:18-cv-06720-LHK. A similar securities class action complaint, styled *David Infuso v. Align Technology, Inc., et al.*, Case No. 3:18-cv-07469-WHA, was filed in this Court on December 12, 2018. By Order dated March 22, 2019, the Court consolidated the actions, appointed SEB Investment Management AB as Lead Plaintiff, and approved Lead Plaintiff's selection of Kessler Topaz Meltzer & Check, LLP as Lead Counsel for the class.

6.      On May 10, 2019, Lead Plaintiff filed the Consolidated Class Action Complaint for Violation of the Federal Securities Laws ("Consolidated Complaint"). The Consolidated Complaint asserted claims under Sections 10(b), 20(a), and 20A of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. §§ 78j(b) 78n(a), and 78t(a), and SEC Rule 10b-5, 17 C.F.R. § 240.10b-5, promulgated thereunder, against Align, Joseph M. Hogan, John F. Morici, Raphael S. Pascaud, and Emory M. Wright (collectively, "Consolidated Complaint Defendants").

7.      The Consolidated Complaint Defendants moved to dismiss the Consolidated Complaint on June 24, 2019 ("First Motion to Dismiss"). The First Motion to Dismiss was fully briefed by the Parties. By Order dated October 29, 2019, the Court granted the First Motion to Dismiss, but provided Lead Plaintiff leave to file an amended complaint within 30 days.

8.      In accordance with the Court's ruling on Defendants' First Motion to Dismiss, Lead Plaintiff filed the Amended Consolidated Class Action Complaint for Violation of the Federal Securities Laws on November 29, 2019 ("Amended Consolidated Complaint").[2]

9.      Defendants moved to dismiss the Amended Consolidated Complaint on July 17, 2020 ("Second Motion to Dismiss"). The Second Motion to Dismiss was fully briefed by the Parties. By Order dated September 9, 2020, the Court granted in part and denied in part Defendants' Second Motion to Dismiss.

---

[2]  The Amended Consolidated Complaint does not allege claims against two of the Consolidated Complaint Defendants (Ralph Pascaud and Emory Wright), and changed the class period start date from April 25, 2018 to May 23, 2018.

10.     On September 23, 2020, Defendants filed their Answer to the Amended Consolidated Complaint, which Defendants subsequently amended on February 4, 2021.

11.     Following the Court's ruling on Defendants' Second Motion to Dismiss, the Court stayed the case on September 24, 2020. Thereafter, the Parties began discussing the possibility of resolving the Action through settlement and agreed to mediate before Gregory P. Lindstrom of Phillips ADR. A mediation session with Mr. Lindstrom was scheduled for November 23, 2020. In advance of the mediation, the Parties exchanged detailed mediation statements addressing liability and damages issues. The Parties were unable to resolve the Action at the November 23, 2020 mediation. The Court lifted the stay of the case on January 15, 2021 and the Parties commenced discovery immediately thereafter.

12.     While discovery was ongoing, the Parties agreed to participate in a second mediation session before Mr. Lindstrom, to occur on June 10, 2021. Prior to the mediation, the Parties engaged in discovery, presented certain discovery disputes to Magistrate Judge Virginia K. DeMarchi, and reviewed the documents each side had produced to date. Following hard-fought, arm's-length negotiations at the mediation and over the course of the following day, the Parties reached an agreement in principle to resolve the Action for $16,000,000. The Parties memorialized their agreement in a binding term sheet executed on June 11, 2021.

13.     After additional negotiations regarding the specific terms of their agreement, the Parties entered into the Stipulation on June 30, 2021. The Stipulation, which sets forth the terms and conditions of the Settlement, can be viewed at www.AlignSecuritiesLitigationSettlement.com.

14.     On _____ __, 2021, the Court preliminarily approved the Settlement, authorized this Notice to be disseminated to potential Settlement Class Members, and scheduled the Final Approval Hearing to consider whether to grant final approval of the Settlement.

## WHY IS THIS CASE A CLASS ACTION?

15.     In a class action, one or more persons or entities (in this case, Lead Plaintiff), sue on behalf of persons and entities that have similar claims. Together, these persons and entities are a "class," and each is a "class member." Bringing a case, such as this one, as a class action allows the adjudication of many individuals' similar claims that might be too small to bring economically as separate actions. One court resolves the issues for all class members at the same time, except for those who exclude themselves, or "opt out," from the class.

## WHY IS THERE A SETTLEMENT?

16.     Lead Plaintiff and Lead Counsel believe that Lead Plaintiff's claims against Defendants have merit. They recognize, however, the expense and length of continued proceedings necessary to pursue Lead Plaintiff's claims through full discovery, a motion for class certification, summary judgment, trial, and appeals, as well as the very substantial risks Lead Plaintiff would face in establishing liability and damages. Such risks include the potential challenges associated with proving that there were material misstatements in Defendants' public statements, and establishing significant damages under the securities laws.

17.     In light of these risks, the amount of the Settlement, and the immediacy of recovery to the Settlement Class, Lead Plaintiff and Lead Counsel believe that the proposed Settlement is

fair, reasonable, adequate, and in the best interests of the Settlement Class. Lead Plaintiff and Lead Counsel believe that the Settlement provides a substantial benefit to the Settlement Class, as compared to the risk that the claims in the Action would produce a smaller recovery, or no recovery, after continued and costly litigation, possibly years in the future.

18.     Defendants have denied and continue to deny each and all of the claims asserted against them in the Action, and deny that the Settlement Class was harmed or suffered any damages as a result of the conduct alleged in the Action. Defendants have agreed to the Settlement solely to eliminate the burden, expense, uncertainty, and risk of continued litigation. Accordingly, the Settlement may not be construed as, and is not, an admission of any wrongdoing by any Defendant.

## WHAT MIGHT HAPPEN IF THERE WERE NO SETTLEMENT?

19.     If there were no Settlement and Lead Plaintiff failed to establish any legal or factual element essential to its claims against Defendants, neither Lead Plaintiff nor the other members of the Settlement Class would recover anything from Defendants. Also, if Defendants were successful in proving any of their defenses, either at summary judgment, at trial, or on appeal, the Settlement Class could recover substantially less than the amount provided in the Settlement, or nothing at all.

## HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT?
## WHO IS INCLUDED IN THE SETTLEMENT CLASS?

20.     If you are a member of the Settlement Class, you are subject to the Settlement, unless you timely request to be excluded. The Settlement Class consists of:

> **All persons and entities who purchased or otherwise acquired the common stock of Align between May 23, 2018 and October 24, 2018, both dates inclusive, and who were damaged thereby.**

Excluded from the Settlement Class are: (I) Defendants; (II) present or former executive officers and directors of Align during the Settlement Class Period and their Immediate Family Members; (III) any of the foregoing entities' and individuals' legal representatives, heirs, successors or assigns; and (IV) any entity in which Defendants have or had a controlling interest, or any affiliate of Align. For the avoidance of doubt, "affiliates" are persons or entities that directly, or indirectly through one or more intermediaries, control, are controlled by or are under common control with one of the Defendants. Also excluded from the Settlement Class are any persons and entities who or which submit a request for exclusion from the Settlement Class that is accepted by the Court. *See* "What If I Do Not Want To Be A Member Of The Settlement Class?  How Do I Exclude Myself," on page [___] below.

**PLEASE NOTE:  Receipt of this Notice does not mean that you are a Settlement Class Member or that you will be entitled to a payment from the Settlement. If you are a Settlement Class Member and you wish to be eligible to receive a payment from the Settlement, you are required to submit the Claim Form that is being distributed with this Notice and the required supporting documentation as set forth in the Claim Form postmarked (if mailed), or online at www.AlignSecuritiesLitigationSettlement.com, no later than March 31, 2022.**

**HOW ARE SETTLEMENT CLASS MEMBERS AFFECTED
BY THE ACTION AND THE SETTLEMENT?**

21.    As a Settlement Class Member, you are represented by Lead Plaintiff and Lead Counsel. If you want to be represented by your own lawyer, you may hire one at your own expense.

22.    If you are a Settlement Class Member and do not wish to remain a Settlement Class Member, you may exclude yourself from the Settlement Class by following the instructions in the section below entitled, "What If I Do Not Want To Be A Member Of The Settlement Class?  How Do I Exclude Myself?"

23.    If you are a Settlement Class Member and you wish to object to the Settlement, the Plan of Allocation, or Lead Counsel's request for attorneys' fees and Litigation Expenses, you may present your objections by following the instructions in the section below entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?"

24.    If you are a Settlement Class Member and you do not exclude yourself from the Settlement Class, you will be bound by any orders issued by the Court in the Action. If the Settlement is approved, the Court will enter a judgment ("Judgment"). The Judgment will dismiss with prejudice the claims against Defendants and will provide that, upon the Effective Date of the Settlement, Lead Plaintiff and each of the other Settlement Class Members, on behalf of themselves, and each of their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, shall be deemed to have, and by operation of law and of the Judgment, or the Alternate Judgment, if applicable, shall have fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Lead Plaintiff's Released Claims (defined in ¶ 25 below) against the Released Defendants' Parties (defined in ¶ 26 below), and shall forever be barred, enjoined, and estopped from prosecuting any or all of the Lead Plaintiff's Released Claims against any of the Released Defendants' Parties.

25.    "Lead Plaintiff's Released Claims" means all claims, demands, rights, and causes of action, or liabilities of every nature and description, whether known or Unknown Claims, whether arising under federal, state, local, common, statutory, administrative, or foreign law, or any other law, rule, or regulation, at law or in equity, whether fixed or contingent, whether foreseen or unforeseen, whether accrued or unaccrued, whether liquidated or unliquidated, whether matured or unmatured, whether direct, representative, class, or individual in nature that (a) Lead Plaintiff or any other member of the Settlement Class: (i) asserted in the Action or (ii) could have asserted in any court or forum that arise out of or are based upon any of the allegations, transactions, facts, matters or occurrences, representations, or omissions set forth in the Action; and (b) relate to the purchase or other acquisition of Align common stock during the Settlement Class Period. Lead Plaintiff's Released Claims shall not include: (i) any claims asserted by shareholders on behalf of Align in the two related derivative lawsuits that have been stayed pending the resolution of this Action (*In re Align Tech., Inc. Deriv. Litig.*, Case No. 19-CV-00202-LHK (N.D. Cal.) and

*Muhammad Abbas v. Joseph M. Hogan, et. al.*, Case No. 19CV346429 (Sup. Ct. Cnty. of Santa Clara)); (ii) any claims relating to the enforcement of the Settlement; or (iii) any claims of any person or entity who or which submits a request for exclusion from the Settlement Class that is accepted by the Court.

26.     "Released Defendants' Parties" means (I) each Defendant, (II) each of their respective Immediate Family Members (for individuals) and each of their direct or indirect parent entities, subsidiaries, related entities, and affiliates, any trust of which any individual Defendant is the settlor or which is for the benefit of any Defendant and/or member(s) of his or her family, and (III) for any of the entities listed in parts (I) or (II), their respective past and present general partners, limited partners, principals, shareholders, joint venturers, members, officers, directors, managers, managing directors, supervisors, employees, contractors, consultants, auditors, accountants, financial advisors, professional advisors, investment bankers, representatives, insurers, trustees, trustors, agents, attorneys, professionals, predecessors, successors, assigns, heirs, executors, administrators, and any controlling person thereof, in their capacities as such, and any entity in which a Defendant has a controlling interest.

27.     "Unknown Claims" means any Lead Plaintiff's Released Claims which Lead Plaintiff or any other Settlement Class Member does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, and any Defendants' Released Claims that any Defendant does not know or suspect to exist in his or its favor at the time of the release of such claims, which, if known by him, her, or it, might have materially affected his, her, or its decision(s) with respect to this Settlement or the Releases, including his, her, or its decision(s) to object or not to object to the Settlement. With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Lead Plaintiff and Defendants shall expressly waive, and each of the other Settlement Class Members shall be deemed to have waived, and by operation of the Judgment or the Alternate Judgment, if applicable, shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

Lead Plaintiff and Defendants acknowledge, and each of the other Settlement Class Members shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

28.     The Judgment will also provide that, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and each of their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, shall be deemed to have, and by operation of law and of the Judgment, or the Alternate Judgment, if applicable, shall have fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Defendants' Claims (defined in ¶ 29 below) against the Released Lead Plaintiff's Parties (defined in ¶ 30 below), and shall forever be barred, enjoined, and estopped from

prosecuting any or all of the Defendants' Released Claims against any of the Released Lead Plaintiff's Parties.

29.     "Defendants' Released Claims" means all claims and causes of action of every nature and description, whether known or Unknown Claims, whether arising under federal, state, local, common, statutory, administrative, or foreign law, or any other law, rule, or regulation, at law or in equity, whether fixed or contingent, whether foreseen or unforeseen, whether accrued or unaccrued, whether liquidated or unliquidated, whether matured or unmatured, whether direct, representative, class, or individual in nature that arise out of or relate in any way to the institution, prosecution, or settlement of the claims in the Action against Defendants. Defendants' Released Claims shall not include any claims relating to the enforcement of the Settlement.

30.     "Released Lead Plaintiff's Parties" means (I) Lead Plaintiff, all Settlement Class Members, Lead Counsel, and (II) each of their respective family members, and their respective general partners, limited partners, principals, shareholders, joint venturers, members, officers, directors, managers, managing directors, supervisors, employees, contractors, consultants, auditors, accountants, financial advisors, professional advisors, investment bankers, representatives, insurers, trustees, trustors, agents, attorneys, professionals, predecessors, successors, assigns, heirs, executors, administrators, and any controlling person thereof, in their capacities as such.

## HOW DO I PARTICIPATE IN THE SETTLEMENT?  WHAT DO I NEED TO DO?

31.     To be eligible for a payment from the Settlement, you must be a member of the Settlement Class and you must timely complete and return the Claim Form with adequate supporting documentation ***postmarked (if mailed), or submitted online at www.AlignSecuritiesLitigationSettlement.com, no later than March 31, 2022***. A Claim Form is included with this Notice, or you may obtain one at www.AlignSecuritiesLitigationSettlement.com. You may also request that a Claim Form be mailed to you by calling the Claims Administrator toll free at 1-833-677-1108 or by emailing the Claims Administrator at info@AlignSecuritiesLitigationSettlement.com. Please retain all records of your ownership of and transactions in Align common stock, as they will be needed to document your Claim. The Parties and Claims Administrator do not have information about your transactions in Align common stock.

32.     If you request exclusion from the Settlement Class or do not submit a timely and valid Claim Form, you will not be eligible to share in the Net Settlement Fund.

## HOW MUCH WILL MY PAYMENT BE?

33.     At this time, it is not possible to make any determination as to how much any individual Settlement Class Member may receive from the Settlement.

34.     Pursuant to the Settlement, Align and/or its D&O liability insurers shall pay a total of $16,000,000 in cash. The Settlement Amount will be deposited into an escrow account. The Settlement Amount plus any interest earned thereon is referred to as the "Settlement Fund." If the Settlement is approved by the Court and the Effective Date occurs, the "Net Settlement Fund" (that is, the Settlement Fund less: (i) Taxes; (ii) Notice and Administration Costs; (iii) any Litigation Expenses awarded by the Court; (iv) any attorneys' fees awarded by the Court; and (v) any other

costs or fees approved by the Court) will be distributed to Settlement Class Members who submit valid Claim Forms, in accordance with the proposed Plan of Allocation or such other plan of allocation as the Court may approve. If the Court approves the maximum amount of attorneys' fees and Litigation Expenses to Lead Counsel and the estimated amount of Notice and Administration Costs, the Settlement Class will receive approximately $12,175,000 of the Settlement Amount.

35.     Approval of the Settlement is independent from approval of a plan of allocation. Any determination with respect to a plan of allocation will not affect the Settlement, if approved.

36.     Neither Defendants nor any other person or entity that paid any portion of the Settlement Amount on their behalf are entitled to get back any portion of the Settlement Fund once the Court's order or judgment approving the Settlement becomes Final. Defendants shall not have any liability, obligation, or responsibility for the administration of the Settlement, the disbursement of the Net Settlement Fund, or the plan of allocation.

37.     Unless the Court otherwise orders, any Settlement Class Member who fails to submit a Claim Form postmarked or received on or before March 31, 2022 shall be fully and forever barred from receiving payments pursuant to the Settlement but will in all other respects remain a Settlement Class Member and be subject to the provisions of the Stipulation, including the terms of any Judgment entered and the Releases given.

38.     Participants in and beneficiaries of any employee retirement and/or benefit plan ("Employee Plan") should NOT include any information relating to shares of Align common stock purchased/acquired through an Employee Plan in any Claim Form they submit in this Action. They should include ONLY those shares of Align common stock purchased/acquired during the Settlement Class Period outside of an Employee Plan. Claims based on any Employee Plan(s)' purchases/acquisitions of eligible Align common stock during the Settlement Class Period may be made by the Employee Plan(s)' trustees. To the extent any of the Defendants or any of the other persons or entities excluded from the Settlement Class are participants in an Employee Plan(s), such persons or entities shall not receive, either directly or indirectly, any portion of the recovery that may be obtained from the Settlement by such Employee Plan(s).

39.     The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the Claim of any Settlement Class Member.

40.     Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her, or its Claim Form.

41.     Only Settlement Class Members, *i.e.*, persons and entities who purchased or otherwise acquired Align common stock during the Settlement Class Period and were damaged as a result of such purchases or acquisitions, will be eligible to share in the distribution of the Net Settlement Fund. Persons and entities that are excluded from the Settlement Class by definition or that exclude themselves from the Settlement Class pursuant to request will not be eligible to receive a distribution from the Net Settlement Fund and should not submit Claim Forms.

42.     **Appendix A to this Notice sets forth the Plan of Allocation for allocating the Net Settlement Fund among Authorized Claimants, as proposed by Lead Plaintiff and Lead Counsel. At the Final Approval Hearing, Lead Counsel will request the Court approve the Plan of Allocation. The Court may modify the Plan of Allocation, or approve a different plan of allocation, without further notice to the Settlement Class.**

## WHAT PAYMENT ARE THE ATTORNEYS FOR THE SETTLEMENT CLASS SEEKING? HOW WILL THE LAWYERS BE PAID?

43.     Lead Counsel has not received any payment for its services in pursuing claims against the Defendants on behalf of the Settlement Class, nor has Lead Counsel been reimbursed for its out-of-pocket expenses. Before final approval of the Settlement, Lead Counsel will apply to the Court for an award of attorneys' fees in an amount not to exceed 20% of the Settlement Fund. At the same time, Lead Counsel also intends to apply for payment of Litigation Expenses in an amount not to exceed $250,000. The Court will determine the amount of any award of attorneys' fees or Litigation Expenses. Such sums as may be approved by the Court will be paid from the Settlement Fund before the Settlement Fund is distributed to the Settlement Class.

## WHAT IF I DO NOT WANT TO BE A MEMBER OF THE SETTLEMENT CLASS? HOW DO I EXCLUDE MYSELF?

44.     Each Settlement Class Member will be bound by all determinations and judgments in this lawsuit, whether favorable or unfavorable, unless such person or entity mails or delivers a letter requesting exclusion addressed to: *SEB Investment Management AB et al. v. Align Technology, Inc. et al.*, EXCLUSIONS, c/o JND Legal Administration, P.O. Box 91328, Seattle, WA 98111. The request for exclusion must be *postmarked* **no later than March 31, 2022**. You will not be able to exclude yourself from the Settlement Class after that date. Each letter requesting exclusion must: (i) state the name, address, and telephone number of the person or entity requesting exclusion, and in the case of entities, the name and telephone number of the appropriate contact person; (ii) state that such person or entity "requests exclusion from the Settlement Class in *SEB Investment Management AB et al. v. Align Technology, Inc. et al.*, Case No. 18-CV-06720-LHK (N.D. Cal.)"; (iii) state the number of shares of Align common stock that the person or entity requesting exclusion (A) owned as of the opening of trading on May 23, 2018 and (B) purchased/acquired and/or sold during the Settlement Class Period (*i.e.*, between May 23, 2018 and October 24, 2018, inclusive), as well as the dates, number of shares, and prices of each such purchase/acquisition and/or sale; and (iv) be signed by the person or entity requesting exclusion or an authorized representative. A letter requesting exclusion shall not be valid and effective unless it provides all the information called for in this paragraph and is postmarked within the time stated above, or is otherwise accepted by the Court.

45.     If you do not want to be part of the Settlement Class, you must follow these instructions for exclusion even if you have pending, or later file, another lawsuit, arbitration, or other proceeding relating to any Lead Plaintiff's Released Claim against any of the Released Defendants' Parties. Excluding yourself from the Settlement Class is the only option that will allow you to be part of any other current or future lawsuit against Defendants or any of the other Released Defendants' Parties concerning the Lead Plaintiff's Released Claims. Please note, however, if you decide to exclude yourself from the Settlement Class, you may be time-barred from asserting the claims covered by the Action by a statute of repose. In addition, Defendants and the other Released Defendants' Parties will have the right to assert any and all defenses they may have to any claims that you may seek to assert.

46.     If you ask to be excluded from the Settlement Class, you will not be eligible to receive any payment from the Net Settlement Fund.

47.     Align has the right to terminate the Settlement if valid requests for exclusion are received from persons and entities entitled to be members of the Settlement Class in an amount that exceeds an amount agreed to by the Parties.

**WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?  DO I HAVE TO COME TO THE HEARING? MAY I SPEAK AT THE HEARING IF I DON'T LIKE THE SETTLEMENT?**

48.     **Settlement Class Members do not need to attend the Final Approval Hearing. The Court will consider any submission made in accordance with the provisions below even if a Settlement Class Member does not attend the hearing. You can participate in the Settlement without attending the Final Approval Hearing.**

49.     <u>**Please Note**</u>: The date and time of the Final Approval Hearing may change without further written notice to the Settlement Class. In addition, the COVID-19 pandemic is a fluid situation that creates the possibility that the Court may decide to conduct the Final Approval Hearing by video or telephonic conference, or otherwise allow Settlement Class Members to appear at the hearing by video or phone, without further written notice to the Settlement Class. **In order to determine whether the date and time of the Final Approval Hearing have changed, or whether Settlement Class Members must or may participate by phone or video, it is important that you monitor the Court's docket and the Settlement website, www.AlignSecuritiesLitigationSettlement.com, before making any plans to attend the Final Approval Hearing. Any updates regarding the Final Approval Hearing, including any changes to the date or time of the hearing or updates regarding in-person or remote appearances at the hearing, will be posted to www.AlignSecuritiesLitigationSettlement.com. If the Court requires or allows Settlement Class Members to participate in the Final Approval Hearing by telephone or video conference, the information for accessing the telephone or video conference will be posted to www.AlignSecuritiesLitigationSettlement.com.**

50.     The Final Approval Hearing will be held on **April 28, 2022 at 1:30 p.m.**, before the Honorable Lucy H. Koh, United States District Court Judge for the Northern District of California, either in person at the Robert F. Peckham Federal Building & United States Courthouse 280 South 1st Street, San Jose, CA 95113, in Courtroom 8, 4th Floor, or by telephone or videoconference (in the discretion of the Court). The Court reserves the right to approve the Settlement, the Plan of Allocation, Lead Counsel's request for an award of attorneys' fees and Litigation Expenses, and/or any other matter related to the Settlement at or after the Final Approval Hearing without further notice to the members of the Settlement Class.

51.     Any Settlement Class Member may object to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's request for an award of attorneys' fees and Litigation Expenses. You can ask the Court to deny approval by filing an objection. You cannot ask the Court to order a different settlement. The Court can only approve or reject the Settlement. If the Court denies approval of the Settlement, no payments from the Settlement will be sent out and the Action will continue. If that is what you want to happen, then you must object.

52.     Any objection to the proposed Settlement must be in writing and submitted only to the Court. If you submit a timely written objection, you may, but are not required to, appear at the Final Approval Hearing, either in person or through your own attorney. If you appear through your own attorney, you are responsible for hiring and paying that attorney. All written objections and

supporting papers must: (i) clearly identify the case name and number (*SEB Investment Management AB et al. v. Align Technology, Inc. et al.*, Case No. 18-CV-06720-LHK (N.D. Cal.)); (ii) be submitted to the Court either by mailing them to the Clerk of the Court at the United States District Court for the Northern District of California, Robert F. Peckham Federal Building & United States Courthouse, 280 South 1st Street, 2nd Floor, San Jose, CA 95113, or by filing them in person at any location of the United States District Court for the Northern District of California; and (iii) be filed or postmarked no later than March 31, 2022.

53.     Additionally, any objection must: (i) identify the name, address, and telephone number of the person or entity objecting and be signed by the objector; (ii) state with specificity the grounds for the Settlement Class Member's objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention and whether the objection applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class; and (iii) must include documents sufficient to prove membership in the Settlement Class, including the number of shares of Align common stock that the objecting Settlement Class Member (A) owned as of the opening of trading on May 23, 2018 and (B) purchased/acquired and/or sold during the Settlement Class Period, as well as the dates, number of shares, and prices of each such purchase/acquisition and sale.[3] **You may not object to the Settlement, Plan of Allocation, or Lead Counsel's request for attorneys' fees and Litigation Expenses if you exclude yourself from the Settlement Class or if you are not a Settlement Class Member.**

54.     If you wish to appear and speak about your objection at the Final Approval Hearing, you must state that you intend to appear at the hearing in your objection or send a letter stating that you intend to appear at the Final Approval Hearing in *SEB Investment Management AB et al. v. Align Technology, Inc. et al.*, Case No. 18-CV-06720-LHK (N.D. Cal.) to the Clerk of Court at the address set forth in ¶ 52 above so that it is ***postmarked* on or before March 31, 2022**. Persons who intend to object and desire to present evidence at the Final Approval Hearing must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the hearing. Such persons may be heard orally at the discretion of the Court.

55.     **Unless the Court orders otherwise, any Settlement Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's request for attorneys' fees and Litigation Expenses. Settlement Class Members do not need to appear at the Final Approval Hearing or take any other action to indicate their approval.**

## WHAT IF I DO NOTHING?

56.     If you do nothing, all of your claims against Defendants and the other Released Defendants' Parties will be released, and you will not receive any payment from the Settlement

---

[3] Documentation establishing membership in the Settlement Class must consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from the objector's broker containing the transactional and holding information found in a broker confirmation slip or account statement.

because it is necessary that you submit a Claim Form in order to be eligible to share in the Settlement proceeds.

| **WHAT IF I BOUGHT SHARES ON SOMEONE ELSE'S BEHALF?** |
|---|

57.    If you purchased or otherwise acquired shares of Align common stock between May 23, 2018 and October 24, 2018, inclusive, for the beneficial interest of persons or entities other than yourself, you must either (i) within seven (7) calendar days of receipt of this Notice, request from the Claims Administrator sufficient copies of the Notice and Claim Form (the "Notice Packet") to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Notice Packets forward them to all such beneficial owners; or (ii) within seven (7) calendar days of receipt of this Notice, provide a list of the names, addresses, and, if available, email addresses of all such beneficial owners to *SEB Investment Management AB et al. v. Align Technology, Inc. et al*, c/o JND Legal Administration, P.O. Box 91328, Seattle, WA 98111. If you choose the second option, the Claims Administrator will send a copy of the Notice Packet to the beneficial owners you have identified on your list. Upon full compliance with these directions, such nominees may seek reimbursement of their reasonable expenses actually incurred, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Copies of this Notice and the Claim Form may also be obtained from the Settlement website, www.AlignSecuritiesLitigationSettlement.com, by calling the Claims Administrator toll-free at 1-833-677-1108, or by emailing the Claims Administrator at info@AlignSecuritiesLitigationSettlement.com.

| **CAN I SEE THE COURT FILE?  WHO SHOULD I CONTACT IF I HAVE QUESTIONS?** |
|---|

58.    This Notice summarizes the proposed Settlement. For the full terms and conditions of the Settlement, please review the Stipulation at www.AlignSecuritiesLitigationSettlement.com. A copy of the Stipulation and additional information regarding the Settlement can also be obtained by contacting Lead Counsel at the contact information set forth above, by accessing the Court docket in this case, for a fee, though the Court's PACER system at https://ecf.cand.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court for the Northern District of California, Robert F. Peckham Federal Building & United States Courthouse 280 South 1st Street, San Jose, CA 95113, Monday through Friday, excluding Court holidays. Additionally, copies of any related orders entered by the Court and certain other filings in this Action will be posted on the Settlement website, www.AlignSecuritiesLitigationSettlement.com.

59.    All inquiries concerning this Notice and the Claim Form should be directed to:

*SEB Investment Management AB et al. v. Align Technology, Inc. et al.*
c/o JND Legal Administration
P.O. Box 91328
Seattle, WA 98111

1-833-677-1108
info@AlignSecuritiesLitigationSettlement.com
www.AlignSecuritiesLitigationSettlement.com

15

and/or

Kessler Topaz Meltzer & Check, LLP

Johnston de F. Whitman, Jr.
280 King of Prussia Road
Radnor, PA 19087
1-610-667-7706

-and-

Jennifer L. Joost
One Sansome Street, Suite 1850
San Francisco, CA 94104
1-415-400-3000

info@ktmc.com

**PLEASE DO NOT CALL OR WRITE THE COURT, THE CLERK'S OFFICE, DEFENDANTS, OR DEFENDANTS' COUNSEL REGARDING THIS NOTICE**

DATED: _____ __, 2021                    BY ORDER OF THE COURT
                                               United States District Court
                                               Northern District of California

16

**APPENDIX A**
**[Proposed] Plan of Allocation of Net Settlement Fund Among Authorized Claimants**

The Plan of Allocation set forth herein is the plan that Lead Plaintiff is proposing to the Court for approval. The Plan of Allocation was developed by Lead Plaintiff in consultation with its damages consultant. The Court may approve the Plan of Allocation with or without modification, or approve another plan of allocation, without further notice to the Settlement Class. Any Orders regarding a modification of the Plan of Allocation will be posted on the website www.AlignSecuritiesLitigationSettlement.com. Defendants have had, and will have, no involvement in or responsibility for the terms or application of the Plan of Allocation.

The objective of the proposed Plan of Allocation is to equitably distribute the Net Settlement Fund among those Settlement Class Members who purportedly suffered economic losses as a result of the alleged violations of the federal securities laws set forth in the Amended Consolidated Complaint, as opposed to economic losses caused by market or industry factors or Align-specific factors unrelated to the allegations in the Amended Consolidated Complaint. To that end, Lead Plaintiff's damages consultant calculated the estimated amount of alleged artificial inflation in the per share price of Align common stock over the course of the Settlement Class Period that was allegedly proximately caused by Defendants' alleged materially false or misleading statements.

Calculations made pursuant to the Plan of Allocation do not represent a formal damages analysis that has been adjudicated in the Action, and are not intended to measure the amounts that Settlement Class Members might have recovered after a trial. Nor are these calculations intended to be estimates of the amounts that will be paid to Authorized Claimants pursuant to the Settlement. The computations under the Plan of Allocation are only a method to weigh equitably the claims of Authorized Claimants against one another for the purposes of making *pro rata* allocations of the Net Settlement Fund. These calculations have not in any way been agreed to or conceded by Defendants.

For losses to be compensable damages under the federal securities laws, the disclosure of the purported relevant truth allegedly concealed by the Defendants' alleged misrepresentations or omissions must be the cause of the decline in the price of the security. Accordingly, to have a "Recognized Loss Amount" pursuant to the Plan of Allocation, a person or entity must have purchased or otherwise acquired Align common stock during the Settlement Class Period (i.e., between May 23, 2018 and October 24, 2018, inclusive) and **held such Align common stock through** the alleged corrective disclosure on October 24, 2018 after the close of the market that removed the alleged artificial inflation.

## CALCULATION OF RECOGNIZED LOSS AMOUNTS

1.      For purposes of determining whether a Claimant has a "Recognized Claim," purchases, acquisitions, and sales of Align common stock will first be matched on a First In, First Out ("FIFO") basis as set forth in ¶ 6 below.

2.      A "Recognized Loss Amount" will be calculated as set forth below for each share of Align common stock purchased or otherwise acquired between May 23, 2018 and October 24, 2018, inclusive, that is listed in the Claim Form and for which adequate documentation is provided.

To the extent that the calculation of a Claimant's Recognized Loss Amount results in a negative number, that number shall be set to zero. The sum of a Claimant's Recognized Loss Amounts will be the Claimant's "Recognized Claim."

3.      Recognized Loss Amounts will also take into account the Court's September 9, 2020 Order Granting in Part and Denying in Part Defendants' Motion to Dismiss (ECF No. 138) which dismissed with prejudice certain alleged misstatements in the Amended Consolidated Complaint, most of which were made prior to or within hours after the close of market on July 25, 2018. Because of the dismissal of the claims of Settlement Class Members who purchased Align common stock during the period from May 23, 2018 through July 25, 2018, it is far less likely that Lead Plaintiff could have prevailed on these claims if the Action had continued, as doing so would have required successfully appealing the dismissal of those statements. Accordingly, Recognized Loss Amounts for purchases of Align common stock from May 23, 2018 through July 25, 2018, inclusive, will by discounted by 90% (i.e., the Recognized Loss Amount will be multiplied by 0.10).

4.    A Claimant's Recognized Loss Amount will be calculated as follows:

a.    For each share of Align common stock purchased or otherwise acquired during the Settlement Class Period and subsequently sold prior to the opening of trading on October 25, 2018, the Recognized Loss Amount is $0.

b.    For each share of Align common stock purchased or otherwise acquired during the Settlement Class Period and subsequently sold after the opening of trading on October 25, 2018, and prior to the close of trading on January 22, 2019,[4] the Recognized Loss Amount shall be ***the least of***:

    i.    $66.81 per share (the dollar amount of alleged artificial inflation removed from the price of Align common stock on October 25, 2018); or

    ii.    the actual purchase/acquisition price of each share (excluding taxes, commissions, and fees) ***minus*** the 90-day Look-Back Value as set forth in **Table 1** below; or

    iii.    the Out of Pocket Loss, calculated as the actual purchase/acquisition price per share (excluding taxes, commissions, and fees) ***minus*** the

---

[4]  January 22, 2019 represents the last day of the 90-day period subsequent to the end of the Settlement Class Period, i.e., the period from October 25, 2018 through January 22, 2019 (the "90-day Look-Back Period"). The PSLRA imposes a statutory limitation on recoverable damages using the 90-day Look-Back Period. This limitation is incorporated into the calculation of a Settlement Class Member's Recognized Loss Amount. Specifically, a Settlement Class Member's Recognized Loss Amount cannot exceed the difference between the purchase price paid for the Align common stock and the average price of Align common stock during the 90-day Look-Back Period if the Align common stock was held through January 22, 2019, the end of this period. Losses on Align common stock purchased/acquired during the period between May 23, 2018 and October 24, 2018, and sold during the 90-day Look-Back Period cannot exceed the difference between the purchase price paid for the Align common stock and the average price of Align common stock during the portion of the 90-day Look-Back Period that had elapsed as of the date of sale (the "90-day Look-Back Value"), as set forth in **Table 1** below.

actual sale price per share (excluding taxes, commissions, and fees).[5]

c. For each share of Align common stock held as of the close of trading on January 22, 2019 (i.e., the last day of the 90-day Look-Back Period), the Recognized Loss Amount shall be ***the lesser of***:

   i. $66.81 per share (the dollar amount of alleged artificial inflation); or

   ii. the actual purchase/acquisition price of each share (excluding taxes, commissions, and fees) ***minus*** $215.05 (the average closing price of Align common stock during the 90-day Look-Back Period (i.e., October 25, 2018 through January 22, 2019), as shown on the last line in Table 1 below).

## ADDITIONAL PROVISIONS

5. The Net Settlement Fund will be allocated among all Authorized Claimants whose Distribution Amount (defined in ¶ 10 below) is $10.00 or greater.

6. If a Settlement Class Member has more than one purchase/acquisition or sale of Align common stock during the Settlement Class Period, all purchases/acquisitions and sales shall be matched on a FIFO basis. Settlement Class Period sales will be matched first against any holdings of Align common stock at the beginning of the Settlement Class Period, and then against purchases/acquisitions of Align common stock, in chronological order, beginning with the earliest purchase/acquisition made during the Settlement Class Period.

7. Purchases/acquisitions and sales of Align common stock shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date. The receipt or grant by gift, inheritance or operation of law of Align common stock during the Settlement Class Period, shall not be deemed a purchase, acquisition, or sale of Align common stock for purposes of the calculation of an Authorized Claimant's Recognized Claim, nor shall the receipt or grant be deemed an assignment of any claim relating to the purchase/acquisition of such Align common stock unless (i) the donor or decedent purchased or otherwise acquired such Align common stock during the Settlement Class Period; (ii) no Claim Form was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to such Align common stock; and (iii) it is specifically so provided in the instrument of gift or assignment.

8. The date of covering a "short sale" is deemed to be the date of purchase or acquisition of the Align common stock. The date of a "short sale" is deemed to be the date of sale of the Align common stock. In accordance with the Plan of Allocation, however, the Recognized Loss Amount on "short sales" is zero. In the event that a Claimant has an opening short position in Align common stock, the earliest purchases or acquisitions during the Settlement Class Period shall be matched against such opening short position and not be entitled to a recovery until that short position is fully covered.

---

[5] To the extent that the calculation of an Out of Pocket Loss results in a negative number reflecting a gain on the transaction, that number shall be set to zero.

9.      Align publicly traded common stock is the only security eligible for recovery under the Plan of Allocation. Option contracts to purchase or sell Align common stock are not securities eligible to participate in the Settlement, unless such options were *exercised* during the Settlement Class Period. With respect to Align common stock purchased or sold through the *exercise* of an option, the purchase/sale date of the Align common stock is the exercise date of the option and the purchase/sale price is the exercise price of the option. Any Recognized Loss Amount arising from purchases of Align common stock acquired during the Settlement Class Period through the exercise of an option on Align common stock[6] shall be computed as provided for other purchases of Align common stock in the Plan of Allocation.

10.      The Net Settlement Fund will be distributed to Authorized Claimants *pro rata* based on the relative size of their Recognized Claims. Specifically, a "Distribution Amount" will be calculated for each Authorized Claimant, which will be the Authorized Claimant's Recognized Claim divided by the total Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund. If any Authorized Claimant's Distribution Amount calculates to less than $10.00, it will not be included in the final calculation of total Recognized Claims for purposes of the *pro rata* distribution, and no distribution will be made to that Authorized Claimant.

11.      After the initial distribution of the Net Settlement Fund, the Claims Administrator will make reasonable and diligent efforts to have Authorized Claimants cash their distribution checks. To the extent any monies remain in the Net Settlement Fund by reason of uncashed checks, or otherwise, nine (9) months after the initial distribution, if Lead Counsel, in consultation with the Claims Administrator, determine that it is cost-effective to do so, the Claims Administrator will conduct a re-distribution of the funds remaining after payment of any unpaid fees and expenses incurred in administering the Settlement, including for such re-distribution, to Authorized Claimants who have cashed their initial distributions and who would receive at least $10.00 from such re-distribution. Additional re-distributions may occur thereafter if Lead Counsel, in consultation with the Claims Administrator, determine that additional re-distributions, after deduction of any additional fees and expenses incurred in administering the Settlement, including for such re-distributions, would be cost-effective. At such time as it is determined that the re-distribution of funds remaining in the Net Settlement Fund is not cost-effective, the remaining balance shall be contributed, subject to Court approval, to Charitable Smiles, a 501(c)(3) organization helping people who cannot afford dental treatment get the care they need (*see* www.charitablesmiles.org).

12.      Payment pursuant to the Plan of Allocation, or such other plan of allocation as may be approved by the Court, will be conclusive against all Claimants. No person shall have any claim against Lead Plaintiff, Lead Counsel, Lead Plaintiff's damages consultant, Defendants, Defendants' Counsel, any of the other Releasees, the Claims Administrator, or other agent designated by Lead Counsel arising from distributions made substantially in accordance with the Stipulation, the plan of allocation approved by the Court, or further Orders.

---

[6] This includes (1) purchases of Align common stock as the result of the exercise of a call option, and (2) purchases of Align common stock by the seller of a put option as a result of the buyer of such put option exercising that put option.

**Table 1**
**Align Common Stock 90-Day Look-Back Value**
**by Sale/Disposition Date**

| Sale Date | 90-Day Look-Back Value | Sale Date | 90-Day Look-Back Value |
|---|---|---|---|
| 10/25/2018 | $232.07 | 12/10/2018 | $224.66 |
| 10/26/2018 | $231.10 | 12/11/2018 | $224.53 |
| 10/29/2018 | $226.71 | 12/12/2018 | $224.37 |
| 10/30/2018 | $225.79 | 12/13/2018 | $224.16 |
| 10/31/2018 | $224.87 | 12/14/2018 | $223.91 |
| 11/1/2018 | $225.88 | 12/17/2018 | $223.44 |
| 11/2/2018 | $226.44 | 12/18/2018 | $223.07 |
| 11/5/2018 | $226.65 | 12/19/2018 | $222.50 |
| 11/6/2018 | $226.95 | 12/20/2018 | $221.87 |
| 11/7/2018 | $228.79 | 12/21/2018 | $221.30 |
| 11/8/2018 | $230.32 | 12/24/2018 | $220.63 |
| 11/9/2018 | $230.79 | 12/26/2018 | $220.40 |
| 11/12/2018 | $229.75 | 12/27/2018 | $220.19 |
| 11/13/2018 | $229.01 | 12/28/2018 | $219.91 |
| 11/14/2018 | $228.41 | 12/31/2018 | $219.68 |
| 11/15/2018 | $228.05 | 1/2/2019 | $219.30 |
| 11/16/2018 | $227.90 | 1/3/2019 | $218.57 |
| 11/19/2018 | $226.59 | 1/4/2019 | $217.90 |
| 11/20/2018 | $225.73 | 1/7/2019 | $217.33 |
| 11/21/2018 | $225.23 | 1/8/2019 | $216.84 |
| 11/23/2018 | $224.92 | 1/9/2019 | $216.52 |
| 11/26/2018 | $224.85 | 1/10/2019 | $216.25 |
| 11/27/2018 | $224.67 | 1/11/2019 | $215.91 |
| 11/28/2018 | $225.13 | 1/14/2019 | $215.51 |
| 11/29/2018 | $225.27 | 1/15/2019 | $215.13 |
| 11/30/2018 | $225.45 | 1/16/2019 | $214.98 |
| 12/3/2018 | $225.83 | 1/17/2019 | $214.94 |
| 12/4/2018 | $225.65 | 1/18/2019 | $215.03 |
| 12/6/2018 | $225.44 | 1/22/2019 | $215.05 |
| 12/7/2018 | $224.93 | | |