UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SEB INVESTMENT MANAGEMENT AB, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>ALIGN TECHNOLOGY, INC., JOSEPH M. HOGAN, and JOHN F. MORICI,<br><br>Defendants. | Case No. 3:18-cv-06720-VC<br><br>CLASS ACTION<br><br>[PROPOSED] ORDER APPROVING CLASS ACTION SETTLEMENT |

WHEREAS, the above-captioned action is pending in this Court (the "Action");

WHEREAS, (a) SEB Investment Management AB (the "Lead Plaintiff"), on behalf of itself and the Settlement Class (as defined below); and (b) Align Technology, Inc. ("Align" or the "Company"), Joseph M. Hogan, and John F. Morici (collectively, "Defendants") have entered into the Stipulation and Agreement of Settlement dated June 30, 2021 (ECF No. 189-2) (the "Stipulation"), that provides for a complete dismissal with prejudice of the claims asserted against Defendants in the Action on the terms and conditions set forth in the Stipulation, subject to the approval of this Court (the "Settlement");

WHEREAS, unless otherwise defined in this Order, the capitalized terms herein shall have the same meaning as they have in the Stipulation;

WHEREAS, by Order dated November 2, 2021 (ECF No. 198) (the "Preliminary Approval Order"), this Court: (a) found, pursuant to Rule 23(e)(1)(B) of the Federal Rules of Civil Procedure, that it

(i) would likely be able to certify the Settlement Class for purposes of the Settlement and (ii) would likely be able to approve the Settlement as fair, reasonable, and adequate under Rule 23(e)(2); (b) ordered that notice of the proposed Settlement be provided to potential Settlement Class Members; (c) provided Settlement Class Members with the opportunity either to exclude themselves from the Settlement Class or to object to the proposed Settlement; and (d) scheduled a hearing regarding final approval of the Settlement;

WHEREAS, due and adequate notice has been given to the Settlement Class;

WHEREAS, the Court conducted a hearing on April 28, 2022 (the "Final Approval Hearing"), to consider, among other things, (a) whether the terms and conditions of the Settlement are fair, reasonable, and adequate to the Settlement Class, and should therefore be approved; and (b) whether a judgment should be entered dismissing the Action with prejudice as against Defendants; and

WHEREAS, the Court having reviewed and considered the Stipulation, all papers filed and proceedings held herein in connection with the Settlement, all oral and written comments received regarding the Settlement, and the record in the Action, and good cause appearing therefor;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. **Jurisdiction** – The Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement, as well as personal jurisdiction over all of the Parties and each of the Settlement Class Members.

2. **Incorporation of Settlement Documents** – This Order incorporates and makes a part hereof: (a) the Stipulation filed with the Court on July 15, 2021; and (b) the Notice and the Summary Notice, both of which were filed with the Court on February 24, 2022 (ECF No. 210-2).

3. **Class Certification for Settlement Purposes** – The Court hereby certifies for the purposes of the Settlement only, the Action as a class action pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure on behalf of the Settlement Class consisting of all persons and entities who purchased or otherwise acquired the common stock of Align between May 23, 2018 and October 24, 2018, both dates inclusive (the "Settlement Class Period"), and who were damaged thereby. Excluded from the Settlement Class are: (I) Defendants; (II) present or former executive officers and directors of Align during the Settlement Class Period and their Immediate Family Members; (III) any of the foregoing entities' and individuals' legal representatives, heirs, successors or assigns; and (IV) any entity in which Defendants

have or had a controlling interest, or any affiliate of Align. For the avoidance of doubt, "affiliates" are persons or entities that directly, or indirectly through one or more intermediaries, control, are controlled by or are under common control with one of the Defendants. Also excluded from the Settlement Class are the persons listed on Exhibit 1 hereto who submitted a request for exclusion from the Settlement Class that has been accepted by the Court.

4. **Adequacy of Representation** – Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, the Court hereby appoints Lead Plaintiff as Class Representative for the Settlement Class and appoints Lead Counsel Kessler Topaz Meltzer & Check, LLP as Class Counsel for the Settlement Class. Lead Plaintiff and Lead Counsel have fairly and adequately represented the Settlement Class both in terms of litigating the Action and for purposes of entering into and implementing the Settlement, and have satisfied the requirements of Federal Rules of Civil Procedure 23(a)(4) and 23(g), respectively.

5. **Notice** – The Court finds that the dissemination of the Notice and the publication of the Summary Notice: (a) were implemented in accordance with the Preliminary Approval Order; (b) constituted the best notice practicable under the circumstances; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of (i) the pendency of the Action; (ii) the effect of the proposed Settlement (including the Releases to be provided thereunder); (iii) Lead Counsel's motion for attorneys' fees and Litigation Expenses; (iv) their right to object to any aspect of the Settlement, the Plan of Allocation and/or Lead Counsel's motion for attorneys' fees and Litigation Expenses; (v) their right to exclude themselves from the Settlement Class; and (vi) their right to appear at the Final Approval Hearing; (d) constituted due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (e) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. §§ 77z-1, 78u-4, as amended, and all other applicable law and rules. No Settlement Class Member is relieved from the terms of the Settlement, including the Releases provided for therein, based upon the contention or proof that such Settlement Class Member failed to receive actual or adequate notice. A full opportunity has been offered to Settlement Class Members to object to the proposed Settlement and to participate in the hearing thereon.

Thus, it is hereby determined that all Settlement Class Members are bound by this Order and the Judgment, except those persons listed on Exhibit 1 to this Order.

6. **CAFA Notice** – The Court finds that the notice requirements set forth in the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, to the extent applicable to the Action, have been satisfied and that the statutory waiting period for entry of this Order and the Judgment has elapsed.

7. **Objections** – There have been no objections to the Settlement.

8. **Final Settlement Approval and Dismissal of Claims** – Pursuant to, and in accordance with Rule 23(e)(2) of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Settlement set forth in the Stipulation in all respects (including, without limitation, the amount of the Settlement, the Releases provided for therein, and the dismissal with prejudice of the claims asserted against Defendants in the Action), and finds that the Settlement is, in all respects, fair, reasonable and adequate, and in the best interests of the Settlement Class. Specifically, the Court finds that (a) Lead Plaintiff and Lead Counsel have adequately represented the Settlement Class; (b) the Settlement was negotiated by the Parties at arm's length; (c) the relief provided for the Settlement Class under the Settlement is adequate taking into account the costs, risks, and delay of trial and appeal, the proposed means of distributing the Settlement Fund to the Settlement Class; and the proposed attorneys' fee award; and (d) the Settlement treats members of the Settlement Class equitably relative to each other. The Parties are directed to implement, perform, and consummate the Settlement in accordance with the terms and provisions contained in the Stipulation.

9. The Action and all of the claims asserted against Defendants in the Action by Lead Plaintiff and the other Settlement Class Members are hereby dismissed with prejudice as to all Defendants. The Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Stipulation.

10. **Binding Effect** – The terms of the Stipulation, this Order, and the separate Judgment shall be forever binding on Defendants, Lead Plaintiff, and all other Settlement Class Members (regardless of whether or not any individual Settlement Class Member submits a Claim Form or seeks or obtains a distribution from the Net Settlement Fund), as well as their respective successors and assigns. The persons listed on Exhibit 1 hereto are excluded from the Settlement Class pursuant to request and are not bound by the terms of the Stipulation or this Order.

11. **Releases** – The Releases set forth in paragraphs 5 and 6 of the Stipulation, together with the definitions contained in paragraph 1 of the Stipulation relating thereto, are expressly incorporated herein. As set forth in the Preliminary Approval Order, the Releases are limited to claims based on the identical factual predicate as that underlying the claims settled in this class action. The Releases are effective as of the Effective Date. Accordingly, this Court orders that:

(a) Without further action by anyone, and subject to paragraph 12 below, upon the Effective Date of the Settlement, Lead Plaintiff and each of the other Settlement Class Members, on behalf of themselves, and each of their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, shall be deemed to have, and by operation of law and of the Judgment, or the Alternate Judgment, if applicable, shall have fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Lead Plaintiff's Released Claim against the Released Defendants' Parties, and shall forever be barred, enjoined, and estopped from prosecuting any or all of the Lead Plaintiff's Released Claims against any of the Released Defendants' Parties. This Release shall not apply to any person listed on Exhibit 1 hereto.

(b) Without further action by anyone, and subject to paragraph 12 below, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and each of their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, shall be deemed to have, and by operation of law and of the Judgment, or the Alternate Judgment, if applicable, shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Defendants' Claim against the Released Lead Plaintiff's Parties, and shall forever be barred, enjoined, and estopped from prosecuting any or all of the Defendants' Released Claims against any of the Released Lead Plaintiff's Parties.

12. Notwithstanding paragraphs 11 (a) – (b) above, nothing in this Order shall bar any action by any of the Parties to enforce or effectuate the terms of the Stipulation, this Order, or the Judgment.

13. **Bar Order** – Upon the Effective Date of the Settlement, the Court hereby permanently bars, extinguishes, and discharges to the fullest extent permitted by law any and all claims for contribution or indemnification (or any other claim or claim-over, however denominated on whatsoever theory, for which the injury claimed is that person's or entity's alleged liability to Lead Plaintiff or any Settlement Class

Member) among and against the Released Defendants' Parties arising out of the Action and the claims that were asserted or could have been asserted therein, provided however, that nothing in this Bar Order shall release or alter the rights Defendants may have under their applicable insurance policies or any right of indemnification or contribution that Defendants may have under contract or otherwise.

14. **Judgment Reduction** – Any final verdict or judgment obtained by or on behalf of the Settlement Class or a Settlement Class Member against any person or entity subject to the Bar Order (set forth in ¶ 13 above) based upon, arising out of, relating to, or in connection with in any way in part or in whole any Lead Plaintiff's Released Claim shall be reduced by the greater of: (a) an amount that corresponds to the percentage of responsibility of Defendants for common damages; or (b) the amount paid by or on behalf of Defendants to the Settlement Class or Settlement Class Member for common damages.

15. **Rule 11 Findings** – Pursuant to 15 U.S.C. §78u-4(c)(1) and based on its review of the record, the Court finds that the Parties and their respective counsel complied with the requirements of Rule 11(b) of the Federal Rules of Civil Procedure in connection with the Consolidated Complaint, Amended Consolidated Complaint, Answer and amended Answer, and dispositive motions filed in the Action.

16. **No Admissions** – Neither this Order, the Judgment, the Term Sheet, the Stipulation (whether or not consummated), including the exhibits thereto, and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), nor the negotiations leading to the execution of the Term Sheet and the Stipulation, nor any proceedings taken pursuant to or in connection with the Term Sheet, the Stipulation, and/or approval of the Settlement (including any arguments proffered in connection therewith): (a) shall be offered against any of the Released Defendants' Parties as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Released Defendants' Parties with respect to the truth of any fact alleged by Lead Plaintiff or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Released Defendants' Parties or in any way referred to for any other reason as against any of the Released Defendants' Parties, in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the

Stipulation; (b) shall be offered against any of the Released Lead Plaintiff's Parties, as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Released Lead Plaintiff's Parties that any of their claims is without merit, that any of the Released Defendants' Parties had meritorious defenses, or that damages recoverable under the Amended Consolidated Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Released Lead Plaintiff's Parties, in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or (c) shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; *provided, however*, that the Parties and the Releasees and their respective counsel may refer to it: (i) to effectuate the protections from liability granted thereunder; (ii) to support a defense or counterclaim in any action brought against them based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim; or (iii) otherwise to enforce the terms of the Settlement.

17.   **Retention of Jurisdiction** – Without affecting the finality of this Order or the Judgment in any way, this Court retains continuing and exclusive jurisdiction over: (a) the Parties for purposes of the administration, interpretation, implementation, and enforcement of the Settlement; (b) the disposition of the Settlement Fund; (c) any motion for an award of attorneys' fees and/or Litigation Expenses by Lead Counsel in the Action that will be paid from the Settlement Fund; (d) any motion to approve the Plan of Allocation; (e) any motion to approve the Class Distribution Order; and (f) the Settlement Class Members for all matters relating to the Action.

18.   Separate orders shall be entered regarding approval of a plan of allocation and the motion of Lead Counsel for an award of attorneys' fees and payment of Litigation Expenses. Such orders shall in no way affect or delay the finality of this Order or the Judgment and shall not affect or delay the Effective Date of the Settlement.

19.   **Modification of the Agreement of Settlement** – Without further approval from the Court, Lead Plaintiff and Defendants are hereby authorized to agree to and adopt such amendments or

modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this Order or the Judgment; and (b) do not materially limit the rights of Settlement Class Members in connection with the Settlement. Without further order of the Court, Lead Plaintiff and Defendants may agree to reasonable extensions of time to carry out any provisions of the Settlement.

20. **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation or the Effective Date of the Settlement otherwise fails to occur, this Order and the Judgment shall be vacated, rendered null and void, and be of no further force and effect, except as otherwise provided by the Stipulation, and this Order and the Judgment shall be without prejudice to the rights of Lead Plaintiff, the other Settlement Class Members, and Defendants, and the Parties shall revert to their respective positions in the Action immediately prior to the execution of the Term Sheet on June 11, 2021, as provided in the Stipulation.

21. **Settlement Administration** – As set forth in paragraph 28 of the Stipulation, Lead Counsel will move the Court, on notice to Defendants' Counsel, for a Class Distribution Order which will, among other things, approve the Claims Administrator's administrative determinations concerning the acceptance and rejection of the Claims submitted for the Settlement and direct payment of the Net Settlement Fund to Authorized Claimants. On or before March 28, 2023, Lead Counsel will file a motion for a Class Distribution Order, or will file a status report explaining why such motion cannot be filed at that time. Within thirty-five (35) calendar days after the Court's entry of a Class Distribution Order, the Claims Administrator will distribute payments to Authorized Claimants. Checks will be valid for ninety (90) days from issuance.

22. Within twenty (21) days after distribution of the Net Settlement Fund (but before distribution to any *cy pres* recipient), Lead Counsel will file a Post-Distribution Accounting, as described in the Northern District's Procedural Guidance for Class Action Settlements, to inform the Court about the administration of the Settlement. Pursuant to this Court's Standing Order for Civil Cases at 17, the Post-Distribution Accounting will include the information required by the Northern District's Procedural Guidance for Class Action Settlements, including the following information: (i) when payments were made to Settlement Class Members, (ii) the number of Settlement Class Members who were sent payments,

(iii) the total amount of money paid to Settlement Class Members, (iv) the average and median recovery per Settlement Class Member, (v) the largest and smallest amounts paid to Settlement Class Members, (vi) the number and value of cashed and uncashed checks, (vii) the total number of potential Settlement Class Members to whom notice was sent and returned as undeliverable, (viii) the number of objections and opt outs, (ix) the amount to be distributed to each *cy pres* recipient; (x) any significant or recurring concerns communicated by Settlement Class Members to the Claims Administrator and Lead Counsel since final approval, (xi) any other issues in settlement administration since final approval, and (xii) how any concerns or issues were resolved. Lead Counsel will cause the Claims Administrator to post the Post-Distribution Accounting on the Settlement Website.

23.  **Entry of Order** – There is no just reason to delay the entry of this Order in this Action. Accordingly, the Clerk of the Court is expressly directed to immediately enter this Order and the separate Judgment.

SO ORDERED this ___28th___ day of ___April___, 2022.



## Exhibit 1

**List of Persons and Entities Excluded from the Settlement Class Pursuant to Request**

1. Albert Boggess
   Boulder, CO

2. Hana and Binyamin Dauber
   Tel Aviv, Israel